AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Liana Davis ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:25-cv-220 |
| Christopher Cooprider et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Abigail Aiken
c/o Joseph D. Hughes, 2304 Whitis Avenue, FAC 438, Austin, Texas, 78712-1714

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached to this subpoena.

| Place: Please e-mail responsive documents to: jonathan@mitchell.law | Date and Time: October 16, 2025 at 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/16/2025

*CLERK OF COURT*                          OR    *Jonathan F. Mitchell*
_____                      _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Liana Davis, who issues or requests this subpoena, are:

Jonathan F. Mitchell, 111 Congress Avenue, Suite 400, Austin, Texas, 78701; (512) 686-3940; jonathan@mitchell.law

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-220

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Print**   **Save As...**   **Add Attachment**   **Reset**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Documents to Be Produced by Abigail Aiken

**I.    DEFINITIONS AND INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from June 24, 2022, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The term "**abortion**" means the act of using, prescribing, administering, procuring, or selling of any instrument, medicine, drug, or any other substance, device, or means with the purpose to terminate the pregnancy of a woman, with knowledge that the termination by any of those means will with reasonable likelihood cause the death of an unborn child.

- The term "**abortion pills**" includes mifepristone, misoprostol, and any drug or medication that is used to terminate the life of an unborn child.

- The term "**Aid Access**" refers to the abortion-supporting organization known as Aid Access, including any agent or person authorized to act for or on its behalf, including its officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of

words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message, and any electronic data or computer file.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

    (A)   handwriting;
    (B)   typewriting;
    (C)   printing;
    (D)   photostat;
    (E)   photograph;

- (F) magnetic impulse;
- (G) mechanical or electronic recording;
- (H) digitized optical image; or
- (I) another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  - (A) production from the same impression or the same matrix as the original;
  - (B) photograph, including an enlargement or miniature;
  - (C) mechanical or electronic re-recording;
  - (D) chemical reproduction;
  - (E) digitized optical image; or
  - (F) another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The term "**self-managed abortion**" means any abortion performed or induced outside an abortion clinic or a licensed abortion facility.

- The term "**unborn child**" means an individual organism of the species Homo sapiens in any stage of gestation from fertilization until live birth.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

- The term "**you**" means Abigail Aiken.

## II.  Documents Or Tangible Things Requested

**Request No. 1**: Any and all documents and/or communications that mention, describe, or relate or pertain to a mailing address for Aid Access.

**Request No. 2**: Any and all documents and/or communications that mention, describe, or relate or pertain to a mailing address for Rebecca Gomperts.

**Request No. 3**: Any and all documents and/or communications that mention, describe, or relate or pertain to a location at which Aid Access might be served with a lawsuit.

**Request No. 4**: Any and all documents and/or communications that mention, describe, or relate or pertain to a location at which Rebecca Gomperts might be served with a lawsuit.

**Request No. 5**: Any and all documents and/or communications that mention, describe, or relate or pertain to the whereabouts of Rebecca Gomperts.

**Request No. 6**: Any and all documents and/or communications that mention, describe, or relate or pertain to the name of any physician affiliated with Aid Access who prescribes abortion pills to individuals in the United States.

**Request No. 7**: Any and all documents and/or communications that mention, describe, or relate or pertain to the address or location of any physician affiliated with Aid Access who prescribes abortion pills to individuals in the United States.

**Request No. 8**: Any and all documents and/or communications that mention, describe, or relate or pertain to the initials or aliases used by any physician affiliated with Aid Access when prescribing abortion pills to individuals in the United States, including the initials or aliases of prescribing physicians that appear on boxes or mifepristone or bottles of misoprostol.

**Request No. 9**: Any and all documents and/or communications that mention, describe, or relate or pertain to the identity of "L.M.," the physician whose initials appear on the box of mifepristone and bottle of misoprostol that Christopher Cooprider ordered from Aid Access.

**Request No. 10**: Any and all documents and/or communications that mention, describe, or relate or pertain to the purchase of abortion pills by "Chris Cooprider" through the Aid Access website between 10:48 A.M. central time on February 5, 2025, and 3:40 P.M. central time on February 6, 2025.

**Request No. 11**: Any and all documents and/or communications that mention, describe, or relate or pertain to the purchase of abortion pills by any person through the Aid Access website between 10:48 A.M. central time on February 5, 2025, and 3:40 P.M. central time on February 6, 2025.

**Request No. 12**: Any and all documents and/or communications that mention, describe, or relate or pertain to the name of any person affiliated with Aid Access who distributes or aids or abets the distribution of abortion pills to individuals in the United States.

**Request No. 13**: Any and all documents and/or communications that mention, describe, or relate or pertain to the address or location of any person affiliated with Aid Access who distributes or aids or abets the distribution of abortion pills to individuals in the United States.

**Request No. 14**: Any and all documents and/or communications that mention, describe, or relate or pertain to the address or location of any person affiliated with Aid Access who was involved in any way in the shipment of abortion pills to Christopher Cooprider in February of 2025.

**Request No. 15**: Any and all communications between you and Rebecca Gomperts.

**Request No. 16**: Any and all communications between you and any physician affiliated with Aid Access who prescribes abortion pills to individuals in the United States.

**Request No. 17**: Any and all communications between you and any person affiliated with Aid Access who distributes or aids or abets the distribution of abortion pills to individuals in the United States.