UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, | * | |
| Aid Access GmbH, & | * | |
| Rebecca Gomperts, | * | |
| | * | |
| Defendants. | * | |

## JOINT REPORT OF RULE 26(f) CONFERENCE
## &
## [PROPOSED] JOINT DISCOVERY/CASE MANAGEMENT PLAN

NOW COME the Parties now before this Court, and pursuant to this Court's Order Setting Conference (Doc. 4) and Rule 26(f)(4)(B) of the Federal Rules of Civil Procedure ("FRCP"), file their Joint Report of Rule 26(f) Conference & [Proposed] Joint Discovery/Case Management Plan, fourteen (14) days in advance of the initial pretrial conference scheduled via ZOOM for November 13, 2025, at 9:30 A.M.

## JOINT REPORT OF RULE 26(f) CONFERENCE

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

**RESPONSE**: On September 3, 2025, the parties met via ZOOM, by and through their attorneys, Jonathan F. Mitchell for the Plaintiff Liana Davis ("DAVIS"), and Mikal Watts for Defendant Christopher Cooprider ("COOPRIDER'), and conferred pursuant to FRCP Rule 26(f)(2). This is the report of that meeting and the parties proposed joint discovery/case management plan.

1

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

**RESPONSE**:  None.

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

**RESPONSE**:

DAVIS alleges that Defendant COOPRIDER terminated her pregnancy by slipping abortion pills sold as Misoprostol into her drink on April 5, 2025.  COOPRIDER denies DAVIS' allegations.

COOPRIDER was served with process on August 13, 2025, but Plaintiff's complaint sues two other Defendants as well who are alleged to have supplied the abortion pills: (1) AID ACCESS GmbH in Austria ("AID ACCESS"); and (2) Rebecca Gomperts ("GOMPERTS") of the Netherlands.  Service of process under the Hague Service Convention still must be achieved, and the dates herein depend upon service of them.

AID ACCESS has not yet appeared, and thus has not provided a response.

GOMPERTS has not yet appeared, and thus has not provided a response.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree with the allegation. If the parties disagree, indicate the nature of the disagreement.**

**RESPONSE**:

Federal jurisdiction is based on diversity jurisdiction, which is not contested by COOPRIDER.  Defendants AID ACCESS and GOMPERTS have not yet been served, so these parties have not yet been given the opportunity to agree or disagree with the jurisdictional allegation.

5.  **List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) and TEX. R. CIV. P. 194.2(b).**

**RESPONSE**:

DAVIS plans to include additional defendants, including the physician who prescribed the mifepristone and misoprostol to COOPRIDER, and any person involved with Aid Access who committed any wrongful act that caused or contributed to the shipment of abortion pills to COOPRIDER. These individuals will be added as soon as they are identified in discovery. No additional parties are anticipated to be included by COOPRIDER, but neither AID ACCESS nor GOMPERTS has been served, nor appeared, and thus has not provided a response.

6.  **List any anticipated interventions.**

**RESPONSE**:

None, per DAVIS and COOPRIDER, but neither AID ACCESS nor GOMPERTS been served, nor appeared, and thus has not provided a response.

7.  **If this is a class action, describe any issues regarding certification of the class.**

**RESPONSE**:

This is not a class action.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

**RESPONSE**:

DAVIS will serve her Initial Disclosures on or before September 17, 2025.

COOPRIDER made his Initial Disclosures on September 8, 2025.

AID ACCESS has not yet been served, nor appeared, nor made its Initial Disclosures.

GOMPERTS has not yet been served, nor appeared, nor made her Initial Disclosures.

9. **Describe the proposed discovery plan the parties have agreed upon, including:**

    A.    **Responses to all the matters raised in Rule 26(f).**

    B.    **When and to whom Plaintiff(s) anticipate(s) sending interrogatories.**

    C.    **When and to whom Defendant(s) anticipate(s) sending interrogatories.**

**<u>RESPONSE</u>**:

The parties submit their [Proposed] Joint Discovery/Case Management Plan below, which provides the information ordered in Paragraph 9 above.

10. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

**<u>RESPONSE</u>**:

The parties submit their [Proposed] Joint Discovery/Case Management Plan below, which provides the information ordered in Paragraph 10 above.

11. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

**<u>RESPONSE</u>**:

The parties submit their [Proposed] Joint Discovery/Case Management Plan below, which provides the information ordered in Paragraph 11 above. The answer, however, is none with the exception of third-parties subpoenas.

12. **State the date the planned discovery can reasonably be completed.**

**<u>RESPONSE</u>**:

4

**Plaintiff's Position**:

As to the parties presently before the Court, discovery will be completed on or before October 15, 2026.

**Defendant COOPRIDER's Position**:

As to the parties presently before the Court, discovery will be completed on or before April 15, 2026.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

**RESPONSE**:

This case is not suitable for mediation or alternative dispute resolution, and DAVIS does not intend to serve a settlement demand and COOPRIDER has no intent to pay a settlement.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

**RESPONSE**:

The parties do not consent to a trial before a magistrate judge.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**

**RESPONSE**:

Yes, Defendant COOPRIDER filed a jury demand on September 3, 2025.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

**RESPONSE**:

As between DAVIS and by COOPRIDER, it will take both parties no more than

**thirty (30) hours total** to present the evidence in this case, but neither AID ACCESS nor

GOMPERTS been served, nor appeared, and thus has not provided a response.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

   **RESPONSE**:

   There is one pending motion - Defendant COOPRIDER's Motion for A Limited Stay

   Concerning Only Sworn Interrogatories to COOPRIDER and His Deposition, Pending

   Service and Appearance of the Other Defendants, Pending a Parallel Criminal

   Investigation, but the parties intend to submit proposed orders as follows:

   (a) ESI/Preservation Order;

   (b) Protective Order;

   (c) Disclosure of Plaintiff's Medical and Health Records;

   (d) Joint Motion for Order to get Communications and GPS Records;

   (e) Possible Motion to test blood samples and order re: testing procedure under
   FRCP, Rule 35;

   (f) Possible Motion for orders assisting in third-party subpoenas.

18. **List other pending motions.**

   **RESPONSE**:

   None, though one can anticipate additional Rule 12(b)(2) and Rule 12(b)(6) motions

   from AID ACCESS and/or GOMPERTS once served.

19. **Indicate other matters peculiar to this case – including discovery – that deserve the special attention of the Court at the Initial Pretrial Conference.**

   **RESPONSE**:

   Given the Plaintiff's choice to embed 44 exhibits as attachments to her complaint, the

availability to the public of her digital communications and health records will be particularly

6

relevant, as well as will the Rule of Optional Completeness.

Moreover, the Court will have to grapple with new issues, given the sparse case law concerning the myriad statutes invoked by Plaintiff in her Complaint's section entitled "Claim for Relief – Wrongful Death":

- §§ 71.002(b), 71.001(4), 71.003(c)(2) & 71.003 (c)(4),  Texas Civil Practice and Remedies Code;

- §§ Chapter 170A.002, 171.003, 171.011, 171.063(a), 171.063(a)(1), 171.063(a)(2), 171.0631, 171.065(a), Chapter 170A.002,  Chapter 245, Texas Health & Safety Code;

- 18 U.S.C. §§ 1461-62;

- Articles 4512/1-4512.6, Texas Revised Civil Statutes;

- §§ 1.07, 19.02, 19.02(b)(3), and 19.06, Texas Penal Code.

20. **Certify that all parties have filed Certificates of Interested Parties – as directed in the Order of Conference and Disclosure of Interested Parties – as directed in the Order of Conference and Disclosure of Interested Parties – listing the date of filing for the originals and any amendments to the Certificates.**

   **RESPONSE**:

DAVIS filed her Certificate of Interested Parties on September 16, 2025.

COOPRIDER filed his Certificate of Interested Parties on September 4, 2025.

AID ACCESS has not yet filed its Certificate of Interested Parties.

GOMPERTS has not yet filed here Certificate of Interested Parties.

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

/s/ *Jonathan F. Mitchell*                    9/17/2025
Attorney-in-Charge for Plaintiff         Date
Liana Davis

/s/ *Mikal C. Watts*                          9/17/2025
Attorney-in-Charge for Defendant       Date
Christopher Cooprider

September 17, 2025               Respectfully submitted,

WATTS LAW FIRM LLP

By:    /s/ *Mikal C. Watts*
        Mikal C. Watts

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

ATTORNEY-IN-CHARGE FOR
CHRISTOPHER COOPRIDER

James "Rick" Holstein
LAW OFFICE OF RICK HOLSTEIN, PLLC
Texas State Bar No. 09915150
Federal I.D. No.  426800
rickholstein@mac.com
P.O. Box 331655
Corpus Christi, TX 78463
Telephone: (361) 883-8649
Facsimile: (361) 717-7233

Beth Klein
BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

MITCHELL LAW PLLC

By:    */s/ Jonathan F. Mitchell*
       Jonathan F. Mitchell
       State Bar. No. 24075463
       jonathan@mitchell.law
       111 Congress Avenue, Suite 400
       Austin, Texas 78701
       Telephone: (512) 686-3940
       Facsimile: (512) 686-3941

       ATTORNEY-IN-CHARGE FOR
       PLAINTIFF LIANA DAVIS

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing document was served via ECF on all counsel of record on this 17th day of September, 2025.

*/s/ Mikal Watts*
Mikal C. Watts

*/s/ Jonathan F. Mitchell*
Jonathan F. Mitchell

## RULE 26(f) JOINT DISCOVERY/CASE MANAGEMENT PLAN

The parties' proposed case management plan after service of the remaining two defendants has been achieved has four elements:

(A) Merits Discovery Plan;

(B) *Daubert* and Rule 56 Motions for Summary Judgment;

(C) Alternative Dispute Resolution; and

(D) Preparation for Trial.

The timing of these four elements is entirely dependent upon service on, and this Court deciding to exercise personal jurisdiction over, a yet-unserved Austrian company and a foreign individual from the Netherlands.

With respect to the parties now before the Court, their respective positions concerning each of these four elements is set forth below, as follows:

A. **Merits Discovery Plan**

1.      The parties agree that the merits discovery be conducted in three phases: first, written discovery and document production; second, deposition fact witness discovery; and third, expert disclosures and subsequent discovery.  The parties' views either merge or diverge, however, concerning the matters set forth in FRCP Rule 26(f)(3), as follows:

(1) **FRCP 26(f)(3)(A) –** *Timing*

2.      The parties agreed that pursuant to Rule 26(a)(1)(C) initial disclosures should be made by **October 30, 2025**, fourteen days after this Court's Initial Pretrial Conference is conducted on **November 13, 2025**.

**(2) FRCP 26(f)(3)(B) – *Subjects and Phasing***

**Plaintiff's Position**:

3.      As stated earlier, the parties have agreed that merits discovery begin via written discovery served prior to Thanksgiving, by **November 21, 2025**, and that all discovery shall be completed by **October 15, 2026**.

**Defendant COOPRIDER's Position**:

4.      As stated earlier, the parties have agreed that merits discovery begin via written discovery served prior to Thanksgiving, by **November 21, 2025**, and that all discovery shall be completed by **April 15, 2026**.

5.      Furthermore, the parties agree that merits discovery should take place in three phases: (1) written discovery; (2) deposition discovery; and (3) expert discovery.

*(1) Written Discovery*

6.      Concerning timing, the parties' positions are as follows:

**Plaintiff's Position**:

The parties should file their first set of written discovery within two weeks of the initial disclosures being made. Discovery responses should be made within thirty (30) days thereafter, and the parties should be ordered to meet and confer within seven (7) days thereafter to attempt to resolve any objections lodged to the discovery, and to seek assistance from the Court in ruling on any remaining objections. Plaintiff DAVIS and defendant COOPRIDER intend to serve subpoenas on numerous third parties. The plaintiff believes that written discovery and deposition discovery will last until **October 15, 2026**, although this deadline is contingent on when Aid Access, Rebecca Gomperts, and any other defendants affiliated with Aid Access are identified and served.

11

**Defendant COOPRIDER's Position**:

The parties should file their first set of written discovery within two weeks of the initial disclosures being made. Discovery responses should be made within thirty (30) days thereafter, and the parties should be ordered to meet and confer within seven (7) days thereafter to attempt to resolve any objections lodged to the discovery, and to seek assistance from the Court in ruling on any remaining objections. Written discovery can be done in just under two months, by **January 15, 2026**, though this date is wholly dependent upon Plaintiff effectuating service on AID ACCESS and GOMPERTS.

### (2) Deposition Discovery

The parties that after deposition discovery commences, they may continue to serve written discovery as well.

**Plaintiff' Position**:

Defendant COOPRIDER has asked this Court to stay COOPRIDER's deposition until after defendants AID ACCESS and GOMPERTS have been served, and plaintiff DAVIS has agreed to that request.[1] No schedule or deadline for deposition discovery should be set until after service has been effectuated on the remaining defendants.

**Defendants Cooprider's Position**:

The deposition discovery period will be in the four-week following the conclusion of written discovery, between **January 16, 2026** and **February 14, 2026**. It is anticipated that deposition discovery will be completed in a month after written discovery is complete, or by **February 14, 2026**. Again though, these dates are wholly dependent upon Plaintiff

---

[1] Defendant COOPRIDER has also sought a stay of his sworn answers to Interrogatories, but the parties have not yet reached agreement on that and will continue to meet and confer on this issue prior to the Court's Rule 16 conference on November 13, 2025.

effectuating service on AID ACCESS and GOMPERTS.

### (3) Expert Discovery

7.      The parties agree that when experts are disclosed, such disclosures should be in accordance with the requirements of FRCP Rule 26(a)(2)(b).

**Plaintiff's Position**:

Plaintiff's experts should be disclosed by **August 17, 2026**, and its expert disclosure should comply with FRCP 26(a)(2)(b) of the, and should also include three available dates in the following three weeks when each expert is available to be deposed.  The parties should immediately confer and attempt to schedule expert depositions by agreement.  Plaintiff's experts should be deposed prior to **September 9, 2026**, and Defendant's experts should be disclosed by **September 16, 2026**,  and Defendant's expert disclosure should comply with FRCP 26(a)(2)(b) of the, and should also include three available dates in the following three weeks when each expert is available to be deposed.  Expert depositions of Defendant's experts will be completed between **September 17, 2026** and **October 7, 2026**.

**Defendant Cooprider's Position**:

Plaintiff's experts should be disclosed by **February 17, 2026**, and its expert disclosure should comply with FRCP 26(a)(2)(b) of the, and should also include three available dates in the following three weeks when each expert is available to be deposed.  The parties should immediately confer and attempt to schedule expert depositions by agreement. Plaintiff's experts should be deposed prior to **March 9, 2026**, and Defendant's experts should be disclosed by **March 16, 2026**,  and Defendant's expert disclosure should comply with FRCP 26(a)(2)(b) of the, and should also include three available dates in the following three weeks when each expert is available to be deposed.  Expert depositions of Defendant's experts will be completed between **March 17, 2026** and **April 7, 2026**.

Moreover, while written reports by experts under FED. R. CIV. P. 26(a)(2)(B) are due at the time of designation of each expert, the Parties will - by order of this Court - file only a list of proposed witnesses with the Court pursuant to Rule 26, but **NOT** reports or other discovery materials.

### (A) Subjects of Discovery

8.   Concerning *subjects* of discovery, the parties' positions are as follows:

**Plaintiff's Position**:

Plaintiff contends that discovery will be needed with respect to the following subjects:

- ▪ *Merits Discovery*

**Plaintiff's Position**:

Plaintiff contends that the following subjects will need to be addressed in merits discovery:

(a)      COOPRIDER's purchase of abortion-inducing drugs from AID ACCESS;

(b)      The identity of the individuals who prescribed and mailed the abortion-inducing drugs to COOPRIDER;

(c)      COOPRIDER's repeated efforts to persuade DAVIS to ingest the abortion-inducing drugs that he obtained;

(d)      The truthfulness of the allegations that COOPRIDER makes in his answer and counterclaims;

(e)      COOPRIDER's actions and whereabouts during the night of April 5, 2025, and early morning of April 6, 2025.

**Defendants COOPRIDER's Position**:

COOPRIDER contends that written discovery will be needed with respect to the following subjects:

(a)      Plaintiff's medical history;

(b)    Plaintiff's prior pregnancies and outcomes;

(c)    Plaintiff's electronic communication devices, and communications made by the Plaintiff to the Defendants and others, and communications concerning the pregnancy in question;

(d)    The treatment history of Plaintiff during the pregnancy in question;

(e)    Statements made by Plaintiff to others as to how her pregnancy in question was lost;

(f)    Damages claimed by the Plaintiff.

**(B) Identity of Witnesses**

12.    Pursuant to paragraph 3 of this Court's Order Setting Conference (Doc. 3), the parties provide the following list of witnesses known at this time, together with their respective roles or purposes:

<u>**Plaintiff's List**</u>:

Plaintiff identifies the following identities and purposes of witnesses:

(1)    Liana Davis, who will testify about her pregnancy, defendant COOPRIDER's repeated unsuccessful efforts to persuade her to abort, and the events that took place on the night of April 5, 2025, and early morning April 6, 2025.

(2)    A medical expert who will testify that DAVIS's pregnancy was healthy and that the sudden pregnancy loss that occurred on April 6, 2025, is consistent with DAVIS's being poisoned with 10 misoprostol pills that were covertly mixed into her drink.

(3)    Witnesses who may be called to impeach defendant COOPRIDER's credibility and truthfulness.

**Defendant COOPRIDER's List**:

Defendant identifies the following identities and purposes of witnesses:

(1)    <u>Investigators</u> at the Corpus Christi Police Department investigating the complaint made by Plaintiff;

(2)    <u>Medical professionals</u>

      a.    Treating or testing Plaintiff for the ten years prior to the loss of the pregnancy in question;

      b.    Treating or testing Plaintiff during the pregnancy in question;

      c.    Conducting imaging or blood studies of the Plaintiff or her fetus during the pregnancy in question;

      d.    Treating Plaintiff following the loss of the pregnancy in question.

      e.    Those professionals examining or testing the post-mortem fetal remains, the Plaintiff or the tablets identified within Exhibits 9 and 10 and the pills withing Exhibits 11 and 12, as shown on page 8 of Plaintiff's Complaint.

(3)    <u>Neighbors, friends and associates</u> with knowledge of the allegations made in the Complaint, Plaintiff, her pregnancy, its termination, and any damages claimed therefrom.

(4)    **FRCP 26(f)(3)(C) – *Electronically Stored Information***

13.    The parties have met and conferred and agree to meet again concerning electronically stored information ("ESI") and attempt to negotiate an ESI order concerning the production of same, including the resolution of issues concerning preservation orders, ESI protocols, discovery, search terms, Technology Assisted Review ("TAR"), and Artificial Intelligence ("AI") assisted discovery, and will submit to the Court a Protective Order for its consideration.

**(5)  FRCP 26(f)(3)(D) – _Privilege and Protective Orders_**

14.     The parties have met and conferred and agree to meet concerning claims of privilege or of protection as trial-preparation materials, and will submit to the Court a Protective Order for its consideration.

**(6)  FRCP 26(f)(3)(E) – _Limitations on Discovery_**

15.     The parties have met and conferred concerning "changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed."  The parties' positions are set forth below:

**Plaintiff's Position**:

Plaintiff contends that no changes are needed to the limitations on discovery imposed under the Federal Rules of Civil Procedure, or by local rule.

**Defendants Cooprider's Position**:

Defendants contend that no changes are needed to the limitations on discovery imposed under the Federal Rules of Civil Procedure, or by local rule.

**(7)  FRCP 26(f)(3)(F) – _Other Orders Under Rule 26(c) or Rule 16(b) and (c)_**

16.     The parties have met and conferred concerning "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)."  The parties' positions are set forth below:

**Plaintiff's Position**:

Plaintiff contends that no additional orders need be issued under Rule 26(c) or under Rule 16(b) and (c) at this time.

**Defendants Cooprider's Position**:

Defendants contend no additional orders need be issued.

**B. _Daubert_ and Rule 56 Motions for Summary Judgment**

17.    The parties agree that Rule 56 motions should not be filed until the close of the discovery period.   Concerning the procedure and timing for the same, the parties have met and conferred, and state their positions as follows:

**Plaintiff's Position**:

[Plaintiff contends that Rule 56 and Daubert motions should be filed by the parties 21 days after the close of the discovery period, that responses should be filed 21 days later and replies filed 14 days after the responses are filed.  The Court should decide the motions on its own schedule.]

**Defendants Cooprider's Position**:

Defendants contend that summary judgment motions can be filed whenever appropriate under Rule 56, but that Daubert motions should be filed by the parties at the close of the discovery period, that responses should be filed 20 days later and replies filed 10 days after the responses are filed.  The Court should decide the motions on its own schedule.

**C. Alternative Dispute Resolution**

18.    A demand letter will be presented to the Defendant(s) no later than March 3, 2026, and a response is due thirty (30) days after receipt of the demand letter.  The parties shall not file the demand or response with the Court; however, a Statement of Intent Regarding Mediation must be filed with the Court on **April 15, 2026.**  The parties already have met and conferred with respect to the parties' willingness to participate in alternative dispute resolution ("ADR") procedures such as mediation.  While both parties believe that the substantial completion of merits discovery is a precondition to effective ADR in this case, both sides are thereafter amenable to participating in mediation efforts thereafter.   While the parties believe they can set their own schedule by agreement for mediation, all agree that mediation should occur prior to trial.

### D.  <u>Preparation for Trial</u>

19.    The parties have met and conferred with respect to the trial of this case before this Court, and their respective positions are as follows:

<u>Plaintiff's Position</u>:

The case should be set for trial during the first half of 2027, and that the case can be tried in five trial days.

<u>Defendants Cooprider's Position</u>:

The case should be set for trial during the second half of 2026, and that the case can be tried in five trial days.

September 17, 2025                    Respectfully submitted,

WATTS LAW FIRM LLP

By:      <u>/s/ *Mikal C. Watts*</u>
        Mikal C. Watts

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

ATTORNEY-IN-CHARGE FOR
CHRISTOPHER COOPRIDER

James "Rick" Holstein
LAW OFFICE OF RICK HOLSTEIN, PLLC
Texas State Bar No. 09915150
Federal I.D. No.  426800
rickholstein@mac.com
P.O. Box 331655
Corpus Christi, TX 78463
Telephone: (361) 883-8649
Facsimile: (361) 717-7233

Beth Klein
BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

ATTORNEYS FOR
CHRISTOPHER COOPRIDER


MITCHELL LAW PLLC

By:    */s/ Jonathan F. Mitchell*
Jonathan F. Mitchell
State Bar. No. 24075463
jonathan@mitchell.law
111 Congress Avenue, Suite 400
Austin, Texas 78701
Telephone: (512) 686-3940
Facsimile: (512) 686-3941

ATTORNEY-IN-CHARGE FOR
PLAINTIFF LIANA DAVIS


## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing document was served via ECF on all counsel of record on this 17th day of September, 2025.

*/s/ Mikal Watts*
Mikal C. Watts

*/s/ Jonathan F. Mitchell*
Jonathan F. Mitchell