UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Liana Davis,                               *
                    Plaintiff,             *
                                           *
v.                                         *          Case No. 2:25-cv-220
                                           *
Christopher Cooprider, et al.              *
                    Defendants.            *

**<u>RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
DEFENDANT CHRISTOPHER COOPRIDER'S COUNTERCLAIMS</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………i

TABLE OF AUTHORITIES…………………………………………………….....iv

I.      INTRODUCTION……………………………………………………………..1

II.     ARGUMENT AND AUTHORITIES…..…………………...…………………....1

     A.      STANDARD OF REVIEW….…………………………………………....1

     B.      WHY THE MOTION SHOULD BE DENIED……………………….….2

       1.   Malicious Prosecution…………………………………..……………………2

         A. The Criminal Investigations Have Been Closed …………………….....2
           (1)   Press Statements by Criminal Investigatory Bodies
               That the Investigations are Now Closed…………………….…....2
           (2)   COOPRIDER's FOIA Request of the CCPD……………………....2
         B. There Can Be No Appeal of the Decision Not to Prosecute……………..2

       2.   Intentional Infliction of Emotional Distress…………………………………..5

         A. Identification of Conduct Qualifying as Extreme and Outrageous ……….6
           (1)   Cases Approving IIED Claims……………………………………7
         B. Conduct Causing Emotional Distress Upon Him …………………………9
         C. COOPRIDER's Emotion Distress was Severe …………………………..11
         D. Whether Filing a Groundless Lawsuit is Extreme and Outrageous ……...13

       3.   Fraud …………………………………………………………………....15

         A. COOPRIDER did comply with Rule 9(b) and Thompson by pleading fraud
          with particularity ………………………………………………....15
         B. DAVIS incorrectly complains that COOPRIDER did not plead an injury with
          the particularity required by Rule 9(b) …………………………….16
         C. DAVIS's Alternative Causation Argument Fails at the
          Rule 12(b)(6) Stage …………………………………………….17
         D. DAVIS's Illegitimately Uses Abridged Text Messages to Attempt to
          Characterize Who Initiated the "Night of Trust ………………………..18
           (1)   Generally, the Court Must Confine its Rule 12(b)(6) Analysis to
                the Complaint …………………………………………………19
           (2)   The One Exception Recognized by the Fifth Circuit 25 Years Ago
                Requires the Extraneous Document to Be Central to the Claim…19

(3)   Exhibit 32 is Not Central to DAVIS's Claim of Murder, and Therefore, Should Be Stricken from Consideration ...…………..21

E.   DAVIS's Last Argument That COOPRIDER's Claim Fails The Plausibility Requirement of <u>Twombly</u> and <u>Iqbal</u> Does Not Merit Dismissal ………..21

4.   Malice ……………………………………………………………………23

5.   Plaintiffs' Other Requested Remedies …………………………………24

C.   LEAVE SHOULD BE GRANTED TO REPLEAD IF NECESSARY…………..24

III.   CONCLUSION ……………………………………………………………………25

## TABLE OF AUTHORITIES

**Cases**

*7X Cattle Co. LLC v. Brandstadt*,
    Case No. 6:22-CV-00396-JDK-KNM, 2024 WL 4183301 (E.D. Tex. Jul. 22, 2024)...............8

*Albores v. Dimitri*,
    Civil Action No. 18-6936, 2025 WL 871601 (E.D. La. Mar. 20, 2025) ...................................15

*Amin v. United Parcel Service, Inc.*,
    66 F.4th 568 (5th Cir. 2023) ...................................................................................................12

*ASG Chemical Holdings, LLC v. Bisley Int'l, LLC*,
    Civil Action No. H-23-4333, 2024 WL 5036568 (S.D. Tex. Nov. 18, 2024 ...........................15

*Banquete I.S.D. v. Alliance for Community Solutions, Ltd.*,
    Civil Action No. 2:22-Cv-00094, 2024 WL 4720290, (S.D. Tex. Sept. 10, 2024)...................22

*Beecy v. Pucciarelli*,
    387 Mass. 589, 441 N.E.2d 1035 (1982),..................................................................................13

*Besser v. Tex. Gen. Land Off.*,
    834 F. 876 (5th Cir. 2020)........................................................................................................11

*Blair v. Pride Industries, Inc.*,
    EP-14-CV-00183-DCG, 2015 WL 11251771 (W.D. Tex. Jan. 27, 2015).................................14

*Bordenkircher v. Hayes*,
    434 U.S. 357 (1978) ...................................................................................................................5

*Borneo Energy Sendirian Berhad v. Sustainable Power Corp.*,
    646 F.Supp.2d 860 (S.D. Tex. Aug. 12, 2009).........................................................................16

*Briceno-Belmontes v. Coastal Bend College*,
    Civil Action No. 2:20-CV-00114, 2022 WL 673854 (S.D. Tex. Mar. 5, 2022).........................10

*Bruce*,
    998 S.W.2d 618 .........................................................................................................................13

*Cabot Oil & Gas Corp.*,
 620 F.Supp.3d 603 (S.D. Tex. 2022) ...................................................................17

*ClaimHub, Inc. v. Universal Risk Ins. Srvs., Inc.*,
 Civil Action No. H-10-2841, 2011 WL 13247456 (S.D. Tex. Jul. 25, 2011) ..........16

*Clark County School Dist. v. Breedon*,
 532 U.S. 268 (2001) .............................................................................................11

*Clawson v. Wharton County*,
 941 S.W.2d 267 (Tex. App. – Corpus Christi-Edinburg Dec. 19, 1996) ...................5

*Collins v. Morgan Stanley Dean Witter*,
 224 F.3d 496 (5th Cir. 2000) .........................................................................19, 20

*Crotts v. Healey*,
 2015 WL 5890103 (Tex. App. – Houston [1[st] Dist.] 2015 ........................................5

*Cuvillier v. Taylor*, ....................................................................................................
 503 F.3d 397 (5th Cir 2007) .....................................................................................2

*Dean v. Ford Motor Credit Co.*,
 885 F.2d 300 (5th Cir. 1989) ....................................................................................7

*Delaware County Employees Retirement System v. Cabot Oil & Gas Corp.*,
 620 F.Supp.3d 603 (S.D. Tex. 2022) .........................................................................9

*Diagnostic Affiliates of Northeast Houston, LLC v. United Healthcare Services, Inc.*,
 Civil Action No. 2:21-CV-00131, 2022 WL 214101 (S.D. Tex. Jan. 18, 2022).......17

*Forum Subsea Rentals v. Globaltech Offshore*,
 Civil Action No. H–13–885, 2014 WL 10751177 (S.D. Tex. Sept. 17, 2014) .........15

*Gaona v. Wells Fargo Bank, N.A.*,
 SA-23-CV-280-FB (HJB), 2025 WL 699353 (W.D. Tex. Feb 13, 2025) .................13

*Garcia v. LCS Corrections Services, Inc.*,
 Civil Action No. C–09–334, 2010 WL 2163284 (S.D. Tex. May 24, 2010) ..............9

*Garcia v. Oceans Healthcare, L.L.C.*,
  Civil Action No. 2:22-CV-00219, 2023 WL 6393885 (S.D. Tex. Sept. 30, 2023) ................... 11

*GTE Southwest, Inc. v. Bruce*,
  998 S.W.2d 605 (Tex. 1999) ........................................................................................................ 8

*Gutierrez v. Corrections Corp. of America*,
  559 Fed. Appx. 406 (mem) (5th Cir. Apr. 3, 2014) .................................................................. 13

*Henderson v. Wells Fargo Bank*,
  779 F.Supp.3d 910 (S.D. Tex. Mar. 31, 2025) .......................................................................... 11

*Homesavers Council of Greenfield Gardens, Inc.*,
  70 Mass. App. Ct. 453, 874 N.E.2d 497 (2007) ........................................................................ 14

*Kafi, Inc. v. Sand Canyon Corp.*,
  Civil Action No. 3:20-cv-00354, 2022 WL 3084480 (S.D. Tex. Aug. 3, 2022) ................... 1, 16

*Katz v. Intel Pharma, LLC*,
  Civil Action No. H-18-1347, 2018 WL 4701566 (S.D. Tex. Oct. 1, 2018) ............................. 16

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
  453 B.R. 645 (N.D. Tex. Apr. 26, 2011) ................................................................................... 20

*Kroger Texas Limited Partnership v. Suberu*,
  216 S.W.3d 788 (Tex. 2006) ........................................................................................................ 5

*Kumar v. Panera Bread Co.*,
  Case No. 23-20178, 2024 WL 1216562 (5th Cir. Mar. 21, 2024) .............................................. 8

*Ladd v. Polidoro*,
  424 Mass. 196, 675 N.E.2d 382 (1997) .................................................................................... 14

*Lee v. Samsung Electronics America, Inc.*,
  Case No. 4:21-cv-1321, 2023 WL 4240277 (S.D. Tex. Jun. 28, 2023) .................................... 18

*Lopez v. Don Herring Ltd.*,
  Civil Action No. 3:16-CV-02663-B, 2018 WL 296063 (N.D. Tex. Jan. 4, 2018) ................... 20

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ............................................................................9

*Louisiana Oilfield Logistics, LLC v. Flotek Chemistry, LLC*,
  Civil Action No. H-19-1272, 2020 WL 13240060 (S.D. Tex. Jun. 29, 2020) .........................16

*Luebano v. Office Depot, L.L.C.*,
  Case No. 22-50767, 2023 WL 4249268 (5th Cir. Jun. 29, 2023) .............................................10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................16

*M.D.C.G. v. United States*,
  Civil Action No. 7:15–CV–552, 2016 WL 6638845 (S.D. Tex. Sept. 13, 2016) ...................12

*Massey v. Massey*,
  867 S.W.2d 766 (Tex. 1993) ............................................................................8

*Maxim Crude Oil, LLC v. Noil Corp., Inc.*,
  Civ. No. 2:21-CV-90, 2021 WL 12320541 (S.D. Tex. Nov. 16, 2021) ....................................2

*Medford Co-Operative Bank v. Skerry*,
  2004 Mass. App. Div. 120, 2004 WL 1853343 (2004) ............................................................14

*Morgan v, Anthony*,
  27 S.W.3d 928 (Tex. 2000) ............................................................................8

*Mott's LLP v. Comercializadora, S.A.*,
  507 F.Supp.3d 780 (W.D. Tex. Dec. 14, 2020) ......................................................................12

*Munoz v. H&M Wholesale, Inc.*,
  926 F.Supp. 596 (S.D. Tex. 1996) ............................................................................13

*Oliveros v. Oliveros*,
  Case No. 5:23-CV-00402-FB-RBF, 2024 WL 875834 (W.D. Tex. Feb. 13, 2024) .................5

*Outley v. Luke & Assocs., Inc.*,
  840 F.3d 212 (5th Cir. 2016) ............................................................................10

*Peavy v. Harman*,
   37 F.Supp.2d 495 (N.D. Tex. 1999) ............................................................................13

*Peninsula Marine, Inc. v. Principle Industrial Services, LLC*,
   Civil Action No. 2:23-CV-00104, 2024 WL 5036616 (S.D. Tex. Sept. 30, 2024).....................6

*Perez v. Brooks County, Texas*,
   Civil Action No. 2:19-CV-391, 2020 WL 4261253 (S.D. Tex. Jul. 24, 2020) .........................11

*Pierce v. Aircraft Finance Corp. LLC*,
   512 F.Supp.3d 753 (S.D. Tex. Jan. 8, 2021) ...............................................................15

*Pointeast Pharma Consulting, Inc. v. Lenzing Aktiengesellschaft*,
   Civil Action No. 4:21-CV-3654,  2024 WL 5048964 (S.D. Tex. Dec. 9, 2024) .....................16

*Polanco v. Innovation Ventures, LLC*,
   Civil Action No. 7:13-CV-568, 2014 WL 12599332 (S.D. Tex. May 5, 2014).......................18

*Premier Holdings of Texas, LP v. Sterling Reit, Inc.*,
   Case No. A H-04-0916, 2006 WL 2796387 (S.D. Tex. Sep. 26, 2006)...................................23

*Ratliff v. Aransas County, Texas*,
   948 F.3d 281 (5th Cir. 2020)......................................................................................11

*Rep. & Rec. Adopted by*,
   2025 WL 696546 (W.D. Tex. Mar. 4, 2025)...............................................................13

*Rep. & Rec. Adopted in Part & Rejected in Part by*,
   717 F.Supp.3d 585 (S.D. Tex. Feb. 13, 2024) ...........................................................18

*Rep. & Rec. Appr. by*,
   2022 WL 4454395 (S.D. Tex. Sept. 23, 2022)........................................................1, 16

*Rep. & Rec. Appr. By*,
   2024 WL 5108450 (S.D. Tex. Dec. 13, 2024...........................................................15

*Rep. & Rec. Appr. in part, Denied in part*,
   2025 WL 957598 (S.D. Tex. Mar. 31, 2025) ............................................................22

*Scanlan v. Texas A& M University*,
343 F.3d 533 (5ᵗʰ Cir. 2003) ...................................................................................19

*Smith v. MTGLQ Investors, L.P.*,
851 Fed. Appx. 514, 514 (Mem) (5ᵗʰ Cir. June 30, 2021) .........................................6

*Specialties of Mexico, Inc. v. Masterfoods USA*,
Civil Action No. L–09–88, 2010 WL 2488031 (S.D. Tex. Jun. 14, 2010) ...............15

*Spoljaric v. Percival Tours, Inc.*,
708 S.W.2d 432 (Tex. 1986) ....................................................................................21

*Stewart v. City of Arcola*,
Civil Action No. 4:23-cv-04387, 2024 WL 3297361 (S.D. Tex. Jul. 3, 2024).........11

*Texas Beef Cattle Co. v. Green*,
921 S.W.2d 203 (Tex. 1996 .......................................................................................4

*Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc.*,
576 U.S. 519, 542 (2015) .........................................................................................11

*Tony Gullo Motors I, L.P. v. Chapa*,
212 S.W.3d 299 (Tex. 2007). ...................................................................................22

*Turner v. Pleasant*,
663 F.3d 770 (5ᵗʰ Cir. 2011) .....................................................................................1

*Twyman v. Twyman*,
855 S.W.2d 619, (Tex. 1993) .....................................................................................7

*U.S. ex rel. Steury v. Cardinal Health, Inc.*,
625 F.3d 262 (5th Cir. 2010) ...................................................................................24

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
125 F.3d 899 (5th Cir. 1997) ...................................................................................15

*United States ex rel. BakerRipley v. Kids U US, Inc.*,
Civil Action No. 23-cv-1124, 2024 WL 3541499 (S.D. Tex. Jul. 25, 2024) ...........23

*United States ex rel. Porter v. Magnolia Health Plan, Inc.*,
   810 Fed. Appx. 237 (5th Cir. Apr. 15, 2020) ............................................................13

*U.S. v. Kim*,
   Criminal No. H-07-406, 2009 WL 29688 (S.D. Tex. Jan. 5, 2009)............................14

*United States v. Basulto-Reina*,
   421 Fed. Appx. 349 (5th Cir. Apr. 5, 2011) ..............................................................14

*Walch v. Adjutant General's Dept. of Texas*,
   533 F.3d 289 (5th Cir. 2008). ....................................................................................19

*Western Reserve Medtec Services, LLC v. Stryker Corporation*,
   Civil Action No. 4:18-CV-2604, 2019 WL 13191641 (S.D. Tex. May 13, 2019)......9

*William Marsh Rice University v. Arrowhead Research Corp.*
   Civil Action No. 14-03496, 2016 WL 3223313 (S.D. Tex. Mar. 8, 2016) ................17

*Wilson v. Monarch Paper Co.*,
   939 F.2d 1138 (5th Cir.1991) ......................................................................................7

*Xiongen Jiao v. Ningbo Xu*,
   Case No.: 4:19-cv-01848, 2020 WL 6136265 (S.D. Tex. Jan. 29, 2020) ................23

*Zytax, Inc. v. Green Plains Renewable Energy, Inc.*,
   Civil Action No. H–09–2582, 2010 WL 4702303 (S.D. Tex. Nov. 10, 2010) ........16

**Rules**

5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356
   (1990).........................................................................................................................19
Federal Practice and Procedure § 1291 .........................................................................2
Restatement (Second) of Torts § 46 cmt. d (1965).....................................................7, 8
Tex. Civ. Prac. & Rem. Code, § 41.003 ......................................................................23

COMES NOW Counter-Plaintiff Christopher Cooprider ("COOPRIDER") and files this his Response to Plaintiff's Motion to Dismiss COOPRIDER's Counter Claims (Doc. 22).

## I.    <u>INTRODUCTION</u>

In response to the Complaint (Doc. 1) filed by Plaintiff Liana Davis ("DAVIS"), COOPRIDER filed an Answer and Counterclaims (Doc. 7), alleging malicious prosecution, *id.,* pp. 89-91, ¶¶2(a-g), 3(a-e), 3 and 4, intentional infliction of emotional distress, *id.*, pp. 91-92, ¶¶5-7, fraud, *id.*, p. 92, ¶¶8-9 (referencing ¶¶11-105 supporting factual allegations supporting a cause of action for fraud, which were first discussed in the affirmative defense section earlier), and malice. *Id.*, p. 92, ¶9 (same cross-reference). DAVIS then filed a Motion to Dismiss ("MTD") these Counterclaims under Rule 12(b)(6). COOPRIDER now responds to the MTD herein.

## II.    <u>ARGUMENT AND AUTHORITIES</u>

COOPRIDER now provides the Court with cases describing the correct standard of review in evaluating a Rule 12(b)(6) motion, the reasons and legal support as to why the MTD should be denied, and a request for permission to replead, if the Court deems that necessary.

### A.  STANDARD OF REVIEW

DAVIS has moved to dismiss COOPRIDER's counterclaims (Doc. #22). "A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (reversing a Rule 12(b)(6) dismissal). This is because "[c]ourts are intended as places of redress" and when motions to dismiss are granted, "they tend to undermine the overarching public policy favoring merits-based disposition." *Kafi, Inc. v. Sand Canyon Corp.*, Civil Action No. 3:20-cv-00354, 2022 WL 3084480, at *10 (S.D. Tex. Aug. 3, 2022) (Edison, M.J.) (**<u>Appx. 1</u>**), *Rep. & Rec. Appr. by*, 2022 WL 4454395 (S.D. Tex. Sept. 23, 2022) (Brown, J.) (**<u>Appx. 2</u>**). As such, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the "grounds for entitlement to

relief" with facts that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir 2007), citing *Twombly*, 550 U.S. at 545. As this Court has told the parties here, Rule 8 says that "[e]ach [pleading] must be simple, concise, and direct." (Doc. 17). Moreover, "[T]hose portions of Rule 9 that require specific or detailed allegations should not be construed in an unduly strict fashion." *Kafi*, at 9, citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1291 (4th ed.) (**Appx. 3**).

This Court has properly observed that to defeat a motion filed under FRCP 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Maxim Crude Oil, LLC v. Noil Corp., Inc.*, Civ. No. 2:21-CV-90, 2021 WL 12320541, at *4 (S.D. Tex. Nov. 16, 2021) (Morales, J.) (**Appx. 4**).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Iqbal & Twombly*.

### B.    WHY THE MOTION SHOULD BE DENIED

COOPRIDER now provides specific reasons why each of the five (5) arguments made by DAVIS in her MTD should be rejected, with authorities supporting this response.

#### 1.    Malicious Prosecution

DAVIS moves to dismiss the ***malicious prosecution*** claim because "the proceedings that Ms. Davis has initiated against him have not terminated" and because COOPRIDER cannot state a claim "until after he prevails and after all appeals are exhausted." (Doc. 22, p. 1).  Yet the exhibits authenticated by Exhibit 1, the Declaration of Mikal Watts, demonstrate termination has occurred.

#### (A)    The Criminal Investigations Have Been Closed

While DAVIS's counsel said on September 2, 2025 that COOPRIDER would be "held to account … in the upcoming criminal proceedings," (Doc. 24, p. 2), it now appears that Plaintiff's

counsel's press announcement concerning "the upcoming criminal proceedings" was just fiction, and that the criminal investigations initiated by his client has already been terminated.

**(1) _Press Statements by Criminal Investigatory Bodies That the Investigations are Now Closed_**

In an article published on August 12, 2025, but unknown to COOPRIDER at the time, the CCPD told the *Washington Times*[1] that it and the Nueces County District Attorney's Office had closed the investigation back on May 28, 2025, "as unfounded."

On August, 14, 2025 again, Madeline Vaugh, a spokeswoman for the CCPD told *The New York Times* that "the investigation was subsequently closed as unfounded."[2]

Moreover, after COOPRIDER's Counterclaim was filed on September 3, 2025 (Doc. 7), *NBC News* reported that the CCPD "declined to recommend criminal prosecution after investigating her claims," "told *NBC News* that there are no active investigations involving Cooprider," said that "an investigator with more than a dozen years of experience as a detective 'conducted an extremely thorough investigation' into DAVIS' claim that she was drugged and that the investigation was closed as unfounded," and "stands by the results of this investigation and is confident that any honest and objective third-party review would reach a similar conclusion."[3]

After DAVIS's attorney indicated on September 4, 2025, to the New York Magazine's online publication called *INTELLIGENCER* that COOPRIDER "will be held to account for what

---

[1] Exhibit 1-A - Swoyer, Alex, *Texas who was eight weeks pregnant files wrongful death suit after man drugs her with abortion* pills, THE WASHINGTON TIMES, August 12, 2025. https://www.washingtontimes.com/news/2025/aug/12/texan-sues-marine-drugging-abortion-pills-killing-baby/.

[2] Exhibit 1-B - Petri, Alexandra E., *Woman Claims Marine Laced Her Drink With Abortion Pills*, THE NEW WORK TIMES, August 14, 2025. *https://www.nytimes.com/2025/08/14/us/marine-abortion-pills-lawsuit-texas.html*.

[3] Exhibit 1-C - Chan, Melissa, *Marine files countersuit against Texas woman who claims he spiked her drink with abortion pills,* NBC NEWS, Sept. 4, 2025. https://www.nbcnews.com/news/us-news/marine-files-countersuit-texas-woman-claims-spiked-drink-abortion-pill-rcna229088.

he did, both in this civil suit and in the upcoming criminal proceedings,"[4] COOPRIDER's attorney immediately prepared and filed a Motion for Limited Stay  (Doc. 11).

Finally, on September 5, 2025, at 8:25 p.m., after DAVIS's attorney's statement concerning "the upcoming criminal proceedings," AUTONOMY NEWS updated its prior story dated September 3, 2025 "*with statements from the Corpus Christi Police Department and the Naval Criminal Investigative Service,*" with the CCPD "confirm[ing that] it has 'no open or active investigations involving these individuals at this time,'" and the Naval Criminal Investigative Service (NCIS), saying: 'I can confirm that the NCIS investigation has been closed.'"[5]

### (2) *COOPRIDER's FOIA Request of the CCPD*

After learning of these statements to the press reported, COOPRIDER issued a Freedom of Information Act ("FOIA") request on the CCPD and the Nueces County D.A.'s office.  No materials received suggest anything but a closed investigation.

### *(B) There Can Be No Appeal of the Decision Not to Prosecute*

Despite extrajudicial press statements by her lawyer, DAVIS provides no indication in filings before this Court that there is an ongoing criminal investigation (Docs. 22-24). Nonetheless, DAVIS cites *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) for the proposition that the Court "should dismiss the malicious-prosecution counterclaim under Rule 12(b)(6)" because COOPRIDER "cannot state a claim for malicious-prosecution until after he prevails and after all appeals are exhausted." (Doc. 22, p. 1).

---

[4] Exhibit 1-D - Carmon, Irin, *The Explosive Lawsuit Challenging a Right-Wing Abortion-Pill Story,* INTELLIGENCER, September 5, 2025.  https://nymag.com/intelligencer/article/christopher-cooprider-sues-over-abortion-pill-allegation.html.

[5] Exhibit 1-E - Henderson, Garnet & Rinkunas, Susan, *Texas Man Accused of Putting Abortion Pills in Partner's Drink Claims She Made It Up, Countersues for $100 million,* AUTONOMY NEWS, September 3, 2025, 7:10 p.m.  https://www.autonomynews.co/texas-man-accused-of-putting-abortion-pills-in-partners-drink-claims-she-made-it-up-countersues-for-100-million/.

The Supreme Court says, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). While DAVIS may not like the CCPD's decision not to recommend charges, nor that of prosecutors not file a criminal case, she has no appeal therefrom. *See Clawson v. Wharton County*, 941 S.W.2d 267, 272 (Tex. App. – Corpus Christi-Edinburg Dec. 19, 1996), *reh'g overruled* (Jan. 16, 1997), *writ denied* (Mar. 26, 1998), *reh'g of writ of error overruled* (May 14, 1998) ("The act … complain[ed of] - the decision not to prosecute – is the quintessential function of a prosecutor."). *See also Crotts v. Healey*, 2015 WL 5890103, at ** 2-3 (Tex. App. – Houston [1st Dist.] 2015), *rev. denied* (Feb. 26, 2016), *reh'g of petition for review denied* (April 8, 2016), *cert denied*, 580 U.S. 868 (2016) (**Appx. 5**) (same).

DAVIS has no right to appeal the decision not to prosecute, so *Texas Beef* does not delay COOPRIDER's malicious prosecution claim "until after he prevails on all appeals are exhausted." DAVIS's motion to dismiss COOPRIDER's malicious prosecution claim should be denied now.

2.    <u>Intentional Infliction of Emotional Distress</u>

COOPRIDER filed a counterclaim for intentional infliction of emotional distress (IIED). (Doc. 7, § V(B), pp. 91-92), yet DAVIS argues he "has failed to state a claim," citing *Kroger Texas Limited Partnership v. Suberu,* 216 S.W.3d 788, 796 (Tex. 2006). (Doc. 22, § II, p. 2).

But *Kroger* has been held to be distinguishable in the context of a Rule 12(b)(6) motion. *Kroger* involved a plaintiff acquitted of shoplifting suing a store owner for IIED, contending that the store "knowingly provided false information to police so that an innocent person is prosecuted. *Kroger*, 216 S.W.3d at 291, 296. In *Oliveros v. Oliveros*, Case No. 5:23-CV-00402-FB-RBF, 2024 WL 875834 (W.D. Tex. Feb. 13, 2024) (Farrer, M.J.) (**Appx. 7**), *Rep. & Rec. Appr. by*, 2024 WL 874145 (W.D. Tex. Feb. 29, 2024) (Biery, J.) (**Appx. 8**), the Court denied a Rule 12(b)(6)

motion, distinguishing *Kroger* and noting that the *Kroger* court "found that such behavior would be sufficiently extreme and outrageous if the evidence supported it." *Id.* at *11, citing *Kroger*, 216 S.W..3d ay 796. *See also Kroger*, at 796 ("Suberu, however, argues that knowingly providing false information to police so that an innocent person is prosecuted for shoplifting is extreme and outrageous. …[W]e are inclined to agree that Suberu's premise is sound.").

Moreover, *Kroger* reviewed on appeal a jury verdict in favor of the shopper. The standard concerning of that appellate court's post-verdict review is much different than this Court's role in considering a motion to dismiss under Rule 12(b)(6). The *Kroger* court reviewed trial court *evidence*; this Court must review factual *allegations* in a Complaint, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable" to COOPRIDER at this stage of the proceedings. *See Smith v. MTGLQ Investors, L.P.*, 851 Fed. Appx. 514, 514 (Mem) (5th Cir. June 30, 2021) (per curiam) (unpublished) (**Appx. 9**); *Peninsula Marine, Inc. v. Principle Industrial Services, LLC*, Civil Action No. 2:23-CV-00104, 2024 WL 5036616, at **2, 4 & n.6, 8, 10, 12, 14 (S.D. Tex. Sept. 30, 2024) (Morales, J.) (**Appx. 10**) (same).

Here, COOPRIDER has alleged DAVIS knew her allegations to be untrue. Doc. 7, p. 5, ¶13(b-c)); p. 5, ¶13(b-c)); p. 5, ¶¶14-3, 4, 14(g); p. 6, ¶14(h); p. 7, ¶¶21, 22; p. 8, ¶27; p. 11, fn. 6; p. 27, fn. 23; p. 38, ¶104; p. 60, ¶180. As such, this Court should deny a Rule 12(b)(6) dismissal, as Judge Biery did in *Olivares*, and for the additional reasons discussed below.

DAVIS next moves to dismiss COOPRIDER's claim for intentional infliction of emotional distress (IIED) "for four separate and independent reasons". (Doc. 22, § II, p. 2).

*(A)    Identification of Conduct Qualifying as <u>Extreme and Outrageous</u>*

DAVIS first argues that COOPRIDER "has not identified the conduct of Mr. Davis that qualifies as 'extreme and outrageous'." (Doc. 22, § II(A), pp. 2-3).

*1.   Cases Approving IIED Claims*

DAVIS identically quotes four times[6] from *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement (Second) of Torts § 46 cmt. d (1965) (**Appx. 11**)), which is the Supreme Court of Texas case adopting the IIED tort for Texas 32 years ago.

Before *Twyman*, the Fifth Circuit twice affirmed IIED judgments based on conduct similar to that of DAVIS's here involving threats of criminal charges.  First, the Fifth Circuit in 1989 denied the appeal of a defendant who "contends that the district court erred in denying its Rule 12(b)(6) motion to dismiss the plaintiff's emotional distress claim." *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 301 (5th Cir. 1989). Second, in 1991, that court affirmed a jury verdict in favor of the plaintiff's IIED claim in *Wilson v. Monarch Paper Co.*, 939 F.2d 1138 (5th Cir.1991).

In *Dean*, the plaintiff presented evidence that her supervisor intentionally placed checks in her purse to put her in fear of criminal charges for theft. *Dean*, 885 F.2d at 304, 306–07.  In affirming the jury's verdict in favor of the plaintiff over the defendant's challenge, the Fifth Circuit held that the "check incidents ... [were] precisely what [took] this case beyond the realm of an ordinary employment dispute and into the realm of an outrageous one." *Id.*

In *Wilson*, the plaintiff presented sufficient evidence to support the jury's verdict in his favor by showing that the defendant, as part of a plan to get rid of older employees, tried to force plaintiff, a 60–year–old executive, to resign. *Wilson*, 939 F.2d at 1145. Age discrimination was held to be within the "realm of an ordinary employment dispute." *id.*, at 1144–45, but also assigning janitorial duties to an executive in order to humiliate him into resigning was "outrageous conduct" that took the case "out of the realm of an ordinary employment dispute." *Id.*, at 1145.

---

[6] Doc. 22, p. 2, p. 3 and p. 5 (twice).

In *Twyman*, the Supreme Court of Texas adopted Section 46 of the Restatement (Second) of Torts. *Id.*, at 621-22 ("Today we become the forty-seventh state to adopt the tort of intentional infliction of emotional distress as set out in § 46(1) of the RESTATEMENT (SECOND) OF TORTS."). The *Twyman* court noted that Section 46 "expressly includes situations in which the actor recklessly inflicts emotional distress," and advised that on retrial, the jury may consider whether [the Defendant] acted recklessly toward [the Plaintiff]." *Id.,* at 624. That mere reckless conduct will suffice for an IIED claim in Texas federal court has been observed by the Fifth Circuit as well. *Kumar v. Panera Bread Co.*, Case No. 23-20178, 2024 WL 1216562, at *4 (5th Cir. Mar. 21, 2024) (per curiam) (unpublished) (**Appx. 12**) ("intentional infliction of emotional distress can be established through merely reckless conduct…," citing *Twyman*).

Since *Twyman*, Texas courts have reiterated the viability of IIED as a tort in Texas. *See Massey v. Massey*, 867 S.W.2d 766 (Tex. 1993) (denying writ of error of IIED judgment); *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999) (affirming IIED judgment for Plaintiff); *Morgan v, Anthony,* 27 S.W.3d 928 (Tex. 2000) (reversing summary judgment on IIED claim).

COOPRIDER's Counterclaim alleges mendacious conduct by DAVIS knowingly designed to lure him in so that she could frame him for murder. Doc. 7, p. 5, ¶13(b-c)); p. 5, ¶13(b-c)); p. 5, ¶¶14-3, 4, 14(g); p. 6, ¶14(h); p. 7, ¶¶21, 22; p. 8, ¶27; p. 11, fn. 6; p. 27, fn. 23; p. 38, ¶104; p. 60, ¶180; p. 91, ¶2(d). This well-pleaded conduct by DAVIS easily qualifies as "extreme and outrageous," *see Bruce,* 998 S.W.2d at 613-14 (reciting evidence of threatening employment status," threatening "he was in a position to get even" as certainly justify an order denying dismissal at the Rule 12(b)(6) pleadings stage). *See 7X Cattle Co. LLC v. Brandstadt*, Case No. 6:22-CV-00396-JDK-KNM, 2024 WL 4183301, at *5 (E.D. Tex. Jul. 22, 2024) (Mitchell, M.J.) (**Appx. 13**), *Rep. & Rec. Appr. by*, 2024 WL 3950677 (E.D. Tex. Aug. 27, 2024) (Kernodle, J.)

(**Appx. 14**) ("A jury could plausibly find this conduct demonstrates the "extreme and outrageous" standard required for an IIED claim.").

*(B)    Conduct Causing Emotional Distress <u>Upon Him</u>*

With no citation to even a single case here other than global references to *Iqbal* and *Twombly* here, DAVIS argues second that COOPRIDER "has not properly alleged that Ms. Davis's actions inflicted 'emotional distress' upon him." (Doc. 22, § II(B), pp. 3-4).   But because "the question of causation is a fact question for the jury," at the 12(b)(6) stage, the facts alleged by COOPRIDER, "presumed to be true, raise a fact issue regarding proximate cause and preclude dismissal." *Western Reserve Medtec Services, LLC v. Stryker Corporation*, Civil Action No. 4:18-CV-2604, 2019 WL 13191641 (S.D. Tex. May 13, 2019) (Bryan, M.J.) (**Appx. 15**).

COOPRIDER must allege only a "facially plausible" causal relationship between DAVIS's actions and harm to him, i.e., only "enough facts to give rise to a reasonable hope or expectation that discovery will reveal evidence of the foregoing elements of loss causation." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009), citing *Twombly*.   A court is "not authorized or required to determine whether the plaintiff's plausible inference of loss causation is equally or more plausible than other competing inferences." *Delaware County Employees Retirement System v. Cabot Oil & Gas Corp.*, 620 F.Supp.3d 603, 633 (S.D. Tex. 2022) (Rosenthal, C.J.).

This can be done through temporal proximity alone.   In *Garcia v. LCS Corrections Services, Inc.*, Civil Action No. C–09–334, 2010 WL 2163284 (S.D. Tex. May 24, 2010) (Crane, J.) (**Appx. 16), a** court in the Corpus Christi Division of the Southern District of Texas denied a motion to dismiss under Rule 12(b)(6) contending that the "'seven bare-boned allegations of negligence and one-sentence generic allegation of causation' fail to state a facially plausible claim for relief against this Defendant."   Sitting in this very courthouse, the Court rejected this argument, reasoning,

9

The hospital discharged Mr. Gacia with instructions given to continue his medications. Shortly thereafter, he died. Against the "framework" of Plaintiff's allegations of negligence in the provision of medical treatment to Mr. Garcia, and proximate cause, these factual allegations are enough to state a facially plausible claim for relief against Dr. Pendleton, allegedly the physician at the prison at the time of Mr. Garcia's death.

*Id.*, at *4. "[I]t is enough … to plead adequate facts that allow us to draw a reasonable causation inference: and this can be done by pleading "temporal proximity that is quite tight." *Luebano v. Office Depot, L.L.C.*, Case No. 22-50767, 2023 WL 4249268, at *5 (5th Cir. Jun. 29, 2023) (per curiam) (unpublished) (**Appx. 17**) (reversing dismissal when complaint alleged facts demonstrating separation of only weeks between Defendant's action and Plaintiff's harm); *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016) (about two months' difference is close enough to show a *prima facie* causal connection). *See also Briceno-Belmontes v. Coastal Bend College*, Civil Action No. 2:20-CV-00114, 2022 WL 673854, at *7 (S.D. Tex. Mar. 5, 2022) (Tipton, J.) (**Appx. 18**) (denying dismissal when only four months lapsed).

COOPRIDER alleged that on the evening of "April 5, 2025, with her children sleeping upstairs" already, DAVIS put alcohol in her drink," Doc. 7, p. 46, ¶131. Plaintiff's Complaint suggests she drank hot chocolate approximate 30 minutes before she claims to have begun hemorrhaging "shortly before midnight" (Doc. 1, p. 22, ¶50), meaning she would have drank hot chocolate shortly before 11:30 p.m. Less than two hours later, at 1:24 a.m., DAVIS "arrived at the emergency room" "at the hospital," (Doc. 1, p. 27, ¶67) when she says she turned the evidence "over to the Corpus Christi police." (Doc. 1, p. 27-28, ¶¶70-71). Thus, DAVIS's own pleading suggests that less than three hours later, she accused COOPRIDER of murder. This "quite tight" temporal relationship of only a few hours is – by itself – sufficient to draw a reasonable causation inference" under the Fifth Circuit's holding in *Luebano*. This is far tighter than a timeline of "just a few days" that a Judge in this courthouse said supported causation. *See Perez v.*

*Brooks County, Texas*,  Civil Action No. 2:19-CV-391, 2020 WL 4261253 (S.D. Tex. Jul. 24, 2020)

(Gonzales Ramos, J.) (**Appx. 19**) ("it is clear from the allegations that the [harm alleged] followed"

fewer than "just a few days after the [activity], which is sufficient to support causation").

As such, this is not a discrimination case with a "robust causality requirement, *Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 542 (2015), nor a complaint alleges that "a failure to train" fails to "support a plausible causation inference, *see Ratliff v. Aransas County, Texas*, 948 F.3d 281, 285 (5th Cir. 2020), nor where the Counterclaim "fails to plausibly allege that Defendant's actions or omissions proximately caused Plaintiff's harm" and therefore "cannot pass 12(b)(6) muster based on causation." *See Henderson v. Wells Fargo Bank*, 779 F.Supp.3d 910, 918 (S.D. Tex. Mar. 31, 2025) (Morales, J.) (**Appx. 20**).

Here, "the close temporal proximity in this case" between DAVIS's actions and harm to COOPRIDER are alone  "enough to satisfy the low 12(b)(6) motion to dismiss standard." *Stewart v. City of Arcola*, Civil Action No. 4:23-cv-04387, 2024 WL 3297361, at *3 (S.D. Tex. Jul. 3, 2024) (Hanen, J.) (**Appx. 21**); *Garcia v. Oceans Healthcare, L.L.C.*, Civil Action No. 2:22-CV-00219, 2023 WL 6393885, at *6 (S.D. Tex. Sept. 30, 2023) (Tipton, J.) (**Appx. 22**) (denying 12(b)(6) motion on causation, citing *Besser v. Tex. Gen. Land Off.*, 834 F. 876, 884 & n. 30 (5th Cir. 2020) (per curiam)) (citing *Clark County School Dist. v. Breedon*, 532 U.S. 268, 273 (2001) ("very close" temporal proximity is "sufficient evidence of causality to establish a prima facie case").

### (C)    COOPRIDER's Emotional Distress *was Severe*

DAVIS argues third that COOPRIDER "has not properly alleged that the emotional distress that Ms. Davis inflicted was 'severe'." (Doc. 22, § II(C), p. 4).  While Rule 12(b)(6) relates to cause of action," it does not reference damages.  Though DAVIS tries to have *Iqbal* and *Twombly* require the pleading of "facts *showing* that his emotional distress was 'severe,'" she does

so by citing to Rule 8(a)(2) which requires only "a short and plain statement of the claim." But COOPRIDER met that under Rule 8(a)(2), Doc. 7, p. 92, ¶ 6(d), and under Rule 8(a)(3) ("monetary damages, mental anguish and reputational damage."). *Id,* p. 92, ¶ 7, even though the rule exempts from the effect of failing to deny matters "relating to the amount of damages." FRCP 8(b)(6).

Damages severity is not an appropriate matter for pleadings practice, as is evidenced by DAVIS's failure to cite any Rule 12(b)(6) case on this issue. A court in this District permitted this claim to proceed past Rule 12(b)(6) practice. *M.D.C.G. v. United States*, Civil Action No. 7:15–CV–552, 2016 WL 6638845, at \*12 (S.D. Tex. Sept. 13, 2016) (Crane, J.) (**Appx. 23**) (citing *Twyman* and denying Rule 12(b)(6), observing "the Court will allow Plaintiffs' intentional infliction of emotional distress claim, as limited, to proceed" after reciting allegations of post-traumatic stress disorder (PTSD), that "none of the injuries they sustained were accidental," and that defendant's conduct "will remain mental scars years after physical injuries diminish." Because "damages are *remedies*, not causes of action, a Rule 12(b)(6) motion is an improper vehicle for dismissing these specific requests for relief." *Mott's LLP v. Comercializadora, S.A.*, 507 F.Supp.3d 780, 791 (W.D. Tex. Dec. 14, 2020) (Ezra, J.).

The extent of damages, *see* Rule 26(a)(1)(A)(iii), requiring initial disclosure of a computation of each category of damages claimed, is a matter to be adjudicated after discovery, *see* Rule 55(b)(2)(B) (the court needs to "determine the amount of damages."). The Fifth Circuit case granting dispositive relief in an intentional infliction of emotional distress case concerning "sever[ity]," did so only at the summary judgment phase after discovery was conducted, but not at the Rule 12(b)(6) phase. *See Amin v. United Parcel Service, Inc.*, 66 F.4th 568, 572 (5th Cir. 2023) (noting that three of four causes of action were dismissed under Rule 12(b)(6), but not Count 3 for intentional infliction of emotional distress; and noting that the issue of whether emotional distress

is "severe" has been handled at the Rule 56 stage. *Id.*, n. 1 ("As with any factual issue subject to Rule 56, federal courts can and have found that certain allegations do not constitute severe emotional distress as a matter of law. *See, e.g., Peavy v. Harman*, 37 F.Supp.2d 495, 523 (N.D. Tex. 1999), *aff'd in part and rev'd in part on other grounds*, 221 F.3d 158 (5th Cir. 2000), *cert. denied*, 521 U.S. 1051 (2001).").  This makes sense because the *Peavy* noted that "[i]t is also significant that plaintiffs were not required to seek help from a mental health professional.  This further militates against a finding of 'severe emotional distress.'"  Cases deciding whether the bar has been reached are those evaluating the evidence developed in discovery, as the Rule 56 summary judgment stage. *See Gaona v. Wells Fargo Bank, N.A.*, SA-23-CV-280-FB (HJB), 2025 WL 699353, at *9 (W.D. Tex. Feb 13, 2025) (Bemporad, M.J.) (**Appx. 24**), *Rep. & Rec. Adopted by*, 2025 WL 696546 (W.D. Tex. Mar. 4, 2025) (Biery, J.) (**Appx. 25**); *Munoz v. H&M Wholesale, Inc.*, 926 F.Supp. 596, 613 (S.D. Tex. 1996).  *Cf., Bruce*, 998 S.W.2d at 618-19.

        (D)      *Whether <u>Filing a Groundless Lawsuit</u> is Extreme and Outrageous*

DAVIS argues fourth that "the act of filing a lawsuit does not qualify as 'extreme and outrageous' conduct, even if the person filing the lawsuit knows that it is groundless." (Doc. 22, § II(D), pp. 4-6).  This argument wrongly suggests that COOPRIDER's IIED claim relies only on the filing of this lawsuit.  That is untrue.  Furthermore, the single case DAVIS could find in support of this argument - *Beecy v. Pucciarelli,* 387 Mass. 589, 596, 441 N.E.2d 1035, 1040 (1982), cited at p. 5 of Doc. 22 - does not help her for two reasons.

First,  *Beecy* is from Massachusetts, not binding on this Court located in the Fifth Circuit.  *See, e.g., United States ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 Fed. Appx. 237, 242, n. 7 (5th Cir. Apr. 15, 2020) (unpublished) (**Appx. 26**); *Gutierrez v. Corrections Corp. of America*, 559 Fed. Appx. 406, 408 (mem) (5th Cir. Apr. 3, 2014) (unpublished) (**Appx. 27**); *United States v.*

*Basulto-Reina*, 421 Fed. Appx. 349 (5th Cir. Apr. 5, 2011) (unpublished) (**Appx. 28**). *See U.S. v. Kim*, Criminal No. H-07-406, 2009 WL 29688, at *1 (S.D. Tex. Jan. 5, 2009) (Rosenthal, J.) (**Appx. 29**). *See also Blair v. Pride Industries, Inc.*, EP-14-CV-00183-DCG, 2015 WL 11251771, at *3, n. 2 (W.D. Tex. Jan. 27, 2015) (Guaderrama, J.) (**Appx. 30**). In *Dean*, by contrast, the Fifth Circuit affirmed the denial of a Rule 12(b)(6) motion when the plaintiff alleged that the defendant took actions "to put her in fear of criminal charges for theft," *Dean*, 885 F.2d at 304, 306–07. Here, DAVIS actually followed through and took steps to pursue criminal charges for murder, which surely qualifies as conduct supporting an IIED claim under the precedent provided in *Dean*.

Second, *Beecy* is distinguishable, as the Massachusetts Supreme Judicial Court in *Ladd v. Polidoro*, 424 Mass. 196, 199, 675 N.E.2d 382, 385 (1997) flat out restricted *Beecy* as only requiring a filing *plus* an ulterior motive under its caselaw, noting that "[a] reasonable argument can be made that the Beecy opinion overstated the consistency with which this court has announced a requirement of proof of an ulterior motive (*see id.*, at 596, 441 N.E.2d 1035), but it cannot be doubted that our Beecy opinion proclaimed that an ulterior motive is an element of the tort of abuse of process in all instances." Courts reviewing *Beecy* have further restricted its application. In *Homesavers Council of Greenfield Gardens, Inc.*, 70 Mass. App. Ct. 453, 874 N.E.2d 497 (2007), the Court noted "[t]he facts underlying *Beecy...* on which the landlord relies, which cases held that the mere filing of a lawsuit is not extreme and outrageous conduct, fell far short of the level to which the behavior of the landlord sank in the present case."). *Id.*, at 503-04. Likewise, in *Medford Co-Operative Bank v. Skerry*, 2004 Mass. App. Div. 120, 2004 WL 1853343, at *4 (2004) (**Appx. 31**), the Court noted *Beecy,* but said that "proof of ill will, bad intentions, or knowledge that a claim is groundless … is relevant in proving ulterior or illegitimate purpose."

        3.      <u>Fraud</u>

Over 34 pages, COOPRIDER supplied detailed factual allegations constituting fraud. (Doc. 7, pp. 4-38).  While conceding that when "Cooprider's 94-page pleading hurls many accusations" at DAVIS, they must "be assumed true when deciding a motion to dismiss" (Doc. 22, p. 2), DAVIS nonetheless offers three arguments in support of her MTD with respect to the fraud claim.

> (A)   COOPRIDER <u>did</u> comply with Rule 9(b) and <u>Thompson</u> by pleading fraud with particularity

DAVIS initially cites *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997) as a fraud pleading floor (Doc. 22, p. 6), but "Rule 9(b)'s application is context-specific, however, and "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *ASG Chemical Holdings, LLC v. Bisley Int'l, LLC*, Civil Action No. H-23-4333, 2024 WL 5036568 (S.D. Tex. Nov. 18, 2024 (Bray, M.J.) (**Appx. 32**), *Rep. & Rec. Appr. By*, 2024 WL 5108450 (S.D. Tex. Dec. 13, 2024 (Lake, J.) (**Appx. 33**).  "Minimal" factual allegations will do if they provide the "Defendant with notice of the nature and specifics of the fraud claim against it." *Specialties of Mexico, Inc. v. Masterfoods USA*, Civil Action No. L–09–88, 2010 WL 2488031, at *8 (S.D. Tex. Jun. 14, 2010) (Alvarez, J.) (**Appx. 34**).

Nonetheless, COOPRIDER did comply with both Rule 9(b) and *Thompson*, as follows:

- COOPRIDER alleged the "*who*" to be DAVIS. (Doc. 7, p. 5, ¶13(a)); *see Albores v. Dimitri*, Civil Action No. 18-6936, 2025 WL 871601, at *4 (E.D. La. Mar. 20, 2025) (Milazzo, J.) (**Appx. 35**);

- COOPRIDER alleged the "*what*" to be DAVIS's lie on January 31, 2025, Doc. 1, p. 3, ¶33; and February 3, Doc. 7, p. 5, ¶13(a & b); *see Forum Subsea Rentals v. Globaltech Offshore*, Civil Action No. H–13–885, 2014 WL 10751177, at *8 (S.D. Tex. Sept. 17, 2014) (Hittner, J.) (**Appx. 36**); and her representation to him that he was invited over for cocoa as part of a "night of trust" when she intended to frame him for murder. (Doc. 7, pp. 6-7, ¶14(3)–(j)); *see Pierce v. Aircraft Finance Corp. LLC*, 512 F.Supp.3d 753, 767 (S.D. Tex. Jan. 8, 2021) (Eskridge, J.); *see also Pointeast Pharma Consulting, Inc.*

*v. Lenzing Aktiengesellschaft*, Civil Action No. 4:21-CV-3654, 2024 WL 5048964, at *5 (S.D. Tex. Dec. 9, 2024) (Hanen, J.) (**Appx. 37**);

- COOPRIDER alleged the "***when***" as the February 3, 2025 representation that she was pregnant. Doc. 7, p. 5, ¶13(a) and April 4, 2025, when she lured him to her place for the proverbial "night of trust." *Id.*, pp. 6-7, ¶14(3)–(j); *see Katz v. Intel Pharma, LLC*, Civil Action No. H-18-1347, 2018 WL 4701566, at *4 (S.D. Tex. Oct. 1, 2018) (Rosenthal, J.) (**Appx. 38**); *see also Borneo Energy Sendirian Berhad v. Sustainable Power Corp.*, 646 F.Supp.2d 860 (S.D. Tex. Aug. 12, 2009) (Rosenthal, J.);

- COOPRIDER alleged the "***where***" to be via text message on February 3, 2025. Doc. 7, p. 5, ¶13(a), and at her home on April 5, 2025. *Id.*, pp. 6-7, ¶14(3)–(j); *see Kafi, Inc. v. Sand Canyon Corp.*, Civil Action No. 3:20-cv-00354, 2022 WL 3084480 (S.D. Tex. Aug. 3, 2022) (Edison, M.J.) (**Appx. 39**), Rep. & Rec. Appr. by, 2022 WL 4454395 (S.D. Tex. Sept. 23, 2022) (Brown, J.) (**Appx. 40**); *see also Louisiana Oilfield Logistics, LLC v. Flotek Chemistry, LLC*, Civil Action No. H-19-1272, 2020 WL 13240060, at *4 (S.D. Tex. Jun. 29, 2020) (Rosenthal, C.J.) (**Appx. 41**);

- COOPRIDER alleged the "***how***" to be her text message representation to him that she was pregnant on February 3, 2025. Doc. 7, p. 5, ¶13(a), and that she orally induced him on April 4, 2025, when she to lured him to her place for the proverbial "night of trust." *Id.*, pp. 6-7, ¶14(3)–(j); *see ClaimHub, Inc. v. Universal Risk Ins. Srvs., Inc.*, Civil Action No. H-10-2841, 2011 WL 13247456, at *4 (S.D. Tex. Jul. 25, 2011) (Rosenthal, J.) (**Appx. 42**); *see also Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, Civil Action No. H–09–2582, 2010 WL 4702303, at *8 (S.D. Tex. Nov. 10, 2010) (Rosenthal, J.) (**Appx. 43**).

In sum, COOPRIDER's detailed pleading meets the requirements of *Thompson.*

### (B)    *DAVIS incorrectly complains that COOPRIDER did not plead an injury with the particularity required by Rule 9(b)*

DAVIS writes that COOPRIDER "does not explain any injury that Cooprider might have suffered with the particularity required by Rule 9(b)." (Doc. 22, p. 7). At this pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); "[W]hen the plaintiff is himself an object of the action (or foregone action) at issue there is ordinarily little question that the action or inaction has caused him injury, and that a judgment

preventing or requiring the action will redress it." *Id.*, at 561-62. Moreover, "[t]he Fifth Circuit has held that the Rule 8(a) and 12(b)(6) plausibility pleading standard, not heightened pleading, is sufficient to plead loss causation." *Cabot Oil & Gas Corp.*, 620 F.Supp.3d 603, 632 (S.D. Tex. 2022) (Rosenthal, C.J.) (quoting *Lormand*). Pleadings as those here alleging a fraudulent statement by one party inducing a response from another are sufficient. *See Diagnostic Affiliates of Northeast Houston, LLC v. United Healthcare Services, Inc.*, Civil Action No. 2:21-CV-00131, 2022 WL 214101, at \*12 (S.D. Tex. Jan. 18, 2022) (Gonzales Ramos, J.) (**Appx. 44**) (rejecting argument that Plaintiff company "has not pled sufficient facts to show that acts caused its alleged injury," noting that the complaint alleging that the complained of conduct was "designed to" create a response created a " link between at least some of the conduct complained of and some of the injuries sustained is sufficiently direct to support proximate causation and survive Rule 12(b)(6) review."); *William Marsh Rice University v. Arrowhead Research Corp.*, Civil Action No. 14-03496, 2016 WL 3223313, at \*5 (S.D. Tex. Mar. 8, 2016) (Gilmore, J.) (**Appx. 45**) (denying dismissal of fraud claim over causation argument, because in "[v]iewing the pleadings in the light most favorable to Plaintiff, Defendants' alleged actions induced Rice…"). COOPRIDER too alleged specific facts that DAVIS's fraud caused his injury. (Doc. 7, p.5, ¶14(3); p. 5, p. 91, ¶3(d) ("Having already miscarried on April 4, 2025, Counter-Defendant DAVIS set up Counter-Plaintiff COOPRIDER by inviting him to her home – "the scene of the crime that wasn't" – for a daily later on April 5, 2025, the day after she had already likely miscarried her unborn child.").

> *(C)   DAVIS's Alternative Causation Argument Fails at the Rule 12(b)(6) Stage*

DAVIS initially argues that her lie to him that she was pregnant causing COOPRIDER to purchase abortion pills on February 6, 2025, could not have inflicted injury on COOPRIDER because he "would have purchased those abortion pills in response to DAVIS's actual pregnancy

because he wanted to kill any unborn child that he conceived with DAVIS." Doc. 22, pp. 6-7, and says that because " he would have wound up purchasing anyway," the consequence of her lie therefore "does not qualify as an injury." This argument fails for three distinct reasons.

*First*, the causation link is properly pleaded by COOPRIDER. (Doc. 7, pp. 5-6, ¶ 14).

*Second*, the Court must accept COOPRIDER's allegation concerning causation. *See Lee v. Samsung Electronics America, Inc.*, Case No. 4:21-cv-1321, 2023 WL 4240277, at *16 (S.D. Tex. Jun. 28, 2023) (Palermo, M.J.) (**Appx. 46**), *Rep. & Rec. Adopted in Part & Rejected in Part by*, 717 F.Supp.3d 585, 589-91 (S.D. Tex. Feb. 13, 2024) (Ellison, J.)(because "the Court must accept as true Plaintiffs' allegations…," "[t]he Court finds that Plaintiffs have sufficiently alleged reliance and causation"); *Polanco v. Innovation Ventures, LLC*, Civil Action No. 7:13-CV-568, 2014 WL 12599332, at *2 (S.D. Tex. May 5, 2014) (Crane, J.) (**Appx. 47**) (Complaint "offer[s] a theory of causation that the Court cannot simply assume to be implausible.").

*Third*, DAVIS's argument that causation doesn't exist because he would have bought the pills anyway is one for a jury, not now when the Court must accept as true COOPRIDER's factual allegations as pled. *Borneo,* 646 F.Supp.2d at 868-69, and "liberally construe the complaint in the light most favorable to the plaintiff, with every doubt resolved in the plaintiff's favor, dismissal is proper only if it "appear[s] beyond doubt that [COOPRIDER] can prove no set of facts in support of his claim which would entitle him to relief." *Kafi, Inc.*, at *3.

> (D)   *DAVIS's Illegitimately Uses Abridged Text Messages to Attempt to Characterize Who Initiated the "Night of Trust"*

Knowing that COOPRIDER's pleaded allegation that DAVIS "made a material representation to Defendant COOPRIDER, that he should come over to her home for a 'night of trust' over hot cocoa and alcohol, when she intended to frame him with false allegations that he poisoned her," (Doc. 7, ¶ 14), DAVIS casts doubt on this allegation anyway with use of an

extraneous text message. (Doc. 22, pp. 7-8, citing Exhibit 32 to her complaint) and a footnote

citation to *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 294 (5ᵗʰ Cir. 2008).

(1)   <u>Generally, the Court Must Confine its Rule 12(b)(6) Analysis<br>to the Complaint</u>

A Rule 12(b)(6) motion ... only tests whether the claim has been adequately stated in the

complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil

2d § 1356 at 298 (1990) (**Appx. 48**).   The Fifth Circuit long held that a court's Rule 12(b)(6)

review is to be confined to the pleadings.[7]

(2)   <u>The One Exception Recognized by the Fifth Circuit 25 Years<br>Ago Requires the Extraneous Document to Be Central to the<br>Claim</u>

In 2000, the Fifth Circuit permitted, over no objection, documents attached to be considered

in the Rule 12(b)(6) context, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5ᵗʰ

Cir. 2000), when the court noted approving that "various other circuits have specifically allowed

that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the

pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.,* at

498-99 (citing three circuit courts).   Three years later in *Scanlan v. Texas A& M University*, 343

F.3d 533, 536 (5ᵗʰ Cir. 2003), that Court stated this Court "has recognized one limited exception"

in *Collins*, and noted that "[i]n approving the district court's consideration of the documents

attached to the motion to dismiss, this Court restricted such consideration to documents that are

referred to in the plaintiff's complaint and are central to the plaintiff's claim."   While the *Walch*

---

[7] <u>35</u> years ago, "[a] court which considers a motion for a 12(b)(6) or 12(c) dismissal must look only at the pleadings and accept all allegations in them as true," *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5ᵗʰ Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992); <u>34</u> years ago, "We may not look beyond the pleadings," *McCartney v. First City Bank*, 970 F.2d 45, 47 (5ᵗʰ Cir. 1992); <u>32</u> years ago, "We may not go outside the pleadings," *Colle v. Brazos County, Texas*, 981 F.2d 227, 243 (5ᵗʰ Cir. 1993); <u>26</u> years ago, "This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged fact," *Spivey v. Robertson*, 197 F.3d 772, 774 (5ᵗʰ Cir. 1999).

19

opinion in 2008 admittedly failed to cite *Collins*, both the Fifth Circuit[8] and district courts within it[9] have continued to insist that such extraneous documents be central to the claims made in the petition to which they are attached. As Judge Barbara Lynn of the Northern District of Texas ably observed in striking exhibits proposed for consideration during a Motion to Dismiss in *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, (N.D. Tex. Apr. 26, 2011) (Lynn, J.),

> [T]he case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. …  However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint…. The Court does not read *Walch* as an expansion of the "limited exception" recognized in *Collins* and reinforced in *Scanlan*; rather, the Court reads *Walch* as presenting an entirely different situation that is not applicable….

*Id.*, at 662-663.  In *Lopez v. Don Herring Ltd.*, Civil Action No. 3:16-CV-02663-B, 2018 WL 296063 (N.D. Tex. Jan. 4, 2018) (Boyle, J.) (**Appx. 56**), the Court cited *Walch*, but said,

---

[8] *See Breton Energy, L.L.C. v. Mariner Energy Resources, Inc.*, 764 F.3d 394 (5th Cir. 2014)  (this letter is referenced in the complaint and central to Appellants' claims); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents … that are central to the claim and referenced by the complaint."); *In re Katrina Canal Breachers Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (because the contracts referred to in the complaints were "central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.").
[9] *See Kent Distributors, Inc. v. Travelers Casualty and Surety Co. of America*, 693 F.Supp. 726, 730 (W.D. Tex. 2023); *Lin v. Veritex Community Bank, N.A.*, Civil Action No. H-20-1904, 2021 WL 3831986, at *3 (S.D. Tex. Jan. 4, 2021) (Atlas, J.) (**Appx. 49**); *Enventure Global Technology, Inc. v. Weatherford, U.S., L.P.*, Civil Action No. H-19-2397, 2020 WL 6146565, at *1 (S.D. Tex. Oct. 2, 2020) (Atlas, J.) (**Appx. 50**); *IIITec, Ltd. v. Weatherford Technology Holdings, LLC*, Civil Action No. H-19-3386, 2019 WL 7037744, at *2 (S.D. Tex. Dec. 20, 2019) (Atlas, J.) (**Appx. 51**); *Balcerowicz v. Sweetin*, Civil Action No. H-12-0310, 2017 WL 1474093, at *2 (S.D. Tex. Apr. 6, 2017) (Ellison, J.) (**Appx. 52**); *American General Life Ins. Co. v. Mickelson*, Civil Action No. H–11–3421, 2012 WL 1355591, at *2 (S.D. Tex. Apr. 18, 2012) (Ellison, J.) (**Appx. 53**); *Cortez v. Pharia L.L.C.*, Civil Action No. H–10–5068, 2011 WL 2455724 (S.D. Tex. May 18, 2011) (Stacy, M.J.) (**Appx. 54**). *See also* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 376 (3d ed. 2004) (**Appx. 55**).

> Nor can the Court consider the emails on the ground that they are central to Lopez's claim. Here, the emails on which Herring relies are like the report in Scanlan and unlike a contract in a contract case. Like the report the district court improperly considered in *Scanlan*, the emails Herring wants the Court to consider are "merely evidence," *Kaye,* 453 B.R. at 662; they do not give rise to Lopez's claim in the way a contract gives rise to a contract claim. Though the emails may be relevant, probative evidence in Lopez's case, they are not legally necessary for Lopez to prevail…. Thus, the Court declines to incorporate the emails….

*Id.*, at 5. As such, *Walch* is distinguishable because the two documents allowed to be considered in *Walch* were "incident to his military service," *id.,* at 293-94, or "central" to his claim. Exhibit 32 is not central to DAVIS's claim. Even if it were, and therefore considered by this Court, at most it creates a fact issue inappropriate for adjudication at this stage of the proceedings.

(3) <u>Exhibit 32 is Not Central to DAVIS's Claim of Murder, and Therefore, Should Be Stricken from Consideration</u>

Exhibit 32 is admittedly admissible at a later stage, but it is because it is merely evidentiary. Exhibit 32 is not "necessary to demonstrate" murder under *Kaye*, nor "legally necessary" for DAVIS to win under *Lopez*. As such, Exhibit 32 should be stricken from consideration.

(E) <i>DAVIS's Last Argument That COOPRIDER's Claim Fails The Plausibility Requirement of <u>Twombly</u> and <u>Iqbal</u> Does Not Merit Dismissal</i>

DAVIS's last argument is that "[i]t is implausible to believe that DAVIS intended to "frame" Cooprider for murder when she had no way of knowing or controlling whether or when she would begin hemorrhaging." Doc. 22, p. 9. This argument fails for four reasons.

**First**, this court can examine all the circumstances to determine plausibility and fraudulent intent. As the Supreme Court of Texas observed in *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432 (Tex. 1986), "[s]ince intent to defraud is not susceptible to direct proof, it invariably must be proven by circumstantial evidence. 'Slight circumstantial evidence' of fraud, when considered with the breach of promise to perform, is sufficient to support a finding of fraudulent intent." *Id.,*

at 435; *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2007). Consequently, this Court approved language earlier this year saying, a "breach combined with slight circumstantial evidence of fraud is" sufficient to support a finding of fraudulent intent." *Banquete I.S.D. v. Alliance for Community Solutions, Ltd.*, Civil Action No. 2:22-Cv-00094, 2024 WL 4720290, at \*4 (S.D. Tex. Sept. 10, 2024) (Libby, M.J.) (**Appx. 57**), *Rep. & Rec. Appr. in part, Denied in part*, 2025 WL 957598 (S.D. Tex. Mar. 31, 2025) (Morales, J.).[10]  Consequently, the Court must examine fraudulent intent by assuming as true each of the accusations COOPRIDER "hurls" at DAVIS over his "94-page pleading." (Doc. 7, p. 2).

**Second**, COOPRIDER alleges that DAVIS miscarried earlier – certainly by the day before the alleged fetal murder – than when she staged the alleged cocoa poisoning. (Doc. 7, p. 41, ¶127(g &h); p. 50, ¶142; pp. 57-61, ¶174-182; pp. 68-69, ¶188; p. 91, ¶2(c & d)).  The plausibility that she negligently (or intentionally) induced a spontaneous abortion of her unborn child is set forth in 18 pages and 70 paragraphs of very detailed factual allegations of her contributory negligence. (Doc. 7, pp. 42-70, ¶¶120-190).  The detailed, scientifically supported, fact allegations therein demonstrate not merely plausibility, but an epidemiological probability, that DAVIS induced her own miscarriage prior to or on April 4, 2025, when she asked COOPRIDER to come to her home for a night of trust that ended up being recorded inches away from a pre-staged cocoa cup.

**Third**, the "plausibility requirement" of *Twombly* and *Iqbal* is not intended to circumvent the jury's role to resolve fact disputes in civil cases enshrined in the Seventh Amendment of the United States Constitution ("In Suits at common law, … the right of trial by jury shall be preserved."). *See Premier Holdings of Texas, LP v. Sterling Reit, Inc.*, Case No. A H-04-0916, 2006

---

[10] This came not from Banquete quoting *Barge v. Wells Fargo Bank, N.A.*, Civil Action No. 1:23-CV-00189, 2024 WL 2520324, at \*6 (E.D. Tex. Mar. 28, 2024) (Truncale, J.) (**Appx. 58**), but from *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 775 (Tex. 2009) (per curiam) cited in *Barge*.  *Aquaplex*, of course, is the case DAVIS cites to begin her assault on COOPRIDER's fraud claim. (Doc. 22, p. 6).

WL 2796387, at *5 (S.D. Tex. Sep. 26, 2006) (Gilmore, J.) (**Appx. 59**) ("Intent is a fact question uniquely within the realm of the trier of fact.").

**Fourth**, DAVIS's fraudulent intent in setting up COOPRIDER may be inferred by her conduct subsequent to the invitation for cocoa. *Aquaplex,* 297 S.W.3d at 775 ("intent … may be inferred from the party's subsequent acts after the representation is made.").

- The fact that she recorded the event by pre-placing a recording device right next to the cocoa (Doc. 7, p. 28, fn. 25; ¶79; p. 91, ¶2(e)). *See United States ex rel. BakerRipley v. Kids U US, Inc.*, Civil Action No. 23-cv-1124, 2024 WL 3541499, at **6-7 (S.D. Tex. Jul. 25, 2024) (Rosenthal, J.) (**Appx. 60**) (detailing use of alternative device and means to engineer fraud).

- Her persistent spoliation of the evidence, deleting I-Phone data concerning her pregnancy (Doc. 7, p. 41, ¶118), *see Xiongen Jiao v. Ningbo Xu*, Case No.: 4:19-cv-01848, 2020 WL 6136265, at *2 (S.D. Tex. Jan. 29, 2020) (Ellison, J.) (**Appx. 61**), and after by discarding the poisoning evidence (Doc. 7, pp. 32-38, ¶103)). *See Tony Gullo Motors*, 306 ("spoliation of evidence … provides some circumstantial evidence of fraud in that process.").

<u>4.    Malice</u>

Because "malice" is one of Texas's "standards for recovery of exemplary damages," Tex. Civ. Prac. & Rem. Code, § 41.003, COOPRIDER was right to plead "malice." Like malice, "[f]indings of recklessness or gross negligence would allow exemplary, rather than merely compensatory, damages *were the underlying tort of misrepresentation found*". *Collins,* 224 F.3d at 500-01 & n. 6. "Malice" means "a specific intent by the defendant to cause substantial injury or harm to the claimant," *Id.*, § 41.001(7), and COOPRIDER will prove it so that "exemplary damages may be awarded*." Id.*, § 41.003(a). Consequently, DAVIS's request that "[t]he Court should dismiss the counterclaim for 'malice' under Rule 12(b)(6) is not inappropriate.

5.    Plaintiffs' Other Requested Remedies

In his Counterclaim (Doc. 7), COOPRIDER also pleaded for other requested remedies in Sections V(E) (punitive damages), Section V(F) (exceptions to Texas' limitations on exemplary damages), and Section V(G) (amount of damages sought).  In her MTD, DAVIS does not suggest dismissal, but rather opines that "none of these qualify as causes of action or claims for relief," but instead are "merely the relief that Cooprider is asking this Court to impose in response to the torts that he has alleged," and then concludes merely that "Cooprider has failed to state a claim with respect to any of those torts, so the court should not consider his requested remedies." (Doc. 33, p. 10).  But remedies are not torts, nor appropriate fodder for a Rule 12(b)(6) motion. *Mott's LLP,* at 791 ("Because "damages are *remedies,* not causes of action, a Rule 12(b)(6) motion is an improper vehicle for dismissing these specific requests for relief.").

### C.    LEAVE SHOULD BE GRANTED TO REPLEAD, IF NECESSARY

COOPRIDER and his attorneys took great care to meet the pleading requirements in Rules 8 and 9(b).  However, if anything requires remedial work, COOPRIDER invokes FRCP 15(a)(2), and respectfully asks the Court to "freely give leave" to amend a complaint "when justice so requires." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).  Given that two defendants have either not been served or have not yet appeared, DAVIS will not be "unduly prejudiced" by such an amendment. *Id.*, at 270-71, citing *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir.1977) (per curiam).

This Court's Order for Conference and Disclosure of Interested Parties (Doc. 4) proposes a schedule with an Amendment of Pleadings deadline of February 17, 2026. So, any amendment will not slow down this case at all.  Consequently, if deemed necessary by the Court, COOPRIDER

respectfully moves the Court to permit him to replead. Otherwise, this Court should permit a simple repleading of actual termination.

### III.     CONCLUSION

COOPRIDER respectfully moves the Court to deny DAVIS's Motion to Dismiss and enter the order doing so.

October 28, 2025

Respectfully submitted,

WATTS LAW FIRM LLP

By:    */s/ Mikal C. Watts*
      Mikal C. Watts

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

ATTORNEY-IN-CHARGE FOR
CHRISTOPHER COOPRIDER

James "Rick" Holstein
LAW OFFICE OF RICK HOLSTEIN, PLLC
Texas State Bar No. 09915150
Federal I.D. No.  426800
rickholstein@mac.com
P.O. Box 331655
Corpus Christi, TX 78463
Telephone: (361) 883-8649
Facsimile: (361) 717-7233

Beth Klein
BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

## CERTIFICATE OF SERVICE

I certify that on October 28, 2025 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) was served via email on all counsel of record.

*/s/ Mikal C. Watts*
Mikal C. Watts