UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, et al. | * | |
|     Defendants. | * | |

**MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT CHRISTOPHER COOPRIDER'S COUNTERCLAIMS**

COMES NOW Counter-Plaintiff Christopher Cooprider ("COOPRIDER") and files his Request for Leave of Court to file his Supplemental Response to Plaintiff's Motion to Dismiss COOPRIDER's Counter Claims (Doc. 22).

Undersigned certifies that she conferred with opposing counsel who objects.

In response to the Complaint (Doc. 1) filed by Plaintiff Liana Davis ("DAVIS"), COOPRIDER filed an Answer and Counterclaims (Doc. 7), alleging malicious prosecution, intentional infliction of emotional distress, fraud, and malice. DAVIS then filed a Motion to Dismiss ("MTD") these Counterclaims under Rule 12(b)(6). (Doc. 22)  COOPRIDER filed his Response to the MTD on October 28, 2025 (Doc. 25)  DAVIS filed her Reply on November 11, 2025 (Doc. 28).

Subsequently, new evidence has arisen concerning the basis for DAVIS'S MTD COOPRIDER'S malicious prosecution claim.  On January 6, 2026 at 1:30 am, DAVIS provided Responses to COOPRIDER'S First Set of Requests for Production to Davis served on September 8, 2025. ("RFP")  (Exhibit A)  Within the Responses to the RFP, an email from Michael Manzano to Liana Webster aka DAVIS dated May 29, 2025 was produced.  (Exhibit B).  This email sent to

1

DAVIS three months prior to her commencement of this action and well before DAVIS filed her MTD the malicious prosecution claim. The official email from law enforcement read:

> I just wanted to update you as I know you have been waiting to hear the outcome of your report. After a long and extensive investigation, the incident was staffed with the Nueces County District Attorneys Office. The Head elected DA reviewed the case. It was the NCDAO and CCPD's decision to not move forward with any charges. The case will be deemed UNFOUNDED as there was no crime that can be proven to have occurred. In criminal cases there must be probable cause and a case MUST be proven or able to be proven beyond a reasonable doubt. Unfortunately, after speaking with medical professionals (Medical staff, OBGYN), forensic pathologist, etc. It was deemed that the allegation could not be proven. It was also informed to us and in records that you were documented as a "unhealthy pregnancy" with very low levels. We learned that due to this information and not taking your medication as instructed the medical opinion given to us, was that you most likely may have had a natural miscarriage. There was no way to prove otherwise, and no medical professional would and will not give any other ruling to include the medical examiner's office they advised.

DAVIS knew on May 29, 2025 that the Head District Attorney of the Nueces County District Attorney's Office "NCDAO") reviewed her criminal complaint. Prior to filing this case, DAVIS knew that both the NCDAO and Corpus Cristi Police Department would not file criminal

charges against COOPRIDER and had deemed her allegations as UNFOUNDED. She was told that her pregnancy terminated in a natural miscarriage and that there was "no way" to prove otherwise and no medical professional would give any opinion that she was poisoned.

DAVIS moved to dismiss the *malicious prosecution* claim because "the proceedings that Ms. Davis has initiated against him have not terminated" and because COOPRIDER cannot state a claim "until after he prevails and after all appeals are exhausted." (Doc. 22, p. 1). "So Cooprider's proposal to "abate" the malicious-prosecution counterclaim is a bootless exercise, as these proceedings must come to a complete end before any malicious-prosecution claim can be considered." Id. The Court should dismiss the malicious-prosecution counterclaim under Rule 12(b)(6)." But on May 29, 2025 DAVIS was told directly that the Criminal Investigations were closed and her allegations were UNFOUNDED. DAVIS knew that the malicious prosecution case was ripe, but filed a motion claiming otherwise and opposing abatement as "bootless."

DAVIS was told point blank that no medical expert would provide an opinion that the termination of her pregnancy with anything other than a **natural termination -- not by poisoning**. DAVIS knew the criminal proceedings had been terminated prior to filing suit and prior to filing her MTD. Nonetheless, knowing these facts DAVIS filed her baseless motion to dismiss the counterclaim of malicious prosecution.

For these additional reasons, COOPRIDER respectfully requests leave of court to file his Supplement attached as Exhibit C and again moves the Court to deny DAVIS's Motion to Dismiss concerning his counterclaim for malicious prosecution.

January 8, 2026                                    Respectfully submitted,

                                              BETH KLEIN, PC

                                              By:   */s/ Beth A. Klein*
                                                          Beth A. Klein

BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

ATTORNEY-IN-CHARGE

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

## CERTIFICATE OF SERVICE

     I certify that on January 8, 2026 I SERVED the foregoing Request for Leave via email on all counsel of record.

                                                                       */s/ Beth A. Klein*
                                                                       Beth A. Klein