UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, et al. | * | |
|     Defendants. | * | |

## SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT CHRISTOPHER COOPRIDER'S COUNTERCLAIMS

COMES NOW Counter-Plaintiff Christopher Cooprider ("COOPRIDER") and files his Supplemental Response to Plaintiff's Motion to Dismiss COOPRIDER's Counter Claims (Doc. 22).

In response to the Complaint (Doc. 1) filed by Plaintiff Liana Davis ("DAVIS"), COOPRIDER filed an Answer and Counterclaims (Doc. 7), alleging malicious prosecution, intentional infliction of emotional distress, fraud, and malice. DAVIS then filed a Motion to Dismiss ("MTD") these Counterclaims under Rule 12(b)(6). (Doc. 22)  COOPRIDER filed his Response to the MTD on October 28, 2025 (Doc. 25)  DAVIS filed her Reply on November 11, 2025 (Doc. 28).

Subsequently, new evidence has arisen concerning the basis for DAVIS'S MTD COOPRIDER'S malicious prosecution claim.  On January 6, 2026 at 1:30 am, DAVIS provided Responses to COOPRIDER'S First Set of Requests for Production to Davis served on September 8, 2025. ("RFP")  (Exhibit A)  Within the Responses to the RFP, an email from Michael Manzano to Liana Webster aka DAVIS dated May 29, 2025 was produced.  (Exhibit B).  This email sent to

1

DAVIS three months prior to her commencement of this action and well before DAVIS filed her MTD the malicious prosecution claim. The official email from law enforcement read:

> I just wanted to update you as I know you have been waiting to hear the outcome of your report. After a long and extensive investigation, the incident was staffed with the Nueces County District Attorneys Office. The Head elected DA reviewed the case. It was the NCDAO and CCPD's decision to not move forward with any charges. The case will be deemed UNFOUNDED as there was no crime that can be proven to have occurred. In criminal cases there must be probable cause and a case MUST be proven or able to be proven beyond a reasonable doubt. Unfortunately, after speaking with medical professionals (Medical staff, OBGYN), forensic pathologist, etc. It was deemed that the allegation could not be proven. It was also informed to us and in records that you were documented as a "unhealthy pregnancy" with very low levels. We learned that due to this information and not taking your medication as instructed the medical opinion given to us, was that you most likely may have had a natural miscarriage. There was no way to prove otherwise, and no medical professional would and will not give any other ruling to include the medical examiner's office they advised.

DAVIS knew on May 29, 2025 that the Head District Attorney of the Nueces County District Attorney's Office "NCDAO") reviewed her criminal complaint. Prior to filing this case, DAVIS knew that both the NCDAO and Corpus Cristi Police Department would not file criminal

2

charges against COOPRIDER and had deemed her allegations as UNFOUNDED.  She was told that her pregnancy terminated in a natural miscarriage and that there was "no way" to prove otherwise and no medical professional would give any opinion that she was poisoned.

DAVIS moved to dismiss the *malicious prosecution* claim because "the proceedings that Ms. Davis has initiated against him have not terminated" and because COOPRIDER cannot state a claim "until after he prevails and after all appeals are exhausted." (Doc. 22, p. 1).  On May 29, 2025 DAVIS was told directly that the Criminal Investigations were closed and her allegations were UNFOUNDED.   DAVIS knew that the malicious prosecution case was ripe, but filed a motion claiming otherwise.

DAVIS was told point blank that no medical expert would provide an opinion that the termination of her pregnancy with anything other than a **natural termination -– not by poisoning**. DAVIS knew the criminal proceedings had been terminated prior to filing suit and prior to filing her MTD.  Nonetheless, knowing these facts DAVIS filed her baseless motion to dismiss the counterclaim of malicious prosecution.

For these additional reasons, COOPRIDER respectfully again moves the Court to deny DAVIS's Motion to Dismiss concerning his counterclaim for malicious prosecution.

January 15, 2026							Respectfully submitted,

												BETH KLEIN, PC

												By:	*/s/ Beth A. Klein*
													Beth A. Klein

												BETH KLEIN, P.C.
												Colorado Bar No. 17477
												S.D. Tex. I.D. No. 3934133
												beth@bethklein.com
												350 Market Street, Suite 310
												Basalt, Colorado 81621
												Telephone: (303) 448-8884

												WATTS LAW FIRM LLP
												Texas State Bar No. 20981820
												Federal Bar ID # 12419
												mikal@wattsllp.com
												811 Barton Springs #725
												Austin, Texas 78704
												Telephone: (512) 479-0500
												Facsimile: (512) 479-0501
												ATTORNEY-IN-CHARGE

												ATTORNEYS FOR
												CHRISTOPHER COOPRIDER

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2026 I SERVED the foregoing Supplement via email on all counsel of record.

												*/s/ Beth A. Klein*
												Beth A. Klein

4