UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Liana Davis,                              *
           Plaintiff,             *
                                  *
v.                                        *       Case No. 2:25-cv-220
                                  *
Christopher Cooprider, et al.             *
           Defendants.            *

## MOTION TO COMPEL

COMES NOW Counter-Plaintiff Christopher Cooprider ("COOPRIDER") and files his Motion To Compel pursuant to this Court's Order of March 27, 2026 Docket No. 36 and Fed. R. Civ. P. 37(a)(3)(B)(iv) and (b).

## CERTIFICATE OF GOOD FAITH CONFERAL:

Undersigned counsel certify that they in good faith conferred and worked with Plaintiff's counsel diligently since January 2026 to obtain the discovery at issue without Court intervention.

1.  Liana Davis ("DAVIS') accused COOPRIDER of murdering their fetus on April 5, 2025 with 10 abortion pills in this lawsuit and media world-wide. To date, DAVIS has not provided ***any admissible evidence that she ingested any abortion mediation and/or that abortion medication caused the death at issue***. Indeed, her own OBGYN has opined that the death of their fetus was a natural miscarriage caused by DAVIS'S age, complex infections and illnesses, and failure to comply with medical orders.

2.  In order to determine whether there is any admissible evidence to prove her case, COOPRIDER served his First Set of Requests for Production on September 8, 2025. The

1

parties worked through discovery amicably, and the sole remaining issue is Request for

Production No. 2 ("RPD 2"):

> 2. ALL COMMUNICATIONS between YOU and the following individuals between November 1, 2024 and the present:
> (a) Ami Amoroso;
> (b) CHRIS COOPRIDER;
> (c) Devan Davis;
> (d) Melisa Madrigal;
> (e) Your present or past boyfriend named "Marshall";
> (f) Casey Pyle;
> (g) Jackie Samuelson;
> (h) Kyle Yakopovich;
> (i) Yvonne Yakopovich; and
> (j) Anna Ziarko;
> concerning YOU, YOUR pregnancy(ies), the termination thereof – whether real or suspected, and/or CHRIS COOPRIDER.

3. The focused work to obtain the text message evidence began in January 2026, and the course of events is set forth in Exhibit A, Declaration of Beth Klein.

4. On March 11, 2026, a Pre-Motion Conference was held in order to obtain the Response to Request for Production No. 2, communications between Plaintiff Liana Davis and individuals listed above   A Minute Order set a deadline of March 25, 2026 at 3:00 pm Central Time - two weeks to provide the communications:

> Minute Entry for proceedings held before Judge David S Morales. PRE-MOTION CONFERENCE held by video conference on 3/11/2026. The only discovery issue still in dispute is the extraction of text messages from plaintiff's phone. The Court suggests the parties agree on a third-party vendor who can pick up the phone and have it back to the plaintiff the same day. The Plaintiff's deposition is scheduled for May 28, 2026. The Court sets a deadline of March 25, no later than 3:00 pm to have the extraction completed.

2

5.      Unfortunately, Plaintiff failed to provide any communications to COOPRIDER by the deadline ordered by the Court.

6.      A Notice of Non-Compliance was filed on March 29, 2026 at 5:00 pm.

7.      During the night of March 29, 2026 DAVIS produced two spread sheet versions of the text messages with images stripped from them.   No objection was made to other than the following:

> Ms. Davis objects to this request to the extent it requests communications relating to any of her pregnancies apart from the pregnancy or pregnancies at issue in this lawsuit, as communications relating to any future pregnancies that she might have are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The other requested communications will be produced.

8.      The stripped text messages produced indicate that DAVIS has been familiar ***since*** ***2024*** with the text extraction program known as "Decipher," which is used in family court in Texas to preserve and produce text messages in family law proceedings.  This program preserves and creates PDF's of texts messages with images.  DAVIS is a sophisticated litigant, and has destroyed evidence in the past to gain advantage in legal proceedings. **See** Counterclaims at pages 39-41 and attached exhibits.

9.      At 1:00 pm  on March 27, 2026, DAVIS finally admitted through counsel, that she destroyed the texts between herself and Yvonne Yakopovich.  The time of the destruction is unknown; Davis through counsel states that she destroyed the texts "before this litigation."

10.    Throughout the Spring of 2025 during the pregnancy at issue, Ms. Yakopovich texted DAVIS, encouraging her to sue COOPRIDER for child support, benefits and ultimately to file murder charges.  During April 4-7, 2025, the timeframe of the miscarriage, Ms. Yakopovich provided information on the processes and authorities to contact.  She

and her husband accused COOPERIDER of premeditated murder contemporaneously with DAVIS'S communications with Corpus Christi law enforcement. DAVIS started criminal proceedings on April 5, 2027 and knew she should maintain all evidence at that time.  The only way to obtain this information may be through an ORDER to DAVIS'S cell phone provider to retrieve these messages.  Since a year has passed, these message may be permanently destroyed.  COOPRIDER does not know whether other messages have been destroyed, if any.

10.    At 1:00 pm on March 27, 2026 and for the first time, DAVIS requested a Protective Order for certain lewd photos she included in her text messages to COOPRIDER.   While amenable to a reasonable protective order for these specific photos, this recent move should not prevent entry of orders to secure discovery immediately.  COOPRIDER will hold the photos as "attorneys eyes only" until further orders can issue.

11.    DAVIS claims her responses are appropriate because no one specified the form for the texts to be produced.  No one should have to tell DAVIS to provide the complete text messages.

12.    F.R.C.P 37(a)(3)(B)(iv).and 37(b) provide this Court with the basis to fashion a broad array of remedies appropriate to this case. COOPRIDER respectfully requests that the Court enter an ORDER compelling DAVIS'S cell phone provider to produce all existing meta data for her cell phone number and all contents of the texts.  If this evidence is no longer available, COOPRIDER respectfully requests that sanctions limiting evidence, instructions or other cures enter.  COOPRIDER requests fees and costs.  Mr. Watts requests 3 hours of time to travel to the April 1, 2026 hearing, and Ms. Klein's hours to date are set forth in Exhibit A.

4

For these reasons, COOPRIDER respectfully requests that the Court enter orders to compel discovery, to remedy the evidence destroyed, and to award fees and costs as this Court deems appropriate.

March 27, 2026

Respectfully submitted,

BETH KLEIN, PC

By:  */s/ Beth A. Klein*
     Beth A. Klein

BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
ATTORNEY-IN-CHARGE

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

## **CERTIFICATE OF SERVICE**

I certify that on March 27, 2026 I SERVED the foregoing via ECF on all counsel of record.

*/s/ Beth A. Klein*
Beth A. Klein