# <u>DECLARATION OF BETH KLEIN</u>

I am over eighteen years old and provide this Declaration under the penalty of perjury.

I am one of the lawyers for COOPRIDER.  I am licensed to practice in Colorado, Texas, California, and Colorado.  I began practicing in 1988.  My hourly rate is $750.00 per hour.  I am an experienced trial lawyer in complex litigation.  I was inducted into the Texas Lawyers Verdict Hall of Fame for my work in Dawson v Fluor which I tried in Dallas, Texas.  In 1991, I became the first woman national trial counsel for Owen Corning in the asbestos litigation, and I tried cases across the United States.

I have spent 9.25 hours of time to resolve this discovery dispute at the time of filing. I have combined time and tasks performed to focus only on the text message dispute.  My travel and expenses to and from Corpus Christi Texas and to attend the In Person Hearing on April 1, 2026 are to be determined.

**<u>.25 hours</u>    <u>January 15, 2026 – January 19, 2026 combined tasks</u>** – Email to Jonathan Mitchell and Talcott lack of discovery responses.  **January 19, 2026** – Email from Jonathan Mitchell to BK.

> Beth:  Our client has been working diligently to produce the requested materials, and we expect to have everything from the first set of RFPs produced by the end of today with the possible exceptions of some of the text messages requested in RFP No. 2, as there are many of them and our client is still working through them. She is an overworked single mom who is pregnant and going through a divorce and she is working as hard as she possibly can get to produce the documents. I check in with her nearly every day about the outstanding discovery requests.  I have already obtained from my client and bates-stamped all communications between her and all law-enforcement organizations, as well as my communications with those entities, and they will all be produced today. -Jonathan

**<u>.5 hours</u>     January 19, 2026 – February 5, 2026 combined tasks** Receive and review amended responses to Cooprider's 1st and 2nd Set of RFP's.  **January 21, 2026** Third letter to resolve discovery disputes.  Conferral with Barry Moscowitz on letter and Texas law and custom.  Review Judge Morale's  Orders on Discovery Procedure. **January 29, 2026**   Follow up email with Mr. Mitchell

Jonathan and Talcott,  I hope this finds you doing well.  . . .  I also do not have a response to my letter concerning discovery deficiencies and potential destruction of evidence.   While you say that you communicate with Ms. Davis every day, ***and I believe that you do***, we do not have basic responses to the discovery we submitted last year. I must initiate the motions process in early February if we do not have dates and responses to basic discovery.

**January 30, 2026** Response from Mr. Mitchell they will have a response next week.

**February 5, 2026**  Letter from Mr. Mitchell to BK and response suggesting a Feb. 12 deadline and discussion.  Email from Mr. Mitchell suggesting Feb. 15 as a deadline.

**.5 hours**      **February 18, 2026**.  Emails to and from Mr. Mitchell

Good morning, Jonathan,  At this point, I believe that we need to commence the Motion to Compel process and get a hard deadline from the Court.   If we can get complete responsive documents and responses today, I will be happy **_NOT_** to have to start this process.  Let me know.

Beth:  Our client is working as hard as she can to get the documents produced. Please understand that she is an overworked single mom of three who is pregnant and going through a bitter and contested divorce.

Ms. Davis is facing a court-ordered deadline of Friday to secure an appraisal on her house, but the home appraiser who inspected her house three weeks ago has gone AWOL and she is trying to track her down. Ms. Davis is terrified of losing her house in the divorce, and her soon-to-be-ex-husband's attorneys are threatening to have her evicted from the house if she doesn't submit the appraisal by Friday. Ms. Davis has also been very morning sick the last few days, which is adding to her troubles.

Ms. Davis tells me that she should be able to get the remaining documents produced by Friday. I ask that you extend her some grace given the very difficult situation that she is in right now. Her deposition isn't until May 28 and we just signed off on releases for all of her medical documents. We have already made significant document productions that show that Ms. Davis is working in good faith to produce the requested materials. I don't think you need to force this

toward a motion to compel at this time. Please give her a few more days.  -Jonathan

**.5 hours**    **February 19, 2026** Emails to and from Ms. Rodriguez Clancy and all counsel requesting assistance with a resolution to the dispute – **_a deadline_**. Summary of the dispute:

Defendant served Requests for Production on Plaintiff in September 2025.   Plaintiff has been given multiple extensions but has not responded in full.   The evidence at issue are text and electronic communications from Plaintiff to others, video and audio recordings which are were created by Plaintiff and in Plaintiffs possession. Defendant believes that a Court deadline will assist the completion of discovery.

Jonathan, I empathize, but I am sure that she would be very relieved to get this off her plate. She has shared custody, works part time, and the divorce is just a property division as I understand the situation.

We all need to get the texts and the audio and video; and transmitting these items should not be difficult.  Let's get this accomplished before there is some device failure.

**.25 hours**    **March 10, 2026** Locate contact information and follow up with Ms. Rodriguez to set a pre-filing conference.

**1 hour**    **March 11, 2026** Continue to narrow issues for hearing with Mr. Mitchell.  Prepare for and attend pre-filing conference; confer with Mr. Watts and Mr. Moscowitz; review orders.  Review Mr. Watts email providing contact information for Marc Wasserman, cell phone extraction vendor to Mr. Mitchell. Emails between Mr. Wasserman and Mr. Mitchell.

**NC**    **March 23, 2026**, Email from Mr. Mitchell to and from Mr. Wasserman to set up text extractions and shipment of a remote kit. **NC**

**1 hour**    **March 25, 2026** Confer with Mr. Watts and Mr. Moscowitz. Prepare Notice of Con-Compliance and file.  Email from Mr. Mitchell apologizing for missed deadline.  Receive and review two versions stripped texts and no texts from 4 individuals.

**.25 hours**    **March 26, 2026** Call with Mr. Mitchell regarding deficiencies providing specific examples.

**5 hours**    **March 27, 2026**  Emails with Mr. Mitchell regarding deficiencies, providing specific examples and requesting the emails to avoid the Motion with

reference to program Ms. Davis uses in her divorce proceedings to extract emails with images and video.  Prepare Motion to Compel; review time; confer with Mr. Watts and Mr. Moscowitz who waive their time as potentially "duplicative."  Re-arrange schedule and get tickets for travel to the April 1, 2026 live hearing. Multiple emails from counsel.  **9 am to 2.**

**Travel to and from and attend April 1, 2026 Hearing TBD**

_____  **March 27, 2026**