UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-00220 |

### PLAINTIFF'S RESPONSE TO DEFENDANT COOPRIDER'S MOTION TO COMPEL

Plaintiff Liana Davis respectfully asks the Court to deny the motion to compel as moot, as each of the issues discussed in Mr. Cooprider's motion to compel has been resolved.

1.   Ms. Davis has provided all text messages between herself and defendant Christopher Cooprider in the format requested by Mr. Cooprider's attorneys. Ms. Davis's counsel served these text messages on Mr. Cooprider's lawyers, which were extracted from Decipher with embedded images and all attachments included, at 2:58 P.M. central time on Friday, March 27, 2026, shortly before Mr. Cooprider's attorneys filed their motion to compel. *See* Mitchell Decl. ¶ 18 (attached as Exhibit 1); Exhibits 10–11. Mr. Cooprider's attorneys have not objected to the form or substance of this production and they have not denied, in response to our repeated inquiries, that this obviates their motion to compel with respect to the communications between Ms. Davis and Mr. Cooprider.

2.   On Sunday, March 29, 2026, Ms. Davis discovered that the Decipher app could recover the text messages that she had previously deleted between herself and

Yvonne Yakopovich. Ms. Davis has recovered those text messages and her attorney produced the responsive texts to Mr. Cooprider's counsel at 6:39 P.M. on Sunday, March 29, 2026. *See* Mitchell Decl. ¶¶ 20–22; Exhibits 13–15. This obviates Mr. Cooprider's motion to compel in its entirety, as Ms. Davis has now produced all text messages between herself and Mr. Cooprider and all responsive text messages between herself and Ms. Yakopovich.

3.   Ms. Davis has complied with the orders of this Court. The Court's order of March 12, 2026, as recorded in the minute entry, required Ms. Davis to complete the extraction of her text messages by 3:00 P.M. central time on Wednesday, March 25, 2026, and Ms. Davis completed the extraction and sent the extracted text messages to her attorney before 3:00 P.M. central time on March 25, 2026. *See* Davis Decl. ¶ 11 (attached as Exhibit 2). Ms. Davis's attorney believed that he had until the end of the day on March 25, 2026, to bates-stamp, index, and produce the extracted text messages to opposing counsel. *See* Mitchell Decl. ¶ 7.

Mr. Cooprider's attorneys interpreted the Court's order differently and promptly filed a notice of non-compliance when they did not receive the extracted text messages by 3:00 P.M. on Wednesday, March 25, 2026. Nonetheless, Mr. Mitchell produced to opposing counsel at 7:16 p.m. on March 25, 2026: (a) All of Ms. Davis's text messages with Jackie Samuelson, which were extracted by Decipher with all attachments and images embedded; and (b) All of Ms. Davis's text messages with Christopher Cooprider, which were extracted by Decipher but produced in text format because Ms. Davis did not want to disclose pictures of her children and other indelicate pictures that had been shared with Cooprider. Mr. Cooprider's attorneys had not specified any particular format for the production of the text messages in their request for production, so Ms. Davis's production of these messages in text-only format complied with Mr. Cooprider's discovery request. Indeed, Cooprider's own attorneys had

previously produced the vast majority of the text messages that Ms. Davis had requested in the same text-only format that Ms. Davis used when she produced the requested messages on March 25, 2026. *See* Mitchell Decl. ¶ 13. Yet when Mr. Cooprider's attorneys told Ms. Davis's counsel that they wanted the text messages produced with embedded images on March 27, 2026, Ms. Davis and her counsel immediately reproduced those text messages in the requested format and served them on opposing counsel later that day.

## BACKGROUND

As Mr. Cooprider's motion to compel notes, discovery in this case has proceeded amicably and the parties have successfully resolved numerous discovery-related disputes among themselves without the need for court involvement. *See* Motion to Compel, ECF No. 38, at 1–2. Ms. Davis has produced a trove of responsive documents and communications in response to Mr. Cooprider's requests and has signed releases to allow Mr. Cooprider's attorneys to obtain her medical records. *See* Mitchell Decl. ¶ 5 (attached as Exhibit 1); Davis Decl. ¶ 4 (attached as Exhibit 2). The one sticking point has been Request for Production No. 2, in which Mr. Cooprider's lawyers have requested Ms. Davis's communications with defendant Christopher Cooprider and witness Jackie Samuelson. Ms. Davis has exchanged thousands of text messages with these individuals, and sorting the responsive text messages from the non-responsive text messages would take a large amount of time. So Ms. Davis has not produced these communications with the same speed that she has produced the other requested documents in this case. *See* Davis Decl. ¶¶ 5–7.

After Mr. Cooprider's lawyers requested a pre-motion conference, the Court ordered Ms. Davis to extract the text messages from her phone by 3:00 P.M. central time on March 25, 2026. The Court's minute order reads as follows:

> The only discovery issue still in dispute is the extraction of text messages from plaintiff's phone. The Court suggests the parties agree on a third-

party vendor who can pick up the phone and have it back to the plaintiff the same day. The Plaintiff's deposition is scheduled for May 28, 2026. The Court sets a deadline of March 25, no later than 3:00 pm to have the extraction completed.

Over the course of two days, Ms. Davis attempted to extract the text messages from her phone using the Decipher app, but her Decipher app required entry of a backup password that Ms. Davis did not know. *See* Davis Decl. ¶ 8. Ms. Davis tried to get around this problem by removing her iPhone's backup password, but that didn't work. *See id.* at ¶ 9. Then Ms. Davis reset her encrypted backup password and reinstalled her Decipher app, but the Decipher app refused to accept her new backup password. *See id.* Finally, Ms. Davis reset her encrypted backup password again but saved the new backup password to her computer rather than iCloud. *See id.* at ¶ 10. This time Decipher accepted her new encrypted backup password and Ms. Davis was able to successfully extract her text messages with Mr. Cooprider and Ms. Samuelson. *See id.* Ms. Davis completed the extraction of those messages and sent the extracted texts to her lawyer before 3:00 P.M. on Wednesday, March 25, 2026. *See id.* at ¶ 11.

Mr. Mitchell believed that he had until the end of the day to bates-stamp, index, and produce the responsive documents to opposing counsel. *See* Mitchell Decl. ¶ 7. But Mr. Cooprider's attorneys filed a notice of non-compliance at 5:06 P.M. central time on Wednesday, March 25, 2026. *See* Docket Entry No. 35. At 7:16 P.M. central time on March 25, 2026, Mr. Mitchell e-mailed the bates-stamped and indexed text messages to Mr. Cooprider's lawyers and apologized for not sending them before 3:00 P.M. central time, explaining that he was under the impression that he had until 11:59 p.m. to produce the extracted text messages. *See* Mitchell Decl. ¶ 7; *see also* Exhibit 3 (e-mail).

The text messages that Mr. Mitchell sent to Mr. Cooprider's lawyers at 7:16 P.M. on March 25, 2026, consist of: (1) All of Ms. Davis's text messages with Jackie Samuelson, which were produced in a format with images and attachments embedded in

the document;[1] and (2) All of Ms. Davis's text messages with Christopher Cooprider, which were produced in a text-only format. *See* Mitchell Decl. ¶ 8. Ms. Davis had forwarded those messages to her a lawyer in a text-only format because they included some indecorous pictures as well as pictures of her children that she did not want publicly disclosed. *See* Davis Decl. ¶ 7. On March 26, 2026, at 2:33 A.M., Mr. Mitchell e-mailed an improved version of the text messages between Ms. Davis and Mr. Cooprider that included the emojis, but which still used a text-only format.[2] *See* Mitchell Decl. ¶ 12. Mr. Cooprider's attorneys had not specified any particular format for the text messages that they had requested from Ms. Davis, and Mr. Cooprider's attorneys have been producing most of the text messages that Ms. Davis had requested in a text-only format. *See id.* ¶ 13. So the text-only production of these messages fully complied with the discovery request in RFP No. 2.

On Thursday, March 26, 2026, at 11:30 A.M. central time, Ms. Klein and Mr. Mitchell spoke by phone. *See* Mitchell Decl. ¶ 14. Ms. Klein informed Mr. Mitchell that she had evidence that Ms. Davis had exchanged text messages with Kyle and Yvonne Yakopovich, even though Ms. Davis had previously (and truthfully) represented that she had no responsive communications with either Kyle or Yvonne Yakopovich in her possession, custody, or control. *See id.* Mr. Mitchell promised Ms. Klein that he would confer with his client and ensure that she produces any responsive communications that she might have between herself and either Kyle or Yvonne Yakopovich. *See id.* On Friday, March 27, 2026, at 8:49 A.M. central time, Ms. Klein e-mailed Mr. Mitchell and demanded that Ms. Davis produce her text messages with Mr. Cooprider "with the imbedded images." *See id.* ¶ 15; *see also* Exhibit 8 (e-mail).

---

1. These documents are bates stamped Davis001291–2516. The first and last page of these documents appear in Exhibit 4.
2. These documents are bates stamped Davis002519–3157. The first and last page of these documents appear in Exhibit 6.

On March 27, 2026, at 12:21 P.M., Mr. Mitchell e-mailed Mr. Cooprider's lawyers and wrote:

> Ms. Davis has never texted or communicated with Kyle Yakopovich in her entire life. And she deleted her communications with Yvonne Yakopovich before this litigation started.

Mitchell Decl. ¶ 16; *see also* Exhibit 9 (e-mail). As for the text messages between Ms. Davis and Mr. Cooprider, Mr. Mitchell wrote:

> I have asked my client to send me her texts with Cooprider in the format that you have requested, but there are some racy photos that I will need to redact before sending them to you. If you want to insist on those photos then we will need to agree to a protective order before I send you an unredacted version. She has promised to send them to me today and I will let you know when I receive them and begin the redaction process.

Mitchell Decl. ¶ 17; *see also* Exhibit 9 (e-mail). At 2:58 P.M. on March 27, 2026, Mr. Mitchell produced all of the text messages between Ms. Davis and Mr. Cooprider in the format requested by Mr. Cooprider's attorneys, with the indelicate photos redacted.[3]

On Sunday, March 29, 2026, Ms. Davis realized that her Decipher app could recover her previously deleted text messages with Yvonne Yakopovich. *See* Davis Decl. ¶ 14. Ms. Davis immediately extracted those messages and forwarded the responsive texts to her attorney. *See id.* Mr. Mitchell bates-stamped the text messages and produced them in the format preferred by Mr. Cooprider's lawyers at 6:39 P.M. on March 29, 2026.[4] *See id.* ¶ 20; *see also* Exhibit 13 (e-mail). On March 30, 2026, at 4:11 A.M., Mr. Mitchell sent a follow-up e-mail to ensure that the proper attachment had been sent.

---

3. These documents are bates stamped Davis003158–5204, and the first and last page of these documents appear in Exhibit 11.
4. These documents are bates stamped Davis005205–5289, and the first and last page of these documents appear in Exhibit 14.

So Mr. Cooprider's attorneys have everything that they have requested from Ms. Davis. This includes:

- All text messages between Ms. Davis and Ms. Samuelson;
- All text messages between Ms. Davis and Mr. Cooprider; and
- All responsive text messages between Ms. Davis and Ms. Yakopovich.

All of these text messages appear in the format requested by Mr. Cooprider's attorneys, with images and attachments embedded. There is nothing further for Ms. Davis to produce, and there are no discovery responses for this Court to compel.

## ARGUMENT

The motion to compel should be denied as moot. Ms. Davis has produced all of the discovery that Mr. Cooprider has requested, and everything that Mr. Cooprider's attorneys complain about in their motion to compel has been rectified.

Mr. Cooprider first complains about the fact that Ms. Davis produced text-only versions of her text messages with Mr. Cooprider on March 25, 2026. *See* Motion to Compel, ECF No. 38, at ¶¶ 7–8. But Ms. Davis has already produced the text messages with images and attachments embedded, exactly as Mr. Cooprider's attorneys requested. *See* Exhibits 10–11. Her counsel e-mailed those text messages to Mr. Cooprider's attorneys at 2:58 P.M. on March 27, 2026, only a few hours after Mr. Cooprider's attorneys first demanded that the text messages be produced in that particular format. *See id*. There is nothing for this Court to compel with respect to any of the text messages between Ms. Davis and Mr. Cooprider.

Mr. Cooprider next complains about the fact that Ms. Davis deleted her communications with Yvonne Yakopovich before this litigation began. *See* Motion to Compel, ECF No. 38, at ¶¶ 9–10. But Ms. Davis used Decipher to recover those deleted text messages and has produced all responsive communications between her and Ms. Yakopovich. *See* Exhibits 13–15. Here, too, there is nothing for the Court to compel, as

the requested text messages have all been produced and in the format desired by Mr. Cooprider's attorneys.

Mr. Cooprider is asking this Court to "enter an ORDER compelling DAVIS'S cell phone provider to produce all existing meta data for her cell phone number and all contents of the texts." Motion to Compel, ECF No. 38, at ¶ 12. That is not an available remedy for this motion to compel. Ms. Davis's cell-phone provider is not a party to this case, and if Mr. Cooprider wants to obtain meta data from the provider he must serve a subpoena to that effect. Mr. Cooprider has never requested meta data from Ms. Davis or from anyone else during this litigation, and a party must serve a discovery request before asking a court to compel a discovery response.

Finally, there is no basis for sanctions because all of the requested discovery has been produced. Ms. Davis complied with the Court's order by extracting her text messages from her phone before 3:00 p.m. central time on Wednesday, March 25, 2026. And Ms. Davis produced her text messages with Jackie Samuelson and Christopher Cooprider before Mr. Cooprider's attorneys filed their motion to compel at 3:00 p.m. central time on Friday, March 27, 2026. Ms. Davis's initial decision to produce her text messages with Cooprider in text-only format is not sanctionable, as Mr. Cooprider's attorneys had not requested any particular format for the extracted text messages until after they were produced. And Ms. Davis immediately provided her text messages with Mr. Cooprider in the desired format shortly before Mr. Cooprider filed his motion to compel. The previously deleted text messages with Ms. Yakopovich have been recovered and produced, so there are no grounds for sanctions limiting evidence as Mr. Cooprider proposes. *See* Motion to Compel, ECF No. 38, at ¶ 12. Ms. Davis has produced every single document that Mr. Cooprider is asking this Court to compel, so the Court should deny the motion to compel as moot.

## CONCLUSION

The motion to compel should be denied.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
  *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: March 30, 2026                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

*Counsel for Defendant Christopher Cooprider*

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Plaintiff*