UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-00220 |

## DECLARATION OF JONATHAN F. MITCHELL

1.    My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.    I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.    I represent plaintiff Liana Davis in this litigation, and I submit this declaration in support of the plaintiff's response to defendant Christopher Cooprider's motion to compel.

4.    Discovery in this case has proceeded amicably and the parties have successfully resolved numerous discovery-related disputes among themselves without the need for court involvement.

5.    Ms. Davis has produced a trove of responsive documents and communications in response to Mr. Cooprider's requests and has signed releases to allow Mr. Cooprider's attorneys to obtain her medical records.

6.    Ms. Davis completed the extraction of her text messages with Christopher Cooprider, as well as her text messages with Jackie Samuelson, and she sent those texts to me before 3:00 P.M. on Wednesday, March 25, 2026.

7.    I believed that I had until the end of the day on Wednesday, March 25, 2026, to bates-stamp, index, and produce the responsive documents to opposing counsel. Immediately after the Zoom hearing that the Court held on March 11, 2026, I calendared March 25, 2026, as our deadline for producing the requested text messages without specifying a particular time of day. When the Court e-mailed its minute entry to counsel on March 12, 2026, it stated that the "extraction" must be completed no later than 3:00 P.M. on March 25, 2026. I did not interpret the 3:00 P.M. deadline as a deadline for producing the extracted text messages, so I did not calendar a 3:00 P.M. deadline for the actual production of the documents. Because my calendar continued to show a deadline of March 25, 2026, I believed that I had until the end of the day (11:59 P.M. central time) to produce the extracted text messages to opposing counsel.

8.    At 7:16 P.M. central time on March 25, 2026, I e-mailed to Mr. Cooprider's attorneys: (a) All of Ms. Davis's text messages with Jackie Samuelson, which were produced in a format with images and attachments embedded in the document; and (b) All of Ms. Davis's text messages with Christopher Cooprider, which were produced in a text-only format. An authentic copy of that e-mail is attached as Exhibit 3 to this brief.

9.    The text messages between Ms. Davis and Ms. Samuelson were bates stamped Davis001291–2516. The first and last page of the documents are attached as Exhibit 4 to this brief.

10.    The text messages between Ms. Davis and Mr. Cooprider were bates stamped Davis002516–3100. The first and last page of the documents are attached as Exhibit 5 to this brief.

11.    On March 26, 2026, at 2:33 A.M., I e-mailed an improved version of the text messages between Ms. Davis and Mr. Cooprider that included the emojis, but

which still used a text-only format. An authentic copy of that e-mail is attached as Exhibit 6 to this brief.

12.   The improved version of the text-only messages between Ms. Davis and Mr. Cooprider was bates stamped Davis002519–3157. The first and last page of the documents are attached as Exhibit 7 to this brief.

13.   Mr. Cooprider's attorneys had not specified any particular format for the text messages that they had requested from Ms. Davis, and Mr. Cooprider's attorneys have been producing most of the text messages that Ms. Davis had requested from them in a text-only format.

14.   On March 26, 2026, at 11:30 A.M. central time, I spoke on the phone with Beth Klein, counsel for Mr. Cooprider. Ms. Klein to me that she had evidence that Ms. Davis had exchanged text messages with Kyle and Yvonne Yakopovich, even though Ms. Davis had previously represented that she had no responsive communications with either Kyle or Yvonne Yakopovich in her possession, custody, or control. I promised Ms. Klein that I would confer with his client to ensure that she would produce any responsive communications that she might have between herself and either Kyle or Yvonne Yakopovich.

15.   On March 27, 2026, at 8:49 a.m. central time, Ms. Klein e-mailed me and demanded that Ms. Davis produce her text messages with Mr. Cooprider "with the imbedded images." An authentic copy of that e-mail is attached as Exhibit 8 to this brief.

16.   On March 27, 2026, at 12:21 P.M., Mr. Mitchell e-mailed Mr. Cooprider's lawyers and wrote:

> Ms. Davis has never texted or communicated with Kyle Yakopovich in her entire life. And she deleted her communications with Yvonne Yakopovich before this litigation started.

An authentic copy of this e-mail is attached as Exhibit 9 to this brief.

17. In that same e-mail, I addressed the text messages between Ms. Davis and Mr. Cooprider, writing as follows:

> I have asked my client to send me her texts with Cooprider in the format that you have requested, but there are some racy photos that I will need to redact before sending them to you. If you want to insist on those photos then we will need to agree to a protective order before I send you an unredacted version. She has promised to send them to me today and I will let you know when I receive them and begin the redaction process

18. At 2:58 P.M. on March 27, 2026, I produced all of the text messages between Ms. Davis and Mr. Cooprider in the format requested by Mr. Cooprider's attorneys, while redacting the indelicate photos. An authentic copy of the e-mail producing those text messages is attached as Exhibit 10 to this brief. These documents are bates stamped Davis003158–5204, and the first and last page of these documents appear in Exhibit 11.

19. On Sunday, March 29, 2026, Ms. Davis informed me that her Decipher app could recover her previously deleted text messages with Yvonne Yakopovich, and I immediately notified Mr. Cooprider's lawyers. An authentic copy of that e-mail is attached to this brief as Exhibit 12.

20. Ms. Davis then extracted her messages with Yvonne Yakopovich and forwarded the responsive texts to me. I bates-stamped the text messages and e-mailed them in the format preferred by Mr. Cooprider's lawyers at 6:39 P.M. on March 29, 2026. An authentic copy of that e-mail is attached to this brief as Exhibit 13.

21. The documents showing Ms. Davis's text messages with Ms. Yakopovich are bates stamped Davis005205–5289, and the first and last page of these documents appear in Exhibit 14.

22. On March 30, 2026, at 4:11 A.M., I sent a follow-up e-mail to Mr. Cooprider's attorneys to ensure that the proper attachment had been sent. An authentic copy of that e-mail is attached to this brief as Exhibit 15.

23.   On March 30, 2026, at 1:20 A.M. central time, I e-mailed Mr. Cooprider's attorneys and wrote:

> We have now produced all of Ms. Davis's text messages with Mr. Cooprider in the exact format that you requested.
>
> We have also recovered Ms. Davis's previously deleted text messages with Yvonne Yakopovich and produced all responsive text messages between Ms. Davis and Ms. Yakopovich.
>
> This moots your motion to compel, as Ms. Davis has produced everything that you have asked her to produce. We should file a joint notice informing the Court that Ms. Davis has produced the text messages that you have requested and in the format that you have requested, and that there is nothing further for the Court to "compel" from Ms. Davis.
>
> We should file this joint notice before the 3:00 P.M. central time deadline for Ms. Davis's response to your motion to compel.
>
> If you are unwilling to file a joint notice to this effect, then please us exactly what documents Ms. Davis has "fail[ed] to produce" within the meaning of FRCP 37(a)(3)(B)(iv).

An authentic copy of this e-mail is attached to this brief as Exhibit 16.

24.   On March 30, 2026, at 8:07 A.M. central time, Ms. Klein e-mailed back and said: "I conferred with Mikal and we agree that we need to proceed," without any further explanation. An authentic copy of this e-mail is attached to this brief as Exhibit 17.

25.   On March 30, 2026, at 10:15 A.M. central time, I responded to Ms. Klein and cc'd her co-counsel, writing:

> The question that I asked in my e-mail of 1:20 a.m. this morning was: "If you are unwilling to file a joint notice to this effect, then please us exactly what documents Ms. Davis has 'fail[ed] to produce' within the meaning of FRCP 37(a)(3)(B)(iv)."
>
> You have not answered that question because Ms. Davis has produced everything that you have asked for. She has also produced the requested text messages in the format that you have asked for. You cannot pursue

> a "motion to compel" when you are not requesting any discovery that my client has failed to produce.
>
> Your motion to compel is moot, and your insistence on dragging my client into an in-person court hearing after she has produced the requested discovery is vexatious and unreasonable.

An authentic copy of this e-mail is attached to this brief as Exhibit 18.

26.  On March 30, 2026, at 10:39 A.M. central time, Ms. Klein e-mailed and wrote:

> The document production even now is incomplete.  There is no use emailing me further, this is a matter for the Court to decide.

An authentic copy of this e-mail is attached to this brief as Exhibit 19.

27.  On March 30, 2026, at 10:47 a.m., I e-mailed Mr. Cooprider's attorneys and wrote:

> How is it incomplete? We gave you everything you asked for.
>
> Every single text message between Davis and Cooprider. Every single text message between Cooprider and Samuelson. Every responsive text message between Davis and Yvonne Yakopovich.
>
> And all of it in the format that you requested.
>
> What's missing?

An authentic copy of this e-mail is attached to this brief as Exhibit 20.

28.  As of the time of this filing, neither Ms. Klein nor any of Mr. Cooprider's attorneys have responded to this e-mail or identified what discovery Ms. Davis has failed to produce.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Dated: March 30, 2026

JONATHAN F. MITCHELL