UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-00220 |
| **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, | |
| Defendants. | |

## DECLARATION OF LIANA DAVIS

1.    My name is Liana Davis. I am over the age of 18 and fully competent in all respects to make this declaration.

2.    I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.    I am the plaintiff in this litigation, and I submit this declaration in support of the plaintiff's response to defendant Christopher Cooprider's motion to compel.

4.    I have produced many responsive documents and communications in response to Mr. Cooprider's requests and have signed releases to allow Mr. Cooprider's attorneys to obtain my medical records.

5.    But I have had difficulty with Mr. Cooprider's requests for relevant text messages between me and him, as well as relevant text messages between myself and Jackie Samuelson, as I have exchanged thousands of text messages with these individuals and sorting the responsive text messages from the non-responsive text messages would take a large amount of time.

LIANA DAVIS DECLARATION                                                      Page 1 of 4

6. I have been reluctant to produce all of my text messages with Mr. Cooprider and with Ms. Samuelson because some of the non-responsive texts contain material that I would rather not disclose unless required to.

7. But I have also struggled to find time to separate the responsive text messages from the non-responsive ones, as I am an overworked single mom of three who is currently pregnant with twins and in the midst of a lengthy, difficult, and bitterly contested divorce that still has not yet been finalized. I also have a full-time job as a professor at Texas A&M Corpus Christi. I am also dealing with numerous health issues including a factured spine and pregnancy-related sickness. So it took me longer to produce my text messages with Mr. Cooprider and with Ms. Samuelson.

8. When the Court ordered me to extract the requested text messages by March 25, 2026, I attempted to extract those text messages with the Decipher app. But I encountered considerable trouble in doing so. Over the course of two days, from March 24, 2026, through March 25, 2026, I attempted to extract the text messages using the Decipher app, but my Decipher app required entry of a backup password that I did not know.

9. I tried to get around this problem by removing my iPhone's backup password, but that didn't work. Then I reset my encrypted backup password and reinstalled my Decipher app, but the Decipher app refused to accept my new backup password.

10. Finally, I reset my encrypted backup password again but saved the new backup password to my computer rather than iCloud. This time Decipher accepted my new encrypted backup password and I was able to successfully extract my text messages with Mr. Cooprider and with Ms. Samuelson.

11. I completed the extraction of those messages and sent the extracted texts to my lawyer before 3:00 P.M. on Wednesday, March 25, 2026.

12.    The text messages that I sent to Mr. Mitchell on March 25, 2026, consisted of: (1) All of my text messages with Jackie Samuelson, which were produced in a format with images and attachments embedded in the document; and (2) All of my text messages with Christopher Cooprider, which were produced in a text-only format. I had used a text-only format for my text messages with Cooprider because they included some non-responsive documents such as pictures of my children that I did not want publicly disclosed.

13.    On March 26, 2026, I learned that Ms. Klein was accusing me of withholding communications that I had with Kyle and Yvonne Yakopovich. But I never texted or communicated with Kyle Yakopovich in my entire life. And I deleted my text messages with Yvonne Yakopovich before this litigation started.

14.    On Sunday, March 29, 2026, I discovered that my Decipher app could recover my previously deleted text messages with Yvonne Yakopovich. I immediately extracted those messages and forwarded the responsive texts to my attorney.

15.    I have produced everything that Mr. Cooprider's attorneys have asked for and in the format that they have requested. Yet they are still insisting on proceeding with their motion to compel, as well as the in-person hearing scheduled for April 1, 2026, at 1:30 P.M., in which I have been ordered to attend in person. My attorney has told them that their motion to compel is moot and has asked them to identify the discovery responses that they are asking this Court to compel from me, but they refuse to do so. Attending the hearing on April 1, 2026, at 1:30 P.M. will impose considerable hardship as I teach class from 1:00 P.M. to 1:50 P.M. and I have a guest speaker scheduled for that day. I cannot afford to cancel another class this semester, as I have already cancelled several classes this semester on account of my contested family-law proceeding and illness. We do not have makeup classes or rescheduled classes at my university and there are only five weeks left in the semester.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Signed by:

*Liana Davis*

330405A4516E41A...

Dated: March 30, 2026                    LIANA DAVIS