IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS,<br>　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 2:25-CV-220 |
| CHRISTOPHER COOPRIDER,<br>AID ACCESS GMBH, &<br>REBECCA GOMPERTS,<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

---

**NON-PARTY CITY OF CORPUS CHRISTI'S POLICE DEPARTMENT'S
MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

---

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID S. MORALES:

COMES NOW the City of Corpus Christi's Police Department (the "Department" or "CCPD") on behalf of CCPD Custodian of Records at 321 John Sartain St., Corpus Christi, Texas 78401, Movant and non-party to the above cause, and files this Motion to Quash Subpoena Duces Tecum and Motion for Protective Order, showing unto the Court as follows:

**I.
INTRODUCTION**

1.　　On or about February 10, 2026, CCPD Custodian of Records at 321 John Sartain St., Corpus Christi, Texas 78401 received a Subpoena Duces Tecum, attached hereto and incorporated herein for all purposes as **Exhibit A**, issued on behalf of the Defendant in the above-styled cause. The subpoena directs the Custodian of Records to testify at 800 North Shoreline Blvd., Suite 2000, NT, Corpus Christi, Texas on June 1, 2026 and produce "A copy of every audio recording of all verbal communications between Michael Manzano and Liana Davis, Jaqulyn

Samuelson, or any other person taken in connection with Case Number 2504060017." On or about March 6, 2026, the Naval Criminal Investigative Service (NCIS) provided the Department with a notarized affidavit requesting the information be withheld because it relates to an ongoing and open criminal investigation. *See* **Exhibit B, Notarized Affidavit from Special Agent Arturo Hernandez**.[1]

2.      Movant moves for a protective order and an order quashing the subpoena because the information sought is confidential and privileged under the law enforcement privilege and release of the information would interfere with an open and ongoing criminal investigation.

**II.**
**ARGUMENTS AND AUTHORITY**

3.      The subpoena should be quashed because it seeks confidential and privileged information relating to an ongoing law enforcement investigation. The subpoena commands the Custodian of Records to testify and produce "A copy of every audio recording of all verbal communications between Michael Manzano and Liana Davis, Jaqulyn Samuelson, or any other person taken in connection with Case Number 2504060017."

4.      Both the Fifth Circuit and the Texas Supreme Court have recognized that information relating to pending law enforcement investigations and prosecutions is privileged and shielded from disclosure in civil matters such as this one. *See In re United States Dep't of Homeland Sec.*, 459 F.3d 565, 570 (5th Cir. 2006); *Hobson v. Moore*, 734 S.W.2d 340, 341 (Tex. 1987). This common-law privilege was established in recognition of "the need for confidentiality in law enforcement activities." *Id*.

---

[1]      *See MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) (providing, "Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14 day requirement. Instead, the rule provides simply that the motion to quash must be 'timely.'").

5. The Texas Legislature has also recognized the privilege. Section 552.108 of the Texas Government Code exempts from public disclosure information "held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime" where release of the information "would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code § 552.108(a)(1). Moreover, Section 30.06 of the Texas Civil Practice and Remedies Code provides that records held by a law enforcement agency relating to a law enforcement investigation are confidential in civil actions where the agency is not a party. Tex. Gov't Code § 30.006.

6. The information sought by the subpoena is subject to an ongoing law enforcement investigation. Movant moves the Court to quash the release of the information responsive to **Exhibit A** because it requires furnishing information that falls within the ambit of the law-enforcement privilege. The ongoing criminal investigation has not resulted in a conviction or deferred adjudication, and the release of the information responsive to **Exhibit A** would interfere with the investigation of an alleged crime. *See* **Exhibit B**. Under these circumstances, Defendant is not entitled to the information he seeks because it is privileged and confidential. *See Hacking v. Toyota Motor Corp.*, No. 4:16-CV-00388-ALM-CAN, 2017 U.S. Dist. LEXIS 231660 (E.D. Tex. 2017) (granting, under similar circumstances, the Wylie Police Department's motion to quash and motion for protective order).

7. Considering the interests at stake, the Court should not compel the release of this information until such time as the criminal investigation has been completed and/or the case has been closed. Therefore, Movant respectfully requests that the subpoena at issue be quashed for the reasons stated above.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Department requests this Court enter an order (i) quashing the subpoena requesting production of documents for the reasons above; (ii) granting the Department's request for a protective order providing that the Department shall not be required to produce any confidential and/or privileged documents sought by the subpoena; and (iii) providing for such other and further relief, in law or in equity, to prevent the Department from being subjected to the undue annoyance, embarrassment, oppression, and expense in the future.

Respectfully submitted,

*/s/ Blake Green*
**Blake A. Green**
Assistant City Attorney
CITY OF CORPUS CHRISTI
LEGAL DEPARTMENT
Tex. Bar No. 24097761
S.D. Tex. Bar No. 3963573
P. O. Box 9277
Corpus Christi, Texas 78469
Telephone: (361) 826-3360
Facsimile: (361) 826-3239
Email: blakeg@corpuschristitx.gov

**ATTORNEY FOR MOVANT**

4

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to those parties designated with the Court to receive notification on March 30, 2026.

*/s/ Blake Green*
**Blake Green**

## CERTIFICATE OF CONFERENCE

This is to certify that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

*/s/ Blake Green*
**Blake Green**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS,<br>        Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 2:25-CV-220 |
| CHRISTOPHER COOPRIDER,<br>AID ACCESS GMBH, &<br>REBECCA GOMPERTS,<br>        Defendants. | § § § § § | |

## APPENDIX

**No.**                    **Description**

Exhibit A        Defendant's Subpoena Duces Tecum to CCPD's Custodian of Records
Exhibit B        Notarized Affidavit from Special Agent Arturo Hernandez

# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Liana Davis | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:25-cv-220 |
| Christopher Cooprider; Aid Access GmbH; Rebecca Gomperts, | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    CCPD Custodian of Records at 321 John Sartain St., Corpus Christi, Texas 78401

_____

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 800 North Shoreline Blvd., Suite 2000, NT, Corpus Christi, Texas | Date and Time: <br>      06/01/2026 10:45 am |
|---|---|

   The deposition will be recorded by this method:   Video and Stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: A copy of every audio recording of all verbal communications between Michael Manzano and Liana Davis, Jacqulyn Samuelson, and/or any other person taken in connection with Case Number 2504060017.

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/10/2025

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | Beth A, Klein <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Christopher Cooprider
_____ , who issues or requests this subpoena, are:

Beth Klein, S.D. Tex. Bar No. 3934133 Beth Klein, P.C., 350 Market Street, Suite 310, Basalt, CO  81621
beth@bethklein.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:25-cv-220

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B



**DEPARTMENT OF THE NAVY**
NAVAL CRIMINAL INVESTIGATIVE SERVICE
CENTRAL FIELD OFFICE
305 BRONSON AVE, BLDG 2B, SUITE 100
GREAT LAKES, IL 60088

IN REPLY REFER TO
5800
Ser CNFO/26U0035
06 MAR 2026

From:  Special Agent in Charge, Naval Criminal Investigative Service
       (NCIS), Central Field Office (CNFO), Great Lakes, IL
To:    Chief Mike Markle, Corpus Christi Police Department
       321 John Sartain Street, Corpus Christi, TX 78401

Subj:  REQUEST FOR RELEASE OF INFORMATION ICO CCPD CASE NUMBER
       2504060017 / NCIS CCN 22APR25-CNCC-00016-7VMA

1. This correspondence is to formally advise that the Naval Criminal
   Investigative Service (NCIS), Resident Agency Corpus Christi, is
   conducting an active federal investigation under NCIS Control Number
   (CCN) 22APR25-CNCC-00016-7VMA.

2. In furtherance of this investigation, NCIS respectfully requests the
   release of all reports, case files, supplemental reports,
   recordings, digital evidence, photographs, statements, and any other
   related materials associated with CCPD Case Number 2504060017. The
   requested information is necessary for official law enforcement
   purposes and will be maintained in accordance with applicable
   federal statutes, Department of Defense regulations, and Department
   of the Navy investigative policies governing sensitive materials.

3. This request specifically includes all documentation pertaining to
   Liana DAVIS (victim), as well as any additional reports, contacts,
   or related investigations involving Devin DAVIS and Christopher
   COOPRIDER connected to this matter.

4. Due to the ongoing criminal investigation being conducted by NCIS
   under case number 22APR25-CNCC-00016-7VMA, the release of the
   investigative steps, reports, and evidence conducted and obtained by
   the Corpus Christi Police Department is being requested to not be
   shared at this time to preserve investigative integrity. NCIS'
   investigation will involve speaking with most, if not all, of the
   same individuals interviewed by CCPD. Due to the pending civil
   lawsuit and discovery, sharing of these reports and evidence may
   then be made discoverable to more parties including both Ms. Davis,
   and Capt. Christopher COOPRIDER, USMC. If the information reported
   out is allowed to be shared prior to the NCIS interviews being
   conducted, this could lead to changes in reports, lack or omission
   of information, or other potential issues such as witnesses being
   approached before we are able to interview them which could
   compromise the investigation.

Subj:   REQUEST FOR RELEASE OF INFORMATION ICO CCPD CASE NUMBER
        2504060017 / NCIS CCN 22APR25-CNCC-00016-7VMA


5. Releasing reports regarding the investigation and testimony while
   the investigation is ongoing could cause conflicts in previously
   reported information, or cause other concerns regarding testimony
   validity. Similarly, as Capt. Christopher COOPRIDER, USMC will be
   approached, if he is aware of all information which has been
   gathered against him, this can taint the interview before it begins.
   At the time the NCIS investigation is concluded, and no additional
   concerns are present for the release of information we can advise
   CCPD so they can continue their investigative release accordingly.

6. We appreciate your cooperation and request that the above-referenced
   materials be provided at your earliest convenience. Should you
   require additional documentation or clarification regarding this
   request, please contact this office at 847-688-3613.NCIS is the sole
   entity within the Navy and Marine Corps charged with the
   responsibility for conducting felony-related criminal
   investigations.


                    ARTURO HERNANDEZ
                    Naval Criminal Investigative Service
                    Central Field Office, Great Lakes,IL


Copy to:
CorrFile

State of IL County of Lake

Subscribed and sworn to (or affirmed) before me on this
6th day of March, 20 26 by
Arturo Hernandez proved to me on the basis
of satisfactory evidence to be the person(s) who appeared before me.
Notary Signature

OFFICIAL SEAL
ESTEFANIA SUAREZ
NOTARY PUBLIC - STATE OF ILLINOIS
COMMISSION #977029
MY COMMISSION EXPIRES 8/22/2027