UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-00220 |

## DECLARATION OF JONATHAN F. MITCHELL

1.  My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.  I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.  I represent plaintiff Liana Davis in this litigation, and I submit this declaration in support of the plaintiff's response to defendant Christopher Cooprider's motion to compel.

4.  The documents attached as Exhibits 4 through 17 to Ms. Davis's status report are authentic copies of e-mails that were exchanged between Mr. Cooprider's attorney Beth Klein and me between March 30, 2026, and April 7, 2026.

5.  Ms. Klein's e-mails of April 2, 2026, and April 3, 2026, which are attached as Exhibits 6 and 7 to Ms. Davis's status report, led me to believe that Mr. Cooprider's attorneys intended to confer before filing their status report with the Court, and I believe that any reasonable person would have interpreted those e-mails from Ms. Klein in a similar way.

6.   Ms. Klein did not confer with me before filing her status report on April 7, 2026, at 1:28 P.M. central time, and Mr. Cooprider's attorneys did not confer with me about their request to compel Ms. Davis to provide her cell phone to a forensics expert before requesting that remedy in their status report.

7.   After repeated efforts to meet and confer with Ms. Klein, she finally agreed to confer with me over the phone during the evening of April 7, 2026, five hours after Ms. Klein filed her status report with the Court. We conferred at 6:25 P.M. central time on April 7, 2026, and the call lasted for approximately 20 minutes.

8.   The phone call was cordial and respectful. But Ms. Klein insisted that the motion to compel needed to be resolved by the Court at an in-person hearing despite Ms. Davis's production of the responsive text messages.

9.   Near the end of the call, I told Ms. Klein that I regarded her stance as an attempt to force an exhausted pregnant woman and an overworked single mom of three into an unnecessary in-person court hearing, even though Ms. Davis has already produced every conceivable responsive communication in response to Mr. Cooprider's discovery requests.

10.   After the call Ms. Klein e-mailed me and offered to excuse Ms. Davis from attending the hearing in person if she would make "her phone available so that the mirror image can be made." A copy of that e-mail is attached as Exhibit 17 to Ms. Davis's status report.

11.   Mr. Cooprider's attorneys claim that my client was "offended" when they pointed out an alleged "discrepancy" in the production of her text messages with Yvonne Yakopovich. *See* Cooprider Status Report, ECF No. 47, at 5. I have never given Mr. Cooprider's lawyers permission to communicate with Ms. Davis, and if they have communicated with her behind my back then they have violated ethical rules.

12.   I have never disclosed the content of my privileged communications with Ms. Davis to Mr. Cooprider's attorneys.

13.   Mr. Cooprider's attorneys have never served a discovery request for Ms. Davis's cell phone, nor have they served a request for production that asks Ms. Davis to provide her cell phone to a mutually agreeable forensics expert.

14.   I have reviewed the approximately nine photographs that I redacted from Ms. Davis's text messages with Mr. Cooprider and they have no conceivable relevance to any party's claim or defense in this case. They are not discoverable under Rule 26(b)(1) and Ms. Davis has obligation to produce them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: April 9, 2026                JONATHAN F. MITCHELL