IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LIANA DAVIS, §
§
    *Plaintiff*, §
§
V. § CIVIL ACTION NO. 2:25-CV-220
§
CHRISTOPHER COOPRIDER, AID §
ACCESS GMBH & REBECCA GOMPERTS, §
§
    *Defendants*. §

**DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO
NON-PARTY CITY OF CORPUS CHRISTI'S POLICE DEPARTMENT'S
MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID S. MORALES:

COMES NOW Defendant Christopher Cooprider ("Defendant"), and files this Response

to the City of Corpus Christi Police Department's ("CCPD") Motion to Quash Subpoena Duces

Tecum and Motion for Protective Order, showing the Court as follows:

### I.    Introduction.

This is a wrongful death case where Plaintiff Liana Davis ("Plaintiff") has accused

Defendant of secretly placing abortion pills for Plaintiff's consumption. On April 5, 2025, Plaintiff

was hospitalized after alleging that she had been drugged. When CCPD arrived at the hospital,

Plaintiff provided three abortion pills that she had kept since February and was simultaneously

sending other "evidence" to Lieutenant Commander Knott and the CCPD. Plaintiff pressed charges

against Defendant, and the CCPD began its investigation on April 6, 2025. Officer Michael

Manzano interviewed Plaintiff, Plaintiff's neighbor, reviewed the evidence available, and declined

to act on Plaintiff's allegations on May 15, finding no probable cause. Accordingly, Defendant

now requests Plaintiff's recorded statement from the CCPD investigation for the present matter.

## II.    Arguments and Authorities

### A. CCPD's Privilege Lapsed Upon the Closing of the Investigation on June 3, 2025.

In a civil matter, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501. Therefore, federal courts will "consider state policies supporting a privilege in weighing the government's interest in confidentiality." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). This includes Section 522.108 of the Texas Government Code which exempts public disclosures of an investigation that "would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code § 552.108(a)(1). However, determining privilege not absolute and requires a "particularistic and judgmental task" of balancing the need of the litigant who is seeking privileged investigative materials…against the harm to the government if the privilege is lifted." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006) (quoting *Dellwood Farms v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir.1997)). Because the privilege is not absolute, the state's "privilege lapses after a reasonable period of time." *See Brown v. Thompson*, 430 F.2d 1214, 1215 (5th Cir. 1970); *Am. Civil Liberties Union v. Finch,* 638 F.2d 1336, 1344 (5th Cir. Mar. 1981) ("Even the files of active law enforcement agencies lose their privileges after particular investigations become complete.") (dicta). Accordingly, the privilege will lapse "either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the document." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571.

Once the privilege lapses, several types of information would likely "not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part

of an ongoing criminal investigation, and (3) people who may have violated only civil provisions."

*S.E.C. v. Cuban*, No. 3:08-CV-2050-D, 2013 WL 1091233 at \*8 (N.D. Tex. Mar. 15, 2013).

Here, on May 15, 2025, the CCPD closed the case and advised no charges would be pursued after investigating all the evidence and taking recorded witness statements, including Plaintiffs.[1] The CCPD made this determination after Plaintiff reported she believed, but did not witness, Defendant put abortion medication in her drink, and was told by medical professionals the medication was untraceable and no test could detect it.[2] Additionally, the medical evidence provided was consistent with natural miscarriage and an unhealthy pregnancy.[3]

Here, the privilege over CCPD's investigative materials lapsed when CCPD formally closed its investigation on May 15, 2025 and determined no charges would be filed.[4] *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571. Because the law enforcement privilege is not absolute, the privilege expires at the close of CCPD's investigation. *Id*. Therefore, when the CCPD officially completed its investigation, interviewed witnesses, reviewed medical evidence, and made a final charging decision, the governmental interest in confidentiality was significantly diminished and the privilege lapsed. *Id*.; *Coughlin*, 946 F.2d at 1159.

Since no criminal case was pursued, disclosure of the recorded witness statements would not interfere with any ongoing law-enforcement activity, which is the primary purpose of the privilege. Tex. Gov't Code § 552.108(a)(1). While there may be a separate investigation pending with the Naval Criminal Investigative Service ("NCIS"), that investigation does not provide a basis for CCPD's privilege to withhold Plaintiff's recorded statements. CCPD has provided no evidence that disclosure of their documents, which are the starting points for the NCIS, would materially

---

[1] *See* Exh. A p. 14. (CCPD Incident/Investigation Report)
[2] *Id*. at pp. 5, 7.
[3] *Id*. at pp. 10, 13.
[4] *Id*. at p. 14.

interfere with NCIS's investigation. Lastly, since Plaintiff is not part of CCPD's current investigation, Plaintiff's recorded statement falls squarely within the categories of individuals whose information is not protected once the law enforcement privilege lapses. *Cuban*, 2013 WL 1091233 at *8.

Because the CCPD's investigation is closed an no criminal proceedings are pending with the CCPD, Plaintiff's recorded statements are not protected by law-enforcement privilege and are discoverable via Defendant's subpoena. Accordingly, Defendant's request that this court deny CCPD's motion to quash Defendant's Subpoena and motion for protective order.

### B. CCPD has Not Shown an Undue Burden for Quashing Defendant's Subpoena.

"A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Generally, "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  When asserting undue burden, a party must "present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)); *see Heller*, 303 F.R.D. at 490 (explaining that to meet his burden, "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818. To determine whether the subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party

for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Id.*

First, the information requested is highly relevant as Plaintiff's recorded statement, among the other recorded statements, given to the CCPD concerns the very allegations underlying this lawsuit—namely, Plaintiff's claim that Defendant secretly administered abortion medication. Plaintiff's recorded statement was taken contemporaneously with the alleged incident on April 5, 2025. The relevance of Plaintiff's recorded statement is further heightened by CCPD's decision to close its investigation without pursuing charges. Defendant is entitled to understand the basis for CCPD's decision and the information CCPD relied upon in closing its investigation, and Plaintiff's recorded statement is central to that determination. Second, Defendant here has a substantial need for the statement as it appears to be the only recorded statement Plaintiff gave to law enforcement regarding the alleged incident. Defendant cannot obtain this recorded statement from any other source and without it, Defendant is deprived of highly probative evidence relevant to the claims and defenses of this matter. Third, the document request is narrow in scope. Defendant is not requesting the entire CCPD investigative file, but rather Plaintiff's recorded statement. This limited request weighs against any claim that Defendant's subpoena is overly broad or burdensome. Similarly, the time period covered by the request is limited and seeks only information from April and May 2025, when the CCPD was investigating this incident. Fifth, the subpoena describes the requested documents with particularity. The request was for every audio recording between Michael Manzano and Plaintiff and her neighbor, Jacqulyn Samuelson. Defendant is willing to limit the subpoena to only encompass Plaintiff's recorded statement, and since "modification of a subpoena is preferable to quashing it outright," Defendant's request at the

very least should be modified to include only Plaintiff's statement. *Id*. Nonetheless, the request as written clearly identifies the information sought and does not require the CCPD to search for unspecified or vague categories of documents to comply. Lastly the burden imposed on CCPD is minimal.

The only burden asserted by the CCPD is the mere recital of Texas Government code Section 552.108(a)(1) which protects the release of information that "would interfere with the detection, investigation, or prosecution of a crime."[5] However, the CCPD's investigation into Plaintiff and Defendant closed on May 15, 2025, and the CCPD has not opened a new inquiry into the matter. The NCIS opened a preliminary case on April 22, 2025, which was later closed on June 3, 2025, with a finding of no probable cause. Early this year, the Office of Special Trial Counsel reviewed the closed preliminary case and asked NCIS to open an investigation. The CCPD report, statements, and evidence are the starting point for the NCIS investigation, but not the investigation itself. While the matter is currently under investigation with the NCIS, the NCIS's ability to obtain statement from civilian witnesses, like Plaintiff, often require coordination with a command from military authority, which has not occurred here. Accordingly, Defendant requests Plaintiff's only recorded statement that was taken during CCPD's investigation.

### III.   Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Christopher Cooprider respectfully requests that this Court deny Non-Party City of Corpus Christi Police Department's Motion to Quash Subpoena and Motion for Protective Order and order the production of the recorded statements outlined in Defendant's Subpoena Duces Tecum. In the alternative, if this Court finds the Subpoena is overly broad, Defendant respectfully requests this Court to order the

---

[5] *See* Dkt. 44 (Non-party CCPD Motion to Quash)

production of Plaintiff Liana Davis's recorded witness statement and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Beth Klein*
Beth Klein
Colorado Bar No.  17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado  81621
Email beth@bethklein.com
Phone 303-448-8884
  -   **AND -**
Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
  -   **AND -**
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Beth Klein*
Beth Klein