IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LIANA DAVIS,                               §
                                          §
       *Plaintiff*,                        §
                                          §
V.                                        §          CIVIL ACTION NO. 2:25-CV-220
                                          §
CHRISTOPHER COOPRIDER, AID                §
ACCESS GMBH & REBECCA GOMPERTS,           §
                                          §
       *Defendants*.                       §

**DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO NON-PARTY CITY OF
CORPUS CHRISTI'S POLICE DEPARTMENT'S MOTION TO QUASH SUBPOENA
OF DETECTIVE MICHAEL MANZANO AND MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID S. MORALES:

COMES NOW Defendant Christopher Cooprider ("Defendant"), and files this Response

to the City of Corpus Christi Police Department's ("CCPD") Motion to Quash Subpoena Duces

Tecum and Motion for Protective Order, showing the Court as follows:

**I.      Introduction.**

This is a wrongful death case where Plaintiff Liana Davis ("Plaintiff") has accused

Defendant of secretly placing abortion pills for Plaintiff's consumption. On April 5, 2025, Plaintiff

was hospitalized after alleging that she had been drugged. When CCPD arrived at the hospital,

Plaintiff provided three abortion pills that she had kept since February and was simultaneously

sending other "evidence" to Lieutenant Commander Knott and the CCPD. Plaintiff pressed charges

against Defendant, and the CCPD began its investigation on April 6, 2025. Detective Michael

Manzano interviewed Plaintiff, Plaintiff's neighbor, reviewed the evidence available, and declined

to act on Plaintiff's allegations on May 15, finding no probable cause. Accordingly, Defendant

now requests the deposition of Detective Manzano in order to investigate the present matter.

Page 1 of 8

## II.    Arguments and Authorities

### A. CCPD's Right to Invoke the Law Enforcement Privilege Lapsed Upon the Closing of Their Investigation on June 3, 2025.

In a civil matter, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501. Therefore, federal courts will "consider state policies supporting a privilege in weighing the government's interest in confidentiality." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). This includes Section 522.108 of the Texas Government Code which exempts public disclosures of an investigation that "would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code § 552.108(a)(1). However, determining privilege not absolute and requires a "particularistic and judgmental task" of balancing the need of the litigant who is seeking privileged investigative materials…against the harm to the government if the privilege is lifted." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006) (quoting *Dellwood Farms v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir.1997)). Because the privilege is not absolute, the state's "privilege lapses after a reasonable period of time." *See Brown v. Thompson*, 430 F.2d 1214, 1215 (5th Cir. 1970); *Am. Civil Liberties Union v. Finch,* 638 F.2d 1336, 1344 (5th Cir. Mar. 1981) ("Even the files of active law enforcement agencies lose their privileges after particular investigations become complete.") (dicta). Accordingly, the privilege will lapse "either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the document." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571.

Here, on May 15, 2025, the CCPD closed its case and advised no charges would be pursued after investigating all the evidence and taking recorded witness statements, including Plaintiff and her neighbor, Jaqulyn Samuelson.[1] The CCPD made this determination after Plaintiff reported she

---

[1] *See* Exh. A p. 14. (CCPD Incident/Investigation Report)

believed, but did not witness, Defendant put abortion medication in her drink, and was told by medical professionals the medication was untraceable and no test could detect it.[2] Additionally, the medical evidence provided was consistent with natural miscarriage and an unhealthy pregnancy.[3] Here, the privilege over CCPD's investigative materials lapsed when CCPD formally closed its investigation on May 15, 2025 and determined no charges would be filed.[4] *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 571. Because the law enforcement privilege is not absolute, the privilege expires at the close of CCPD's investigation. *Id.* Therefore, when the CCPD officially completed its investigation, interviewed witnesses, reviewed medical evidence, and made a final charging decision, the governmental interest in confidentiality was significantly diminished and the privilege lapsed. *Id.*; *Coughlin*, 946 F.2d at 1159. Since no criminal case was pursued, the deposition of Detective Manzano would not interfere with any ongoing law-enforcement activity, which is the primary purpose of the privilege. Tex. Gov't Code § 552.108(a)(1). While there may be a separate investigation pending with the Naval Criminal Investigative Service ("NCIS"), that investigation does not provide a basis for CCPD's privilege to withhold the testimony of Detective Manzano, and individual with a first-hand account of Plaintiff's hospitalization on April 5, 2025. CCPD has provided no evidence as to how the deposition of Detective Manzano would materially interfere with NCIS's investigation.

Because the CCPD's investigation is closed an no criminal proceedings are pending with the CCPD, the deposition of Detective Manzano is not protected by the law-enforcement privilege and is discoverable via Defendant's subpoena. Accordingly, Defendant's request that this court deny CCPD's motion to quash Defendant's Subpoena and Motion for Protective Order.

---

[2] *Id.* at pp. 5, 7.
[3] *Id.* at pp. 10, 13.
[4] *Id.* at p. 14.

**B. The Law Enforcement Privilege Distinguishes Investigative Material from Testimony and Does Not Shield Detective Manzano's Deposition.**

Texas draws a fundamental distinction between a privilege covering investigative *documents* and one covering an officer's *testimony. In re Hays Cnty. Criminal Dist. Attorney's Office*, No. 03-010-00479-CV, 2010 WL 3927615 (Tex. App.—Austin Oct. 1, 2010, no pet.) (emphasis added). In *In re Hays County Criminal Dist. Attorney's Office*, the Austin Court of Appeals directly addressed whether a protective order shielding investigative documents also prohibited the police officer from being required to testify at a civil hearing. *Id.* at *1. The court held it did not, stating "[t]here is no rule or statute that gives police officers a privilege from being called to testify." *Id.* at *3; *See In re Bexar County Criminal Dist. Attorney's Office,* 224 S.W.3d 182, 193 (Tex. 2007) (orig. proceeding) (Johnson, J., dissenting); *see also* TEX. R. EVID. 501 (stating that except "as otherwise provided by Constitution, by statute," or by rule, "no person has a privilege to: (1) refuse to be a witness"). The court explicitly rejected the argument that the law enforcement privilege applicable to documents automatically extends to testimonial privilege. *Id.* The court further reasoned that "the full nature and extent of the officer's testimony is not easily ascertainable before the officer actually testifies." *Id.*; *See In re Bexar County Criminal Dist. Attorney's Office,* 224 S.W.3d at 193 (Johnson, J., dissenting) (explaining that witness testimony differs from documents because full knowledge of witness "as to facts and matters relevant to claims made in a lawsuit" cannot be fully determined before he or she testifies).

Here, CCPD is attempting to extend the law-enforcement privilege, which Defendant affirmatively asserts has lapsed under these facts, to the deposition of investigating detective Michael Manzano. Texas law draws a fundamental distinction between the privilege concerning CCPD's investigative documents and Detective Manzano's potential testimony. *In re Hays Cnty. Criminal Dist. Attorney's Office*, 2010 WL 3927615 at *3. This distinction explains that there is

no rule or statute that would give Detective Manzano "a privilege from being called to testify." *Id*. Similar to the court in *In re Hays Cnty. Criminal Dist. Attorney's Office*, this Court should reject the argument that CCPD's law enforcement privilege automatically extends to the deposition of Detective Manzano. *Id*. As the court in that case reasoned "the full nature and extent of the officer's testimony is not easily ascertainable before the officer actually testifies," the same is true here, because Defendant is otherwise unable to obtain Detective Manzano's core reasoning and decision-making that resulted in the CCPD's no-probable-cause determination.

Accordingly, because the law-enforcement privilege does not automatically extend to the testimony of Detective Manzano, and Defendant's are unable to obtain the information from other means, Defendant request this Court deny CCPD's Motion to Quash Subpoena and Motion for Protective Order as to Detective Manzano's deposition notice.

### C. CCPD has Not Shown an Undue Burden for Quashing Defendant's Subpoena.

"A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Generally, "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). When asserting undue burden, a party must "present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)); *see Heller*, 303 F.R.D. at 490 (explaining that to meet his burden, "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the

case,' such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818. To determine whether the subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Id.*

First, the information requested is highly relevant as the full nature and extent of the Detective Manzano's testimony is not easily ascertainable before he actually testifies. *See In re Bexar County Criminal Dist. Attorney's Office,* 224 S.W.3d at 193. The relevance of Detective Manzano's testimony is further heightened by CCPD's decision to close its investigation without pursuing charges. Defendant is entitled to understand the basis for CCPD's decision and the information CCPD relied upon in closing its investigation, and Detective Manzano's deposition would be central to that determination. Second, Defendant here has a substantial need for the testimony as Detective Manzano would be in the best position to explain the no-probable-cause determination since he interviewed all the witnesses and investigated the evidence provided by Plaintiff. Defendant cannot obtain this information or testimony from any other source and without it, Defendant is deprived of highly probative evidence relevant to the claims and defenses of this matter. Third, the document request is narrow in scope, and since there is no rule or statute that gives police officers a privilege from being called to testify, Defendant's limited request weighs against any claim that Defendant's subpoena is overly broad or burdensome. *In re Hays Cnty. Criminal Dist. Attorney's Office*, 2010 WL 3927615 at *3. Similarly, the time period covered by the request is limited and seeks only information from April and May 2025, when the CCPD was investigating this incident. Fifth, the subpoena describes the requested with particularity by

identifying the date, time, and location of Detective Manzano's proposed deposition. Lastly the burden imposed on CCPD is minimal.

The only burden asserted by the CCPD is the mere recital of Texas Government code Section 552.108(a)(1) which protects the release of information that "would interfere with the detection, investigation, or prosecution of a crime."[5] However, the CCPD's investigation into Plaintiff and Defendant closed on May 15, 2025, and the CCPD has not opened a new inquiry into the matter. The NCIS opened a preliminary case on April 22, 2025, which was later closed on June 3, 2025, with a finding of no probable cause. Early this year, the Office of Special Trial Counsel reviewed the closed preliminary case and asked NCIS to open an investigation. The CCPD report, statements, and evidence are the starting point for the NCIS investigation, but not the investigation itself.

Accordingly, because CCPD has not shown and undue burden for quashing Defendant's subpoena, and the analysis of the six-factor test weighs in favor of Defendant, this Court should deny CCPD's Motion to Quash Subpoena and Motion for Protective Order as to Detective Manzano's deposition notice.

### III.   Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Christopher Cooprider respectfully requests that this Court deny Non-Party City of Corpus Christi Police Department's Motion to Quash Subpoena and Motion for Protective Order and order the deposition of Detective Michael Manzano, as outlined in Defendant's Subpoena Duces Tecum. Defendant respectfully requests this Court to order the deposition of Michael Manzano and all further relief to which Defendant may be justly entitled.

---

[5] *See* Dkt. 44 (Non-party CCPD Motion to Quash)

Respectfully submitted,

*/s/ Beth Klein*
Beth Klein
Colorado Bar No.  17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado  81621
Email beth@bethklein.com
Phone 303-448-8884
- **AND -**
Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
- **AND -**
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Beth Klein*
Beth Klein