UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

                    Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,

                    Defendants.

Case No. 2:25-cv-00220

### DECLARATION OF JONATHAN F. MITCHELL

1.    My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.    I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.    I represent plaintiff Liana Davis in this litigation, and I submit this declaration alongside the parties' joint status report of April 14, 2026.

4.    After Ms. Clancy e-mailed the parties on April 10, 2026, to inform us that the Court requested us to submit a joint status report by April 14, 2026, I promptly e-mailed Mr. Cooprider's attorneys to request a time to confer. An authentic copy of the e-mail that I sent on April 10, 2026, is attached to the joint status report as Exhibit 3.

5.    When Mr. Cooprider's attorneys failed to respond to this e-mail, I e-mailed them again on April 11, 2026, and wrote: "Counsel: We need to submit a joint status report by Tuesday. Please let us know when you're available to confer about it." An authentic copy of this e-mail is attached to the joint status report as Exhibit 4.

MITCHELL DECLARATION

6. On April 11, 2026, at 7:03 P.M. central time, Ms. Klein wrote back and said: "Attached is our list of issues to include in the status report." An authentic copy of that e-mail is attached to the joint status report as Exhibit 5. Authentic copies of each of the attachments to Ms. Klein's e-mail of April 11, 2026, e-mail are attached to the joint status report as Exhibits 6, 7, 8, and 9.

7. Mr. Cooprider's attorneys never conferred with me about these any of these supposed "missing communications" listed in paragraphs 1–6 of Ms. Klein's list (Exhibit 6) before filing their motion to compel on March 27, 2026.

8. The only discovery that Mr. Cooprider's attorneys had claimed was missing during their previous conferrals with me involved: (1) Ms. Davis's text messages with Mr. Cooprider; (2) Ms. Davis's text messages with Jackie Samuelson; and (3) Ms. Davis's text messages with Yvonne Yakopovich.

9. Mr. Cooprider's attorneys had never indicated, either in spoken or written communication, that there were any problems or deficiencies with Ms. Davis's discovery responses regarding the individuals mentioned in paragraphs 1–6 of Ms. Klein's list.

10. Mr. Cooprider's attorneys still have not conferred with me about any of these issues, even though I have sent e-mails asking to arrange a time to meet and confer about the outstanding discovery issues.

11. If Mr. Cooprider's attorneys had conferred with me about these issues, I would have told them that there are no "missing communications" with any of the individuals that appear on Ms. Klein's list, and that Ms. Davis has fully complied with Request for Production No. 2 in each of the following respects:

    a. Ms. Davis has produced all responsive communications between herself and Casey Pyle. The only text messages between Ms. Davis and Casey Pyle that concern Mr. Cooprider or her pregnancies occurred between April 6, 2025, and April 8, 2025. Ms. Davis's remaining text messages with Casey Pyle are not responsive because

they do not concern Mr. Cooprider or Ms. Davis's pregnancies. *See* Davis Decl. ¶ 4 (attached as Exhibit 2).[1]

b. Ms. Davis has produced all responsive communications between herself and Melissa Madrigal. *See* Davis Decl. ¶ 5. Ms. Davis's remaining text messages and e-mails with Melissa Madrigal are not responsive because they do not concern Mr. Cooprider or Ms. Davis's pregnancies. Neither Ms. Klein nor any of Mr. Cooprider's attorneys have explained to Mr. Mitchell or this Court how Ms. Davis's document production with respect to Ms. Madrigal is "incomplete."

c. Ms. Davis has never discussed Mr. Cooprider or her recent pregnancies with Devin Davis, so she has no responsive communications with Mr. Davis. *See* Davis Decl. ¶ 6.

d. Ms. Davis has no responsive communications with Marshall Bowling, because both she and Mr. Bowling have intentionally avoided discussing Mr. Cooprider or her pregnancies over text message, e-mail, or any other medium that would produce discoverable documents. *See* Davis Decl. ¶ 7.

e. Ms. Davis has never discussed Mr. Cooprider or her recent pregnancies with Ami Amoroso, so she has no responsive communications with Ms. Amoroso. *See* Davis Decl. ¶ 8.

f. Ms. Davis has never discussed Mr. Cooprider or her recent pregnancies with Mary Anna Ziarko, so she has no responsive communications with Ms. Ziarko. *See* Davis Decl. ¶ 9.

g. Ms. Davis ceased communications with Jackie Samuelson after April 6, 2025, and she has already produced every single text message that she has ever exchanged with Ms. Samuelson. *See* Davis Decl. ¶ 10.

h. Ms. Davis did not discuss Mr. Cooprider or her pregnancies with Yvonne Yakopovich after April 7, 2025, so she has no responsive communications with Ms. Yakopovich after that date. *See* Davis Decl. ¶ 11.

---

1. To the extent that Mr. Cooprider's attorneys requested Ms. Davis's communications "concerning YOU," *i.e.*, Ms. Davis herself, Ms. Davis objected to that request as overbroad, and Mr. Cooprider is not asking the Court to overrule Ms. Davis's objection.

12.   We told Mr. Cooprider's attorneys on January 19, 2026, when we served our responses and objections to Request for Production No. 2, that Ms. Davis had no responsive communications with Ami Amoroso, Devin Davis, Marshall Bowling, or Mary Anna Ziarko in her possession, custody, or control. An authentic copy of the responses and objections that Ms. Davis served on January 19, 2026, is attached to the joint status report as Exhibit 10.

13.   Mr. Cooprider's attorneys never contested our claim that Ms. Davis had no responsive communications with Ami Amoroso, Devin Davis, Marshall Bowling, or Mary Anna Ziarko and never said a word about it to me until Ms. Klein e-mailed her list on April 11, 2026.

14.   Mr. Cooprider's attorneys still have not conferred with me about any of these issues, even though I have sent e-mails asking to arrange a time to meet and confer about the outstanding discovery issues. *See* Exhibits 3–4.

15.   When Ms. Klein e-mailed me her list of "issues to include in the joint status report" on April 11, 2026, I immediately wrote back and told her that the issues numbered as (1) through (6) on her list were not properly before the Court because they had never conferred with us as required by Rule 37(a)(1) and because they had never mentioned or discussed these issues in their motion to compel or the subsequent status report that they filed on April 7, 2026. An authentic copy of this e-mail is attached to the join status report as Exhibit 11. Ms. Klein has not responded to this e-mail.

16.   Ms. Klein's claim that we produced 13,000 text messages between Ms. Davis and Mr. Cooprider "after" Ms. Klein filed her motion to compel is false. I e-mailed all of those text messages to Ms. Klein, in the precise format requested by Mr. Cooprider's lawyers, at 2:58 P.M. central time on March 27, 2026, before Ms. Klein filed her motion to compel at 3:00 P.M. later that day. An authentic copy of the e-mail

producing those text messages is attached to the joint status report as Exhibit 12. The time stamp on the e-mail is in pacific time, not central time.

17.   Ms. Klein's claim that she demanded "all communications from *all witnesses* listed in RFP 2" during our conferrals is also false. Ms. Klein knows full well that her request in RFP 2 demanded only communications concerning Ms. Davis, Mr. Cooprider, Ms. Davis pregnancies, and the termination of Ms. Davis. She also knows that we objected to her request to including all communications concerning Ms. Davis as overbroad, and she is not asking this Court to overrule that objection.

18.   Mr. Cooprider has no basis for requesting sanctions under Rule 37(a)(5)(A) because Ms. Davis she has produced all responsive documents that Mr. Cooprider has sought in Request for Production No. 2, and she produced them before Mr. Cooprider filed his motion to compel on March 27, 2026. So Mr. Cooprider has no basis for requesting sanctions under Rule 37(a)(5)(A).

19.   If the Court denies the motion to compel, we recommend that the Court consider ordering Mr. Cooprider's attorneys to show cause why sanctions should be imposed under Rule 37(a)(5)(B) for their efforts compel discovery that Ms. Davis has already produced, and for falsely accusing Ms. Davis of withholding "missing communications" without first conferring with Ms. Davis's attorney.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Dated: April 14, 2026              JONATHAN F. MITCHELL