UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, | * | |
| Aid Access GmbH, & | * | |
| Rebecca Gomperts, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT CHRITOPHER COOPRIDER'S
MOTION TO ENFORCE NON-PARTY SUBPOENA**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Christopher Cooprider ("Defendant") files this, its Motion to Enforce Non-Party

Subpoena to Plaintiff's cellular telephone provider, Verizon Wireless and would respectfully show

the Court as follows:

**I.    BACKGROUND**

The nature and background of this matter are well-known to the Court.

On April 1, 2026, Defendant served his subpoena to Verizon Wireless through CT

Corporation at 1999 Bryan St. Ste 900, Dallas, Texas 75201. *See Exhibit A*. Per Verizon's Security

and Assistance Team, CT Corporation is Verizon's registered agent that is authorized to take legal

documents related to civil litigation.  Defendant filed its Affidavit of Service upon Verizon

Wireless. [Docket No. 46]

In Defendant's subpoena, it requested all of Plaintiff's call logs/metadata, text message

logs/metadata, and location data from December 1, 2024 to the present to be produced to

Defendant's counsel on or by April 24, 2026.

1

To date, Verizon Wireless has neither responded to Defendant's subpoena nor lodged an objection to quash or modify the subpoena.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 45, a party may issue a subpoena to command a non-party to produce documents, electronically stored information, or tangible things in that non-party's possession, custody, or control. FED. R. CIV. P. 45. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials. *Id*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. *Id*. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. *Id*. The moving party has the burden of proof to demonstrate "that compliance with the subpoena would be 'unreasonable and oppressive.'" *See Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D.Tex.1998) (citing *Linder v. Dep't of Defense,* 133 F.3d 17, 24 (D.C.Cir.1998)) (quoting *Barnes Found. v. Township of Lower Merion,* 1997 WL 169442, at *4 (E.D.Pa. Apr.7, 1997) (quotations omitted)).

Here, the subpoena was served on April 1, 2026. Thirty days later, and past the deadline for response, Verizon Wireless has asserted no objections or privileges to the subpoena. Nor did any other party to this lawsuit. Pursuant to Defendant's right under 45(d)(2)(B)(i), a serving party may move the court for the district where compliance is required for an order compelling production or inspection. FED. R. CIV. P

The documents and testimony sought by the subpoena are reasonably calculated to lead to admissible evidence, and Defendant has no other means of obtaining this information.

Defendant requests the Court to enter an order compelling Verizon Wireless to produce all documents and tangible things responsive to the subpoena.

### III.    PRAYER

WHEREFORE, Defendant respectfully requests this Court enter an order enforcing the subpoena served on Verizon Wireless and require it to comply with the subpoena within five business days of the Court's order.

Respectfully submitted,

*/s/ Beth Klein*
Beth Klein
Colorado Bar No.  17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado  81621
Email beth@bethklein.com
Phone 303-448-8884
-   **AND –**
Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
**AND –**
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054

bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and will be personally served upon Verizon's registered agent, CT Corporation no later than May 5, 2026.

/s/ *Beth Klein*
Beth Klein

4