UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


Case No. 2:25-cv-220


Liana Davis,

Plaintiff,

v.

Christopher Cooprider; Aid Access GmbH; Rebecca Gomperts,

Defendants.

---

## PROPOSED STIPULATED PROTECTIVE ORDER

_____

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Stipulated Protective Order shall apply to all documents, materials, and all information, including without limitation, whether received on paper, by voice, by digital file transfer, digital file download, electronic device screen shots, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Stipulated Protective Order, "document" is defined as

1

provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is confidential information protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff, any of the Defendants or any other nonparty including confidential, security-sensitive, proprietary, trade secret, financial, or personal information. Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information "is confidential or otherwise entitled to protection." CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.    CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.    the parties' attorneys;

b.    persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

c.    the parties, including designated representatives for the Plaintiffs and Defendants;

2

d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e.      the Court and its employees ("Court Personnel");

f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      deponents, witnesses, or potential witnesses, mediators, arbitrators; and

h.      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than those listed in section a, b, c, e, f, and g), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgement attached as Appendix A stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of promptly given to all counsel of record within thirty (30) days after notice by the

3

court reporter of the completion of the transcript.

8.      If a document that is marked CONFIDENTIAL pursuant to this Stipulated Protective Order is filed with the Court, the party filing such document shall file it under restricted access; however, the party who designated the document as CONFIDENTIAL is responsible for moving to keep the document restricted from public access.  Nothing in this Order may be construed as restricting any document or information from the public record.

9.      Whenever a party inadvertently fails to designate any information as CONFIDENTIAL, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available. Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL information shall return the previously unmarked information or destroy it.

10.      A party may object to the designation of CONFIDENTIAL information by giving written notice to the party that designated the disputed information. The parties agree to endeavor to make their objections within a reasonable time after the designation, but nothing herein shall be construed as limiting the ability of a party to object to the designation at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the

4

information as CONFIDENTIAL to file within 15 business days an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    The parties agree and stipulate that every person who obtains CONFIDENTIAL information is prohibited from using or disclosing said information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

12.    Nothing in this Stipulated Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes attorney work product.  Nothing in this Stipulated Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Stipulated Protective Order shall be construed as an agreement that any CONFIDENTIAL information shall be excluded from evidence. Nothing in this Protective Order shall apply to trial. By entering into this Protective Order, no party waives any rights to seek an order from the Court before trial for protection from the public disclosure of any CONFIDENTIAL material produced in this litigation.

13.     Neither a party's designation of information as CONFIDENTIAL under this Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

14.     The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

15.     This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated                                    _____

6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Case No. 2:25-cv-220

Liana Davis,

Plaintiff,

v.

Christopher Cooprider; Aid Access GmbH; Rebecca Gomperts,

Defendants.

---

Appendix A

**AGREEMENT OF CONFIDENTIALITY**

1.    My full name is: _____

2.    My address is: _____

3.    My present employer is: _____

4.    My present occupation or job description is: _____

5.    I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6.    I will not disclose any documents covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

7.    I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this_____day of_____, 2026

_____

7