UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Liana Davis,                              *
                                          *
            Plaintiff,                    *
                                          *
v.                                        *        Case No. 2:25-cv-220
                                          *
Christopher Cooprider,                    *
Aid Access GmbH, &                        *
Rebecca Gomperts,                         *
                                          *
            Defendants.                   *

**JOINT STATUS REPORT**

The Court's order of May 14, 2026, instructs Ms. Davis to "produce and/or provide access to her phone, computer(s), iCloud account, and any other personal device or account that may contain text messages or emails." It also instructs the parties to file a joint status report with the Court on or before May 18, 2026, updating the Court regarding Ms. Davis's compliance with this order. The parties submit this joint report in compliance with the Court's order.

The parties have not been able to agree on a joint statement. Mr. Cooprider's attorneys circulated a draft report at 2:09 P.M. central time. Mr. Mitchell reviewed the draft and e-mailed Mr. Cooprider's attorneys at 3:27 P.M. central time, writing:

> Counsel:
>
> The Court ordered us to file a joint status report. Please redraft this as a joint status report that presents a balanced and neutral presentation of the events of the last few days and that removes the ad hominem attacks on my client and me.
>
> If you would like me to edit the report, please let me know.

E-mail from Jonathan F. Mitchell to Beth Klein of May 18, 2026, at 3:27 P.M. (attached as Exhibit 10).  At 3:40 P.M., Ms. Klein e-mailed Mr. Mitchell and wrote:

1

If you want to add a Plaintiffs section please do.

But the defense statement stands as is.

E-mail from Beth Klein to Jonathan F. Mitchell of May 18, 2026, at 3:40 P.M. (attached as Exhibit 11).  The parties are therefore submitting separate statements to the Court in this joint report.

### Plaintiff's Statement

Ms. Davis has shipped her computer by FedEx to Russell Chozick at 5508 US Hwy 290 West, Suite 350, Austin, Texas 78735. It is scheduled to arrive tomorrow, May 19, 2026. Authentic pictures of the FedEx receipt with tracking number, as well as the FedEx box containing Ms. Davis's computer, are attached as Exhibit 1. *See* Mitchell Decl. ¶¶ 4, 8 (attached as Exhibit 12). Mr. Chozick will create a forensics image of the computer. Ms. Davis has also provided all of the information needed to access her iCloud with forensics expert George Vasiliou, and Mr. Vasiliou has requested a complete download of the iCloud, which is scheduled to arrive by May 26, 2026. Ms. Davis has already provided her iPhone to Mr. Vasiliou, who obtained a forensic image of the iPhone on Tuesday, May 12, 2026.

Mr. Cooprider's attorneys have not indicated that they are seeking any additional devices or data from Ms. Davis, so in the plaintiff's view there is no need for a court hearing on this matter. *See* Mitchell Decl. ¶ 7 (attached as Exhibit 12).

Mr. Cooprider's attorneys continue to launch ad hominem attacks on Ms. Davis in an effort to smear her as defiant or uncooperative, even though Ms. Davis has already produced her iPhone and computer for forensics imaging. The remainder of our statement will explain why the events unfolded in the way that they did.

Mr. Cooprider's attorneys had never served a discovery request seeking the production of Ms. Davis's cell phone or computer prior to May 14, 2026. In addition, Mr. Cooprider's

supplement to his motion to compel asked this Court to order Ms. Davis to produce only her cell phone and not her computer to a forensics expert. *See* Status Report and Supplement to Motion to Compel, ECF No. 47, at 8 ("Cooprider respectfully requests that the Court appoint a forensics expert to create a mirror image *of Davis's cell phone* so that future proper and limited searches can be effectuated and this case move forward." (emphasis added)). At the hearing before this Court on April 15, 2026, Mr. Cooprider's attorneys asked only that Ms. Davis's cell phone be turned over to a forensics expert and said nothing about Ms. Davis's computer or other electronic devices.

All of Ms. Davis's communications with Mr. Mitchell between April 15, 2026, and April 30, 2026, indicated that Mr. Cooprider's lawyers were seeking only the production of Ms. Davis's cell phone and not her computer. On April 28, 2026, Ms. Davis e-mailed the following "proposed status report" to Mr. Mitchell:

1. The parties have agreed to George Vasiliou as a joint expert to extract the data *from both parties' telephones*.  Mr. Vasiliou will secure the data and securely hold it until further ESI orders/direction are received.

2. The extraction is scheduled for May 1, 2026, and Mr. Vasiliou will have both parties bring *their phones* to him.  (Location TBD)

3. The serial number, make and model number *of Ms. Davis's telephones* has been requested and is pending.

4. A proposed joint protective order has been circulated, and comments from Plaintiff are pending.

E-mail from Beth Klein to Jonathan F. Mitchell of April 28, 2026, at 9:37 A.M. central time (attached as Exhibit 2). Later that day, Ms. Klein e-mailed this same status report to Arlene Clancy and described it as a "bare bones report on the status of the ESI in Davis v. Cooprider." *See* E-mail from Beth Klein to Arlene Clancy of April 28, 2026, at 9:37 A.M. central time (attached as Exhibit 3). On April 30, 2026, Ms. Klein e-mailed Mr. Mitchell asking for "the make and model of Liana's

phones," without indicating that they wanted Ms. Davis to produce her computer as well. See E-mail from Beth Klein to Jonathan F. Mitchell of April 28, 2026, at 11:51 a.m. central time (attached as Exhibit 4).

The first time that Mr. Cooprider's lawyers said anything about wanting to access Ms. Davis's computer appears in an e-mail that Ms. Klein set to Mr. Mitchell on May 8, 2026, which says:

> What day can Liana drop off *phones and computers* for the inspection?   The expert can be in corpus this week.  I will write that into the order.  It's going to be bilateral and with mirrored responsibilities.

E-mail from Beth Klein to Jonathan F. Mitchell of May 8, 2026, at 3:05 P.M. (emphasis added) (attached as Exhibit 5). On May 9, 2026, Ms. Klein e-mailed a draft stipulation to Mr. Mitchell in which Ms. Davis would promise to "produce any and all *cell phones, tablets and personal computers that she used between November 1, 2024, and the present*, to George Vasiliou on Tuesday, May 12, 2026 at 8:30 am." Mitchell Decl. ¶ 9 (attached as Exhibit 12).

Mr. Mitchell was unwilling to agree to that draft stipulation because: (a) Mr. Cooprider's attorneys had never served a discovery request for Ms. Davis's computer; (b) Mr. Cooprider's motion to compel did not request the production of Ms. Davis's computer, only that her cell phone be produced to a forensics expert for imaging; and (c) Mr. Cooprider's attorneys did not ask for production of Ms. Davis's computer or say anything about Ms. Davis's computer in any of their court filings or at the hearing of April 15, 2026. Mitchell Decl. ¶ 10 (attached as Exhibit 12). Mr. Cooprider's attorneys had been seeking access only to Ms. Davis's cell phone in their court filings and at the hearing of April 15, 2026, and Mr. Mitchell regarded their sudden and last-minute demand for Ms. Davis computer as an improper attempt to move the goalposts and obtain access to Ms. Davis's computer without going through the channels required by the rules of civil

4

procedure. *See id.* at ¶ 11. If Mr. Cooprider's attorneys had served a request for production for Ms. Davis's computer, then Mr. Mitchell would have objected on the ground that such a request is not proportional to the needs of the case and is unduly burdensome. Mr. Mitchell was not willing to stipulate that Ms. Davis surrender her computer absent a formal discovery request, to which he would have objected, or a court order compelling production of the computer. *See id.* at ¶ 12.

Ms. Davis was also unwilling to turn over her computer to Mr. Vasiliou when no discovery request for her computer had ever been served, when no court order instructed her to produce her computer, and when Mr. Cooprider's attorneys had never mentioned Ms. Davis's computer or asked for its production in any of their court filings or at any hearing before this Court. *See id.* at ¶ 13. Ms. Davis therefore produced her iPhone to Mr. Vasiliou on Tuesday, May 12, 2026, but refused to produce her computer.

Ms. Klein responded by serving a discovery request on May 14, 2026, for Ms. Davis's "current iPhone, all phones you have used between 1/1/2025 and the present and all computers you have used between 1/1/2025 and the present and iCloud remote storage." After serving this discovery request, Ms. Davis filed an emergency motion asking this Court to order Ms. Davis to "immediately produce all DEVICES and access to her iCloud as defined in the ESI requests." FRCP 29(b) Motion, ECF No. 66, at ¶ 8. Later that day, the Court ordered Ms. Davis to "produce and/or provide access to her phone, computer(s), iCloud account, and any other personal device or account that may contain text messages or emails (e.g., an iPad, any external hard drives containing backups) no later than May 15, 2026, at 3 p.m. CST." Order, ECF No. 67.

After the Court issued its order, Mr. Mitchell immediately e-mailed Ms. Klein and wrote: "How do you want to proceed on this? Is George planning to obtain her computer before 3:00 P.M. tomorrow?" E-mail from Jonathan F. Mitchell to Beth Klein of May 14, 2026, at 6:11 P.M.

(attached as Exhibit 6). Ms. Klein wrote back at 8:56 P.M. on May 14, 2026, and told Mr. Mitchell

that Ms. Davis would have to drive from Corpus Christi to Dallas, which is a more than seven hour

drive, and deliver her computer to Mr. Moskowitz's law office by 9:00 A.M. the next morning:

> I talked to Geroge. He cannot provide concierge service to Liana as we tried to convince her to do.
>
> George will meet Liana at 9:00 at Barry and Victoria's office 700 North Pearl Street Twenty-Fifth Floor - Plaza of the Americas Dallas, TX 75201 to copy her computers, phones and obtain access to her iCloud.
>
> This is the very best we can do to meet the deadline.

E-mail from Beth Klein to Jonathan F. Mitchell of May 14, 2026, at 8:56 P.M. (attached as Exhibit

7). Mr. Mitchell responded and protested that Ms. Davis could not possibly drive more than seven

hours from Corpus Christi to Dallas that night while she is in her third trimester of pregnancy with

twins and cares for three small children at home:

> Counsel:
>
> Dallas is seven hours from Corpus Christi. My client cannot drive seven hours from Corpus Christi to Dallas to deliver her computer by 9 a.m. tomorrow.
>
> Please propose another arrangement. My client will provide access to her computer in compliance with the Court's order. But she is under no obligation to drive seven hours tonight to bring the computer to Dallas by 9 a.m. tomorrow.
>
> —Jonathan

E-mail from Jonathan F. Mitchell to Beth Klein et al. of May 14, 2026, at 10:22 P.M. (attached as

Exhibit 8). Mr. Moscowitz wrote back to Mr. Mitchell and insisted that Ms. Davis undertake an

immediate seven-hour trek from Corpus Christi to Dallas to comply with the Court's order:

> Your client is under an obligation to deliver the devices by 3:00 p.m. She should make arrangements to be at my office to deliver the devices by that time. This is not a problem of my doing or Beth's doing or, in all honesty, your doing. Your client has put herself in this position by not turning over the devices when George was in Corpus. Instead, she demanded a Court order, which she got. It is going to take several hours to obtain the information from her devices, so she should plan

accordingly, which may include an overnight stay in Dallas.  The good news is that there is a Marriott hotel attached to my office and I believe we get a good rate there. I can have my assistant check into the rates if you want me to do so.

Please let me know when she is on the road so I can advise George when to get to my office.

E-mail from Barry Moscowitz to Jonathan F. Mitchell of May 15, 2026, at 5:59 A.M. (attached as Exhibit 9). After Mr. Mitchell reiterated that Ms. Davis would not give into their bullying tactics and drive more than seven hours from Corpus Christi to Dallas while heavily pregnant with twins and caring for her three children, Ms. Klein asked if Ms. Davis would mail her computer overnight to George Vasiliou and have it arrive by Saturday, May 16, 2026. *See* Mitchell Decl. ¶ 15 (attached as Exhibit 12). Mr. Vasiliou, however, was departing for Portugal on Monday, May 18, 2026, so Ms. Davis, Mr. Mitchell, and Mr. Vasiliou all concluded that it would be too risky to overnight the computer to Mr. Vasiliou for forensics imaging under these circumstances. *See id.* at ¶ 16. Ms. Klein then proposed that Ms. Davis mail her computer to Russell Chozick in Austin. *See id.* at ¶ 17. Ms. Davis and Mr. Mitchell agreed to this and Ms. Davis sent the computer to Mr. Chozick by FedEx on May 17, 2026. *See id.* It is scheduled to arrive by Tuesday, May 19, 2026. The receipt confirming shipment of the computer is attached as Exhibit 1.

**Defendant's Statement**

Defendant Christopher Cooprider ("Defendant") files this, his Status Report in response to the Court's May 14, 2026, Order [Dkt. 67] regarding this continuous discovery nightmare.

1.      **The Status of the Computer**:  On Friday May 15, 2026, Defendant's retained computer forensics expert, George Vasiliou, was in Dallas, Texas to provide concierge service to Liana Davis, in order to preserve the data on her laptop computer.  Mr. Vasiliou was unable to travel to Corpus Christi on this date. Ms. Davis complained that making her travel to Dallas was unfair and

7

would not do it because she is pregnant. She also failed to arrange for any other methods to deliver the computer to Mr. Vasiliou.

2.     Wanting simply to get the device by the Court ordered deadline, Defendant asked Plaintiff's counsel for assistance in finding a local forensic computer investigator as well as provided a list of five potential investigation firms. Plaintiff's counsel responded that it was not his or Davis's problem, he was too busy with briefs in other cases and that Defendant Cooprider caused all of these problems thus should deal with it alone. Plaintiff's counsel indicated that Plaintiff was completely justified in not providing her computer before, because there was no court order in place. (Albeit Defendant provided his computer, even though there was no court order in place.)

3.     Plaintiff's counsel called all of the investigation firms and none could help by the deadline, none of the labs were in Corpus Christi, and the computer would have to be overnighted to a lab. Undersigned counsel conferred with George Vasiliou who agreed to accept the computer by direct mail to protect the chain of custody, and it was made clear that he had to receive it on Saturday. His address was provided at 1:15 pm MT/2:15 CT.

4.     Davis never mailed the computer to Mr. Vasiliou because she determined that there was a likelihood that he would not receive it until Monday, which would arrive too late because Mr. Vasiliou would not be at home.

5.     Upon learning from Mr. Vasiliou on Saturday morning that Ms. Davis was still in possession of her laptop, undersigned counsel immediately contacted Russell Chozick, Director of Forensic Operations at Array Forensics. Conflicts were cleared, and undersigned counsel requested that the computer be sent to Array, 5508 US Hwy 290 West, Suite 350, Austin, TX

8

78735.  Ms. Davis went to FedEx on Sunday, May 17, 2026, and finally dropped off her computer. As of this morning, the computer is still at the FedEx in Corpus Christi waiting for pickup.

6.     In sum after all the noncompliance with this Court's Orders, Ms. Davis's computer is in transit to the second computer forensic expert that Defendant has retained.

7.     **Status of the Cloud:**  On Friday May 15, 2026, Ms. Davis worked with Mr. Vasiliou on the two-step authentication process to try to mirror her cloud. Apparently, within the past week Apple changed their protocols, and the Cloud could not be accessed.  The Apple help desk was closed.  Mr. Vasiliou asked for a complete cloud download, which was downloaded.  It will arrive sometime in the next seven days.

Dated: May 18, 2026

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
  *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff*

 /s/ Beth Klein
BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

*Counsel for Defendant*
*Christopher Cooprider*

## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

*Counsel for Defendant*
*Christopher Cooprider*

   /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff*