**From:** Beth Klein beth@bethklein.com 📎
**Subject:** RE: Liana Davis
**Date:** May 29, 2026 at 6:54 AM
**To:** Jonathan Mitchell jonathan@mitchell.law, Mikal Watts mikal@wattsllp.com, Moscowitz, Barry bmoscowitz@thompsoncoe.com
**Cc:** Talcott Franklin tal@tfpc.me

Jonathan,

I am between planes in Houston, and I wanted to give you some additional information. If you would please read Defendant's motion it requests in paragraph 8:

Plaintiff requests that DAVIS be ordered to immediately produce all DEVICES and
access to her iCloud as defined in the ESI requests. **Plaintiff further requests that the
forensic expert be immediately permitted to conduct the ESI searches on the limited data
extracted from DAVIS's iPhone and analyze the movement of chunks of data.**

The ESI was attached to the Motion. The Court granted the motion and ordered that the forensic expert could immediately conduct the ESI search on the limited data extracted from DAVIS"S IPhone and analyze the movement of chunks of data. The Court says that the purpose of allowing this is to deal with spoliation and merits discovery. And the judge was right to order an immediate investigation into spoliation; in this case it is grave. The expert was ordered to immediately begin his work.

I requested as a priority an analysis whether ANY communications existed on the IPhone between the individuals listed in the ESI request served on you on May 13, 2026.

I understand that the expert conducted a search with background investigation reports that I provided on the witnesses with their known phone numbers and found that the communications were scrubbed. And with respect to Ami Amoroso, her contact was reduced to the letter A. Your client, with your helpful interjections, testified yesterday that when she began preparing her responses to RFP 2 and 3 she saw communications on her phone from the listed individuals. She

determined that they were not relevant on her own.  And they are gone.  Ms. Davis confirmed that communications existed, and now there are nowhere.  I asked her whether they were; she had no answer.  Previously she has sworn that these communications were deleted before the litigation, but she saw them when she was answering discovery.

I was provided two notes where Ms. Davis tracks her menstrual cycle.  If you look at the discovery, you will note that she lied in her responses.  I will disclose the screen shots of the notes.  Your client has again been caught in falsifying discovery.

You have Exhibit 40 which does not contain any privileged information, but it is damning because it contains the admissions of Liana Davis to poison her husband and to frame my client.  This entire case is a fabrication.

Now, we need to discuss Ms. Davis's outrageous and intentional failure to comply with the Order at issue.  I told you she had two phones and we needed both; especially the ones used on the night of April 5.  She hid her phone that she used to record that evening from us and she testified that she has moved data from that phone "in her drawer or closet."  This phone contained critical time stamped files of the recordings that she manipulated – started and stopped manually- on April 5, 2025.  She has never produced that phone despite the Court's order.

I didn't review any notes with attorney client information.  I used May 2025 as a very conservative time frame to make sure that I didn't review anything.  I told the expert that any such thing had to be sequestered.

I hope this is helpful to your understanding.  We are evaluating the sanctions under Rule 11 (with a safe harbor 21 day period) and sanctions for discovery abuses.

Thanks

**Beth Klein**
Phone 303-448-8884
beth@bethklein.com
Fax 720-307-2816
Documentary  Website
350 Market Street, Suite 310 Basalt CO  81621



BETH KLEIN

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Friday, May 29, 2026 4:19 AM
**To:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Moscowitz, Barry <bmoscowitz@thompsoncoe.com>
**Cc:** Talcott Franklin <tal@tfpc.me>
**Subject:** Re: Liana Davis


Beth:

I did not say that the material in Exhibit 40 is privileged.

The problem with Exhibit 40 is that it shows that you obtained access to the "notes" on Ms. Davis's iPhone in violation of the Court's order of May 14, 2026, which incorporates the proposed stipulation in ECF No. 66-1.

We did not produce those notes in discovery and you never served a discovery request for them. Nor did you request those notes from any third party in any of the subpoenas that you noticed in this case. Exhibit 40 shows that you obtained them from Mr. Vasiliou.

Please immediately tell us whether you will agree to temporarily treat any data or materials that you have obtained from Ms. Davis's iPhone or other devices, as well as any data or materials from Ms. Davis's devices that Mr. Vasiliou has shared with you, as "Highly Confidential—Attorneys' Eyes Only" until the Court resolves whether you lawfully obtained these data and materials.

We have not shared or provided the link with others and will not do so until the Court resolves this. Please let us know if you will agree to do the same.


— Jonathan

—Jonathan

On May 29, 2026, at 4:07 AM, Beth Klein <beth@bethklein.com> wrote:

I'm traveling today and have reached out to all counsel to discuss your concerns.   We will be formulating our response as we are able to confer on our side.

Please specifically identity what you believe is privileged in exhibit 40.m that was disclosed and proved. As a marked exhibit prior to the depo.

The "breathe" and "you don't deserve this" notes predate your retention. The exhibits were distributed to you counsel the reporter and videographer through the link.   If you provided the link to others, you should reach out to them.

I am writing this on my phone in a van and i apologize for any typos and brevity.   But I wanted you to know our status.


Beth Klein
Mobile response


----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842


**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in

this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**