**From: Beth Klein** beth@bethklein.com
**Subject:** ESI discovery
**Date:** May 30, 2026 at 7:58 AM
**To:** Jonathan Mitchell jonathan@mitchell.law, Mikal Watts mikal@wattsllp.com, Moscowitz, Barry bmoscowitz@thompsoncoe.com, Joshua Tolin joshua@veritasmilitarylaw.com, George Vasiliou george.digitalfs@gmail.com

Jonathan,

I received a copy of the below email that you sent to George setting out your incomplete understanding of the posture of ESI discovery.

As you know we tried to negotiate a protocol informally for the exchange of devices and drafted several stipulations to make your client "comfortable" so she would comply with the representations of counsel to turn over devices.

Unfortunately, with your complete support, Ms. Davis refused to allow you to sign any stipulation and demanded a court order.

Given her refusal, I sought and received the ESI order which incorporates the processes I provided in the stipulation.  This is now the governing order of the case.

The Defense has followed the ESI order and all provisions.   You seem to believe that the ESI is supposed to be held in limbo under some informal agreement that is now superseded by court order.  You told your client that you were "double crossed."  You accused me of engaging in "illegal" activities and have personally threatened me.  You told Ms. Davis that I had invaded her privacy and looked all attorney client notes.  You never told her about the Order of the court or how the ESI process works.

There is also an Agreed Protective Order that controls all confidential information.   All data from the devices has been designated as confidential in the stipulation incorporated into the court order.

Any copying or transfer of data must comply with the procedures in the Agreed Protective Order that you signed.  I understand that you have demanded that George copy all of Cooprider's data and send it to a person unknown to me.   Comply with the Court Order and copy all counsel communications and demands to all ESI experts.   We may seek a protection order because we believe you are feeding the NCIS and jeopardizing Mr. Cooprider's constitutional rights.  I am very concerned that you will not comply with the protocols, orders, and rules.

You have no stipulation or order for any ESI search on Cooprider's devices. During the deposition you told me that you intended to take the devices and essentially do whatever you want as a goose gander move.  You cannot.

I will do formal expert disclosures of the documents I received.  The data analysis I received is that Ms. Davis scrubbed the key witness texts from the one phone she produced.

I want to know what procedures you put in place beginning in May 2025 to ensure that Ms. Davis didn't spoil evidence.

We will also ask the court to remove the confidentiality status from Exhibit 40.

Thank you

Beth Klein


George:

Thank you for all of your work on my client's devices.

I have a question about the attached forensic examination report. It appears that you prepared and sent this report to Ms. Klein, and it contains several verbatim excerpts from my client's "Notes" app that you extracted from her iPhone. Ms. Klein introduced this document as an exhibit at my client's deposition earlier today.

My understanding was that you would not be producing any of the data from my client's devices absent a court order or stipulation of the parties, and that you would secure the data and serve as custodian of the data until a court order or stipulation authorized disclosure of the data.

Perhaps I misunderstood the arrangement, but could you please explain why you disclosed these notes to Ms. Klein? Is it your understanding that I am also authorized to obtain some or all of the data that you extracted from Mr. Cooprider's devices? Both my client and I thought that counsel would be unable to access the contents of any of these devices absent a stipulation or order of the court. It is also not clear to me why those particular notes were shared with Ms. Klein and not others.

Thank you considering this, and my apologies if there was a misunderstanding on my part about how the data would be shared with opposing counsel post-extraction.


—Jonathan

Beth Klein
Mobile response