UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Liana DAVIS,                                              *

        Plaintiff,                               *

                                                 *

v.                                                       *          Case No. 2:25-cv-220

                                                 *

Christopher Cooprider, et al.                            *

        Defendants.                              *

## RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW Counter-Plaintiff Christopher Cooprider ("COOPRIDER") who responds to Plaintiff's Motion for Protective Order as follows.

### A.    Background.

The history of the struggle to obtain basic information from Liana Davis ("DAVIS"), her repeated efforts to misdirect the Court and Counsel and to stop all efforts to obtain evidence is well documented.

1.  DAVIS has repeatedly made false statements to this Court that evidence did not exist, when it did.

2.  DAVIS refused to cooperate in providing her phones and all of her devices to secure the ESI evidence leading to a May 14, 2026 emergency ESI order for immediate ESI discovery.

3.  DAVIS has not complied with the May 14, 2026 ESI Order because she is withholding a key second phone used to record COOPRIDER on the night of April 5, 2025 and her iCloud remains *only* accessible to her.

1

4.    In following the May 14, 2026 ESI protocols and Orders exactly, COOPRIDER has confirmed that DAVIS scrubbed communications between DAVIS and key witnesses from her phone up to the time George Vasiliou created a mirror image.

**B.    Two False Declarations of Liana Davis regarding Yvonne Yakopovich and withholding of responsive documents until May 11, 2026.**

1.    The Declaration of Liana Davis (Exhibit A) dated March 30, 2026 Docket No.. 42 -2, paragraphs 13 and 14 falsely states:

> 13. On March 26, 2026, I learned that Ms. Klein was accusing me of withholding communications that I had with Kyle and Yvonne Yakopovich. But I never texted or communicated with Kyle Yakopovich in my entire life. **And I deleted my text messages with Yvonne Yakopovich before this litigation started.**
> 14. On Sunday, March 29, 2026, I discovered that my Decipher app could recover my previously deleted text messages with Yvonne Yakopovich. I immediately extracted those messages and forwarded the responsive texts to my attorney.

2.    On April 8, 2026, DAVIS disclosed more responsive texts.  (Exhibit B.)

3.    Continuing to obstruct the turnover of critical discovery, Davis filed a second declaration dated April 9 2026, Docket No. 50-2 Paragraphs 6, 7, 8, and 12 (Exhibit C) which falsely states:

> 6. I have produced all responsive text messages between myself and Yvonne Yakopovich that are in my possession, custody, or control. **The only text messages that I exchanged with Ms. Yakopovich that discuss Mr. Cooprider or my pregnancies took place between April 1, 2025, and April 7, 2025. The remaining text messages that I exchanged with Ms. Yakopovich are non-responsive and non-discoverable**.
> 7. I have produced all other responsive communications requested by Mr. Cooprider's attorneys in Request for Production No. 2.

8. I have never destroyed or spoliated evidence on Christopher Cooprider's phone.

12. I have produced all text messages that I exchanged with Ms. Yakopovich between April 1, 2025, and April 7, 2025, and **those are the only responsive and relevant text messages that I have ever exchanged with Ms. Yakopovich.**

4.      On April 14, 2026, DAVIS extracted even more damning responsive texts that are outside her April 1 and April 7, 2025 time limitation.  (Exhibit D).  Mr. Mitchell withheld these documents for nearly a month and finally disclosed them on May 11, 2026 as the transmittal bate stamp indicates.

From: Jonathan Mitchell jonathan@mitchell.law Sent: Monday, May 11, 2026 5:52:32 PM To: Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Moscowitz, Barry bmoscowitz@thompsoncoe.com Cc: Talcott Franklin tal@tfpc.me Subject: additional text messages between Ms. Davis and Ms. Yakopovich.  Attachments available until Jun 10, 2026 Counsel: Attached are **additional responsive text messages between Ms. Davis and Yvonne Yakopovich**.  Jonathan Click to Download

5.      DAVIS falsely swore to this Court that additional texts were "non-responsive" in response to the very request, Cooprider has been working with this Court to obtain:

REQUEST FOR PRODUCTION NO. 2: ALL COMMUNICATIONS between YOU and the following individuals between November 1, 2024 and the present:

(a) Ami Amoroso;
(b) CHRIS COOPRIDER;
(c) Devan Davis;
(d) Melisa Madrigal;
(e) Your present or past boyfriend named "Marshall;"
(f) Casey Pyle;
(g) Jackie Samuelson;

3

(h) Kyle Yakopovich;
(i) Yvonne Yakopovich; and
(j) Anna Ziarko;
concerning YOU, YOUR pregnancy(ies), the termination thereof—whether real or suspected, and/or CHRIS COOPRIDER.

6.    These texts, DAVIS said to not exist, are on point and were intentionally withheld since October 2025.  These texts clearly include information about her pregnancies and Chris Cooprider.  DAVIS has obstructed discovery throughout these proceedings.

**C.    <u>Refusal to Cooperate in Securing Electronic Evidence.</u>**

7.    DAVIS refused to produce her phone without a written court order; her attorney finally convinced her to produce it.  Stating that she was "reluctant" is an understatement.  DAVIS also refused to produce her computers, access to her iCloud, and the second phone without a Court Order.  To date, DAVIS has not produced her second phone that she hid in her purse on April 5, 2025 recording COOPRIDER.  Her deposition testimony Rought draft Page 10, lines 20 to page 11, line 20 and Page 112, line 23 to Page 113, line 17 (Exhibit E):

7.    The original recording from April 5, 2025 should be date and time stamped so that the timeline of the night of the alleged incident can be determined.  Instead, DAVIS decided to transfer recordings to new devices, and the time stamps have changed.

8.    The May 14, 2026 Order indicates that DAVIS was Ordered to produce and/or provide access to her phone, computer(s), iCloud account, and any

4

other personal device or account that may contain text messages or emails (e.g., an iPad, any external hard drives containing backups) no later than May 15, 2026, at 3 p.m. CST.  She did not; and will not.

9.      DAVIS does not believe that Court orders apply to her.

**D.      When DAVIS refused to produce her devices, COOPRIDER sought and was GRANTED and ESI Order for preservation imaging and extracting of the ESI from the mirror image of DAVIS's phone as requested.**

10.      On May 13, 2026, COOPRIDER served and ESI request pursuant to Rule 24 and notified DAVIS that a shortened time to respond would be sought.

11.      To date DAVIS has not indicated that any of the time parameters, limitations, or requests are objectionable in the ESI request.

12.      This ESI request, a copy of the draft stipulation that DAVIS refused to sign, and a Motion requesting immediate production of all devices **and extraction** was filed with this Court on May 14, 2026.   The draft stipulation was written before COOPRIDER obtain the May 14, 2026 Court Order.

13.      The Court granted the Motion.  The Order was Provided to George Vasiliou who has signed the Protective Order Exhibit F.  Mr. Vasiliou followed the ESI order.  After being accused of a criminal, Mr. Vasiliou ceased all work.

14.      Mr. Vasiliou using phone numbers for the list of witnesses in the ESI protocol learned that DAVIS has wiped her communications with witnesses. This artifact shows that DAVIS altered the contact information for Ami

5

Amoroso, her sister and changed the name to a letter A.  This was done to make searches for text messages more difficult.  This artifact shows that DAVIS texted Ms. Amoroso right before Mr. Vasiliou took possession of her phone to notify Ms. Amoroso that she had a burner phone with a new number.  ALL other communications between Ms. Amoroso and DAVIS have been destroyed up to the time that Ms. Vasiliou took possession of DAVIS'S phone.



15.    These communications requested in ESI 2 – 10 are not on the mirror image of the DAVIS phone.

> Request No. 2 Produce all DEVICES for extraction of all COMMUNICATIONS in native format between YOU and YVONNE YAKOPOVICH  Cell phone number 724-858-7419 from 4/1/2025 to the present.
>
> Request No. 3  Produce all DEVICES for extraction of all COMMUNICATIONS in native format between YOU and AMI AMOROSO from 1/1/2025 to the present.

6

Request No. 4  Produce all DEVICES for extraction of all COMMUNICATIONS in native format between YOU and ANNA ZIARO from 1/1/2025 to the present.

Request No. 5 Produce all DEVICES for extraction of all COMMUNICATIONS in native format between YOU and JANA PINSON from 1/1/2025 to the present.

Request No. 6 Produce all DEVICES for extraction of all COMMUNICATIONS and in native format between YOU and THE PREGNANCY CENTER OF COASTAL BEND from 1/1/2025 to the present.

Request No. 7 Produce all DEVICES for extraction of all COMMUNICATIONS between YOU and MARK LEE DICKSON from 1/1/2025 to the present.

Request No. 8 Produce all DEVICES for extraction of all COMMUNICATIONS between YOU and KRISTY LOESEL (814) 823-4615 from 1/1/2025 to the present.

Request No. 9  Produce all DEVICES for extraction of all COMMUNICATIONS between YOU and ROMY SATERY FROM 1/1/2025 to the present.

Request No. 10  Produce all DEVICES for retrieval and extraction of all COMMUNICATIONS between YOU and any person between 5:00 am on 4/4/2025 and midnight 4/7/2025.

16.    In deposition, DAVIS confirmed that when she began answering discovery she had communications on her phone with some, if not all of these witnesses as she testified Exhibit E Pages 52, line 21 to 53, line 22:

Q.    Ma'am, I'm just -- we're focusing on your sister, Amy Amoroso.  And I'm asking you if you had on your phone text messages dating from November 1st, 2024 to the present when you started answering these questions.
          MR. MITCHELL:  Regardless of whether they

7

53

were relevant or responsive.  Any kind of text messages is what she's asking.

A.  My recollection is that -- I don't know how to answer that without getting into attorney-client privilege, but the task ultimately ended up not being to turn over all text messages, including those that have nothing to do with the case.  The task was to turn over those that were relevant.

MR. MITCHELL:  What she wants to know is do you have any text messages with your sister, relevant or not.  That's all she's asking.

A.  **I do have text messages with my sister, yes.**

Q.  **Where are they?**

A.  **Where I text from, on my phone or I might have various copies from this program called Decipher on my laptop.**

Q.  **Dr. Davis, can you explain why every single text message between you and Amy Amoroso has been scrubbed from your phone that you turned over to the defense under court order?**

MR. MITCHELL:  **Objection, form.**

A.  **I don't know what you mean by scrubbed.**

17.   COOPRIDER had to and ***obtained a Court Order*** with the ESI protocol incorporated which have been followed.  DAVIS apparently takes the position that a ***second*** court order or a stipulation was required.  Additionally, DAVIS takes the position that the verbal communications during negotiations to resolve this dispute bind the Court and parties and supersede this Court's Order.  The May 14, 2026 Order supersedes the negotiations and was necessitated because DAVIS was uncooperative. The Order does not read that COOPRIDER needed to obtain ***another*** ESI Order. This would have only delayed the discovery of the spoliation, and additional spoliation would not have been stopped.

8

18. Every single lawyer for COOPRIDER read the May 14, 2026 Court order as an order to conduct the ESI extraction in light of the false statements, refusal to cooperate in producing devices, and movement of massive quantities of text messages to the iCloud which COOPRIDER **cannot access**.

19. In ESI item 18, COOPRIDER specifically requested "Produce all DEVICES for retrieval and extraction of all voice memos, notes, calendar events, and reminders created between 1/1/2025 and 5/1/2025. The time parameter of May 1, 2025 predates the date Mr. Mitchell was retained, and all communications with all of DAVIS's attorneys were excluded in paragraphs 1, 2 and 3 under exclusions.

20 The confessional memo in Exhibit 40 is confirmed not to be privileged and was obtained pursuant to Item 18 listed in the ESI request. Exhibit 40 was handled above-board, in routine practice and was disclosed to DAVIS on May 17, 2026. In the regular course of the litigation process, it was pre-marked as an exhibit the day before the deposition and provided to DAVIS with the other exhibits.

21. In this memo, Exhibit 40, DAVIS confesses.

22. With further delay to obtain a second Order or try to work out a stipulation (which would likely have been impossible), this evidence would have likely been destroyed by DAVIS.

**E. Conclusion**

COOPRIDER sought and was granted the May 14, 2026 Order for significant reasons arising from DAVIS'S repeated discovery abuses. DAVIS has been willing to repeatedly bear false witness to this Court. The evidence extracted from DAVIS's

phone pursuant to the Order shows that she has engaged in a pattern of fraud and spoliation. The actual result of the Motion for Protection before the Court is to reward DAVIS's evidence spoliation and frauds.

Further ESI analysis ***might have been to the benef***it of DAVIS because the missing texts might have been found on her laptop or cloud. If the Court wishes to stop ALL ESI discovery at this point, then the record of spoliation is confirmed and clear. COOPRIDER should not have to spend additional resources chasing this evidence. It should have been secured and produced in October 2025.

WHEREFORE, COOPRIDER requests that the Motion for Protective Order be Denied, or in the alternative that no further ESI discovery take place and that the spoliation of evidence is finalized and the record set for trial. COOPRIDER further requests that Exhibit 40, and the screen shots obtained from DAVIS's phone be made public as they do not rise to the standard for any suppression under __June Medical Services LLC. v. Phillips__. And for further relief as the Court deems just.

June 2, 2026

Respectfully submitted,
WATTS LAW FIRM LLP

By: /s/ *Mikal C. Watts*
Mikal C. Watts
WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
ATTORNEY-IN-CHARGE FOR CHRISTOPHER COOPRIDER

Beth A. Klein
BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

## CERTIFICATE OF SERVICE

I certify that on June 2, 2026 I SERVED the foregoing via ECF on all counsel of record.

/s/ *Beth A. Klein*
Beth A. Klein

11