**From: Moscowitz, Barry** BMoscowitz@thompsoncoe.com 📎
**Subject:** RE: draft stipulation and order [IMAN-TCLAW.FID2728850]
**Date:** June 9, 2026 at 9:34 AM
**To:** Jonathan Mitchell  jonathan@mitchell.law
**Cc:** Beth Klein beth@bethklein.com, Mikal Watts mikal@wattsllp.com, Talcott Franklin tal@tfpc.me, Jimenez, Victoria VJimenez@thompsoncoe.com, Hamby, Oliver OHamby@thompsoncoe.com, John C. Sullivan john.sullivan@the-sl-lawfirm.com, Cliff P. Riley cliff.riley@slfirm.com, Dupen, Craig CDupen@thompsoncoe.com

See my responses below in red.

**THOMPSON COE**
EST 1951
**75 YEARS**

Barry Moscowitz • Partner
700 North Pearl Street, 25th Floor, Dallas, TX 75201
o: 214-871-8275 • m: 214-909-7236
bio • vCard • web

Mitchell <jonathan@mitchell.law>
**Sent:** Tuesday, June 9, 2026 11:20 AM
**To:** Moscowitz, Barry <BMoscowitz@thompsoncoe.com>
**Cc:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Talcott Franklin <tal@tfpc.me>; Jimenez, Victoria <VJimenez@thompsoncoe.com>; Hamby, Oliver <OHamby@thor <CDupen@thompsoncoe.com>
**Subject:** Re: draft stipulation and order [IMAN-TCLAW.FID2728850]

Barry:

(1) I did not see a "proposed initial ESI protocol" as an attachment to your e-mail of 10:25 a.m. this morning.  Sorry about that.  I have attached it to this e-mail.  It is meant to be

(2) The stipulation must provide that the forensics expert will be appointed by the Court and report directly to the Court. That is a deal-breaker for me. I'm fine with the expert be that change and I will review.

(3) Your definition of "the conclusion of the case" in paragraph 2 is inadequate. If the case settles or if a party voluntarily dismisses the case, there will be no "final appealable O Then propose your change to the relevant paragraph and I will review.

(4) I reached out to Russell Chozick yesterday but have not heard back from him. I am willing to have Mr. Chozick serve as the custodian if he executes a sworn affidavit denyin directly to the Court.   Fine by me.  Let me see the affidavit you would like him to execute.  See also my comments to (2) above.

(5) Your revisions to paragraph 4 are unacceptable. You told George Vasiliou that you had a "signed ESI order of the Court" when you accessed the contents of my client's cell order of May 14, 2026, as a "signed ESI order." We need explicit language that will stop you from repeating what you did with George Vasiliou.   I don't really know what you are

(6) There must be a provision for sanctions if an attorney accesses data or communicates with the court-appointed forensics expert in violation of the stipulation.  I don't think th going to be communicating directly with Mr. Chozick other than what is provided for in the proposed stipulation, and I suspect you are similarly not going to contact him.  What if sanctioned for that.

(7) I will not have Ms. Davis agree to turn over "all devices containing potentially relevant electronic data, images, information, metadata, etc. within three (3) days of this Order." and (2) what Judge Morales stated during our last hearing where explicitly told you he did not want to learn that there is a third or fourth cell phone/device.  He wants this done a

You have not served a discovery request of that breadth, and I would object if you did. The RFPs that you served on May 13, 2026, refer to "your current I-phone, all phones you remote storage."

The motion for sanctions that you filed on May 29, 2026, refers only to Ms. Davis's second iPhone that was mentioned during her deposition, and the Court's minute-entry order expert."

You are (once again) moving the goalposts at the last minute by including a demand for "children's toys" that "have recording technology" when you never served a discovery re phone and the appointment of a forensics expert.

(8) I am willing to drop paragraphs 10 and 11 of my initial draft from the stipulation but do not interpret that as a concession that I am no longer demanding that you and George That is fine.

Our status report to the Court is due in 40 minutes. I will draft a report informing the Court that we have exchanged proposals and I will attaching our e-mailed correspondence. like to get this finalized sooner in the sense that we either come to full agreement on these issues or we decide we will submit our difference in a Joint Status Report.  Let's get t me the proposed correspondence with the Court before you submit it.

—Jonathan

On Jun 9, 2026, at 8:25 AM, Moscowitz, Barry <BMoscowitz@thompsoncoe.com> wrote:

Attached are the following documents:

- A redlined version reflecting our changes to the draft Joint Report
- A clean version reflecting our changes to the draft Joint Report
- A propose initial ESI protocol

We are good with the filing of all the attached documents, but if you have any changes or would like to discuss further, feel free to give me a call.

Take care.

<image001.png>

Barry Moscowitz • Partner
700 North Pearl Street, 25th Floor, Dallas, TX 75201
o: 214-871-8275 • m: 214-909-7236
bio • vCard • web

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, June 8, 2026 11:40 AM
**To:** Moscowitz, Barry <BMoscowitz@thompsoncoe.com>
**Cc:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Talcott Franklin <tal@tfpc.me>; Jimenez, Victoria <VJimenez@thompsoncoe.com>; Hamby, Oliver <OHamby
**Subject:** draft stipulation and order

**Subject:** draft stipulation and order

Counsel:

Our draft stipulation and order is attached. Comments and proposed edits are welcome. Please make any edits in redline.

—Jonathan

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain informat
recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited.
received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

<Davis v. Cooprider Joint Status Report BAM Edits (6.9.26) (clean).docx><Davis v. Cooprider Joint Status Report (Def redlines).docx>

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain information th
disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

**Stipulated ESI
Agreement.docx**
30 KB