UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a wrongful death action before the Court on diversity jurisdiction. Plaintiff asserts Defendant, who is currently serving as a Marine, secretly placed abortion pills in her beverage, terminating her pregnancy. The undersigned, pursuant to 28 U.S.C. § 636, has been referred two Non-Party City of Corpus Christi's Police Department's ("CCPD") Motions to Quash Subpoena and Motions for Protective Order. (D.E. 43; D.E. 44 and D.E. 78).[1]

Defendant has submitted subpoenas to CCPD Detective Michael Manzano and to the CCPD custodian of records setting depositions as well as requesting the production of audio recordings taken as part of the CCPD criminal investigation. (D.E. 43, Page 8 and D.E. 44, Page 8). CCPD moves for protective orders and orders quashing the subpoenas

---

[1]The Court's docket inadvertently shows the entire case as being referred to the undersigned for case management. Accordingly, the Clerk of Court is **DIRECTED** to update the Court's docket to accurately reflect the limited referral order. (D.E. 78).

1 / 4

at issue because the information sought is confidential under the law enforcement privilege asserting release of the information would interfere with an open and ongoing criminal investigation. CCPD has attached an affidavit dated March 6, 2026 from Special Agent Arturo Hernandez of the Naval Criminal Investigative Service ("NCIS") in support which states there is an active federal criminal investigation currently being conducted by NCIS under NCIS Control Number 22APR25-CNCC-0016-7VMA.  (D.E. 43, Pages 2, 12-13 and D.E. 44, Pages 2, 12-13).   Defendant responds that the privilege has lapsed and/or expired as CCPD closed their investigation on May 15, 2025, advising that no charges would be pursued.  (D.E. 52; D.E. 53). Defendant also responds he "is willing to limit the subpoena[s] to encompass [only] Plaintiff's recorded statement," excluding the requested recording of Plaintiff's neighbor as well as any other audio recordings.  (D.E. 52, Pages 5-6 and D.E. 53, Pages 5-6).[2]  Defendant further responds that the NCIS investigation does not provide a basis for CCPD's privilege to withhold the testimony of Detective Manzano. (D.E. 54, Page 3).

The parties do not dispute that a law enforcement privilege protects investigative files pertaining to ongoing criminal investigations from being disclosed as part of civil matters. *In re U.S. Dep't of Home Sec.*, 459 F.3d 565, 570-71 (5th Cir. 2006) (citations omitted); *Hacking v. Toyota Motor Corp.*, No. 4:16-cv-388-ALJ-CAN, 2017 WL 10188773, at *1 (E.D. Tex. Mar. 30, 2017) (Discussing law enforcement privilege under

---

[2]A copy of relevant audio recordings was provided for in camera review at the hearing before United States District Judge David Morales on April 15, 2026.

both federal and Texas state law).  This privilege has relevance and time constraints and lapses either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the material sought.  *Id.*  At this time, there is currently an active NCIS investigation regarding Defendant's alleged conduct.  Further, while there is no active CCPD investigation, CCPD's investigative file, including the audio recordings, has been requested and is being utilized by NCIS in furtherance of an active criminal investigation.  (D.E. 43, Page 12).  Accordingly, the undersigned finds, under the circumstances of this case, that the law enforcement privilege applies to the requested audio recordings.  Further, as to Detective Manzano's deposition, the undersigned finds he may deposed but the parties are prohibited from inquiring into privileged law enforcement matters related to any ongoing state or federal criminal law enforcement investigations in which Defendant is being investigated.  *Skyeward Bound Ranch*, No. SA-10-cv-316-XR, 2011 WL 572401, at * 2 (W.D. Tex. Feb. 12, 2011) (Permitting depositions of police officers and detectives but entering protective order limiting the scope of these depositions in accordance with the law enforcement privilege prohibiting inquiry of privileged matters relating to ongoing criminal investigations).

For the reasons stated above, the undersigned finds CCPD has met its burden regarding the applicability of the law enforcement privilege at this time. The Motions to Quash and Motions for Protective Order are **GRANTED** as to Defendant's request for any audio recordings, the deposition of the CCPD custodian of records and as to the deposition of Detective Manzano subject to the limitations discussed above.  However, once the NCIS

investigation concludes, this protective order no longer applies.  *Hacking*, 2017 WL 10188773, *4; *Terwilliger v. Stroman*, No. A-16-CV-599-SS, 2017 WL 11725323, at * 6 (W.D. Tex. Mar. 24, 2017) (Noting the criminal investigation of one party to a related civil action must not be hindered by the civil case and therefore, a limited stay of the civil action was appropriate to permit the criminal investigation to proceed).

ORDERED on June 12, 2026.

Jason B. Libby
United States Magistrate Judge