UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-220 |

### PLAINTIFF'S STATUS REPORT

Ms. Davis's attorneys have spoken to Damon O'Connell at Array LLC, the company where forensics expert Russell Chozick works, and Mr. O'Connell assured Mr. Mitchell that Array LLC has no prior relationship with any of the parties or attorneys in this case. Ms. Davis is therefore willing to consent to Array LLC's serving as the court-appointed forensics expert in this case.

On June 11, 2026, at 4:41 P.M. central time, Mr. Mitchell circulated a draft stipulation to Mr. O'Connell and Mr. Cooprider's legal team. Mr. Mitchell attached both redlined and clean copies of edits that he had made to a draft stipulation that Mr. Moscowitz had proposed on June 9, 2026. In his e-mail circulating the proposed stipulation, Mr. Mitchell wrote:

> Counsel:
>
> Attached are my edits to the draft stipulation that Barry circulated on June 9. I have attached both redline and clean versions. Comments and proposed edits are welcome.
>
> I have cc'd Damon O'Connell of Array (Mr. Chozick's company) on this e-mail. Damon, you are welcome to offer edits in redline to the proposed stipulation.

Exhibit 1. The redlined version of the draft stipulation that Mr. Mitchell circulated on June 11, 2026, is attached as Exhibit 2, and the clean version is attached as Exhibit 3.

On 5:54 P.M. central time on June 11, 2026, Ms. Klein wrote back and said:

> We need a paragraph on how Ms. Davis will provide access to her iCloud which contains 54 GB of text data. She has a two-step security policy in place. The Apple tool to download this text data doesn't work. Several attempts have been made to download this data and all have failed. There is a help ticket with Apple but the desk hasn't been helpful.

Exhibit 4. Mr. Mitchell wrote back and said:

> What more do you need from us? We've provided the password. If the Apple tool to download the data isn't working that's not Ms. Davis's fault.

Exhibit 5. Ms. Davis replied and wrote:

> If the iCloud data cannot be accessed, then it has been effectively destroyed.
>
> At this time Ms. Davis is the only person who can access the data. Merely proving passwords is insufficient with a two-step verification process as you know.
>
> She will need to be present with an investigator to allow access to the iCloud data she transferred to her iCloud to obstruct discovery. It cannot be done remotely.
>
> Damon may have a suggestion.

Exhibit 6.

On June 12, 2026, at 12:12 P.M. central time, Damon O'Connell replied to all counsel in response to Mr. Mitchell's e-mail of June 11, 2026, and wrote:

> Jonathan,
>
> Thank you for sharing the edits to the draft stipulation. After reviewing, my only suggestion would be to remove Russell Chozick's name and instead use Array, LLC as the company. This adjustment helps clarify

that there are several team members involved who will be handling the matter, rather than a single individual.

Please let me know if you have any questions or need further input.

Exhibit 7. Mr. Mitchell made those suggested revisions and, circulated a new redline and clean copy at 5:39 P.M. central time on June 12, 2026. In his e-mail to counsel and Mr. O'Connell, he wrote:

> Thanks Damon. I have made that change in the attached redline and clean copies.
>
> Counsel: Please let me know if I have your approval to file this as a stipulated agreement. I asked the Court in the status report that I filed on June 9 to allow us to continue negotiating through today, so we should file something with the Court before midnight tonight.
>
> If I do not hear from you by 11:00 P.M. tonight I will file my own status report and ask the Court to enter this as an order of the Court.

Exhibit 8. The redlined version of the draft stipulation that Mr. Mitchell circulated on June 12, 2026, is attached as Exhibit 9, and the clean version is attached as Exhibit 10. Mr. Cooprider's attorneys have not responded to the e-mail that Mr. Mitchell sent at June 12, 2026, at 5:39 P.M. central time.

Ms. Davis respectfully asks the Court to adopt the proposed order attached at the end of this status report as an order of the Court. The issues regarding access to Ms. Davis's iCloud data can be resolved later, and they are no reason to delay the transfer of data from Mr. Vasiliou to Array LLC. Mr. Cooprider's attorneys raised no other objections to the draft stipulations that Mr. Mitchell circulated in his e-mails of June 11, 2026, and June 12, 2026. The parties have reached agreement on a new forensics expert and the Court should enter an order appointing Array LLC to that role.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
  *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: June 12, 2026                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I served this document through CM/ECF upon:

Mikal C. Watts
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

Beth Klein
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

Barry Moscowitz
Victoria Jimenez
Oliver Hamby
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant*
*Christopher Cooprider*

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell
*Counsel for Plaintiff*