UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,

Defendants.

Case No. 2:25-cv-220

## ORDER

The Court ORDERS as follows:

1.  The Court appoints Array LLC to serve as a neutral custodian of the previously collected and still to-be-collected electronic data evidence. The Court orders George Vasiliou to transfer all previously collected electronic data Array LLC. Mr. Cooprider's attorneys will bear the costs, if any, incurred by the need to transfer these data.

2.  Array LLC will report directly to the Court and will secure and securely hold the data evidence as a custodian for the duration of the case or until he is released by the Court. At the conclusion of the case, which is defined as either: (a) the moment a final judgment or final decision of this Court becomes final either by the conclusion of appellate review or when the time for seeking appellate review expires; or (b) the moment at which the parties dismiss all pending claims and/or counterclaims as part of a settlement or a voluntary withdrawal of the claims, Array LLC will destroy all of the data evidence and passwords and will provide a certification of destruction.

3.  The parties or their attorneys or representatives may communicate with the court-appointed forensics expert about scheduling the transfer of data from George Vasiliou, arranging for the collection of electronic devices, or other procedural matters related to the transfer of data or collection of electronic devices provided counsel of record are copied on any such communication, but they must include opposing counsel and the Court on all such communications.

4.  Under no circumstance may the parties or their attorneys or representatives communicate with the court-appointed forensics expert or his company unless the opposing party's counsel and the Court are notified and included on the communications and the Court approves the proposed communication in advance.

5.  Under no circumstance may the court-appointed forensics expert examine or search the data evidence unless he: (a) receives a signed ESI order of the Court; and (b) notifies the Court and counsel for each party before examining or searching any of the data evidence pursuant to a signed ESI order of the Court.

6.  Under no circumstance may the parties or their attorneys or representatives access or attempt to access the data evidence held by the court-appointed forensics expert unless the opposing party's counsel and the Court are notified and the Court approves the requested access in advance. The court-appointed forensics expert must notify the Court and counsel for each party if anyone accesses or attempts to access the data evidence in his possession, custody, or control.

7.  Ms. Davis will provide to the agreed upon forensics expert the cell phone used to record Mr. Cooprider on the night of April 5, 2025. Ms. Davis will provide this phone, and any other device containing potentially relevant electronic data, images, information, metadata, etc. within seven (7) days of this Order.

Dated: _____

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE