UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-220 |

### PLAINTIFF'S RENEWED MOTION TO FILE EXHIBIT 40 AND TRANSCRIPT OF LIANA DAVIS'S DEPOSITION UNDER SEAL

On June 2, 2024, plaintiff Liana Davis filed a sealed exhibit alongside her emergency motion for protective order (ECF No. 70). The sealed exhibit was filed as ECF No. 72, and Ms. Davis's motion for leave to file this exhibit under seal appears at ECF No. 71.

On June 14, 2026, Ms. Davis filed another sealed exhibit alongside her motion to require production of communications and documents related to the unauthorized access of her iPhone (ECF No. 84). The sealed exhibit was filed as ECF No. 86, and Ms. Davis's motion for leave to file this exhibit under seal appears at ECF No. 85.

On June 15, 2026, this Court denied each of Ms. Davis's motions for leave to file under seal because neither of them addressed the standard for sealing judicial records established in *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022). *See* Order, ECF No. 87. But the Court denied the motions without prejudice, allowing Ms. Davis to renew her motions and address the governing standard.

*June Medical* holds that "[p]ublicly available information cannot be sealed." *June Medical*, 22 F.4th at 520. It also requires courts to balance "the public's common law

right of access against the interests favoring nondisclosure." *Id.* at 521 (citation and internal quotation marks omitted). In conducting this balancing test, the "working presumption is that judicial records should not be sealed," and courts should be "ungenerous with their discretion to seal judicial records." *Id.* (citation and internal quotation marks omitted). Any sealing that a court orders must also be "congruent to the need." *Id.* (citation and internal quotation marks omitted).

## I.    Exhibit 40 (ECF No. 72) Qualifies For Temporary Sealing Under June Medical

The document filed under seal at ECF No. 72 is a copy of "Exhibit 40" that Ms. Klein introduced at Ms. Davis's deposition. Exhibit 40 is a "forensic examination report" of Ms. Davis's iPhone that forensics expert George Vasiliou prepared and provided to Mr. Cooprider's legal team in violation of this Court's order of May 14, 2026 (ECF No. 67), which prohibited Mr. Vasiliou from examining or searching the data evidence on Ms. Davis's iPhone absent a stipulation of the parties or an order of the Court. *See* Stipulation and Proposed Order, ECF No. 66-1, at ¶ 9 ("Mr. Vasiliou will not examine or search the data evidence until he is provided with either a stipulation signed by both parties or an order of the Court."). Yet Mr. Cooprider's lawyers instructed Mr. Vasiliou to search Ms. Davis's phone in violation of the Court's order and prepare the report that they marked as Exhibit 40. This exhibit contains content from the Notes app on Ms. Davis's iPhone, including verbatim excerpts of notes that Ms. Davis had written and kept on that app. At the hearing on June 2, 2026, the Court told Mr. Cooprider's attorneys that its order was "clear" and that neither they nor Mr. Vasiliou was permitted to examine, search, or access the data described in Exhibit 40.

The Court should seal Exhibit 40 (at least for now) under the standard of *June Medical.* Exhibit 40 is not "publicly available," and it has not been shared beyond the

parties, their attorneys, Mr. Vasiliou, or the Court. And the interests favoring nondis-closure, at this time, outweigh the public's common-law right of access. Ms. Davis, like everyone else, is entitled to keep the contents of her iPhone private until she voluntarily produces its data in response to a properly served discovery request, or until she is compelled to produce its contents by an order of this Court. *See Riley v. California*, 573 U.S. 373 (2014). Yet Mr. Vasiliou and Mr. Cooprider decided to help themselves to the data in Exhibit 40 by rummaging through Ms. Davis's iPhone with-out her consent, and without so much as notifying the Court or Ms. Davis of their intentions before they went snooping through her iPhone. This was an egregious violation of Ms. Davis's privacy, as well as the order of this Court, and this unlawfully obtained information from Ms. Davis's iPhone should remain confidential and pro-tected from public disclosure until it is obtained through lawful channels. The public has no interest in viewing the contents of a person's iPhone that were obtained illegally and outside the process for lawful discovery set forth in the rules of civil procedure.

The requested sealing order is also "congruent to the need" because Ms. Davis acknowledges that the Court may (and should) unseal Exhibit 40 if Mr. Cooprider's attorneys later obtain the data described in the exhibit through a lawful discovery request. But until that happens, the Court should not aggravate the unlawful invasion of Ms. Davis's privacy by allowing this illegally obtained evidence to be displayed to the world.

## II.    Ms. Davis's Deposition Transcript (ECF No. 86) Qualifies For Temporary Sealing Under June Medical

The document filed under seal at ECF No. 86 is the transcript of Ms. Davis's deposition. Ms. Davis is asking only that the Court *temporarily* seal this transcript until it determines the extent to which the deposition was tainted by the unlawful access to Ms. Davis's iPhone. Once that determination has been made, the untainted portions of the deposition should be immediately unsealed. But for now, neither Ms.

Davis nor the Court has any way of knowing the extent to which Cooprider's attorneys accessed information on Ms. Davis's iPhone in violation of the Court's order of May 14, 2026, because Mr. Cooprider's attorneys will not cooperate with Mr. Mitchell's repeated requests to turn over their communications with Mr. Vasiliou. *See* Motion to Require Production of Communications and Documents, ECF No. 84. The Court should allow Ms. Davis to file her deposition transcript under seal, at least for now, so it can examine the transcript and determine which portions have been tainted by the violations of the Court's order of May 14, 2026.

A temporary sealing order of this sort is consistent with *June Medical*. To begin, Ms. Davis's deposition transcript is not "publicly available." And the interests favoring nondisclosure (at this time) outweigh the public's common-law right of access. The public *will* be able to access the deposition transcript as soon as the extent of the unlawful access to Ms. Davis's iPhone is revealed. The requested sealing order will only temporarily keep the transcript from public disclosure while the parties and the Court resolve which parts of the transcript are untainted (and should therefore be unsealed) and which parts have been tainted by opposing counsel's violations of the Court's order of May 14, 2026.

The requested sealing order is also "congruent to the need" because it is meant to have only temporary effect. The untainted portions of the transcript should and must be unsealed as soon the Court determines that those portions are indeed untainted. But these determinations cannot be made until Mr. Cooprider's attorneys come clean about the extent of their unauthorized access to Ms. Davis's iPhone.

## CONCLUSION

The Court should issue an order temporarily sealing ECF No. 72 and ECF No. 86.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
 *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: June 17, 2026                     *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 17, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

BARRY MOSCOWITZ
VICTORIA JIMENEZ
OLIVER HAMBY
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant Christopher Cooprider*

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Plaintiff*