United States District Court
Southern District of Texas
**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

Before the Court is Plaintiff Liana Davis's motion to dismiss Defendant Christopher Cooprider's counterclaims. (D.E. 22). The Court finds Defendant's counterclaims against Plaintiff fail to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss. (D.E. 22).

### I. Background[1]

On February 3, 2025, Plaintiff told Defendant[2] she was pregnant. (D.E. 7, p. 10). At Plaintiff's direction, Defendant subsequently ordered abortion medication from an online company. *Id.* at 11. On February 21, 2025, and February 23, 2025, Plaintiff purportedly took the medication. *Id.* at 12. On or about February 24, 2025, Plaintiff and Defendant had "unprotected rough sex" to "help nature take its course via miscarriage" and ensure the pregnancy had ended. *Id.* at 14. But, because Plaintiff was not in fact pregnant, no miscarriage occurred. *See id.* Rather, the "unprotected rough sex" apparently resulted in a pregnancy. *See id.* An ultrasound conducted

---

[1] For purposes of analyzing Plaintiff's motion to dismiss only, the Court will accept Defendant's version of the facts. *Simms v. Jones*, 879 F. Supp. 2d 595, 598 (N.D. Tex. 2012) (Lynn, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[2] Defendant is a Captain in the United States Marine Corps and presently stationed at Naval Air Station – Corpus Christi. (D.E. 7, p. 4).

1 / 9

on March 21, 2025, revealed the date of conception for this second pregnancy as approximately February 25, 2025. *Id.* at 20.

On April 5, 2025, the parties participated in "a night of trust building." *Id.* at 30. Tensions had continued to escalate after Plaintiff confirmed her pregnancy via ultrasound, and Defendant alleges the night was for Plaintiff to regain Defendant's trust after she repeatedly threatened him (including with false rape charges) and sent post-sex "Trophy Pics" of Plaintiff to her neighbor. *Id.* During the trust-building night, Plaintiff and Defendant made hot chocolate together. *Id.* at 31. Defendant did not drug Plaintiff's drink. *Id.* at 32. Defendant then left to get ready for a military flight early the next morning. *Id.*

After Defendant left the trust-building night, Plaintiff's neighbor drove her to the hospital and Plaintiff told hospital staff that Defendant had drugged her. *Id.* Plaintiff alleged Defendant mixed abortion medication into her hot chocolate. *Id.* at 31–32. When law enforcement arrived, Plaintiff indicated her intent to press charges against Defendant. *Id.* at 33.

After Plaintiff pressed charges, CCPD began investigating Defendant. *Id.* at 33. Following an investigation of Plaintiff's charges, CCPD closed its file and declined to recommend prosecution. *Id.* at 4, 33–34.

Plaintiff filed suit against Defendant for wrongful death, alleging he drugged her with the abortion medication without her knowledge. (D.E. 1, p. 1). In response, Defendant raised several counterclaims—malicious prosecution, fraud, intentional infliction of emotional distress, malice, punitive damages, exceptions to Texas' limitations on exemplary damages, and amount of damages sought. (D.E. 7, p. 92–97). Plaintiff seeks to dismiss Defendant's counterclaims. (D.E. 22).

## II. Law & Analysis

### A. Rule 12(b)(6)

#### i. Procedural Law

Rule 12(b)(6) permits a defendant to move to dismiss a complaint if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts read Rule 12(b)(6) in conjunction with Rule 8(a)(2), which requires that a claim contain a "short and plain statement" explaining why "the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)). A claim does not require an exhaustive list of facts; however, it must contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted).

A claim has facial plausibility and survives a motion to dismiss "when the plaintiff pleads factual content," accepted as true, "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Ramming*, 281 F.3d at 161 (citations omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint that provides mere "labels and conclusions" as the sole support of a claim will not pass muster. *Twombly*, 550 U.S. at 555. If a complaint fails to state a claim for relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Id.* at 558 (citation modified).

This same standard applies to counterclaims. *Consilium Tech. Cleveland, LLC v. EFE Access Grp., LLC*, No. 1:23-CV-01075, 2024 WL 4329029, at *1 (W.D. Tex. Aug. 22, 2024)

(Ezra, J.) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576–77 (5th Cir. 1996) ("Federal Rule 12(b)(6) is the standard for a motion to dismiss counterclaims, the same as the standard to dismiss a complaint.")). "Counterclaims must be liberally construed in favor of the counterclaimant, and all well-pleaded facts must be taken as true." *Linkers Prods. Corp. v. Canary, LLC*, 4:16-cv-706, 2017 WL 1088350, at *2 (S.D. Tex. Feb. 24, 2017) (Palermo, Mag. J.), *adopted*, 4:16-CV-706, 2017 1088350, at *1 (S.D. Tex. Mar. 22, 2017) (Hoyt, J.) (citing *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 665 (S.D. Tex. 2010) (Atlas, J.)).

### ii. Substantive Law

### a. Malicious Prosecution

To adequately plead a malicious prosecution claim under Texas law, Defendant must demonstrate:

> (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages.

*Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).

Defendant alleges Plaintiff instituted this civil suit without probable cause. (D.E. 7, p. 92). Specifically, Defendant contends Plaintiff commenced a criminal investigation and civil lawsuit against Defendant, Plaintiff initiated these proceedings, Plaintiff acted with malice in initiating these proceedings, this suit will terminate in Defendant's favor, and Defendant suffered damages as a result. *Id.* at 92–93.

Plaintiff contests the fifth factor—termination of the proceeding in plaintiff's favor. (D.E. 22, 4). Significantly, Defendant acknowledges his malicious prosecution claim is not yet ripe. *See* (D.E. 7, p. 92 n.50) (acknowledging Defendant's counterclaim is "premature until the underlying case filed against him is adjudicated in [Plaintiff's] favor."). Because the proceedings

have not terminated in Plaintiff's favor, this claim fails. *Bishara Dental PLLC v. Morris Lendais Hollrah & Snowden PLLC*, No. 4:20-CV-3079, 2021 WL 2954188, at *4 (S.D. Tex. July 14, 2021) (Hanen, J.) (granting motion to dismiss on malicious prosecution claim because plaintiff could not show the fifth element).[3]

In the alternative, Defendant requests the Court abate his malicious prosecution claim until this proceeding concludes. (D.E. 7, p. 93–94 n.50). The Court finds this relief unnecessary. If this proceeding terminates in Plaintiff's favor, at that point, Defendant may be permitted to bring his malicious prosecution claim against Plaintiff. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 ("A person must bring a suit for malicious prosecution not later than one year after the day the cause of action accrues."); *see also Siens v. Trian, LLC*, No. A–11–CV–075–AWA., 2014 WL 1900737, at *8 (W.D. Tex. May 13, 2014) (Austin, Mag. J.) ("A cause of action for malicious civil prosecution is not ripe before termination of the prosecution in the plaintiff's favor."). Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss as to Defendant's malicious prosecution claim, (D.E. 22), and **DISMISSES** this claim **without prejudice**.

### b. Intentional Infliction of Emotional Distress

Under Texas law, a claim for intentional infliction of emotional distress requires that:

> (1) The defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting distress was severe.

*Pree v. Farmers Ins. Exchange*, No. 1:10-CV-723-TH, 2013 WL 1249813, at *7 (E.D. Tex. Mar. 27, 2013) (Heartfield, J.). "To show that the conduct was extreme or outrageous, the plaintiff must show that the defendant's conduct was so outrageous in character and so extreme in extreme in

---

[3] Other courts within this Circuit dismiss malicious prosecution claims that are not yet ripe based on lack of subject matter jurisdiction. *See, e.g., Cat Tech LLC v. TubeMaster, Inc.*, Civ. No. H-07-1163, 2007 WL 9735946, at *1 (S.D. Tex. Aug. 22, 2007) (Atlas, J.) (dismissing malicious prosecution for lack of subject matter jurisdiction as the claim was not yet ripe).

degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Wills v. Telford Unit Comm.*, No. 5:07cv150, 2008 WL 793741, at *10 (E.D. Tex. Mar. 24, 2008) (Folsom, J.) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

Defendant alleges Plaintiff acted intentionally or recklessly, her conduct was extreme and outrageous, Plaintiff's outrageous conduct caused Defendant emotional distress, and Defendant's emotional distress was severe. (D.E. 7, p. 94–95). The Court finds this is insufficient to plead a claim for intentional infliction of emotional distress.

First, Defendant does not demonstrate that "severe emotional distress" was "the intended consequence or primary risk" of Plaintiff's actions—failing to satisfy the first element. *Vaughn v. Drennon*, 372 S.W.3d 726, 732 (Tex. App.—Tyler, no pet.). Second, Defendant does not identify Plaintiff's specific conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency." *Twyman*, 855 S.W.2d at 621. Third, Defendant pleads no facts beyond mere conclusory allegations as to the severe emotional distress Plaintiff's conduct caused. (D.E. 7, p. 95) (contending Defendant suffered "mental anguish and reputational damage."). And fourth, Defendant does not allege any facts as to the severity of his emotional distress. *See Bass v Hendrix*, 931 F. Supp. 523, 532 (S.D. Tex. 1996) (Crone, Mag. J.) (finding plaintiff insufficiently pled severe emotional distress where plaintiff did not claim to have experienced psychiatric problems, debilitating headaches, suicidal, reactive depression, or post-traumatic stress disorder). Defendant has insufficiently pled his intentional infliction of emotional distress counterclaim. The Court **GRANTS** Plaintiff's motion to dismiss as to this counterclaim.

c. Fraud

Under Texas common law, fraud has five elements:

(1) the defendant made a material misrepresentation; (2) the defendant knew at the time that the representation was false or lacked knowledge of its truth; (3) the defendant intended that the plaintiff should rely or act on the misrepresentation; (4) the plaintiff relied on the misrepresentation; and (5) the plaintiff's reliance on the misrepresentation caused injury.

*Wesdem, LLC v. Illinois Tool Works*, 70 F.4th 285, 291 (5th Cir. 2023) (citing *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019)). Fraud claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. *See Sullivan v. Leor Energy, LLC*, 660 F.3d 542, 550–51 (5th Cir 2010). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the party raising fraud must allege "specif[ic] . . . statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.2d 200, 207 (5th Cir. 2009) (citations omitted).

Defendant pleads two theories of fraud. First, Defendant contends Plaintiff's misrepresentation to Defendant that she was pregnant on February 3, 2025 induced Defendant to buy abortion medication. (D.E. 7, p. 8). Second, Defendant argues Plaintiff's invitation to Defendant to come over for a night of trust was a material misrepresentation as she truly intended to frame Defendant with false allegations that he poisoned her. *Id.* at 8–9.

The Court finds neither of Defendant's theories satisfy Rule 9(b)'s pleading standards. As to the first theory, Defendant has not pled his injury with sufficient particularity. Defendant does not explain what injury he suffered as a result of Plaintiff's actions. *See* (D.E. 7, p. 8) ("Defendant Cooprider was injured as a result."). As to the second theory, Defendant fails to identify with particularity how Plaintiff misrepresented the "night of trust" to Defendant or what specific

statements Plaintiff made to Defendant. (D.E. 7, p. 8–9). Defendant's conclusory allegations are insufficient to satisfy Rule 9(b)'s pleading standards. The Court **GRANTS** Plaintiff's motion to dismiss as to this counterclaim.

### d. Malice

Plaintiff contends Defendant's malice claim should be dismissed because "'malice' is not a tort; nor is it a cause of action." (D.E. 22, p. 12). In response, Defendant argues he intends to prove malice "so that exemplary damages may be awarded." (D.E. 25, p. 23).

Under Texas law, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from . . . malice[.]" Tex. Civ. Prac. & Rem. Code § 41.003(a)(2); *see Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 151 (5th Cir. 2017) ("To recover exemplary damages, [a party has] to prove by clear and convincing evidence that [the opposing party] acted with malice.") (citation omitted). However, malice alone is not "a separate, independent cause of action under Texas law." *Darbey v. Southwest Airlines, Inc.*, No. 3:20-CV-01329-E, 2021 WL 3732750, at *6 (N.D. Tex. Mar. 29, 2021) (Brown, J.) (citations omitted). Because malice is not an independent cause of action, and thus, cannot be raised as an independent counterclaim, the Court **GRANTS** Plaintiff's motion as to this claim.

### e. Remaining Counterclaims

Plaintiff challenges Defendant's remaining counterclaims—punitive damages, exceptions to Texas' limitations on exemplary damages, and amount of damages sought—contending "none of these qualify as causes of action or claims for relief." (D.E. 22, p. 13).

Defendant asserts a counterclaim for punitive damages. "A cause of action for punitive damages cannot be brought as a stand-alone claim." *Stanissis v. Dyncorp Int'l LLC*, Civ. No. 3:14-

8 / 9

CV-2736-D, 2015 WL 9478184, at *13 (Fitzwater, J.) (N.D. Tex. Dec. 29, 2015) (citations omitted). Defendant's counterclaim for punitive damages is **DISMISSED**. As to Defendant's remaining counterclaims—exceptions to Texas' limitations on exemplary damages and amount of damages sought—Defendant acknowledges these are remedies sought, not causes of action. (D.E. 25, p. 34). To the extent Defendant raises these as independent counterclaims, the Court **DISMISSES** these counterclaims.

### III. Conclusion

The Court finds Defendant has insufficiently pled his counterclaims. Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss. (D.E. 22).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      June 22nd, 2026