IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LIANA DAVIS, §
§
*Plaintiff*, §
§
V. § CIVIL ACTION NO. 2:25-CV-220
§
§
CHRISTOPHER COOPRIDER, AID §
ACCESS GMBH & REBECCA GOMPERTS, §
§
*Defendants*. §

### DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO FILE EXHIBIT 40 AND TRANSCRIPT OF LIANA DAVIS'S DEPOSITION UNDER SEAL

Defendant Christopher Cooprider files this Response to Plaintiff's Renewed Motion to File Exhibit 40 and Transcript of Liana Davis's Deposition Under Seal [Dkt. 88] ("Plaintiff's Motion"), and in support thereof, will respectfully show the following:

## I.   SUMMARY

Plaintiff's Motion is primarily an irrelevant lament about alleged "unfairness," rehashing portions of the parties' ongoing disputes about ESI data production/handling.[1] Plaintiff almost entirely fails to address the applicable sealing standard. As the Court has explained, documents may be more confidentially utilized in discovery via protections such as protective orders and otherwise; but a far stricter standard for sealing applies when a party seeks to file the material with the Court. Notably, Defendant Cooprider had kept both items at issue here squarely within the realm of discovery, and it is Plaintiff who chose to file these materials with the Court. Plaintiff bears the burden of meeting the high bar required for sealing, and Plaintiff has not done so.

---

[1] The details and history of the ESI saga in this matter are more substantively addressed in other filings before the Court, such as Defendant Cooprider's Response [Dkt. 93] to Plaintiff's Motion to Require Production [Dkt. 84].

1

## II.    ARGUMENTS AND AUTHORITIES

> 'Judicial records belong to the American people; they are public, not private, documents.' And 'the public's right of access to judicial records is a fundamental element of the rule of law.' 'The public has an interest in transparent court proceedings that is independent of the parties' interests.' This right 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'

*June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (first quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021); then quoting *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020); then quoting *In re Gee*, No. 19-30953, 2019 WL 13067384, at *4 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring); and then quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Because public trust cannot exist where important judicial decisions are made behind closed doors, the court must scrutinize the parties' sealing requests before blocking access to judicial records. *Le*, 990 F.3d at 419.

As this case presents, there are "two legal standards" that "play[] out" in sealing decisions. *Id.* "The first . . . applies to protective orders sealing documents produced in discovery" and "requir[es] only 'good cause.'" *Id.* at 419. "The second," which is "a stricter balancing test," applies when "'a document is filed on the public record,'—when [it] 'becomes a "judicial record."'" *Id.* (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)); *see June Med. Servs.*, 22 F.4th at 519 ("That a document qualifies for a protective order . . . for discovery says nothing about whether it should be sealed . . . in the *judicial record*."). Before sealing judicial records, "the court 'must undertake a case by case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure."'" *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 22-CV-1944, 2023 WL 8582626, at *1 (N.D. Tex. Aug. 25, 2023) (quoting *id.*). The balancing follows no formula; instead,

2

"[t]he 'relevant facts and circumstances of the particular case' inform the factors that a court weighs on both sides." *Bradley ex rel. AJW*, 954 F.3d at 225 (5th Cir. 2020). **But, importantly, "the working presumption is that judicial records should not be sealed,"** *Le*, 990 F.3d at 419, **because "[the Fifth Circuit] heavily disfavor[s] sealing information placed in the judicial record,"** *June Med. Servs.*, 22 F.4th at 519–20.

When Plaintiff placed Exhibit 40 and her deposition transcript on the docket as exhibits attempting to support her substantive motions, and seeks to file them under seal, the stricter standard now applies. Yet, Plaintiff's Motion neglects to analyze or attempt to balance the public's right of access against any asserted interests favoring nondisclosure. Plaintiff's motion fails to evaluate the material sought to be sealed at a line-by-line level to argue that any particular portions require sealing due to any claimed interest. Because in reality Plaintiff's only interest in sealing the materials is that they are damaging to her case.

Plaintiff's motion remarkably seeks wholesale, but potentially "temporary" sealing based on fairness complaints without identifying any valid interests favoring nondisclosure. Indeed, Plaintiff's concession in her renewed motion that Exhibit 40 should be unsealed if Defendant's attorneys later "obtain the data . . . through a lawful discovery request" demonstrates there is no such valid interest. Similarly, Plaintiff's concession that much if not all of her deposition transcript should be later unsealed once the Court undertakes some sort of novel, authority-free tainted-ness analysis again shows Plaintiff has no valid interest favoring nondisclosure. These concessions entirely undermine any argument that the requested sealing is truly "congruent to the need." *June Med. Servs.*, 22 F.4th at 521 (5th Cir. 2022). Plaintiff's admission that both of these items could validly later be unsealed, while ignoring any attempt to analyze the materials "line-by-line" to review some potentially important interest in sealing the records, just highlights Plaintiff's lack of any adequate

3

basis to support sealing here. Accordingly, this Court should, in light of the public interest, deny Plaintiff's renewed motion to seal Exhibit 40 and excerpts of Plaintiff's deposition.

### III.   PRAYER

WHEREFORE, Defendant Christopher Cooprider respectfully requests this Court deny Plaintiff's Renewed Motion to File Exhibit 40 and Transcript of Liana Davis's Deposition Under Seal [Dkt. 88]. Defendant also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Craig Dupen*
BETH KLEIN, P.C.
Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
350 Market Street, Suite 310
Basalt, Colorado  81621
Email beth@bethklein.com
Phone 303-448-8884

- **AND –**

WATTS LAW FIRM, LLP
Mikal C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

- **AND –**

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Barry A. Moscowitz
Federal Bar No. 31054
State Bar No. 24004830
bmoscowitz@thompsoncoe.com

4

Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**ATTORNEYS FOR DEFENDANT
CHRISTOPHER COOPRIDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

By: /s/ *Craig Dupen*
Craig Dupen

5