UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-220 |

### Reply Brief in Support of Plaintiff's Motion To Require Production Of Communications And Documents Related To The Unauthorized Access Of Ms. Davis's iPhone

The Court has already determined that Mr. Cooprider's attorneys violated its order of May 14, 2026, by accessing the contents of Ms. Davis's iPhone. Mr. Cooprider's attorneys must candidly disclose the extent of these violations and assist the Court and Ms. Davis's attorneys in their efforts to determine an appropriate remedy for their misconduct. Nothing in the response filed by Mr. Cooprider's attorneys justifies their non-responsiveness to Mr. Mitchell's repeated e-mail inquiries or the concealment of their communications with Mr. Vasiliou.

## I. Ms. Davis Need Not File A Motion To Compel Because She Is Not Seeking To Compel Discovery From Mr. Cooprider

Mr. Cooprider's attorneys claim that Ms. Davis must first serve a formal discovery request for their communications with Mr. Vasiliou and the data that they obtained from Ms. Davis's iPhone. They also claim that Ms. Davis cannot ask this Court for relief until after Mr. Cooprider objects to these hypothetical discovery requests and Ms. Davis files a motion to compel discovery under Rule 37(a). *See* Response, ECF No. 93, at 1–2; *id.* at 18.

Ms. Davis, however, is not seeking discovery from Mr. Cooprider on these matters. She is asking Mr. Cooprider's attorneys to disclose the extent to which they violated this Court's order of May 14, 2026, so that Ms. Davis can seek and the Court can impose appropriate remedies for their misconduct. These are not issues that have any bearing on the truth of Ms. Davis's claims or Mr. Cooprider's defenses, so they are not appropriate matters for discovery under Rule 26(b). Ms. Davis is instead requesting information that will reveal the extent to which Mr. Cooprider's attorneys violated the order of this Court, which prohibited them and Mr. Vasiliou from accessing the contents of Ms. Davis's iPhone without court authorization.

## II.    MR. VASILIOU AND MR. COOPRIDER'S ATTORNEYS HAVE IGNORED MR. MITCHELL'S REPEATED E-MAILS REQUESTING THEM TO TURN OVER THEIR COMMUNICATIONS AND DATA OBTAINED FROM MS. DAVIS'S IPHONE

Neither Mr. Vasiliou nor Mr. Cooprider's attorneys have responded to any of the e-mails that Mr. Mitchell sent requesting their communications about Ms. Davis's iPhone and the data that they improperly obtained from Ms. Davis's iPhone.

Each of Mr. Mitchell's repeated requests for these data and communications, which appear in Exhibits 1–11 to Ms. Davis's motion (ECF No. 84), was met with radio silence from Mr. Vasiliou and Mr. Cooprider's legal team. Mr. Cooprider has not attached any e-mails showing that his attorneys acknowledged or answered any of Mr. Mitchell's requests.

Mr. Cooprider is now claiming that his attorneys *did* in fact provide Mr. Mitchell with what they call the "artifacts" obtained from Ms. Davis's iPhone. *See* Response, ECF No. 93, at 2; *id.* at 7–8. Mr. Cooprider refers to two e-mails that Ms. Klein sent to Mr. Mitchell on May 27, 2026, and May 31, 2026. The first of these e-mails was sent the night before Ms. Davis's deposition and says:

> Ms. Kerr, Mr. Marroquin and counsel:

Here is the link to the Exhibits 1 – 48 for tomorrow's deposition.

https://we.tl/t-6yxcuxBsTFnfAqwZ

Exhibit 1. Nothing in this e-mail or linked exhibits indicates what Mr. Cooprider's attorneys obtained from Ms. Davis's iPhone in violation of the Court's order May 14, 2026.

The e-mail that Ms. Klein sent to Mr. Mitchell on May 31, 2026, contains no text at all, only an attached PDF entitled "20260531 3rd Supplemental Disclosures." Exhibit 2 (e-mail). The attachment, when opened, provides a link to Mr. Cooprider's third supplemental disclosures along with an index and privilege log, but it does not claim that these disclosures represent the data that Mr. Cooprider's attorneys obtained from Ms. Davis's iPhone in violation of the Court's order. Nor does Ms. Klein's e-mail of May 31, 2026, claim to be responding to the previous e-mail requests that Mr. Mitchell sent requesting the disclosure of these data.

When Mr. Mitchell received the e-mail of May 31, 2026, he immediately wrote back to Ms. Klein and asked:

> Counsel:
>
> Please identify everything in these supplemental disclosures that you obtained from Ms. Davis's iPhone or iCloud storage.

Exhibit 4. Ms. Klein replied:

> We have never been able to access the iCloud, and you know this.
>
> The screen shots of the change in Ami Amoroso's name, the period and pregnancy note and the report, Exhibit 40.

*Id*. Mr. Cooprider's attorneys never once told Mr. Mitchell that these four "artifacts" in the third supplemental disclosures represent the entirety of the data that they improperly obtained from Ms. Davis's iPhone, and they ignored Mr. Mitchell's repeated

e-mails requesting them to disclose the full extent of their unauthorized access to the contents of Ms. Davis's iPhone. *See* Mitchell Decl. ¶ 8 (attached as Exhibit 5).[1]

Mr. Cooprider's attorneys now urge the Court to deny Ms. Davis's motion because they claim to have produced the four "artifacts" in their third supplemental disclosures. *See* Response, ECF No. 93, at 7. That is unacceptable for many reasons.

First. Mr. Cooprider's attorneys claim that Mr. Vasiliou provided them with evidence of "imminent child abuse" from Ms. Davis's iPhone. *See* Response, ECF No. 93, at 7. Yet they have not provided this evidence to Mr. Mitchell, and nothing that Mr. Cooprider produced in his third supplemental disclosures has anything to do with child abuse. See Mitchell Decl. ¶ 9 (attached as Exhibit 5). The Court should order Mr. Cooprider's attorneys to immediately produce this supposed evidence of "imminent child abuse" that they improperly obtained from Ms. Davis's iPhone.

Second. Mr. Mitchell has repeatedly asked Mr. Cooprider's attorneys to turn over their communications with Mr. Vasiliou about Ms. Davis's iPhone. Yet Mr. Cooprider's attorneys have steadfastly refused to produce those communications or even acknowledge Mr. Mitchell's requests for those communications. Nor have they presented any argument in their brief for why their communications with Mr. Vasiliou should remain secret. The Court should order both Mr. Vasiliou and Mr. Cooprider's attorneys to immediately produce all of their communications relating to Ms. Davis's iPhone and devices.

Third. The Court should not accept the bald assertion that Mr. Cooprider's attorneys received only the "four artifacts" plus "imminent child abuse information" from Mr. Vasiliou. *See* Response, ECF No. 93, at 7 ("With the exception of four

---

1. Mr. Cooprider's attorneys falsely claim that Mr. Mitchell "did not see fit to look at or read the Artifacts that were provided to him in May or prior to the filing of the Motion." Response, ECF No. 93, at 2. Mr. Mitchell reviewed all of the documents provided in the third supplemental disclosures immediately upon receiving them. *See* Mitchell Decl. ¶ 8 (attached as Exhibit 5).

artifacts which were provided to COOPRIDER who provided them to Plaintiff on May 27 and 31, 2026 and imminent child abuse information, nothing has been provided to the Defense."). This statement is unsupported by affidavit or declaration, and Mr. Vasiliou has not independently confirmed this account. Mr. Cooprider's attorneys have shown that they cannot be trusted, as they accessed data from Ms. Davis's iPhone in violation of this Court's order of May 14, 2026. It is also hard to believe that Mr. Vasiliou, who has extracted *all* of the information requested in Mr. Cooprider's ESI discovery requests of May 13, 2026,[2] would turn over only a limited subset of that data to Mr. Cooprider's attorneys—especially when Mr. Cooprider's attorneys continue to defend their belief that the Court's order of May 14, 2026, allowed them to immediately access the data sought in their ESI discovery requests. *See* Response, ECF No. 93, at 6. Mr. Cooprider's attorneys have not explained why Mr. Vasiliou would provide them with only the four "artifacts" plus the supposed evidence of "imminent child abuse," while withholding everything else. Mr. Cooprider's attorneys believed that they were entitled to access *everything* described in the ESI discovery requests, so why would they instruct Mr. Vasiliou to turn over only some and not all of the extracted material? At the very least, the Court must obtain and examine the relevant communications between Mr. Vasiliou and Mr. Cooprider's attorneys before accepting the truth of this assertion.

Fourth. Ms. Klein asked many questions at Ms. Davis's deposition that appear to be based on data and information that Mr. Cooprider's lawyers illegally obtained from Ms. Davis's cell phone. *See* Motion, ECF No. 84, at 13–16. Mr. Cooprider's brief does not come close to proving that each of these questions was based on materials obtained apart from Ms. Davis's iPhone. *See* Response, ECF No. 93, at 9–15. The brief asserts that some of the questions were inspired by information provided by

---

2.   *See* Response, ECF No. 93, at 7 ("Mr. Vasiliou performed the extraction with the searches in the ESI request to Plaintiff.").

Devin Davis and Jeffrey Sparks, as well as documents that Ms. Davis previously produced in discovery. *See id*. But Cooprider never denies that content improperly obtained from Ms. Davis's iPhone might have provided additional source material for these questions. Both the Court and Ms. Davis need to know the full extent to which Mr. Cooprider's attorneys accessed the data in Ms. Davis's iPhone, as well as the full extent of their communications with Mr. Vasiliou.

III. **The Court Cannot Assess Whether Ms. Davis Suffered Prejudice From The Unauthorized Access To Her iPhone Until The Full Extent Of The Unauthorized Access Is Revealed**

Mr. Cooprider contends that Ms. Davis suffered no prejudice from his attorneys' violation of the Court's order and insists that the improperly obtained information would eventually have been revealed in discovery. *See* Response, ECF No. 93, at 3–8. But that is for the Court to determine *after* Mr. Cooprider's attorneys reveal the entirety of their communications with Mr. Vasiliou and the full extent of their unauthorized access to Ms. Davis's iPhone.

More importantly, the issue of "prejudice" has no relevance to this motion. Ms. Davis is not yet requesting sanctions on Mr. Cooprider's attorneys. She is asking only that Mr. Vasiliou and Mr. Cooprider's attorneys disclose their communications related to Ms. Davis's iPhone, as well as the extent to which they accessed data on her phone in violation of the Court's order of May 14, 2026. Any determination on the issue of prejudice is premature, and it has no bearing on whether the requested communications and data should be turned over to Mr. Mitchell.

Finally, Mr. Cooprider's claim that the supposed evidence of "imminent child abuse" would have been discovered through normal discovery channels is patently false. Evidence of child abuse would not be discoverable under Rule 26(b) because it has no relevance to Ms. Davis's claim that Mr. Cooprider poisoned her with misoprostol, and it has no relevance to Mr. Cooprider's defense that Ms. Davis suffered a

natural miscarriage. Ms. Davis's attorney would have objected to any discovery request seeking material along these lines, and Mr. Cooprider's attorneys would not have been able to show that evidence of child abuse qualifies as discoverable material under the standard in Rule 26(b). Ms. Davis has also objected to the ESI discovery requests that Mr. Cooprider served on May 13, 2026, and Mr. Cooprider has no basis for assuming that this Court would overrule all of her objections and order the production of the requested data.

## IV.   THE REMAINING CONTENTIONS IN MR. COOPRIDER'S BRIEF HAVE NO RELEVANCE TO MS. DAVIS'S MOTION

Mr. Cooprider's brief attacks Ms. Davis and her attorney on issues that have no relevance to this motion. Ms. Davis is asking this Court to require Mr. Cooprider's attorneys to turn over their communications with Mr. Vasiliou, as well as the data and contents that they improperly extracted and obtained from Ms. Davis's cell phone. The parties' negotiations over Array's appointment have nothing to do with whether Mr. Cooprider's attorneys should be allowed to conceal their communications with Mr. Vasiliou or the extent of their unauthorized access to the contents of Ms. Davis's iPhone. *See* Response, ECF No. 93, at 2. Neither do the objections that Ms. Davis raised to Mr. Cooprider's ESI discovery requests. *See id.* (complaining that Ms. Davis "served baseless objections to the ESI Discovery requests that must now be resolved by the Court.").

The claim that Mr. Mitchell "believed" that the Court's order of May 14, 2026, compelled Mr. Vasiliou to extract the data requested in the ESI discovery requests is false and irrelevant. *See* Response, ECF No. 93, at 4 ("Mr. Mitchell's email dated May 28 to Mr. Vasiliou shows that Plaintiff believed that the extraction had been ordered." (emphasis removed)); *but see* Mitchell Decl. ¶ 7 (attached as Exhibit 5) ("I did not and never have interpreted the Court's order of May 14, 2026, as authorizing or requiring Mr. Vasiliou to extract any content from my client's iPhone, and I did not

express that belief in my e-mail to Mr. Vasiliou on May 28, 2026.”). The Court has already found that Mr. Vasiliou violated its order of May 14, 2026, by extracting the data, and Mr. Cooprider's attorneys violated the Court's order if they instructed Mr. Vasiliou to conduct these extractions. The issue in this motion is not whether Mr. Vasiliou and Mr. Cooprider's attorneys violated the Court's order—the Court has already concluded that they did—but whether Mr. Vasiliou and Mr. Cooprider's attorneys should turn over their communications about Ms. Davis's iPhone and the data that they obtained from her iPhone in violation of the Court's order.

## V.    THE COURT SHOULD ORDER MR. COOPRIDER'S LAWYERS TO PAY THE ATTORNEYS' FEES INCURRED IN PREPARING AND ARGUING THIS MOTION

Mr. Cooprider's lawyers do not attempt to explain or justify their repeated refusals to answer or acknowledge Mr. Mitchell's e-mails requesting their communications with Mr. Vasiliou. And they should have immediately disclosed to the Court and to Ms. Davis the extent of their unauthorized access to Ms. Davis's iPhone as soon as the Court declared that they had violated its order by obtaining these materials. Ms. Davis's should not have had to seek the Court's involvement to obtain these materials, and a lawyer of integrity would have produced these requested documents and communications immediately upon request.

## CONCLUSION

The Court should order Mr. Vasiliou and Mr. Cooprider's attorneys to turn over all of their communications relating to Ms. Davis's iPhone or other devices or any data on those devices. The Court should also order Mr. Vasiliou and Mr. Cooprider's attorneys to disclose to Mr. Mitchell all material from Ms. Davis's iPhone or other devices that they have viewed, searched, accessed, or obtained, and to produce all documents, data, content, analyses, reports, or records that they have possessed or prepared that relate in any way to the information on Ms. Davis's iPhone or other

devices. The Court should also order Mr. Cooprider's attorneys to pay attorneys' fees for the time that Ms. Davis's lawyers spent preparing and arguing this motion.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
  *Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: July 9, 2026                          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

BARRY MOSCOWITZ
VICTORIA JIMENEZ
OLIVER HAMBY
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant Christopher Cooprider*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff*