UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**, <br><br> Plaintiff, <br><br> v. <br><br> **Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**, <br><br> Defendants. | Case No. 2:25-cv-00220 |

### DECLARATION OF JONATHAN F. MITCHELL

1.    My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.    I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.    I represent plaintiff Liana Davis in this litigation, and I submit this declaration in support of the reply brief for the plaintiff's motion to require production of communications and documents related to the unauthorized access of her iPhone

4.    The documents attached as Exhibits 1 and 2 to this reply brief are authentic copies of e-mails that I received from attorney Beth Klein on May 27, 2026, and May 31, 2026.

5.    The document attached as Exhibit 3 to this reply brief is an authentic copy of the attachment to Ms. Klein's e-mail of May 31, 2026, entitled "20260531 3rd Supplemental Disclosures."

6.    The document attached as Exhibit 4 to this reply brief is an authentic copy of another e-mail that I received from Ms. Klein on May 31, 2026.

7.     Mr. Cooprider's attorneys falsely claim that I "believed" that the Court's order of May 14, 2026, required Mr. Vasiliou to extract the data requested in the ESI discovery requests. Response, ECF No. 93, at 4. I did not and never have interpreted the Court's order of May 14, 2026, as authorizing or requiring Mr. Vasiliou to extract any content from my client's iPhone, and I did not express that belief in my e-mail to Mr. Vasiliou on May 28, 2026.

8.     Mr. Cooprider's attorneys falsely claim that I "did not see fit to look at or read the Artifacts that were provided to him in May or prior to the filing of the Motion." Response, ECF No. 93, at 2. I reviewed all of the documents provided in the third supplemental disclosures immediately upon receiving them. Mr. Cooprider's attorneys never once told me that the four so-called "artifacts" in their third supplemental disclosures represent the entirety of the data that they improperly obtained from Ms. Davis's iPhone, and they ignored my repeated e-mails requesting them to disclose the full extent of their unauthorized access to the content of Ms. Davis's iPhone.

9.     Nothing that Mr. Cooprider produced in his third supplemental disclosures on May 31, 2026, has anything to do with child abuse.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Dated: July 9, 2026                                      JONATHAN F. MITCHELL