United States District Court
Southern District of Texas
**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

Before the Court is Plaintiff's emergency motion for protective order. (D.E. 70). After review, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion. (D.E. 70). The Court **ORDERS** the following:

1. The Court appoints Array LLC to serve as a neutral custodian of the previously collected and still to-be-collected electronic data evidence. To facilitate extraction, the Parties will finalize and execute a contract with Array LLC **on or before July 17, 2026.**

2. The Court **ORDERS** George Vasiliou to transfer all previously collected electronic data to Array LLC **on or before July 17, 2026.** The Parties shall each pay 50% of the costs, if any, incurred by the need to transfer this data and for the extraction of any remaining devices.

3. The Court **ORDERS** George Vasiliou to produce a copy of the entire extraction of Plaintiff's devices to Plaintiff's Counsel **on or before July 17, 2026.** Plaintiff shall have twenty-one days to complete any review and make objections from the date of receipt of extraction.

4. Array LLC will report directly to the Court and will secure and securely hold the data evidence as a custodian for the duration of the case or until it is released by the Court. At the conclusion of the case, which is de-fined as either: (a) the moment a final judgment or final decision of this Court becomes final either by the conclusion of appellate review or when the time for seeking appellate review expires; or (b) the moment at which the parties dismiss all pending claims and/or counterclaims as part of a settlement or a voluntary withdrawal of the claims, Array LLC will destroy all of the data evidence and passwords and will provide a certification of destruction.

5. Plaintiff shall provide a written certification **on or before July 17, 2026,** certifying that she has provided all devices as defined in the Court's May 14, 2026 Order, (D.E. 67), to Array LLC.

6. Plaintiff shall fully and timely cooperate in the downloading of the 53 GB of text data on her iCloud. Plaintiff shall comply and Defendant shall provide reasonable accommodations to facilitate the process.

7. The Parties, their attorneys, or their representatives may only jointly communicate with Array LLC about scheduling the transfer of data from George Vasiliou, arranging for the collection of electronic devices or other procedural matters related to the transfer of data or collection of electronic data, contract and payment terms, and payments, provided that Counsel of Record, opposing counsel, and the Court are notified and copied on all such communications.

8. Under no circumstances may Array LLC examine or search the data evidence unless it: (a) receives a signed ESI order of the Court; and (b) notifies the Court and counsel for each party before examining or searching any of the data evidence pursuant to a signed ESI order of the Court.

9. Under no circumstances may the Parties or their attorneys or their representatives access or attempt to access the data evidence held by Array LLC unless the opposing Party's counsel and the Court are notified and the Court approves the requested access in advance. Array LLC shall notify the Court and counsel for each party if anyone accesses or attempts to access the data evidence in its possession, custody, or control.

10. Array LLC shall provide extractions from Plaintiff's devices to Plaintiff's counsel for review before producing the extraction to opposing counsel. Array LLC shall provide extractions from Defendant's devices to Defendant's counsel for review before producing the extraction to opposing counsel. Each side shall have twenty-one days to complete any review and make objections from the date of receipt of the extraction.

11. Plaintiff shall provide Array LLC with the devices as defined in the Court's May 14, 2026 Order, (D.E. 67), **on or before July 17, 2026.**

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 10, 2026