United States District Court
Southern District of Texas
**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO SEAL

Before the Court is Plaintiff's renewed motion to file the forensic examination report of her cellphone and the unofficial transcript of her deposition under seal. (D.E. 88). Plaintiff requests the Court temporarily seal Docket Entry 72 (forensic examination report) and Docket Entry 86 (unofficial transcript). (D.E. 88, p. 5). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion. (D.E. 88).

"Once a document is filed on the public record," including exhibits filed by the parties, the document becomes part of the "judicial record." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citing *Vantage*, 913 F.3d at 450). Fifth Circuit precedent "require[s] information that would normally be private to become public by entering the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022). This presumption, however, is not absolute.

For a party to overcome this presumption, they must move the Court to do so—after "thinking long and hard about [the Court's] duty to balance the public's common law right of access [to the documents] against the interests favoring nondisclosure." *Kozlowski v. Buck*, No.

1 / 3

3:20-cv-365, 2021 WL 4973710, at *2 (S.D. Tex. Oct. 25, 2021) (Edison, Mag. J.). When court files might become "a vehicle for improper purposes," such as private spite or promotion of public scandal, "the interest in secrecy is compelling." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Texas*, 566 F. Supp. 3d 605, 632 (W.D. Tex. 2021) (Pitman, J.). "[W]hen the party seeking to file under seal does identify any particular confidential information that may cause it harm, and much of the information is available elsewhere," sealing is generally unwarranted. *Texas*, 566 F. Supp. 3d at 632 (citations omitted). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Id.* (citations omitted).

Plaintiff has met her burden. Plaintiff seeks to temporarily seal the forensic examination report of her cellphone, (D.E. 72), and the unofficial transcript of her deposition where information from that report is referenced. (D.E. 86). Plaintiff identifies confidential information that may cause her harm—the forensic report of her personal cellphone, not limited to only portions of her personal data relevant to and discoverable in the present suit, and her deposition transcript, where she is questioned at length about this intimate information. *See* July 9, 2026 Minute Entry; (D.E. 72); (D.E. 86). Plaintiff also demonstrates specific harm she would suffer if the public were granted access to these documents: The public would have access to sensitive personal information recovered from her cellphone and obtained in violation of the Court's previous order. July 9, 2026 Minute Entry. This information is not available elsewhere. *Id.*

Because Plaintiff identified confidential information that may cause her harm, identified the specific harm she would suffer if the public were granted access to these documents, and the information is not available elsewhere, the Court **GRANTS** Plaintiff's renewed motion to file

under seal. (D.E. 88). Accordingly, the Court **DIRECTS** the Clerk of Court to seal Docket Entry 72, (D.E. 72), and Docket Entry 86, (D.E. 86). Nothing in this Order shall prevent the Parties from later moving the Court to unseal these documents.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 10th, 2026