UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, | * | |
| Aid Access GmbH, & | * | |
| Rebecca Gomperts, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT CHRISTOPHER COOPRIDER'S
MOTION TO COMPEL NON-PARTY SUBPOENA AND DWQ**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Christopher Cooprider ("Defendant") files this, its Motion to Compel Medical

and Billing Records from Non-Party, Emergency Medicine Services of Texas, and would

respectfully show the Court as follows:

### I.    INTRODUCTION & BACKGROUND

1.1.    This is a wrongful death lawsuit where Plaintiff alleges Defendant caused the death

of her unborn child by providing abortion-inducing drugs to her when she was pregnant for the

purpose of inducing an abortion (the "Incident"). See Tex. Civ. Prac. & Rem Code § 71.002(b)

and Section 171.063 of the Texas Health and Safety Code; *see also* [Dkt 1 at 28].  Plaintiff Liana

Davis ("Davis") claims that Defendant got her pregnant and when he found out, purchased abortion

inducing medication from Aid Access GmbH, which is located in Amsterdam, for the purposes of

allegedly trying to "murder" her unborn child. [Dkt 1 at 5].

1.2.    Davis further alleges that on April 5, 2025, Defendant manipulated her into thinking

he wanted to come over to her residence for a "trust building" session with her but secretly, without

1

her knowledge, laced her hot chocolate with the abortion pills he obtained from Aid Access. [Dkt 1 at 21-22]. Davis claims that she began hemorrhaging 30 minutes after drinking the "contaminated" hot chocolate. [Dkt 1 at 22]. Davis miscarried the fetus. [Dkt 1 at 27].

1.3.    Based on responses to Plaintiff's Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure served by Davis in this case (Exhibit A), on March 31, 2026, Defendant issued and filed *Subpoenas with Notices of Intention to take the Deposition by Written Questions* directed to Emergency Medicine Services of Texas. (Exhibits B1, B2, and B3).  Plaintiff did not file any objections or seek to quash Defendant's issuance of his *Notices of Intention to Take Deposition by Written Questions* to Emergency Medicine Services of Texas, which specifically requested the release of medical and billing records pertaining to Davis from November 1, 2024, to present.

1.4.    However, Emergency Medicine Services of Texas has refused to comply with the Subpoenas and Notices of Intention to Take Deposition by Written Questions.  *Please see* Exhibit C.  In order to evaluate Davis's claims, prepare for deposition, and prepare for trial, Defendant is entitled to review Plaintiff's relevant medical records.  Emergency Medicine Services of Texas treated Davis for similar issues related to those in this case. *Please see* Exhibit A.

1.5.    Medical, billing, and radiological records from healthcare professionals who have provided medical treatment for injuries Plaintiff allegedly sustained as a result of Defendant's conduct are discoverable in this case. Further, Plaintiff's medical records received to date report several medical conditions that were in existence prior to the alleged Incident, which places Plaintiff's pre-accident health status into controversy. Therefore, the deposition by written questions that seek medical and billing records from Plaintiff's medical providers from prior Incident conditions are also relevant and discoverable.

## II.   ARGUMENT & AUTHORITIES

2.1.    The purpose of discovery is to seek the truth so disputes may be decided by what the facts reveal and not by what facts are concealed. *Axelson, Inc. v. McIhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. TEX. R. CIV. P. 192.3(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* When a party refuses to comply with proper discovery requests, the party seeking discovery may file a motion to compel the other party to respond. TEX. R. CIV. P. 215.1(b).

2.2.    In the present case, it is necessary for the Court to compel Emergency Medicine Services of Texas to comply with the Subpoenas with Deposition by Written Questions regarding Liana Davis.

### A. Defendant Seeks Only Relevant Healthcare Information Pertaining to Liana Davis

2.3.    Medical information is discoverable if the record is relevant to an issue of the physical, mental, or emotional condition of a patient in a proceeding in which any party relies on the condition as part of its claim or defense. TEX. R. EVID. 509(e)(4); *see In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009).  This Court should grant Defendant's Motion to Compel because: (1) the records are relevant and proportional under Rule 26(b)(1) because Plaintiff has placed her medical condition at issue; (2) any physician-patient privilege or HIPAA-based objection is overcome because Plaintiff's medical condition is central to the litigation; and (3) the nonparty's refusal, absent a specific and detailed showing of undue burden, cannot withstand the heavy burden required to resist a properly issued subpoena.

Defendant is seeking Davis's medical and billing records regarding her condition so that he can adequately defend against Plaintiff's claims. Both Davis's pre- and post-Incident medical

condition regarding prior pregnancies or any conditions that may affect pregnancy are both relevant and necessary to the defense of this case. *See* TEX. R. EVID. 509(e)(4); *see In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009). For these reasons, Defendant's Motion to Compel should be granted.

### III.    CONCLUSION & PRAYER

3.1.    This is not a case in which Defendant is seeking Davis's medical and billing records on a hunch. Plaintiff provided the name of this medical care provider in her responses to disclosures.  *Please see* Exhibit A.

3.2.    Preventing access to those records would be severely prejudicial to the defense of this case because Plaintiff is accusing Defendant of murdering their unborn child. Defendant seeks medical and billing records from healthcare professionals that Plaintiff sought treatment from. This material is relevant to Defendant's defenses. The records are therefore discoverable in this case. As such, Defendant's Motion to Compel should be granted.

BASED ON THE FOREGOING, Defendant asks the Court to grant its Motion to Compel, to issue an order compelling Emergency Medicine Services of Texas to produce the requested medical and billing records, as well as for all further relief to which it may be entitled.

Respectfully submitted,

/s/ Victoria L. Jimenez_____
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200

Fax: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**AND –**

Beth Klein
Colorado Bar No.  17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado  81621
Email beth@bethklein.com
Phone 303-448-8884

**AND –**

Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Victoria L. Jimenez*_____
Victoria L. Jimenez

5