UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, | * | |
| Aid Access GmbH, & | * | |
| Rebecca Gomperts, | * | |
| Defendants. | * | |

## MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM

**COMES NOW** Defendant/Counter-Plaintiff Christopher Cooprider ("COOPRIDER"), and files this his Motion for Leave to File Amended Counterclaim.  In support thereof, COOPRIDER respectfully offers the following:

### I.        PROCEDURAL BACKGROUND

1.1.    Plaintiff Liana Davis ("DAVIS") filed suit against COOPRIDER on August 11, 2025 (Doc. 1).

1.2.    On September 3, 2025, COOPRIDER filed his Answer and Counterclaim (Doc. 7).

1.3.    On November 13, 2025, this Court entered its Scheduling Order, setting August 17, 2026, as its deadline for the amendment of pleadings. (Doc. 29).

1.4.    On June 22, 2026, the Court entered its Order Granting Plaintiff's Motion to Dismiss (Doc. 90), dismissing without prejudice COOPRIDER's claim for malicious prosecution based on prematurity (p. 5), but based on "insufficient pleading" of details, then also dismissed his intentional infliction of emotional distress ("IIED") (pp. 5-6) and fraud (pp. 7-8) claims, without stating whether the dismissal of them was "with" or "without" prejudice.

1

1.5.    COOPRIDER now moves for leave of court to file by the Court's amendment of pleadings deadline of an Amended Counterclaim sufficiently pleading facts supporting his malicious prosecution, fraud and IIED claims to meet the concerns included within the Court's dismissal order.

## II.    ARGUMENTS AND AUTHORITIES

2.1    Rule 15(a) allows a party in federal court to "amend its pleading once as a matter of course" within 21 days after serving it, or thereafter with "the opposing party's written consent or the court's leave." FRCP 15(a)(2).  Because the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957), and because FRCP 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," the Supreme Court has said "this mandate is to be heeded," *Foman v. Davis,* 371 U.S. 178, 182 (1962).

2.2    The Fifth Circuit has similarly observed that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case…" *Great Plains Trust Company v. Morgan Stanley Dean Witter & Co.,,* 313 F.3d 305, 329 (5th Cir. 2002).  It is for this reason that that Court observed that Rule 15(a) "severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires."  It evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597 (5th Cir. 1981).

2.3    COOPRIDER files this Motion because he can amend his counterclaim with facts sufficient to address the Court's concerns concerning prematurity and his prior insufficiency of

pleadings expressed in its Order (Doc. 90).  Therefore, "justice so requires" leave for him to timely amend his counterclaim to facilitate a "proper decision on the merits."

2.4    Moreover, DAVIS will not be prejudiced by an amendment of COOPRIDER's counterclaim, provided it is timely filed before this Court's long-scheduled deadline for the amendment of pleadings.  In no way will the Court's longstanding trial date for this cause of March 29, 2027, be affected either.  Hence, granting COOPRIDER leave to amend his counterclaim by the Court's deadline for amendment of pleadings will cause no delay of these proceedings.

## III.    **PRAYER**

COOPRIDER prays that this Court enter the attached ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM (Exhibit A), and grant him such other and further relief to which he may show himself to be entitled.

July 16, 2026                                    Respectfully submitted,

WATTS LAW FIRM LLP

By:    /s/ *Mikal C. Watts*
        Mikal C. Watts

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

ATTORNEY-IN-CHARGE FOR
CHRISTOPHER COOPRIDER

James "Rick" Holstein
LAW OFFICE OF RICK HOLSTEIN, PLLC
Texas State Bar No. 09915150
Federal I.D. No.  426800
rickholstein@mac.com
P.O. Box 331655
Corpus Christi, TX 78463
Telephone: (361) 883-8649
Facsimile: (361) 717-7233

Beth Klein
BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

Barry Moscowitz
THOMPSON, COE, COUSINS & IRONS, LLP
Texas State Bar No. 24004830
Federal Bar I.D. No.  31054
BMoscowitz@thompsoncoe.com
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8275
Facsimile: (214) 871-8209

William L. Mennucci
THOMPSON, COE, COUSINS & IRONS, LLP
Texas State Bar No. 00788042
Federal Bar I.D. No.  18172
bmeenucci@thompsoncoe.com
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 708-8200
Facsimile: (512) 708-8777

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

4

## CERTIFICATE OF CONFERENCE

On July 15, 2026, I conferred via email with Jonathan F. Mitchell, lead counsel for Plaintiff, regarding the issues asserted in this motion and the relief requested in this motion. The parties do not agree as to the relief requested in this motion.

/s/ *Mikal C. Watts*
Mikal C. Watts

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Mikal C. Watts*
Mikal C. Watts