United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LIANA DAVIS,                                §
                                            §
         Plaintiff,                         §
V.                                          §    CIVIL ACTION NO. 2:25-CV-00220
                                            §
CHRISTOPHER COOPRIDER, *et al.*,            §
                                            §
         Defendants.                        §

## ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL

Before the Court is Defendant Christopher Cooprider's ("Defendant") motions to compel compliance with subpoenas directed to Pregnancy Center of Coastal Bend, (D.E. 97), Corpus Christi Medical Center, (D.E. 98), Christus Health, (D.E. 100), Singleton Associates, PA, (D.E. 103), Radiology Associates, LLP, (D.E. 104), and Emergency Medicine Services of Texas. (D.E. 105).

Based on Plaintiff's initial disclosures, Defendant subpoenaed medical and billing records of Plaintiff's medical treatment from Plaintiff's various healthcare providers—Pregnancy Center of Coastal Bend, Corpus Christi Medical Center, Christus Health, Singleton Associates, PA, Radiology Associates, LLP, and Emergency Medicine Services of Texas (collectively, "Non-Parties"). The Non-Parties have refused to produce Plaintiff's records and failed to respond to Defendant's subpoenas.

Because the Non-Parties have waived their objections to Defendant's subpoenas and Defendant seeks discoverable medical information, the Court **GRANTS** Defendant's motions to compel. (D.E. 97); (D.E. 98); (D.E. 100); (D.E. 103); (D.E. 104); (D.E. 105).

1 / 6

## I. Background

This is a wrongful death lawsuit. (D.E. 1). Plaintiff alleges Defendant caused the death of her unborn child by providing Plaintiff with abortion-inducing drugs. *Id.* at 1. Before and following the incident, Plaintiff received medical treatment for her pregnancy.

Defendant issued subpoenas to the Non-Parties in possession of Plaintiff's medical records. The Non-Parties treated Plaintiff after the alleged poisoning and knew Plaintiff intended to carry her pregnancy to term. (D.E. 97-1, p. 1–2); (D.E. 97-2); (D.E. 98-1, p. 1–2); (D.E. 98-2); (D.E. 100-1, p. 1–2); (D.E. 100-2); (D.E. 103-1, p. 1–2); (D.E. 103-2); (D.E. 104-1, p. 1–2); (D.E. 104-2); (D.E. 105-1, p. 1–2); (D.E. 105-2). The Non-Parties possess Plaintiff's medical information relevant in the instant suit. (D.E. 97-1); (D.E. 98-1); (D.E. 100-1); (D.E. 103-1); (D.E. 104-1); (D.E. 105-1).

Defendant's subpoenas to the Pregnancy Center of Coastal Bend, Christus Health, Radiology Associates, LLP, and Emergency Medicine Services of Texas requested:

> Any and all medical records (excluding billing records), from 11/01/2024 to present for treatment and/or injury, including but not limited to records regarding the patient's conditions and treatments, doctor's notes, evaluations, office notes, progress notes, correspondence with other physicians, therapists, hospitals and/or healthcare providers, physical therapy records, lab reports, radiology reports, all other diagnostic reports, prescriptions, referrals to other health care providers, claims, worker's compensation records, hospital records, therapists' records, patient information forms, patient insurance forms, intake forms, litigation files, handwritten notes, letters of protection, telephone messages, nurses' notes, every such record, including but not limited to, those existing in electronic or magnetic form, including correspondence in the possession, custody or control of the said witness and every such records to which the witness may have access.

(D.E. 97-2, p. 1); (D.E. 100-2, p. 1); (D.E. 104-2, p. 1); (D.E. 105-2, p. 1).

Defendant's subpoena to Corpus Christi Medical Center and Singleton Associates, PA, requested:

> Any and all billing records from 11/01/2024 to present, including but not limited to, any bills, invoices, receipts, itemized statements, financial record screen

shots/print screens, CPT codes, UB forms, records reflecting payments made, adjustments, write-offs, charges, insurance records, table of billing codes, any type of correspondence, memos, bills, reports, claim forms, applications for medical benefits, office notes, every such record, including but not limited to, those existing in electronic or magnetic form and other memoranda, and every such record in the possession, custody, and control of said witness, and every such record to which the witness may have access.

(D.E. 98-2, p. 1); (D.E. 103-2).

The deadline for the Non-Parties production of documents has passed. (D.E. 97-2, p. 3); (D.E. 98-2, p. 3); (D.E. 100-2, p. 3); (D.E. 103-2, p. 3); (D.E. 104-2, p. 3); (D.E. 105-2, p. 3). The Non-Parties did not comply with Defendant's subpoenas. Defendant filed the instant motions, requesting the Court compel the Non-Parties to produce the requested documents and related materials. (D.E. 97); (D.E. 98); (D.E. 100); (D.E. 103); (D.E. 104); (D.E. 105). The Non-Parties did not respond to Defendant's motions. Plaintiff is unopposed to Defendant's motions. *See* July 20, 2026 Minute Entry.

## II. Law & Analysis

### A. Non-Party Subpoenas

A party may issue a subpoena that requires a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The nonparty may object to the subpoena. *Id.* at 45(d)(2)(B). The issuing party may then "move the court for the district where compliance is required for an order compelling production or inspection." *Id.* at 45(d)(2)(B)(i). Thus, a motion to compel a response to a nonparty subpoena is properly analyzed under Rule 45 rather than Rule 37. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018) (Horan, Mag. J.).

Rule 45 requires that a non-party's objections "be served before the earlier of the time specified for compliance or 14 days after the subpoena was served." Fed. R. Civ. P. 45. "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)]

typically constitutes a waiver of such objections, including privilege, as does failing to timely file a motion to quash. *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (Means, J.) (internal quotation marks and citations omitted). Where a nonparty timely objects to the subpoena or waives such objection by failing to respond to the subpoena entirely, *La. Generating LLC v. Ill. Union Ins. Co.*, No. 10-516-JJB, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) (Riedlinger, Mag. J.), the serving party "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Defendant seeks Plaintiff's relevant medical records, including medical, billing, and radiological records from healthcare professionals who provided medical treatment for injuries Plaintiff allegedly sustained because of Defendant's conduct. (D.E. 97, p. 2); (D.E. 98, p. 2); (D.E. 100, p. 2); (D.E. 103, p. 2); (D.E. 104, p. 2); (D.E. 105, p. 2).

To obtain this information, Defendant served subpoenas on the Non-Parties in March and April of 2026. The Non-Parties' deadline to timely file objections has long since passed. *See* Fed. R. Civ. P. 45(d)(2)(B). The Non-Parties did not file objections to Defendant's subpoenas, nor did they file a response to Defendant's motions. As such, Non-Parties have failed to object, and thus, waive any objection to Defendant's subpoenas. *See CLA Allen, LLC v. RPGC, LLC*, No. 4:22-CV-035, 2022 WL 19403867, at *1 (E.D. Tex. Nov. 28, 2022) (Jordan, J.); *see also La. Generating LLC*, 2011 WL 6259052, at *2 (citations omitted) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege.").

### B. Document Requests

Nevertheless, "a court retains discretion to decline to compel production of requested

documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." *Panini Am., Inc. v. Wild Card, Inc.*, No. 4:22-MC-205, 2023 WL 1073692, at *3 (E.D. Tex. Jan. 27, 2023) (Mazzant, J.) (quoting *Schooler v. Wal-Mart Stores, Inc.*, No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (Wilkinson, Jr., Mag. J.)). Regardless of whether the Non-Parties have waived any objections, "the Court will not force the Non-Parties to provide documents to Plaintiff and Defendant that exceed the boundaries of fair discovery." *Id.* (citation modified).

> Federal Rule of Civil Procedure 26 permits broad discovery of
>
> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A discovery request seeks evidence that "is relevant when the requests admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

The subpoenas request relevant and discoverable evidence. Defendant seeks Plaintiff's medical information relating to her alleged injuries, which Plaintiff placed at issue in this lawsuit. (D.E. 97-2, p. 1); (D.E. 98-2, p. 1); (D.E. 100-2, p. 1); (D.E. 103-2, p. 1); (D.E. 104-2, p. 1); (D.E. 105-2, p. 1). "When a plaintiff places [her] medical condition at issue, a defendant may discover medical information related to that condition." *Barnett v. Stafford Transp. of La.*, No. 1:20-CV-280, 2020 WL 10314640, at *3 (E.D. Tex. Sep. 10, 2020) (Crone, J.). Plaintiff seeks damages for the death of her unborn child allegedly caused by Defendant providing her with abortion-inducing drugs. (D.E. 1, p. 28–33). Because Plaintiff has placed her medical condition at

issue—the loss of her unborn child during her pregnancy—Defendant is entitled to seek medical information related to Plaintiff's medical condition. *See Cummins v. Lollar*, No. 4:12-CV-560, 2015 WL 12731746, at *2 (N.D. Tex. Jan. 5, 2015) (Cureton, Mag. J.).

The scope of the subpoenas is also permissible. Defendant seeks Plaintiff's medical records from November 1, 2024, to present. This is less than two years of medical records which constitutes a reasonable period. *See Cummins*, 2015 WL 12731746, at *2 (finding requesting five years of plaintiff's medical records prior to the date of the plaintiff's alleged injuries was permissible). Because Defendant's subpoenas seek discoverable medical information within a reasonable period, the Court finds Defendant's subpoenas do not "exceed the boundaries of fair discovery." *Panini Am., Inc.*, 2023 WL 1073692, at *3. Accordingly, the Court **GRANTS** Defendant's motions to compel. (D.E. 97); (D.E. 98); (D.E. 100); (D.E. 103); (D.E. 104); (D.E. 105).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motions to compel compliance with subpoenas directed to the Non-Parties. (D.E. 97); (D.E. 98); (D.E. 100); (D.E. 103); (D.E. 104); (D.E. 105). The Non-Parties shall produce the requested documents **on or before September 8, 2026.** Defendant **SHALL** transmit a copy of this order to the Pregnancy Center of Coastal Bend, Corpus Christi Medical Center, Christus Health, Singleton Associates, PA, Radiology Associates, LLP, and Emergency Medicine Services of Texas.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
          August 7, 2026

6 / 6