UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**,<br><br>Plaintiff,<br><br>v.<br><br>**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,<br><br>Defendants. | Case No. 2:25-cv-220 |

# REPLY BRIEF IN SUPPORT OF NONPARTY AMY AMOROSO'S MOTION TO QUASH SUBPOENA

In determining whether this subpoena unduly burdens Ms. Amoroso, the Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (citation and internal quotation marks omitted)); *see also id.* ("Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.' 9A Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 2463 (2d ed. 1995)"). The Fifth Circuit has also held that "[t]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.* (citation and internal quotation marks omitted). The balance of benefits and burdens weighs in favor of quashing the subpoena.

## I. Requiring Ms. Amoroso To Comply With The Subpoena Will Produce Few If Any Benefits

A deposition of Ms. Amoroso will produce few if any benefits because the matters that Cooprider's lawyers want to question Ms. Amoroso about are unlikely to lead to useful or admissible evidence or testimony.

Cooprider's lawyers want to question Ms. Amoroso about her communications with Ms. Davis on April 4, 2025, when Ms. Davis attended a carnival and texted Cooprider about experiencing cramps. Cooprider's lawyers appear to believe and want to argue that Ms. Davis started "miscarrying" on April 4, 2025, before Cooprider served the hot chocolate on the night of April 5, 2026. But what Ms. Amoroso and Ms. Davis said to each other has little if anything to do with whether Ms. Davis was actually miscarrying on April 4, 2025. Ms. Amoroso is not a doctor or health-care professional, and she lives hundreds of miles away in a different state. She is not competent to provide a medical diagnosis, and her phone conversations and text messages with Ms. Davis are unlikely to provide any illuminating information on Ms. Davis's medical condition that day. We already know that Ms. Davis claimed to be experiencing cramps that day, as she texted Cooprider about it and expressed fear that she might miscarry in public. *See* Response, ECF No. 115, at 1–2; Text Messages, ECF No. 115-2. And we already know that Ms. Amoroso recommended that Ms. Davis go to the emergency room. All of this appears in text messages between Ms. Davis and Mr. Cooprider that both parties possess and have produced in discovery. Apparently Cooprider's lawyers want to probe Ms. Amoroso more deeply about *why* she recommended a trip to the emergency room, but as a non-physician Ms. Amoroso is not capable of providing useful (or even admissible) testimony about her assessment of Ms. Davis's medical condition that day or whether Ms. Davis *actually* needed to skip the carnival and go to the hospital.

Mr. Cooprider's lawyers also present no reason for subpoenaing communications that Ms. Amoroso has deleted and that remain available on Ms. Davis's phone. They do not claim that the desired communications are unavailable on Ms. Davis's phone. So there is no reason apart from harassment that can justify their demands on Ms. Amoroso—who has already told them that she has deleted the desired communications.

## II. The Burdens That Will Be Imposed On Ms. Amoroso Outweigh The Benefits Of Forcing Compliance With The Subpoena

Cooprider does not deny that Ms. Amoroso must spend hours throughout each day caring for her husband who is recovering from a devastating injury in which he lost part of his foot. But he attempts to downplay the burdens on Ms. Amoroso by touting an e-mail that she sent to his lawyers shortly after receiving the subpoena—and before she was represented by counsel. *See* E-mail, ECF No. 115-3. In that e-mail, Ms. Amoroso writes:

> Ok, well to try to sort things, my fiance was victim of a terrible work injury 3 weeks ago and has a lot of medical follow ups after 3 weeks in hospital that I have to transport him to (he cannot drive yet). In addition to that I am a working single mom of two and lastly have house-guests coming in that week for our wedding on 8/1. Is there anyway to accelerate things? I'm not trying to be uncooperative, but I have a ton going on right now.
>
> As for evidence, I don't have any to provide, as this all happened over a year ago. I'm happy to give testimony to the best of my memories.

*Id.* This e-mail was written before Ms. Amoroso retained legal representation—and at a time when she was unaware that she could move to quash the subpoena on the ground of undue burden. And the e-mail only confirms that the "benefits" of deposing Ms. Amoroso are unlikely to justify the heavy burdens imposed on her. She notes that she has no evidence to provide, as the incident happened over a year ago. Her expressed willingness to "give testimony to the best of my memories" was made when

she thought she had no choice but to comply, and it does not estop her from seeking to quash the subpoena on the ground of undue burden.

## CONCLUSION

Ms. Amoroso's motion to quash the subpoena should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: August 24, 2026

*Counsel for Nonparty Amy Amoroso*

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

BARRY MOSCOWITZ
VICTORIA JIMENEZ
OLIVER HAMBY
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant Christopher Cooprider*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Nonparty Amy Amoroso*