UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,

Defendants.

Case No. 2:25-cv-220

## JOINT STATUS REPORT

The parties jointly file this Status Report in compliance with the Court's August 24, 2026 Order (D.E. 118). Plaintiff Liana Davis and Defendant Christopher Cooprider each provide their separate responses to the various topics on which the Court has requested an update:

(1) What devices, if any, Plaintiff has failed to provide to Array;

**Plaintiff's report**: Ms. Davis has provided all devices to Array that are covered by the Court's order of May 14, 2026 (ECF No. 67), and she has truthfully certified her compliance with the Court's order. After Ms. Klein e-mailed Ms. Clancy on August 17, 2026, and accused Ms. Davis of violating the Court's order by refusing to produce the required devices, Mr. Mitchell e-mailed Ms. Klein on *four* different occasions and asked her to identify which devices she thinks Ms. Davis is withholding from Array. *See* Mitchell Decl. ¶ 4 (attached as Exhibit 1); Exhibits 3–6. Ms. Klein refused to acknowledge or answer these requests. *See* Mitchell Decl. ¶ 5. Nor did Ms. Klein confer with Mr. Mitchell about this issue before e-mailing Ms. Clancy on August 17, 2026, and accusing Ms. Davis of violating the Court's order. *See id.* ¶ 6. At 5:45 a.m. this morning, Ms. Klein finally e-mailed Mr. Mitchell and claimed that Ms. Davis must turn over her

"work computer." *See* Mitchell Decl. ¶ 10. But Ms. Davis's work computer is not covered by the court's order, and Ms. Klein never asked Ms. Davis to produce it until her email sent at 5:45 a.m. this morning. The Court's order is limited to "her" "personal" devices. *See* ECF No. 67. Ms. Davis's work computer is owned by her employer. It is not "hers" and it is not her "personal" device.

**Defendant's report:** The May 14, 2026 Order requires Plaintiff to produce and/or provide access to her phone, computer(s), iCloud account, and any other personal device or account that may contain text messages or emails (e.g., an iPad, any external hard drives containing backups). The Court's July 10, 2026 order requires that Plaintiff shall provide a written certification on or before July 17, 2026, certifying that she has provided all devices as defined in the Court's May 14, 2026 Order, (D.E. 67), to Array LLC. The Plaintiff's written certification states: "I have turned over to Array LLC all devices described in the Court's order of May 14, 2026, i.e., and all **personal** devices or accounts that may contain text messages or emails." The Plaintiff's certification excludes, for example, her work computer. Additionally and as addressed below, to date Ms. Davis's iCloud account/data has not been successfully accessed.

(2) The status of the parties' negotiation of an ESI order;

**Plaintiff's report**: On August 24, 2026, Mr. Mitchell e-mailed counsel for Mr. Cooprider and asked them to send a draft ESI order for him to review. *See* Mitchell Decl. ¶ 7; Exhibit 6. Ms. Klein refused and insisted that Mr. Mitchell must draft the ESI order himself. *See* Mitchell Decl. ¶ 8; Exhibit 7. Mr. Mitchell wrote back and told them that he will not have time to draft an ESI order until after September 8, 2026, as he was retained yesterday to write a U.S. Supreme Court brief on the merits from scratch, which is due is less than two weeks on September 8, 2026. *See* Mitchell Decl. ¶ 9; Exhibit 8. Mr. Mitchell did, however, download a sample ESI order from Judge Charles Eskridge's website and circulated that to opposing counsel, suggesting that the parties use that as a starting point for their discussions. *See* Mitchell Decl. ¶ 9; Exhibit 9.

**Defendant's report:** Defendant Cooprider's ESI Discovery Request, dated May 12, 2026, included proposed search terms, parameters, and ESI protocols in connection with the requested data. *See* Exhibit 11. Cooprider's counsel emailed a first draft proposed ESI order to Plaintiff's counsel on June 9, 2026. *See* Exhibit 12. Cooprider's counsel has repeatedly over the past 2-3 months asked Plaintiff's counsel to arrange for a meet-and-confer or to confer in writing regarding Plaintiff's objections to the ESI Discovery Requests and reach agreements on a proposed ESI order, but Plaintiff's position appears to be that she stands on all of her original objections to the ESI requests and seeks Court rulings on all of them. *See, e.g.*, Ex. 13 and 14. A useful ESI order cannot be drafted without further guidance on the appropriate search terms and scope of electronic discovery from the Court with respect to these pending objections.

(3) The status of any objections to the Vasiliou production, *see* (D.E. 101, p.1);

**Plaintiff's report**: Ms. Davis served objections to Cooprider's ESI discovery requests on June 12, 2026, well before the deadline of August 1, 2026. Those are the only discovery requests that Cooprider has ever served for the material on the Vasiliou extraction. Cooprider has never served a discovery request for the entire Vasiliou extraction. And if his lawyers were to serve such a request, Ms. Davis would object because any such discovery demand would be grossly overbroad and disproportionate to the needs of the case. Ms. Klein insists that she is entitled to entire Vasiliou extraction even though she has never served a discovery request for this. Her stance is untenable.

**Defendant's report:** The Vasiliou extraction was provided to Plaintiff's counsel on July 16, 2026. By the Court's July 10, 2026 Order, Plaintiff had 21 days to review the extraction and provide any objections to the extraction itself. Plaintiff has not make any objections to the extraction itself to date--though she maintains that her earlier objections to Cooprider's discovery requests seeking data from the extraction remain in effect pending rulings from the Court.

(4) Array's failure to comply with the Court's August 20, 2026 Order, including whether the August 21, 2026 meeting between Array and the parties took place;

**Plaintiff's report**: The parties met with Array on August 21, 2026. Ms. Klein e-mailed Array on August 25, 2026, to remind Array of its duty to submit a report of the meeting to the Court.

**Defendant's report:** Jake Nee sent an email to the parties, with a carbon copy to Ms. Clancy, the Court's coordinator following the meeting on August 21, 2026. *See* Exhibit 15.

(5) A status update on the iCloud download, which the parties appear to be working towards;

**Plaintiff's report**: Ms. Davis has already provided Array with the login credentials for her iCloud, and she will fully cooperate with Array's efforts to access the iCloud materials.

**Defendant's report:** The parties have outlined and agreed to begin a process to download the iCloud data from Davis's phone, based on the meeting with Array on August 21, 2026 and ongoing email messages between the parties and Array, with copies to Ms. Clancy the Court's Coordinator.

(6) Any other outstanding discovery issues.

**Plaintiff's report**: Mr. Cooprider's attorneys need to turn over the heavily redacted communications between Mr. Cooprider and Ilse Fragoso for in-camera inspection to ensure that responsive communications have not been redacted.

**Defendant's report:** The rulings on motions to quash Defendant's noticed depositions of Mary Anna Ziarko and Ami Amoroso are outstanding. Further refinement concerning including the Court on the communications with Array may be helpful. It is clear that all communications about payment, scheduling and all other matters are

being sent to Ms. Clancy, and this is unnecessary. A discovery conference and subsequent rulings on Plaintiff's objections to Defendant's ESI requests are a lynchpin in further discovery on the electronic data taking place.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: August 26, 2026

*Counsel for Plaintiff*

*AND COUNSEL FOR DEFENDANT COOPRIDER:*

*/s/ Craig Dupen*

Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Email beth@bethklein.com
Phone 303-448-8884
**– AND –**
Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
**– AND –**
Barry A. Moscowitz

Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
**– AND –**
Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I served this document through CM/ECF upon all counsel of record.

*/s/ Craig Dupen*