UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**,<br><br>Plaintiff,<br><br>v.<br><br>**Christopher Cooprider; Aid Access GmbH; Rebecca Gomperts**,<br><br>Defendants. | Case No. 2:25-cv-00220 |

**DECLARATION OF JONATHAN F. MITCHELL**

1. My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent plaintiff Liana Davis in this litigation, and I submit this declaration alongside the parties' joint status report of August 26, 2026.

4. After Ms. Klein e-mailed Ms. Clancy on August 17, 2026, and accused Ms. Davis of violating the Court's order by refusing to produce the required devices, I e-mailed Ms. Klein on four different occasions and asked her to identify which devices she thinks Ms. Davis is withholding from Array. Those e-mails are attached as Exhibits 3–6 to the joint status report.

5. Ms. Klein refused to acknowledge or answer any of these requests.

6. Ms. Klein also did not confer with me before accusing my client of failing to turn over the required devices in her e-mail to Ms. Clancy on August 17, 2026.

7. On August 24, 2026, I e-mailed counsel for Mr. Cooprider and asked them to send a draft ESI order for him to review. That e-mail is attached as Exhibit 6 to this joint status report.

8. Ms. Klein refused and insisted that I must draft the ESI order himself. Her e-mail is attached as Exhibit 7 to this joint status report.

9. I wrote back and explained that I will not have time to draft an ESI order until after September 8, 2026, as I was retained yesterday to write a U.S. Supreme Court brief on the merits from scratch, which is due is less than two weeks on September 8, 2026. That e-mail is attached as Exhibit 8 to this joint status report. I did, however, download a sample ESI order from Judge Charles Eskridge's website and circulated that to opposing counsel, suggesting that the parties use that as a starting point for their discussions. The e-mail circulating this draft ESI order is attached as Exhibit 9, and the draft order itself is attached as Exhibit 10.

10. At 5:45 A.M. this morning, Ms. Klein finally e-mailed me and claimed that Ms. Davis must turn over her "work computer." Ms. Klein never asked Ms. Davis to produce her work computer until this email that she sent at 5:45 A.M. this morning. She left me the dark and waited until only hours before the joint report is due before finally identifying the device that Ms. Davis supposedly "failed" to turn over. But the Court's order is clear that Ms. Davis needs only to turn over "her" "personal" devices. *See* Order of May 14, 2026 (ECF No. 67). Ms. Davis's work computer is owned by her employer. It is not "hers" and it is not her "personal" device. Ms. Klein's interpretation of the Court's order is absurd and abusive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: August 26, 2026

JONATHAN F. MITCHELL