**Dupen, Craig**

| | |
|---|---|
| **From:** | Moscowitz, Barry |
| **Sent:** | Tuesday, June 9, 2026 11:34 AM |
| **To:** | Jonathan Mitchell |
| **Cc:** | Beth Klein; Mikal Watts; Talcott Franklin; Jimenez, Victoria; Hamby, Oliver; John C. Sullivan; Cliff P. Riley; Dupen, Craig |
| **Subject:** | RE: draft stipulation and order [IMAN-TCLAW.FID2728850] |
| **Attachments:** | Stipulated ESI Agreement.docx |

See my responses below in red.

THOMPSON COE EST 1951 75 YEARS
Barry Moscowitz • Partner
700 North Pearl Street, 25th Floor, Dallas, TX 75201
o: 214-871-8275 • m: 214-909-7236
bio • vCard • web

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Tuesday, June 9, 2026 11:20 AM
**To:** Moscowitz, Barry <BMoscowitz@thompsoncoe.com>
**Cc:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Talcott Franklin <tal@tfpc.me>; Jimenez, Victoria <VJimenez@thompsoncoe.com>; Hamby, Oliver <OHamby@thompsoncoe.com>; John C. Sullivan <john.sullivan@the-sl-lawfirm.com>; Cliff P. Riley <cliff.riley@slfirm.com>; Dupen, Craig <CDupen@thompsoncoe.com>
**Subject:** Re: draft stipulation and order [IMAN-TCLAW.FID2728850]

Barry:

(1) I did not see a "proposed initial ESI protocol" as an attachment to your e-mail of 10:25 a.m. this morning. Sorry about that. I have attached it to this e-mail. It is meant to be a starting point for discussions and I welcome your input.

(2) The stipulation must provide that the forensics expert will be appointed by the Court and report directly to the Court. That is a deal-breaker for me. I'm fine with the expert being appointed by the Court and reporting directly to the Court until such time as the Court orders otherwise. Feel free to make that change and I will review.

(3) Your definition of "the conclusion of the case" in paragraph 2 is inadequate. If the case settles or if a party voluntarily dismisses the case, there will be no "final appealable Order from this Court or a final Order from either the Fifth Circuit Court of Appeals or the United States Supreme Court." Ok. Then propose your change to the relevant paragraph and I will review.

(4) I reached out to Russell Chozick yesterday but have not heard back from him. I am willing to have Mr. Chozick serve as the custodian if he executes a sworn affidavit denying that he has any prior relationship with the parties in the case. He must also agree to accept a court appointment and report directly to the

Court. Fine by me. Let me see the affidavit you would like him to execute. See also my comments to (2) above.

(5) Your revisions to paragraph 4 are unacceptable. You told George Vasiliou that you had a "signed ESI order of the Court" when you accessed the contents of my client's cell phone and insisted at Ms. Davis's deposition and before the Court at the hearing of June 2, 2026. You regard Judge Morales's order of May 14, 2026, as a "signed ESI order." We need explicit language that will stop you from repeating what you did with George Vasiliou. I don't really know what you are talking about so if you have some proposed language to include, please do so.

(6) There must be a provision for sanctions if an attorney accesses data or communicates with the court-appointed forensics expert in violation of the stipulation. I don't think there should be some automatic sanction, but if you have some language you want to propose, feel free to do so. We are not going to be communicating directly with Mr. Chozick other than what is provided for in the proposed stipulation, and I suspect you are similarly not going to contact him. What if Mr. Chozick were to reach out to you (or vice versa) about a two-factor authentication, for example? I would not want you sanctioned for that.

(7) I will not have Ms. Davis agree to turn over "all devices containing potentially relevant electronic data, images, information, metadata, etc. within three (3) days of this Order." Well then what is your proposal? I am not moving the goalposts, but merely tracking (1) what Plaintiff said at her deposition, and (2) what Judge Morales stated during our last hearing where explicitly told you he did not want to learn that there is a third or fourth cell phone/device. He wants this done and I think that means your client needs to turnover whatever devices apply based on our discovery requests.

You have not served a discovery request of that breadth, and I would object if you did. The RFPs that you served on May 13, 2026, refer to "your current I-phone, all phones you have used between 1/1/2025 and the present and all computers you have used between 1/1/2025 and the present and ICloud remote storage."

The motion for sanctions that you filed on May 29, 2026, refers only to Ms. Davis's second iPhone that was mentioned during her deposition, and the Court's minute-entry order that was sent yesterday at 11:23 a.m. instructs us to confer on the "process for extraction of the second phone and a new expert."

You are (once again) moving the goalposts at the last minute by including a demand for "children's toys" that "have recording technology" when you never served a discovery request for that and never raised that issue before the Court. The stipulation will be limited to the production of the second cell phone and the appointment of a forensics expert.

(8) I am willing to drop paragraphs 10 and 11 of my initial draft from the stipulation but do not interpret that as a concession that I am no longer demanding that you and George Vasiliou turn over your communications and the data that you accessed from my client's iPhone in violation of the Court's order. That is fine.

Our status report to the Court is due in 40 minutes. I will draft a report informing the Court that we have exchanged proposals and I will attaching our e-mailed correspondence. I will also ask the Court to allow us to continue negotiating until Friday, June 12. Let me know if you object to this approach. I'd like to get this finalized sooner in the sense that we either come to full agreement on these issues or we decide we will submit our difference in a Joint Status Report. Let's get this resolved one way or another by end of

day tomorrow. As for informing the Court of our continued discussions, please send me the proposed correspondence with the Court before you submit it.

—Jonathan

On Jun 9, 2026, at 8:25 AM, Moscowitz, Barry <BMoscowitz@thompsoncoe.com> wrote:

Attached are the following documents:

- A redlined version reflecting our changes to the draft Joint Report
- A clean version reflecting our changes to the draft Joint Report
- A propose initial ESI protocol

We are good with the filing of all the attached documents, but if you have any changes or would like to discuss further, feel free to give me a call.

Take care.

<image001.png>

Barry Moscowitz • Partner
700 North Pearl Street, 25th Floor, Dallas, TX 75201
o: 214-871-8275 • m: 214-909-7236
bio • vCard • web

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, June 8, 2026 11:40 AM
**To:** Moscowitz, Barry <BMoscowitz@thompsoncoe.com>
**Cc:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Talcott Franklin <tal@tfpc.me>; Jimenez, Victoria <VJimenez@thompsoncoe.com>; Hamby, Oliver <OHamby@thompsoncoe.com>; John C. Sullivan <john.sullivan@the-sl-lawfirm.com>; Cliff P. Riley <cliff.riley@slfirm.com>
**Subject:** draft stipulation and order

Counsel:

Our draft stipulation and order is attached. Comments and proposed edits are welcome. Please make any edits in redline.

—Jonathan

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

<Davis v. Cooprider Joint Status Report BAM Edits (6.9.26) (clean).docx><Davis v. Cooprider Joint Status Report (Def redlines).docx>

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message

in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-220 |
| | § | |
| CHRISTOPHER COOPRIDER, AID | § | |
| ACCESS GMBH & REBECCA GOMPERTS, | § | |
| | § | |
| *Defendants*. | § | |

**STIPULATED ELECTRONIC DISCOVERY AGREEMENT**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Liana Davis, and Defendant Christopher Cooprider (collectively, the *Parties*, and each, a *Party*), by and through their respective counsel in the above-captioned action, stipulate and agree that the following stipulation (the *ESI Stipulation*) shall govern the preservation, search, and production of Electronically Stored Information (*ESI*) in this matter.

**A. SCOPE**

1. This ESI Stipulation shall govern the production of documents and ESI, as described in Federal Rules of Civil Procedure 26, 33, and 34.

2. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

3. Electronic discovery will be limited to documents and ESI in the Parties' custody, possession, or control, which were created in connection with the incident made basis of this lawsuit, on or about **April 5, 2025**. Nothing herein expands a Party's obligations beyond those imposed by the Federal Rules of Civil Procedure and applicable orders of the Court.

**B. SEARCH TERMS, CUSTODIANS, AND STIPULATION/PROPOSED ORDER**

1. The Parties agree to meet and confer and attempt to reach agreement as to the method of searching, and the words, terms, and phrases to be used to locate and identify potentially responsive ESI. The Parties shall also attempt to agree on the timing and conditions of any additional searches that may become necessary in the normal course of discovery.

2. The Parties agree to meet and confer to identify the custodians whose email and other ESI will be searched, and any other electronic systems that will be searched, using the agreed search terms.

3. The Parties will confer regarding the appointment of a neutral forensics expert to securely hold any device images or other data evidence for the duration of the case, subject to Court approval. The neutral will not examine, search, or provide access to any data absent a signed ESI Order of the Court and advance notice to all Parties with Court approval of any proposed communications or access. At the conclusion of the case, the neutral shall destroy all data evidence and passwords and provide a certification of destruction.

**C. DOCUMENT PRODUCTION**

1. Production Format. Documents and ESI derived from electronic or other computer-based media (*e.g.*, e-mails, Microsoft Office files) will be produced as Bates-labeled documents in PDF format for the alleged time period, as described in Exhibit 1.

2. The Parties Right to Object to Production Format. Each Party reserves the right to object to production of documents in the format specified herein to the extent that production in such format is impracticable or unreasonably burdensome or expensive. However, the objecting Party shall have an obligation to disclose the details concerning the alleged impracticability, unreasonable burden, and/or cost.

3. Metadata. The Parties agree to meet and confer to identify ESI metadata fields that will be produced in connection with damage claims.

4. Extracted Text. All documents and ESI produced by The Parties will be accompanied by searchable text files or the text contained in the produced documents must be searchable through Optical Character Recognition (*OCR*). The accompanying text files or extracted text should include all un-redacted text within a document. Redacted text should not be OCRed or contained within a text file.

5. Structured Databases. The Parties agree to meet and confer to agree upon the production of data from structured databases in existing report formats, or report formats that can be developed without undue burden, if applicable.

6. De-Duplication. A Party is only required to produce a single copy of a responsive document. The Parties may de-duplicate stand-alone documents or entire document families globally.

7. Encrypted or Password-Protected Documents. The Parties will ensure that documents and ESI produced in native form are decrypted (or that passwords are supplied).

**D. MANAGEMENT OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE**

1. Nothing in this ESI Protocol shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information.

2. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of receipt of such request by the Receiving Party, and all copies of such document shall be destroyed by the Receiving Party to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel.

3. To the extent during the interim that any privileged information has been disclosed to persons not entitled to view it, and the Producing Party has requested its return within the time permitted by this Order, the Receiving Party shall use its best efforts to retrieve the privileged information from such person(s). If the privileged information cannot be retrieved by the Receiving Party, the Receiving Party must so notify the Producing Party, which may then move the Court for an order compelling production of the material.

**E. OTHER**

1. Each party will presumptively bear its own costs of production. However, each Party reserves the right to seek reimbursement for costs associated with collection, review, or production of documents or ESI.

2. Nothing in this ESI Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity, or to limit a party's right to conduct a review of documents or ESI for relevance, responsiveness and/or segregation of privileged and/or protected information before production, irrespective of the electronic search terms or other technologies used to identify potentially relevant documents or ESI . The Parties do

not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

3. Nothing in this ESI Stipulation will affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, regulation or in response to other pending or anticipated litigation. In addition, nothing in this ESI Stipulation will eliminate or alter any Party's obligation to retain native format copies, including associated metadata, of all documents produced in this litigation, together with the original hard copy documents for all paper discovery produced in this litigation.

4. The Parties will use their best efforts to comply with and resolve any differences concerning compliance with any provision/s of this ESI Stipulation to include, but not limited to, any issues pertaining to the Parties' agreement on the search terms. If a producing party cannot comply with any aspect of this ESI Stipulation, such party will inform the requesting party in writing before the time of production why compliance with the ESI Stipulation is unreasonable or not possible. No party may seek relief from the Court concerning compliance with this ESI Stipulation until it has met and conferred with the other party pursuant to those Rules requiring a good faith effort to resolve or narrow the area of disagreement.

5. This ESI Stipulation may be revised or amended by agreement between the Parties, and each Party reserves the right to request the Court modify this ESI Stipulation.

6. Counsel executing this ESI Stipulation warrant and represent that they are authorized to do so on behalf of themselves and their respective clients. IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

*/s/ Beth Klein*

Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Email beth@bethklein.com
Phone 303-448-8884
- **AND –**
Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
**AND –**
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Beth Klein*
Beth Klein

**EXHIBIT 1**

1. **Relevant Time Period**

- Unless otherwise agreed or ordered, the Relevant Period shall be January 1, 2025 through May 31, 2025, with a presumption favoring inclusion of data from January 31, 2025 through April 6, 2025 as directly tied to the pleaded events. On April 5–6, 2025 alleged poisoning event links to custodians Cooprider and Davis; devices/accounts include cell phones, text messages, PayPal, Uber; locations include Davis's home, Foxfire Condominiums, Corpus Christi Medical Center Bay Area; time window anchored by January 31, 2025 through April 6, 2025.

2. **Documents/ESI to Be Produced**

- All text/SMS/RCS/iMessage communications between Plaintiff and Defendant from November 25, 2024 through April 12, 2025, including attached media (audio, photos, screenshots) and metadata.
- Audio recordings made on April 5–6, 2025 related to the alleged incident, including the 29-second recording.
- Device photographs and images of medication/pill containers, labels, receipts, and packaging (including any showing "Aid Access," "mifepristone," and "misoprostol"), with original capture metadata.
- Call logs and message logs for April 5–6, 2025 reflecting attempts to contact, missed calls, and timestamps for both parties.
- Location data and device analytics for April 5–6, 2025 sufficient to show approximate device location/movement (e.g., device GPS history, Apple/Google location history), subject to Court order.
- Hospital/ER admission-discharge records, triage notes, and timestamped visit documentation for the April 6, 2025 presentation at Corpus Christi Medical Center Bay Area, with any chain-of-custody records for items provided to police.
- Forensic images and associated inventories previously created of each party's relevant devices (cell phones, tablets, computers), to be transferred by prior examiners to the new neutral custodian as ordered.
- Cloud-stored data for Plaintiff relevant to the communications, media, and recordings at issue, with access credentials or tokens provided to the neutral custodian as ordered.
- Receipts, order confirmations, shipping/tracking data for any abortion-inducing drugs allegedly purchased or received February 1–March 1, 2025.
- Ultrasound reports and related scheduling/clinical communications around March 21, 2025, including any follow-up directions and lab timing communications.