From : beth@bethklein.com

To : jonathan@mitchell.law; mikal@wattsllp.com; bmoscowitz@thompsoncoe.com; ohamby@thompsoncoe.com; vjimenez@thompsoncoe.com; cdupen@thompsoncoe.com

Sent : 6/14/2026 11:37PM

Subject : RE: Discovery Conferral - Deposition Dates, Insurance Coverage Information, Damages Disclosures

Jonathan,

I am not going to litigate on emails or otherwise unproductively engage. I stand by every statement which is backed with evidence.

If you wish to move the ball forward, please advise how you wish to proceed with the pending ESI discovery and your objections. Do we need to schedule a hearing to go through and have the court rule on every objection before the forensics can proceed? You say: "I have objected to the discovery requests that you served on May 13, 2026, so you have no right to access any material described in those requests unless the Court overrules my objections or I withdraw them." Let me know in writing your position so we can get this to the Court expeditiously. Barry has been in an arbitration, and I am out of the United States. Written conferral is preferred.

Please review the RFP's:

REQUEST FOR PRODUCTION NO. 25: Produce all DOCUMENTS reflecting YOUR documentation of YOUR menstrual cycle.
RESPONSE: Ms. Davis did not start using an app to document her menstrual cycle until October 2025. Ms. Davis therefore objects to this request because her menstrual cycle from October 2025 onward is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1)

**Beth Klein**
Phone 303-448-8884
beth@bethklein.com
Fax 720-307-2816
Documentary Website
350 Market Street, Suite 310 Basalt CO 81621

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Sunday, June 14, 2026 10:22 PM
**To:** Beth Klein <beth@bethklein.com>; Mikal Watts <mikal@wattsllp.com>; Moscowitz, Barry <bmoscowitz@thompsoncoe.com>; Hamby, Oliver <ohamby@thompsoncoe.com>; Jimenez, Victoria <vjimenez@thompsoncoe.com>; Dupen, Craig <cdupen@thompsoncoe.com>
**Cc:** Talcott Franklin <tal@tfpc.me>; John C. Sullivan <john.sullivan@the-sl-lawfirm.com>; Cliff P. Riley <cliff.riley@slfirm.com>
**Subject:** Re: Discovery Conferral - Deposition Dates, Insurance Coverage Information, Damages Disclosures

Beth:

You have no evidence whatsoever that Ms. Davis "wiped" her phone, and you have presented no evidence of this to me or to the Court. You are making this up and defaming my client.

If you subpoena Ms. Amoroso or Ms. Ziarko, then we will move to quash. It is your decision whether to issue the subpoenas but I have warned you that we will move to quash the subpoenas if you proceed.

I am still thinking over how to handle the payments to Array. You are lying when you accuse of my client of hiding evidence. She has not "hidden" anything and you cannot identify a single piece of evidence that she has "hidden." I am not going to agree to a payment-sharing arrangement that is based on a false premise. I think it would be helpful if I negotiated this issue with a different member of your legal team. We can work on a stipulated agreement with respect to payment and present it to the Court. The invoice isn't due until June 30, so we have some time to work this out.

You are also lying when you claim that I have said that we "must have a hearing in every single discovery request to which you have objected (which is every single discovery request made in this case)." I have never said anything of the sort, and I have not objected to "everysingle discovery request made in this case." What I said is that we are available to meet and confer about the discovery objections that I raised, which is a basic professional courtesy that objecting lawyers extend whenever a discovery dispute arises.

The falsehoods that appear in nearly every e-mail that you send accomplish nothing except to show that you are an untruthful attorney. I do not understand why you think this behavior serves your interests or the interests of your client. But if this is how you want to litigate this case, then I am capable of learning.

Please try to remember to include my co-counsel (Tal Franklin, John Sullivan, and Cliff Riley, all cc'd above) on our future correspondence.

—Jonathan

On Jun 14, 2026, at 3:12 AM, Beth Klein <beth@bethklein.com> wrote:

Jonathan,

Every single statement in my email
is backed with substantial facts. I disagree with your over-the-top comments, but I choose to present my argument to the Court and seek to find common ground to continue to move this case to conclusion.

We will schedule the three depositions and subpoena the witnesses.

How do you wish to make your share of the payment to Array? I insist that you be billed directly and you that sign the contract with Array. Obtaining esi discovery was only necessitated because your client constantly hid key evidence and lied about the existence of text messages and other documents. All these expenses are of your clients making.

Since it's your position that we must have a hearing in every single discovery request to which you have objected (which is every single discovery request made in this case) we will get that scheduled to take place when I return to the United States in July and can participate.

Thank you.

Get Outlook for iOS

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Sunday, 14 June 2026 10:47:20
**To:** Beth Klein <beth@bethklein.com>
**Cc:** Mikal Watts <mikal@wattsllp.com>; Moscowitz, Barry <bmoscowitz@thompsoncoe.com>; Hamby, Oliver <ohamby@thompsoncoe.com>; Jimenez, Victoria <vjimenez@thompsoncoe.com>; Dupen, Craig <cdupen@thompsoncoe.com>
**Subject:** Re: Discovery Conferral - Deposition Dates, Insurance Coverage Information, Damages Disclosures

Beth:

There is quite a bit in this e-mail. I will respond to each paragraph below.

On Jun 13, 2026, at 11:05 PM, Beth Klein
<beth@bethklein.com> wrote:

Mr. Mitchell,

Ms. Davis has violated multiple court orders and filed two materially false declarations with the Court. She wiped her phone minutes prior to the phone being turned over to the expert, further obstructing discovery and drawing a likely trial Instruction of an inference of her fault. She concealed the existence of the second phone with the critical recording that we have formally requested in discovery.

That is absolutely false and defamatory, and you know it. Ms. Davis has never “wiped” her phone or spoliated evidence, and you have no evidence that she did. She did not “conceal the existence” of her second phone, as she candidly admitted to its existence in her deposition. We have already produced the audio recordings of that night, so you have not been prejudiced in the slightest by the fact that Ms. Davis has not yet produced her second phone to a forensics expert. You make up falsehoods about Ms. Davis to smear her character. I will call out your lies every time you put them in an e-mail or court filing.

We can now take the deposition of Detective Manzano per the magistrate’s order. This will be taken live in Corpus Cristi. Please provide dates in July and make sure that Blake Green is copied to facilitate the scheduling. Blake Green
<blakeg@corpuschristitx.gov>

I do not represent Detective Manzano so I will not be defending his deposition, but I would like to attend the deposition over Zoom and I intend to ask him some questions on the record when you conclude your questioning.

Right now I am generally available in the month of July, but it is possible though not certain that I will be traveling July 6–10, so I request that you not schedule any depositions during that week.

> Two additional requests for deposition dates have been pending for months. I will set these depositions at my convenience in July if I do not receive dates from you immediately: Ami Amoroso (to be taken live in Georgia) and Mary Anna Ziarko (too be taken live in Corpus Cristi). Mary Anna Ziarko was physically present at the Davis household the night of April 5-6. Ms. Ziarko spoke to and closely observed Ms. Davis around midnight and was likely in the tv room, dining room and kitchen.

I have not been retained by either Ms. Amoroso or Ms. Ziarko. If you schedule them for depositions, I would like to attend the deposition over Zoom. It is possible that I will ask them questions on the record after you conclude your questioning.

I am generally available in July although I ask that you not schedule any depositions during July 6–10 because I might be traveling that week.

> I am further conferring with you to reach an agreement that the three artifacts recovered from Ms. Davis's phone that were disclosed on May 31, 2026 should be made public: the confirmation that Ms. Davis changed key witness Amoroso's name in contacts, her menstrual and pregnancy tracking notes (that should have been produced in rfp's) and the report - Exhibit 40 . All these artifacts are responsive to specific discovery requests, are not privileged and do not meet the ***June*** test for permanent sealing set forth in the protective order. This evidence will be re-discovered by Array in a matter of days.

We will not agree to make any of this public. You obtained this material from Ms. Davis in violation of the Court’s order of May 14, 2026, and we will be seeking sanctions from the Court that will prevent you from using any material that you unlawfully obtained from Ms. Davis’s phone.

This material that you describe is not responsive to any discovery request. I have objected to the discovery requests that you served on May 13, 2026, so you have no right to access any material described in those requests unless the Court overrules my objections or I withdraw them.

> Array must be paid immediately, and the court ordered that investigator fees will be **<u>split equally in its May 14, 2026, order</u>**. You have the bill; confirm your payment.

The Court's order of May 14, 2026, does not say anything about how the fees with Array will be split. It says only that the fees for Mr. Vasiliou will be shared equally. Don't misrepresent the Court's order.

The invoice for Array says payment is due on June 30, 2026, so don't tell me that Array "must be paid immediately." That is also a misrepresentation.

Barry has proposed a 50/50 split, and I still considering whether to agree to that. You were the ones who demanded Ms. Davis's computer, so it is not clear to me why we should bear any of these costs. But I am still thinking it over.

> Your boilerplate general objections to the ESI request are not appropriate and should be withdrawn. Whatever logic may have led to the development of a laundry list of general objections, courts have made clear that they are ineffective for much more than wasting space and annoying judges and that lawyers should stop interjecting them. See, e.g., Fischer v. Forrest, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag.); Sagness v. Duplechin, 2017 WL 1183988, at *2 (D. Neb. Mar. 29, 2017) (Zwart, Mag.); Liguria Foods, Inc. v. Griffith Labs., Inc., 2017 WL 976626 (N.D. Iowa Mar. 13, 2017); Cafaro v. Zois, 2016 WL 903307, at *1 (S.D. Fla. Mar. 9, 2016) ("Boilerplate objections may also border on a frivolous response to discovery requests." citing Steed v. Everhome Mortg. Co.,

308 F. App'x 364, 371 (11th Cir. 2009)); Heller v. City of Dallas, 303 F.R.D. 466, 482-85 (N.D. Tex. 2014) ("Counsel should cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests."); Waldrop v. Discover Bank (In re Waldrop), 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016).

Should you possess further evidence responsive to all discovery served to date, please review all evidence on all devices and produce it within 7 days.

I will not withdraw those objections. Nor will I produce discovery in response to a request to which I have objected. If you would like to schedule a meet-and-confer session to discuss particular objections, please let me know.

To my knowledge, I believe that we have produced all documents responsive to the discovery requests that you served before May 13, 2026. But if I uncover additional responsive materials that were not previously produced, I will of course produce them.

I have asked you for insurance coverage information from your client's homeowners' policy which should have been disclosed. Please provide the declarations page for the Homeowner's Insurance policy along with any reservations of rights and coverage communications.

I will ask my client to provide her homeowner's insurance policy and I will produce the required information when I obtain it.

Please supplement your calculations of damages in your disclosures and provide all supporting documents. If you are abandoning any category of damages, please formalize your position in your

disclosures. Your client testified in her deposition that she isn't seeking the amount she paid for medical bills, had no idea of any subrogation interest, and she isn't seeking a "bounty." Your client testified that is seeking damages for the family court's order removing her children in April 2025 and Mr. Cooprider's cooperating with Judge Madrigal; this isn't a claim in the case and unlikely a valid claim. Let me know if we need to file a MSJ on this issue.

We're not abandoning any category of damages. Ms. Davis is not a lawyer so she is not going to know which categories of damages to pursue in a wrongful-death case such as this. I will work on preparing a supplemental disclosure.

Thank you.

**Beth Klein**
Phone 303-448-8884
beth@bethklein.com
Fax 720-307-2816
Documentary Website
350 Market Street, Suite 310 Basalt CO 81621
<image001.png>

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This

communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

----------------------------

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are intended only for the use of the individual or entity to whom it was sent as indicated above. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**