United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO QUASH**

Before the Court are Mary Ziarko's and Amy Amorso's motions to quash subpoenas served on them as nonparties. (D.E. 109); (D.E. 110). Based on Plaintiff's initial disclosures, Defendant subpoenaed Ms. Ziarko and Ms. Amoroso for video depositions and all text messages, emails, and voicemails related to the instant suit. The nonparties move to quash both subpoenas, contending the subpoenas subject Ms. Ziarko and Ms. Amoroso to undue burden. Because the subpoenas do not pose an undue burden on Ms. Ziarko and Ms. Amoroso, the Court **GRANTS in part** and **DENIES in part** Ms. Ziarko's and Ms. Amoroso's motions to quash. (D.E. 109); (D.E. 110).

## I. Background

This is a wrongful death lawsuit. (D.E. 1). Plaintiff alleges Defendant caused the death of her unborn child by providing Plaintiff with abortion-inducing drugs. *Id.* at 1.

Defendant seeks to depose Plaintiff's mother, Mary Ziarko, and Plaintiff's sister, Amy Amoroso. (D.E. 109-4, p. 1); (D.E. 110-3, p. 1). Defendant further seeks "[a]ll text messages, email messages, and voice mails between you & [Plaintiff] from January 1, 2025 to the present that concern [Plaintiff's] pregnancies in 2025 and 2026, [Defendant], the events of April 5–6, 2025, Marshall Bowling, Jeffrey Sparks, abortion medication, & this lawsuit." (D.E. 109-4, p. 1); (D.E. 110-3, p. 1). In response, Ms. Ziarko and Ms. Amorso move to quash both subpoenas for

imposing an undue burden on them. (D.E. 109); (D.E. 110). Defendant is opposed to the motions. (D.E. 113); (D.E. 115). This Order follows.

## II. Law & Analysis

Generally, parties are permitted to seek all relevant and nonprivileged information through discovery that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Parties may do so by deposing nonparties and requesting documents from nonparties. Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(c). Although parties may discover information "regarding any nonprivileged matter that is relevant," a person may seek to quash a discovery request when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A)(iii).

Additional protection is conferred on nonparties. Specifically, a party issuing a subpoena to a nonparty "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Whether a subpoena for the production of documents poses an undue burden is determined using the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted). When a subpoena is directed at a nonparty for producing documents or appearing for a deposition, courts "may also consider the expense and inconvenience to the nonparty." *See id.* Nevertheless, "modification of a subpoena is preferable to quashing it outright." *Id.*

### A. Documents

Defendant seeks "[a]ll text messages, email messages, and voice mails between

[Nonparties] & [Plaintiff] from January 1, 2025 to the present that concern [Plaintiff's] pregnancies in 2025 and 2026, [Defendant], the events of April 5–6, 2025, Marshall Bowling, Jeffrey Sparks, abortion medication, & this lawsuit" from Ms. Ziarko and Ms. Amoroso. (D.E. 109-4, p. 1); (D.E. 110-3, p. 1).

Ms. Ziarko and Ms. Amoroso argue that they do not have to produce these documents because Defendant can obtain them from Plaintiff's devices. (D.E. 109, p. 7); (D.E. 110, p. 4). The Court agrees as to text messages and emails. Courts prefer parties "obtain discovery from one another before burdening nonparties with discovery requests." *See Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020) (Mazzant, J.) ("As Plaintiff seeks correspondence between Defendants and nonparties, Plaintiff can necessarily obtain that information from Defendants. Instead of burdening nonparties, Plaintiff should obtain the information directly from the source."). Where an opposing party is "undoubtedly in possession of the records" responsive to the requesting party's requests, the requesting party "should use the discovery tools at its disposal to obtain the records before burdening a nonparty." *Bavely, Trustee of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-cv-093, 2023 WL 3686806, at *9 (E.D. Tex. Jan. 27, 2023) (Mazzant, J.) (citation modified).

Because the text messages and emails that Defendant seeks are between Plaintiff and the non-parties, Plaintiff is "undoubtedly in possession" of them. Voicemails that Plaintiff left for the non-parties, however, are not likely to be in Plaintiff's possession. As such, the Court **GRANTS** the non-parties' motions to quash as to text messages and emails but **DENIES** the motions as to voicemails.

**B. Depositions**

In addition to the documents sought, Defendant also seeks to depose the Nonparties. The

Court addresses each Nonparty below.

*i. Mary Ziarko*

Ms. Ziarko moves to quash her deposition on two grounds: (1) she is a frail, elderly woman in exceedingly poor health and dire financial straits, (D.E. 109, p. 5–6); and (2) she has no knowledge of any relevant and disputed facts. *Id.* at 6–7. While the Court is sympathetic to Ms. Ziarko's health and finances, Defendant is entitled to take her deposition.

The relevance bar is low. *Hicks-Fields v. Harris Cnty*, 860 F.3d 803, 809 (5th Cir. 2017); *Meier v. UHS of Delaware*, No. 4:18-CV-00615, 2021 WL 1226619, at *4 (E.D. Tex. Apr. 1, 2021) (Mazzant, J.). Evidence, including testimony, is relevant if "(a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added).

The parties do not appear to contest that Ms. Ziarko was in contact with Plaintiff on April 5–6, 2025, and was present at Plaintiff's apartment the morning of April 6, 2025. Plaintiff argues that her testimony cannot be relevant because "[w]hatever [Plaintiff] told her mom will not in any way support her claim that she was poisoned, or [Defendant's] defense that she miscarried." (D.E. 121, p. 5). The Court disagrees. As Defendant notes, Ms. Ziarko's testimony regarding what Plaintiff told her during their phone calls and her observations of Plaintiff's condition upon seeing her is all relevant. No one other than Plaintiff or Ms. Ziarko can shed light on these conversations, and no one other than Ms. Ziarko can testify as to what she saw at Plaintiff's residence, or her impression of Plaintiff's physical condition. Thus, the balance of the benefit and burden of Ms. Ziarko's deposition weighs against her motion to quash. *See Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) ("Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness which requires a

court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it[.] This balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source.")

Nonetheless, the Court can lighten Ms. Ziarko's burden by allowing her to appear remotely for her deposition. As such, the Court **MODIFIES** the subpoena to allow Ms. Ziarko to be deposed remotely. The Court otherwise **DENIES** Ms. Ziarko's motion to quash as to her deposition.

*ii. Amy Amoroso*

The analysis is much the same for Ms. Amoroso. Text messages apparently show that Ms. Amoroso urged Plaintiff to go the hospital prior to April 5–6, suggesting some familiarity with Plaintiff's condition. *See* (D.E. 115, p. 3–4). Ms. Amoroso argues her opinion of Plaintiff's health is inadmissible because she is not a medical expert, but the Court disagrees.

While Ms. Amoroso could not provide an opinion which requires specialized medical knowledge, she can provide opinion testimony that is "the product of reasoning processes familiar to the average person in everyday life." Fed. R. Evid. 701 advisory committee's note to 2000 amendment (quoting and adopting *State v. Brown*, 836 S.W.2d 530, 549 (1992)); *see also United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2009). Ms. Amoroso can testify as to whether she urged Plaintiff to go to the hospital and why—that is not expert testimony. And although Ms. Amoroso says her testimony is "unlikely to provide any illuminating information on Ms. Davis's medical condition that day," Defendant does not have to take her word for it. Like with Ms. Ziarko, no one other than Ms. Amoroso can testify to Ms. Amoroso's impressions of Plaintiff on the dates in question. Thus, the Court will not quash Ms. Amoroso's deposition. Nonetheless, the Court **MODIFIES** the subpoena to allow Ms. Amoroso to be deposed remotely. The Court otherwise **DENIES** Ms. Amoroso's motion to quash as to her deposition.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the non-parties' motions to quash subpoenas. (D.E. 109); (D.E. 110).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
August 27, 2026