United States District Court
Southern District of Texas
**ENTERED**
September 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is a joint status report addressing six discovery disputes. *See* (D.E. 118); (D.E. 126). The Court **ORDERS** the parties to appear before the undersigned **on September 10, 2026, at 1:00 p.m.** for a premotion conference.[1] In advance of the conference, the Court rules as follows on the pending discovery disputes:

1. What devices, if any, Plaintiff has failed to provide to Array.

Plaintiff has repeatedly represented to the Court that she has provided all devices to Array that are covered by the Court's May 14, 2026 Order. The Court **RULES** that Plaintiff's work computer is not covered by the Court's May 14, 2026 Order. The Court will not hear further argument on this issue.

2. The status of the parties' negotiation of an ESI order.

Plaintiff's counsel's position appears to be that he does not have time to draft an ESI order. *See* (D.E. 126, p. 2). Luckily, there is no need—Defendant provided Plaintiff with a draft proposed ESI order on June 9, 2026. *See* (D.E. 126-12). Counsel for Plaintiff **SHALL** review D.E. 126-12 and provide opposing counsel with a redline or list of items in the draft proposed

[1] Parties may access the hearing, if necessary, via the following link:
https://www.zoomgov.com/j/1615444251?pwd=R3g5ZnBwdVpvVkFCUlBVS211UXZ4QT09
Dial by your location
+1 669 254 5252 US (San Jose)
+1 646 828 7666 US (New York)
Meeting ID: 161 544 4251
Password: 020679

ESI order that Plaintiff disagrees with **on or before September 8, 2026, at 12:00 p.m.** The parties **SHALL** update the Court on the status of the ESI order negotiation at the September 10 premotion conference.

3. The status of any objections to the Vasiliou production, *see* (D.E. 101, p. 1).

The Court previously ordered that Plaintiff had twenty-one (21) days from the date of receipt of the Vasiliou extraction to review it and make objections. (D.E. 101, p. 1 n.5). To the extent that Plaintiff objects to production of the entire extraction because it is overbroad and disproportionate to the needs of the case, the Court **SUSTAINS** the objection. The parties **SHALL** confer **on or before September 8, 2026, at 12:00 p.m.** as to which portions of the extraction Plaintiff will produce. If the parties are unable to reach an agreement, then they **SHALL** file a joint advisory **on or before September 9, 2026, at 12:00 p.m.** The advisory **SHALL** contain **no more than a half page** of argument from each party on this issue. Defendant's argument **SHALL** include his revised discovery request regarding the Vasiliou extraction, and Plaintiff's argument **SHALL** include her objection(s) to same.

4. Array's failure to comply with the Court's August 20, 2026 Order, including whether the August 21, 2026 meeting between Array and the parties took place.

The Court is in receipt of Mr. Nee's August 21, 2026, email. The Court **ADMONISHES** Array and the parties that any further reports **SHALL** be directed to the Court and specifically address all items covered in the order. Counsel for the parties **SHALL** provide a copy of this Order to Array and direct the appropriate Array personnel to this item.

5. A status update on the iCloud download, which the parties appear to be working towards.

No Court action is necessary regarding this item.

6. Any other outstanding discovery issues.

Plaintiff requests that Defendant turn over communications between Mr. Cooprider and Ilse Fragoso for in-camera inspection of redacted materials. The Court will not order in-camera review at this time. The parties **SHALL** be prepared to discuss this issue at the September 10 premotion conference.

Defendant requests clarification regarding copying the Court's case manager on communications between Array and the parties. The Court clarifies that the Court's case manager shall be included **only** on substantive emails between Array and the parties related to the iCloud download.

* * *

The Court is in receipt of Plaintiff's counsel's latest requests for a premotion

conference, sent to the Court's case manager on September 1, 2026, at 12:58 a.m. and 1:07 a.m. The Court will no longer accept emails from the parties expounding on discovery disputes or requesting a premotion conference. The Court **ORDERS** the parties to file future requests for a premotion conference as motions. Plaintiff's counsel may re-urge his latest requests by filing a motion for premotion conference.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Berkeley, California
September 1, 2026