UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, | * | |
| Aid Access GmbH, & | * | |
| Rebecca Gomperts, | * | |
| | * | |
| Defendants. | * | |

**RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

**Request for Production No. 1**: Each and every smartphone that you owned or possessed between January 1, 2025, and the present, including the Android device that you owned and possessed on April 6, 2015, as well as any Android device or other smartphone that you currently own or possess. Before producing any smartphone or Android in response to this request, change the password to "123456" (or another password that the parties have mutually agreed upon) to avoid the need for us to compel disclosure of your current password.

**RESPONSE: OBJECTION.** Defendant has one smartphone responsive to this request. He respectfully will not produce the requested device or comply with the demand to change its password and alter security protections. This is an improper request for inspection that requires a Court Order, and Defendant makes the following objections:

**Overly broad and not limited in time**: The Plaintiff's request for production and demand to change his phones password and security protection will allow Plaintiff unfettered and unlimited access to the requested devices, for an unlimited period, if not permanently. If produced this would give plaintiff access to all of Defendants information, not just any information potentially relevant to this case, if any. Further, the request will give access to information of unlimited time, not just to the specific time period relevant to the lawsuit arising on April 6, 2025. *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022).

"First, to be entitled to production of cell-phone data, the party seeking it must allege or provide some evidence of cell-phone use by the person whose data is sought at a time ***when it could have been a contributing cause of the incident*** on which the claim is based. If the party seeking the discovery satisfies this initial burden, the trial court may

order production of cell-phone data, provided its temporal scope is tailored to encompass only the period in which cell-phone use could have contributed to the incident." *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2018 WL 1726667 at *5 (M.D. La. Apr. 10, 2018)) "Further, the utility of the examination must be clearly defined and specified: '[M]ere skepticism that an opposing party has not produced all relevant information' and 'a mere desire to check that the opposition has been forthright in its discovery responses' do not suffice to 'warrant drastic discovery measures like an exhaustive computer forensic examination.'")

**Unduly burdensome/disproportionate**: The request would be too invasive to comply with, especially compared to the needs of the case. The request will deprive Defendant of the use of his only cell phone. The Defendant has already disclosed all texts messages between Defendant and Plaintiff, Defendant and Devin Davis (Plaintiff's ex-husband), Defendant and Jackie Samuelson (Plaintiff and Defendants' neighbor), Defendant and military personnel including Lr. Col Grell and Lt Col. Dunsworth, Defendant an Alex Simlak (Defendant's Roommate) and Defendant and Dan Cooprider (Defendant's Father.) See Exhibit A, Global Intext of Disclosed Documents.

**Invasion of privacy**: The request seeks take the Defendants phone and , which contains a vast amount of personal information beyond what is relevant to the case. *John Crane Group Corp. v. Energy Devices of Texas, Inc.*, Civ. A. No. 6:14-CV-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015). *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2018 WL 1726667, at *8 (M.D. La. Apr. 10, 2018). *See MODE Glob., LLC v. Kuriger*, No. 3:25-CV-2470-K, 2025 WL 2734232 (N.D. Tex. Sept. 25, 2025)) "The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns." )

**Irrelevant**: The information on the devices is not likely to lead to the discovery of relevant evidence.

**Privileged information**: The device contains privileged communications, such as attorney-client or doctor-patient information. Defendant retained criminal defense counsel on April 7, 2025 and civil defense counsel on August 12, 2025. He has used his phone to communicate extensively with counsel.

**Request for Production No. 2**: Each and every computer that you owned or possessed between January 1, 2025, and the present, including any desktop, laptop, or tablet computer that you owned or possessed between January 1, 2025, and the present. Before producing any computer in response to this request, change the password to "12345678" (or another password that the parties have mutually agreed upon) to avoid the need for us to compel disclosure of your current password.

**RESPONSE: OBJECTION.** Defendant has possession of two laptop computers responsive to this request. He respectfully will not produce the requested devices or comply with the demand to change its password and alter security protections. This is an improper

request for inspection that requires a Court Order, and Defendant makes the following objections:

**Overly broad and not limited in time**: The Plaintiff's request for production and demand to change his computer passwords and security protection will allow Plaintiff unfettered and unlimited access to the requested devices, for an unlimited period, if not permanently. If produced this would give plaintiff access to all of Defendants information, not just any information potentially relevant to this case, if any. Further, the request will give access to information of unlimited time, not just to the specific time period relevant to the lawsuit arising on April 6, 2025. *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022).

"First, to be entitled to production of cell-phone data, the party seeking it must allege or provide some evidence of cell-phone use by the person whose data is sought at a time ***when it could have been a contributing cause of the incident*** on which the claim is based. If the party seeking the discovery satisfies this initial burden, the trial court may order production of cell-phone data, provided its temporal scope is tailored to encompass only the period in which cell-phone use could have contributed to the incident." *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2018 WL 1726667 at *5 (M.D. La. Apr. 10, 2018)) "Further, the utility of the examination must be clearly defined and specified: '[M]ere skepticism that an opposing party has not produced all relevant information' and 'a mere desire to check that the opposition has been forthright in its discovery responses' do not suffice to 'warrant drastic discovery measures like an exhaustive computer forensic examination.'")

**Unduly burdensome/disproportionate**: The request would be too invasive to comply with, especially compared to the needs of the case. The request will deprive Defendant of the use of his only cell phone. The Defendant has already disclosed all texts messages between Defendant and Plaintiff, Defendant and Devin Davis (Plaintiff's ex-husband), Defendant and Jackie Samuelson (Plaintiff and Defendants' neighbor), Defendant and military personnel including Lr. Col Grell and Lt Col. Dunsworth, Defendant an Alex Simlak (Defendant's Roommate) and Defendant and Dan Cooprider (Defendant's Father.) See Exhibit A, Global Intext of Disclosed Documents.

**Invasion of privacy**: The request seeks take the Defendants phone and , which contains a vast amount of personal information beyond what is relevant to the case. *John Crane Group Corp. v. Energy Devices of Texas, Inc.*, Civ. A. No. 6:14-CV-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015). *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2018 WL 1726667, at *8 (M.D. La. Apr. 10, 2018). *See MODE Glob., LLC v. Kuriger*, No. 3:25-CV-2470-K, 2025 WL 2734232 (N.D. Tex. Sept. 25, 2025)) "The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns." )

**Irrelevant**: The information on the devices is not likely to lead to the discovery of relevant evidence.

**Privileged information**: The device contains privileged communications, such as attorney-client or doctor-patient information. Defendant retained criminal defense counsel on April 7, 2025 and civil defense counsel on August 12, 2025. He has used his phone to communicate extensively with counsel.

*Counsel for Defendant*
*Christopher Cooprider*

*/s/ Beth Klein*
Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Phone 303-448-8884
beth@bethklein.com

Mikal C. Watts
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

*/s/ Barry A. Moscowitz*
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

William L. Mennucci
Texas State Bar No. 00788042
Federal Bar ID No. 18172
bmennucci@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
COUNSEL FOR DEFENDANT
CHRISTOPHER COOPRIDER

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, a copy of the foregoing pleading was served upon all counsel of record by email.

/s/ *Beth A. Klein*
Beth A. Klein