UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,

Defendants.

Case No. 2:25-cv-00220

**DECLARATION OF JONATHAN F. MITCHELL**

1. My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent plaintiff Liana Davis in this litigation, and I submit this declaration in support of Ms. Davis's motion for a pre-motion conference.

4. The documents attached as Exhibits 1 and 2 to this motion are authentic copies of Mr. Cooprider's objections and responses to Ms. Davis's previous requests for production.

5. The document attached as Exhibit 3 to this motion is an authentic copy of Mr. Cooprider's WhatsApp chat with Ilse Fragoso, which Mr. Cooprider's attorneys produced in discovery.

6. The document attached as Exhibit 5 to this motion is an authentic copy of Mr. Cooprider's WhatsApp chat with Jackie Samuelson, which Mr. Cooprider's attorneys produced in discovery.

7. On April 15, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "So my lawyer met with the investigator today and said it went pretty good but he asked me to send him basically like my whole text conversation with Liana for like Saturday and the days leading up to it." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001818b. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

8. On April 25, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "My attorney was saying that he talked to the investigator and basically all they're waiting on to wrap up the investigation right now is the toxicology report. . . . But I asked him, like, I don't there's going to be anything on the report that helps her. If anything, the toxicology report is only going to be bad for Liana because it's going to show that she had alcohol in her system . . ." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001826a. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

9. On May 15 or 16, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "I thought about doing that, and I even asked my lawyer, like, hey, like, I'm thinking about doing this, like, do I have your permission to do this? Or could you ask for me? And he was basically saying, like, uh, it doesn't really like, like don't bother doing that. If anything, you, like, trying to pressure or, like, ask about those things, just kinda it doesn't look good on me. Which, I'm like, all right, I guess I can kinda see that. What I'm doing instead if, um, I have a friend who, I guess, runs a law firm here. Um, and so, I'm reaching out to him and ask him if he knows any of the prosecutors at the DAs office, which I'm sure he does, and I'm going to ask if he can do me a favor and ask one of those prosecutors to look at my case." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001848b. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

10. On May 28, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "It was fine. I mean, uh, my lawyer's basically, like, uh yeah this crazy lady won't just leave you alone, will she? It's like, yeah, she's really just is obsessed. Um, but he was saying that he, uh, looked the guy up, the lawyer, and was saying from what he's heard is that the guy's obviously very passionate about this subject, and was a part of that very strict abortion bill in Texas, which is one of the most strict in the country, um, and basically he was saying that he thinks the target of the suit is the company, not me. Um, but he was talking with some of his colleagues, and he was saying that he doesn't really see an angle where I'm liable or did anything illegal, or the company, because they are FDA-regulated and cleared through the FDA, so it's not like they sent illegal drugs through the mail or anything. So, yeah, he's kinda struggling to wrap his mind around why this person even took the case. Um, but I reminded him how Liana has a history of lying on legal documents and to legal officials. And he agreed with me, saying that probably she lied to the lawyers or just told her own very biased side of things, and so that's why they think that they could possibly win. He just doesn't know enough info regarding things. And also, um, they're trying, they would like to keep it, uh, I guess, on the state level instead of than the federal level, because I guess that makes it, for some legal reason, it makes it easier for this lawyer to go after the company as long as there is a local defendant, me, in the case. But, I don't know how all this works. I think he's saying that, like, that if it gets dropped or if there's no case to be had against me, then that makes it significantly more difficult for them to go after the company. Sorry that's a lot of information but that's what he told me." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001866a. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

11. On May 28 or 29, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "My lawyer, I mean, he said it's impossible to know what the, Liana's new lawyer is gonna do. But he's, he's a little bit concerned that, um, this guy's just going to pursue things civilly, uh, regardless of trying to win the case because he's going to basically use me as a vehicle to go after the companies." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001867a. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

12. On or about May 28 or 29, 2025, Cooprider transmitted the following audio statement to Jackie Samuelson through WhatsApp: "But, he said there's also a chance that he sees the evidence, or how the charges get dropped criminally, and there's a lack of evidence, so he could see that they drop the case civilly also." Mr. Cooprider's attorneys produced this audio statement in discovery and it is bates-stamped CR001867b. I e-mailed the audio file to Ms. Clancy on September 1, 2026.

13. I served discovery requests on Mr. Cooprider's attorneys last week for documents and communications related to the subject matter of each of these waivers of the attorney-client privilege.

14. The documents attached as Exhibits 6 through 10 to this motion are authentic copies of e-mails that have been exchanged between counsel for Ms. Davis and counsel for Mr. Cooprider.

15. Ms. Klein has not responded further to my e-mails, nor has she proposed an extension of the discovery deadline to accommodate our efforts to take discovery in response to Mr. Cooprider's waivers of the attorney-client privilege.

16. There are still many missing attachments from the <media omitted> in Cooprider's WhatsApp chat with Jackie Samuelson, which is attached to this motion as Exhibit 5. Although Mr. Cooprider's attorneys have produced a significant number

of these <media omitted> attachments, everything from pages CR001868 onward is still missing.

17. It is crucial that Ms. Davis obtain these files because many of the previous attachments revealed waivers of the attorney-client privilege and other information relevant to the parties' claims and defenses.

18. I e-mailed Mr. Cooprider's lawyers about this on August 26, 2026, but did not receive a response. The e-mail that I sent on August 26, 2026, is attached as Exhibit 11 to this motion.

19. I e-mailed again on August 29, 2026, but Ms. Klein wrote back and said that she would not respond until 14 days had elapsed. Those e-mails are attached as Exhibits 7 and 12 to this motion.

20. I cannot wait 14 days for Ms. Klein to meet and confer when discovery closes on October 15, 2026 and Mr. Cooprider's deposition is scheduled for October 5, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: September 3, 2026

JONATHAN F. MITCHELL