IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS,<br><br>*Plaintiff*,<br><br>V.<br><br>CHRISTOPHER COOPRIDER, AID ACCESS GMBH & REBECCA GOMPERTS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:25-CV-220 |

**<u>DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO PLAINTIFF'S MOTION FOR PRE-MOTION CONFERENCE [DKT 130]</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID S. MORALES:

COMES NOW Defendant Christopher Cooprider ("Defendant" or "Mr. Cooprider"), and files this Response to Plaintiff's Motion for a Pre-Motion Conference showing the Court as follows:

## I. Introduction.

1. Defendant Christopher Cooprider respectfully opposes Plaintiff's assertion that he has waived the attorney–client privilege and work-product protections. The Court should deny any request to compel privileged communications, find no waiver—express, implied, or subject-matter—and maintain all privilege protections.

2. The key issue in this matter is whether Liana Davis ingested any abortion medication. The key elements of this case include whether Defendant knowingly provided abortion inducing drugs to a pregnant woman for the purposes of inducing an abortion. None of the communications cited by Plaintiff in her motion prove or disprove that fact. Thus, **waiver was not triggered** by Defendant because he: (1) merely acknowledged that he consulted an attorney on a subject; (2)

stated in general terms that he relied on counsel's advice without disclosing the substance of that advice; (3) disclosed at most a legal conclusion without disclosing the underlying confidential communication; (4) discussed only underlying facts that were also communicated to counsel; or (5) disclosed only the general nature of legal services provided, without revealing the substance of the communications. All, which have been held <u>do not</u> waive the attorney client privilege.

3. As to Plaintiff's second issue, Mr. Cooprider has produced all attachments in his possession regarding his WhatsApp chats with Jackie Samuelson, thus it would be a waste of judicial resources to allow Plaintiff to file a Motion to Compel.

4. As to Plaintiff's third issue, Mr. Cooprider has no objection to sending the Court the unredacted version of his WhatsApp chat with Ilse Fragoso, however, assures the court that the redacted portions were not conversations that were responsive to Plaintiff's RFP No. 41.

## II. Background

5. Plaintiff's filing [Dkt 130] identifies a series of WhatsApp messages and audio clips involving Mr. Cooprider and two non-lawyers, Ilse Fragoso and Jackie Samuelson, and contends these communications effected "extensive subject-matter waivers." [Dkt 130, pp. 2-7]. Plaintiff cites specific snippets, including brief references to what "my lawyers say" and purported summaries of counsel's general views, and attaches page and control-number references (e.g., CR004892 [Dkt 130, ¶¶1-2]; CR001799b [Dkt 130, ¶3]; CR001818b [Dkt 130, ¶4]; CR001826a [Dkt 130, ¶5]; CR001848b [Dkt 130, ¶6]; CR001866a [Dkt 130, ¶7]; CR001867a–b [Dkt 130, ¶¶8-9]; CR001829 [Dkt 130, ¶10]; CR001838 [Dkt 130, ¶11]; CR001866 [Dkt 130, ¶12]; CR001890 [Dkt 130, ¶13]; CR001894 [Dkt 130, ¶14]; CR001899 [Dkt 130, ¶15]).

6. As an initial matter, the cites referenced in paragraphs 3-15 in Plaintiff's Motion refer to communications that occurred before this lawsuit was filed and answered thus must be referring

to communications held between Mr. Cooprider and his attorney in his criminal case. The Court's docket indicates that Plaintiff filed her Complaint on **August 11, 2025**. Mr. Cooprider answered on **September 3, 2025**, which would be the first date that any attorney representing Mr. Cooprider made an appearance in this civil suit. The following are the dates cited by Plaintiff for each communication that Plaintiff alleged Mr. Cooprider waived attorney client privilege before this civil suit was answered:

- [Dkt 130, ¶3] April 9, 2025
- [Dkt 130, ¶4] April 15, 2025
- [Dkt 130, ¶5] April 25, 2025
- [Dkt 130, ¶6] May 15 or 16, 2025
- [Dkt 130, ¶7] May 28, 2025
- [Dkt 130, ¶8] May 28 or 29, 2025
- [Dkt 130, ¶9] May 28 or 29, 2025
- [Dkt 130, ¶10] April 30, 2025
- [Dkt 130, ¶11] May 8, 2025
- [Dkt 130, ¶12] May 28, 2025
- [Dkt 130, ¶13] August 12, 2025
- [Dkt 130, ¶14] August 16, 2025
- [Dkt 130, ¶15] August 26, 2025

7. Because all of the communications cited above occurred before September 3, 2025, none concern this civil suit; thus, Plaintiff's request and allegations of waiver regarding these communications should be denied. Moreover, Defendant's counsel in this civil suit does not have access to Mr. Cooprider's confidential communications with his attorney in the criminal suit nor did his attorneys in this suit participate in any of the communications with Mr. Cooprider's

criminal attorney cited above. For this reason alone, Plaintiff's requests for waiver of the privileged communications addressed in paragraphs 3-15 of her Motion should be denied.

8. In regard to the two communications with Ms. Fragoso [Dkt 130, ¶¶1-2], Plaintiff's request should also be denied for the following reasons: albeit Plaintiff's entire Motion should be denied as well.

**III. Legal Standard: Attorney-Client Privilege and Waiver**

9. Waiver of attorney client privilege may occur through voluntary disclosure of the <u>substance</u> of confidential attorney–client communications to third parties, but the scope of any waiver is limited and depends on the content disclosed, intent, and fairness considerations.[1] Subject-matter waiver is reserved for unusual cases where a party intentionally uses privileged communications as both a sword and a shield and where broad disclosure is necessary to prevent a selective and misleading presentation.[2]

10. Limited references to the existence of counsel, the fact of representation, general topics of legal strategy, or counsel's state-of-mind do not waive privilege unless the party affirmatively places the <u>substance of privileged advice</u> at issue.[3] Disclosure of underlying facts does not waive privilege over communications about those facts; facts remain discoverable from non-privileged sources, while communications remain protected.[4] Inadvertent or limited disclosures do not support subject-matter waiver; at most, they may waive protection only for the specific

---

[1] **Rule 502. Attorney-Client Privilege and Work Product; Limitations on Waiver**
**(a)** Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver. When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: **(1)** the waiver is intentional; **(2)** the disclosed and undisclosed communications or information concern the same subject matter; and **(3)** they ought in fairness to be considered together. Fed. R. Evid. 502.

[2] *Doe 1 v. Baylor Univ.*, 320 F.R.D. 430, 439-40 (W.D. Tex 2017).

[3] *In re Fortune Natural Resources Corp*, 350 B.R. 270, 274 (Bankr. E.D. La. 2005).

[4] *Upjohn Co. v. U.S.*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 685-86 (1981).

communication actually disclosed, and even that result turns on intent and fairness.[5]

## IV. Arguments and Authorities

### A. There was no voluntary disclosure of privileged communications to a third party, nor was any disclosure privileged in the first place.

11. The vast majority of Plaintiff's cited excerpts are high-level paraphrases or conclusory statements about counsel's general views (e.g., "my lawyers say…," [Dkt 130, ¶1]; "my attorney was saying…," [Dkt 130, ¶5]; "he thinks…," [Dkt 130, ¶7]; "he doesn't really see an angle…" [Dkt 130, ¶7]), not verbatim disclosure of confidential legal advice or the content of attorney–client communications sufficient to work a subject-matter waiver. One excerpt reproduces a short, generic reassurance from counsel ("Please let us [do the work]…sit still. find something else to occupy your mind." [Dkt 130, ¶3]), which conveys no legal analysis, strategy, or case-specific advice; even if viewed as disclosure, it is at most a narrow disclosure that cannot justify broad subject-matter waiver.[6]

12. In particular, paragraph 1 in Plaintiff's Motion points out a generalized view that "everyone knows [Mr. Cooprider] did not do what the crazy lady said." [Dkt 130, ¶1]. Additionally, the statement gave a generalized conclusion that some problems in the suit may be difficult to defend. *Id.* Paragraph 2 simply pointed out that Mr. Cooprider may have good days and bad days during the case, which cannot be considered a privileged communication. [Dkt 130, ¶2].

### B. References to the existence of counsel, general advice, or the fact of representation do not waive privilege.

13. Plaintiff's list includes references to having "a new lawyer," [Dkt 130, ¶13], a "signed attorney–client privilege letter," [Dkt 130, ¶14], and counsel "suggesting" a practical step (e.g.,

---

[5] *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2016 WL 8677303, at *3 (W.D. Tex. Dec. 30, 2016); *see also* footnote 1.

[6] *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2016 WL 8677303, at *3 (W.D. Tex. Dec. 30, 2016).

on-base housing) [Dkt 130, ¶15], which merely acknowledges representation and general counsel involvement; such references do not place the content of legal advice at issue.[7]

**C. Underlying facts are distinct from privileged communications.**

14. Several cited statements concern case status or facts (e.g., an investigator meeting [Dkt 130, ¶4], awaiting toxicology results [Dkt 130, ¶5], or a prosecutor's potential interest [Dkt 130, ¶6]), which are factual updates rather than communications conveying legal advice. Disclosure of case facts does not waive privilege over communications about those facts.[8]

**D. Any disclosure was not intentional, was limited, and does not support subject-matter waiver**

15. Even crediting Plaintiff's characterization, the identified disclosures, taken individually or collectively, are limited and non-substantive and do not reflect an intentional, selective, and misleading use of privileged communications that would trigger broad subject-matter waiver.[9]

**1. No implied or at-issue waiver**

16. Plaintiff does not identify any claim or defense by which Mr. Cooprider affirmatively relies on the content of counsel's advice to prove an element or to rebut liability; thus, the cited statements are not being used as a "sword," and thus implied waiver is inapplicable.[10]

**2. Criminal-Context Statements and Privilege**

17. Some excerpts concern Mr. Cooprider's criminal matter [Dkt 130, ¶¶3-15] or interactions

---

[7] General assertions that a party's attorney has examined a certain matter is not sufficient to waive the attorney-client privilege. *Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, No. A-09-CA-711 LY, 2010 WL 5174366, at *7 (W.D. Tex. Dec. 13, 2010); *see also Nyguen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) ("Inquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege."); *United States v. Robinson*, 121 F.3d 971, 976 (5th Cir.1997) ("The fact of representation, or an attempt at securing it, is generally not within the privilege."), *cert. denied*, 522 U.S. 1065 (1998); *United States v. White*, 887 F.2d 267, 271 (D.C.Cir.1989) ("An averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice").

[8] *Upjohn Co. v. U.S.*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 685-86 (1981).

[9] *Doe 1 v. Baylor Univ.*, 320 F.R.D. 430, 439-40 (W.D. Tex 2017).

[10] *Id.*

with an investigator [Dkt 130, ¶¶4-5]. Discussing the existence of counsel [Dkt 130, ¶¶1-5, 7-8, 10-14], general impressions about an investigation [Dkt 130, ¶¶4-5], or procedural posture with third parties does not convert privileged attorney communications into discoverable material absent disclosure of the substance of confidential legal advice.[11] Nothing in the cited criminal-context excerpts discloses specific legal analysis, strategy, or requested guidance; at most, they convey status and high-level views and thus do not effect a subject-matter waiver.

E. **Conclusion**

18. For the foregoing reasons, the Court should deny Plaintiff's waiver-based requests, find no attorney–client or work-product waiver—express, implied, or subject-matter—and maintain all privilege protections.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s Victoria L. Jimenez*
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210

[11] See footnote 7.

Fax: (713) 403-8299

**AND –**

Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Email beth@bethklein.com
Phone 303-448-8884

**AND –**

Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

**ATTORNEYS FOR DEFENDANT CHRISTOPHER COOPRIDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Victoria L. Jimenez*______
Victoria L. Jimenez