IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-220 |
| | § | |
| CHRISTOPHER COOPRIDER, AID ACCESS GMBH & REBECCA GOMPERTS, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL [DKT. 135]**

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID S. MORALES:

COMES NOW Defendant Christopher Cooprider ("Defendant" or "Mr. Cooprider"), and files this Response to Plaintiff's Motion to Compel [Dkt. 135], respectfully showing the Court as follows:

## I. INTRODUCTION

1. Plaintiff seeks an extraordinary order compelling production of broad categories of attorney-client communications based on a small number of informal text and audio statements that Mr. Cooprider made to non-lawyers. The motion should be denied because Plaintiff has not carried her burden to show disclosure of a significant portion of a privileged communication, much less the sweeping subject-matter waiver she requests. See *Nguyen v. Excel Corp.*, 197 F.3d 200, 206–08 (5th Cir. 1999). The cited statements are, at most, passing references to representation, general status updates, generalized impressions, or nonprivileged facts. Courts distinguish those generic references and bare conclusions from disclosures of the substance of attorney-client communications. See *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2016 WL

8677303, at *2–3 (W.D. Tex. Dec. 30, 2016); *Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co.*, No. A-09-CA-711-LY, 2010 WL 5174366, at *4–5 (W.D. Tex. Dec. 13, 2010).

2. Plaintiff's requested relief also overreaches for independent reasons. Most of the cited statements concern a criminal investigation that predated this civil action and involved different counsel. Plaintiff has not shown that Defendant's civil counsel possesses or controls any files of criminal counsel, and she has not shown that a limited disclosure of a client's paraphrase to a third party authorizes discovery of criminal-defense attorney communications in this civil case. Nor has Plaintiff identified any claim or defense by which Mr. Cooprider affirmatively relies on privileged advice. He has not put advice of counsel at issue, and he does not seek to use privileged material as both sword and shield.

3. Plaintiff's motion also conflates attorney-client privilege with work-product protection. Even if the Court found a narrow attorney-client waiver as to a specific disclosed statement, that would not automatically waive opinion work product, counsel's mental impressions, litigation strategy, or attorney notes. See *Nguyen*, 197 F.3d at 210; *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). Plaintiff's proposed order would compel precisely those protected materials—communications about counsel's assessments, motives, strategies, and reasons—without making the heightened showing required for opinion-work-product discovery. [Dkt. 135-10].

4. The Court should deny the motion. At most, if the Court believes additional information is needed to test a privilege claim, the appropriate remedy is a targeted privilege-log supplement or in camera review limited to specifically identified withheld documents—not wholesale disclosure of attorney-client communications and work product across forty-three broad subject areas. Cf. *United States v. Zolin*, 491 U.S. 554, 572 (1989) (requiring a factual basis

sufficient to support a reasonable, good-faith belief before in camera review under the crime-fraud exception); *In re Grand Jury Subpoena*, 419 F.3d 329, 335–36 (5th Cir. 2005) (same).

## II. RELEVANT BACKGROUND

5. Plaintiff's motion identifies WhatsApp messages and audio clips involving Mr. Cooprider and two non-lawyers, Ilse Fragoso and Jackie Samuelson. [Dkt. 135 at 2–6]. Plaintiff contends these informal statements caused "subject-matter" waiver and asks the Court to compel attorney-client communications relating to wide-ranging subjects, including counsel's impressions of the investigation, counsel's assessments of Plaintiff and her attorneys, counsel's views of litigation strategy, criminal-defense communications, and counsel's alleged "reasons" for various conclusions. [Dkt. 135-10].

6. Plaintiff's chronology is critical. The majority of the statements Plaintiff cites occurred before this civil action was filed or before any civil answer was due. Plaintiff filed the Complaint on August 11, 2025. [Dkt 1]. Mr. Cooprider answered on September 3, 2025. [Dkt 7]. Yet Plaintiff's motion relies heavily on statements allegedly made in April and May 2025 [Dkt 135 at 3-5, ¶¶3-12], months before this case existed and before civil-defense counsel appeared. Those statements necessarily concerned the criminal investigation or other pre-suit matters, not this civil case.

7. Plaintiff's own list confirms the point. The cited statements include alleged communications dated April 9, April 15, April 25, May 15 or 16, May 28, May 28 or 29, April 30, May 8, August 12, August 16, and August 26, 2025. [Dkt 135, at 3-6, ¶¶3-15]. Those dates precede the filing of this suit, the answer, or both. Plaintiff has therefore not established that the communications are civil-defense communications, that civil-defense counsel controls the materials requested, or that any alleged criminal-defense privilege issue can be resolved by

ordering civil-defense counsel to produce privileged files.

8. The two September 23, 2025, statements to Ms. Fragoso are also insufficient. "My lawyers say that everyone knows I didn't do what the crazy lady said. And we will win that. But there are other problems that will be difficult to defend," and "there will be good days and bad days as we go through this," are generalized paraphrases. [Dkt. 135 at 2–3, ¶¶ 1–2]. They do not disclose a legal memorandum, a litigation strategy, a specific attorney instruction, or the substance of confidential analysis. Compare *YETI Coolers*, 2016 WL 8677303, at *2–3 (no waiver from a statement conveying counsel's bare legal conclusion), and *In re Fortune Nat. Res. Corp.*, 350 B.R. 270, 275 (Bankr. E.D. La. 2005) (general statement concerning reliance on counsel did not disclose a specific communication), with *Nguyen*, 197 F.3d at 207–08 (waiver where witnesses disclosed directions given to counsel and counsel's legal research).

## III. LEGAL STANDARD

9. The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining or providing legal advice. Because the privilege protects confidentiality, disclosure to a third person lacking a common legal interest generally defeats the privilege. *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985); *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992). But waiver turns on disclosure of a privileged communication—not merely disclosure of underlying facts or the general nature of legal services. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981); *Nguyen v. Excel Corp.*, 197 F.3d 200, 206–08 (5th Cir. 1999); *Adams v. Mem'l Hermann*, 973 F.3d 343, 349–50 (5th Cir. 2020). Waiver is therefore analyzed communication by communication and is not established merely by identifying counsel, acknowledging a consultation, describing the general subject of representation, or recounting nonprivileged facts. *Id.*

10. Subject-matter waiver is narrower still. Under Federal Rule of Evidence 502(a), an intentional disclosure extends to undisclosed communications only when the disclosed and undisclosed communications concern the same subject matter and, in fairness, ought to be considered together. Fed. R. Evid. 502(a). The rule addresses selective disclosure that places protected information into litigation in a misleading or unfair manner. *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-CV-00576, 2023 WL 2733401, at *4–5 (S.D. Tex. Mar. 31, 2023). Even where some waiver exists, courts confine it to the topic actually disclosed rather than the entire representation. *Apex Mun. Fund v. N-Group Sec.*, 841 F. Supp. 1423, 1430–31 (S.D. Tex. 1993). Subject-matter waiver is not a discovery windfall and does not convert casual third-party remarks into broad access to counsel's files. *Id.*

11. Work-product protection is distinct from attorney-client privilege. It protects materials prepared in anticipation of litigation, including counsel's mental impressions, legal theories, investigative judgments, and strategy; opinion work product receives especially strong protection. *Upjohn*, 449 U.S. at 399–401; *Nguyen*, 197 F.3d at 210. A waiver of attorney-client privilege does not automatically waive work-product protection. *Nguyen*, 197 F.3d at 210. Although Plaintiff says she is not seeking work-product waiver [Dkt 135 at fn.3], her requested relief repeatedly reaches counsel's assessments, conclusions, and strategic reasoning—the core of opinion work product.

## IV. ARGUMENT

### A. Plaintiff has not shown disclosure of privileged legal advice sufficient to establish waiver.

12. Plaintiff's motion assumes that every statement beginning with "my lawyer said" necessarily reveals privileged legal advice. That is not the law. The Fifth Circuit distinguishes testimony about the general nature of legal services from testimony disclosing the substance of

attorney-client communications. *Nguyen*, 197 F.3d at 206–08. Likewise, a general statement about whether counsel analyzed a claim or whether a client relied on counsel's advice does not waive privilege when it does not reveal a specific communication. *In re Fortune Nat. Res. Corp.*, 350 B.R. 270, 275 (Bankr. E.D. La. 2005). Many statements cited here disclose only general impressions, status updates, or facts. Statements that counsel met with an investigator, that the investigation was awaiting information, or that counsel believed charges might be dropped describe case status or factual events; they do not reveal confidential legal analysis.

13. Other statements are non-substantive reassurances. The text telling Mr. Cooprider to "sit still" and "find something else to occupy your mind" [Dkt. 135 at 3, ¶3] is not legal advice about claims, defenses, liability, strategy, or evidence. It is a generic message of reassurance. A generic reference to counsel or a bare conclusion does not waive privilege when it does not reveal the substance of a confidential exchange. See *YETI Coolers*, 2016 WL 8677303, at *2–3; *Nat'l W. Life Ins. Co.*, 2010 WL 5174366, at *4–5. Treating this type of statement as a subject-matter waiver would erase the line *Nguyen* draws between the general nature of legal services and the substance of attorney-client discussions. 197 F.3d at 206–08.

14. The same is true of generalized statements such as "there will be good days and bad days," [Dkt. 135 at 3, ¶2] "everyone knows I didn't do what [Plaintiff] said," [Dkt. 135 at 2, ¶1] and "we will win that." [Dkt. 135 at 2, ¶1]. These statements do not disclose the reasoning, legal research, factual analysis, witness assessment, or strategic advice behind counsel's view. A public statement of a legal conclusion does not waive privilege as to every attorney communication that may have informed it. *League of United Latin Am. Citizens v. Abbott*, 342 F.R.D. 227, 233–35 (W.D. Tex. 2022); *YETI Coolers*, 2016 WL 8677303, at *2–3. And the privilege protects communications, not the underlying facts. *Upjohn*, 449 U.S. at 395–96; *United States v. El Paso*

*Co.*, 682 F.2d 530, 539–40 & n.10 (5th Cir. 1982). Plaintiff cannot obtain undisclosed legal analysis merely because a client summarized counsel's confidence in informal language.

**B. The alleged disclosures mostly concern criminal counsel and pre-suit matters, not this civil litigation.**

15. Plaintiff asks this Court to compel production of "responsive attorney-client communications" relating to subjects that were allegedly discussed with criminal counsel before this civil case was filed. That request is improper. The privilege belongs to the client, but waiver must be assessed in context. A pre-suit, criminal-defense communication cannot be transformed into broad civil discovery absent a specific showing that the same privileged communications are at issue and within the possession, custody, or control of the responding party. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) reaffirmed in *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017); Fed. R. Civ. P. 34(a).

16. Plaintiff has not made that showing. She does not identify a withheld civil-defense document that corresponds to the alleged pre-suit disclosures. She does not show that civil-defense counsel participated in the cited April or May 2025 communications. And she does not show that civil-defense counsel has possession, custody, or control of any criminal-defense file. Plaintiff's remedy cannot be a blanket order compelling Defendant's current civil counsel to produce another attorney's privileged criminal-defense materials.

**C. There is no implied or at-issue waiver.**

17. Mr. Cooprider has not asserted an advice-of-counsel defense. He has not pleaded that he acted because counsel told him to act. He has not used counsel's advice to prove an element of a claim or defense. Under controlling Fifth Circuit law, at-issue waiver requires the client to affirmatively rely on privileged advice to establish a claim or defense; mere relevance, even substantial relevance, is insufficient. *In re Itron, Inc.*, 883 F.3d 553, 558, 561–62 (5th Cir. 2018).

Thus, asserting a good-faith defense without invoking advice of counsel does not waive privilege. *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307–08 (5th Cir. 2020). Nor has Mr. Cooprider offered selected privileged communications as evidence while withholding the rest. Without affirmative reliance or use, there is no implied or at-issue waiver.

18. Plaintiff's motion does not identify any litigation advantage that Mr. Cooprider has gained by the cited statements. The sword-and-shield doctrine applies when a privilege holder uses confidential information offensively against an adversary and then invokes privilege to prevent fair examination of that same information. *Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 497 (5th Cir. 2005). The statements here were informal communications to third parties, not filings, affidavits, or evidentiary submissions. Plaintiff already possesses and quotes them. There is no unfairness requiring additional disclosure because Plaintiff can use the disclosed statements for whatever nonprivileged purpose she contends they serve. Fairness does not require opening privileged files.

**D. Plaintiff's requested subject matters are overbroad and untethered to any alleged disclosure.**

19. Even if the Court found a limited waiver, Plaintiff's proposed scope is facially overbroad. Plaintiff seeks counsel's assessments of "any" criminal investigations [Dkt 135 at 9, ¶7; at 10, ¶19], "any" legal claims [Dkt 135 at 10, ¶21], Plaintiff's truthfulness [Dkt 135 at 10, ¶22], Plaintiff's counsel's motives [Dkt 135 at 10, ¶24], Plaintiff's counsel's litigation strategy [Dkt 135 at 10, ¶25], the reasons for keeping the case in state court [Dkt 135 at 11, ¶26], and numerous other broad categories [Dkt 135 at 8-13]. Those requests are not limited to the specific communications allegedly disclosed. They seek the very attorney analysis Plaintiff has not seen and cannot identify.

20. Subject-matter waiver must be limited to what fairness requires. Rule 502(a) permits extension beyond the disclosed communication only when the disclosure was intentional,

the disclosed and undisclosed communications concern the same subject matter, and fairness requires that they be considered together. Fed. R. Evid. 502(a). S.D. Texas authority likewise construes selective-disclosure waiver narrowly, limiting it to communications on the topic actually disclosed rather than all attorney-client communications. *Apex Mun. Fund*, 841 F. Supp. at 1430–31. If a client says "my lawyer thinks this claim is weak," the remedy is not production of all communications about every weakness, every legal theory, every factual investigation, and every mental impression regarding the claim. Plaintiff's proposed forty-three categories would do exactly that.

**E. Plaintiff's motion improperly seeks work product while disclaiming work-product waiver.**

21. Plaintiff states she is not seeking work-product waiver [Dkt 135 at 2, fn.3], yet her proposed relief repeatedly seeks counsel's "assessments," "reasons," "strategy," "motives," and "beliefs." [Dkt 135 at 8-13]. Those categories are classic opinion work product. The Court should reject any order compelling attorney mental impressions or legal theories absent the heightened showing required for opinion work product, which Plaintiff has not attempted to make. *Nguyen v. Excel Corp.*, 197 F.3d 200, 210 (5th Cir. 1999); *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981).

22. The distinction matters. At most, a privilege-waiver analysis could concern the specific content of a client's disclosed communication. It does not permit discovery of counsel's internal thought process, notes, investigative plans, or strategy. *Upjohn*, 449 U.S. at 400; *Nguyen*, 197 F.3d at 210. Plaintiff's request for counsel's assessments of toxicology, criminal investigations, Plaintiff's credibility, counsel's strategy, and potential UCMJ exposure would invade opinion work product irrespective of any alleged attorney-client waiver.

## CONCLUSION AND PRAYER

Plaintiff's motion asks the Court to convert informal, generalized third-party statements into a sweeping waiver of privileged communications and attorney work product. The cited statements do not support that result. They do not disclose detailed privileged legal advice, do not put advice of counsel at issue, mostly concern pre-suit criminal-defense matters, and do not justify the broad subject-matter categories Plaintiff requests. Therefore, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel [Dkt. 135].

Respectfully submitted,

*/s/ Victoria L. Jimenez*
Barry A. Moscowitz
Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**AND –**

Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310

Basalt, Colorado 81621
Email beth@bethklein.com
Phone 303-448-8884

**AND –**

Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Victoria L. Jimenez*
*Victoria L. Jimenez*