UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Liana Davis, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:25-cv-220 |
| | * | |
| Christopher Cooprider, et al. | * | |
| Defendants. | * | |

**DEFENDANT COOPRIDER'S RESPONSE REGARDING PLAINTIFF'S MOTION FOR PRE-MOTION CONFERENCE**

TO THE HONORABLE COURT:

Defendant Cooprider opposes the relief requested by Plaintiff in her Motion for Pre-Motion Conference (Dkt. 137) for the following reasons:

1. In brief, Defendant Cooprider opposes the relief requested by Plaintiff to stay the trial date and trial-related deadlines until service is effectuated on Aid Access B.V. and discovery is taken for these reasons:

A. The Court's scheduling order (Dkt. 29) was entered on November 13, 2025 and clearly sets forth a deadline of August 17, 2026 for Plaintiff to designate experts pursuant to the Federal rules. Plaintiff failed to designate any experts and did not request any extension from either Defendant Cooprider or the Court. Plaintiff has known from May 2025 to present day that an expert on medical causation was essential to all claims against all Defendants asserted in this case. Without this expert no claim of any alleged "murder" could survive. Knowing this, Plaintiff retained Dr. Ingrid Skop in the summer of 2025 and initially offered this expert to NCIS for use in criminal proceedings. Dr. Skop did not provide any opinion to support Plaintiff's claims.

B. The three medication distribution Defendants will likely never appear in this case, and no discovery will likely ever be obtained from any of them. Defendant REBECCA GOMPERTS was served and has defaulted. She is clearly not going to appear. According to Plaintiff's counsel Jonathan Mitchell, Aid Access GmbH (the Austrian entity) has been dissolved and Plaintiff has never been able to serve that entity since this case was filed. Aid Access B.V. according to the Complaint is wholly owned by an LLC wholly owned by Rebecca Gomperts, a Defendant in default.

> From: Jonathan Mitchell <jonathan@mitchell.law>
> Sent: Thursday, 24 September 2026 17:44:54
> To: Beth Klein <beth@bethklein.com>
> Cc: Mikal Watts <mikal@wattsllp.com>; Moscowitz, Barry <bmoscowitz@thompsoncoe.com>; Dupen, Craig <cdupen@thompsoncoe.com>; Jimenez, Victoria <vjimenez@thompsoncoe.com>
> Subject: Re: Efforts to serve other defendants
>
> I hired ABC Legal to serve the original Aid Access defendants in August 2025. They successfully served Rebecca Gomperts but they have not yet served Aid Access GmbH.
>
> My understanding is that Aid Access GmbH has been dissolved, which may be why ABC Legal has been unable to serve them. I have hired ABC Legal again to serve the first amended complaint and summonses on Aid Access B.V. and Access and More B.V. I hired them in August 2026 and international service through the Hague Convention can take anywhere from 4 to 9 months.
>
> The relevant Aid Access entities (Aid Access B.V. and Access and More B.V.) are based in the Netherlands, not Austria. I have not looked into whether Dutch law allows their principal to be deposed in the United States.

There is no reason to move this trial for discovery from three Defendants, one in default, one dissolved and one delusory.

C. The claims against the three medication distribution Defendants are based upon Texas law that came into effect in December 2025 and are different damages models and legal theories that are not applicable to Defendant Cooprider. In September

2025, the Texas legislature enacted HB7, which took effect on December 4, 2025. Notably, all alleged conduct in this matter occurred before HB7 took effect. HB7 provides that, as of its effective date, no person may "mail, transport, deliver, prescribe, or provide an abortion-inducing drug in any manner to or from any person or location in this state." Tex. Health & Safety Code Ann. § 171A.051(a)(2) (West 2025). These defendants have substantial legal defenses, if they ever enter this case which so far they have not.

D. Defendant Cooprider is preparing a motion to sever and/or bifurcate the case to be filed soon. Defendant Cooprider believes that this case should be tried on liability and causation. Only if the Plaintiff succeeds on this issue, will this case require any further proceedings.

E. Plaintiff and her counsel have constantly defamed Defendant Cooprider as a "murderer" in national media and throughout anti-abortion social media circles. Plaintiff and her counsel have and continue to cause Defendant Cooprider substantial harm including significant threats. Defendant Cooprider must see this case resolved and his name cleared without delay.

Respectfully submitted,

BETH KLEIN, PC

By: */s/ Beth A. Klein*
Beth A. Klein

BETH KLEIN, P.C.
Colorado Bar No. 17477
S.D. Tex. I.D. No. 3934133
beth@bethklein.com
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884

WATTS LAW FIRM LLP
Texas State Bar No. 20981820
Federal Bar ID # 12419
mikal@wattsllp.com
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501
ATTORNEY-IN-CHARGE

ATTORNEYS FOR
CHRISTOPHER COOPRIDER

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026 I SERVED the foregoing via ECF on all counsel of record.

*/s/ Beth A. Klein*
Beth A. Klein