UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Aid Access B.V.**; **Access and More B.V.**; **Rebecca Gomperts**,

Defendants.

Case No. 2:25-cv-220

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Cooprider denies that he has waived the attorney-client privilege in *any* respect. *See* Response, ECF No. 138, at 1–2, 5–8. That is untenable. The disclosure of any confidential attorney-client communication to a third party waives the privilege with respect to the subject matter of that communication. *See Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, IRS*, 768 F.2d 719, 721 (5th Cir. 1985) ("[T]he disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests."); *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 244 (E.D. Tex. 2008) ("[A] party waives attorney-client privilege when it voluntarily discloses the privileged communications to a third-party."); *In re XL Specialty Insurance Co.*, 373 S.W.3d 46, 49–50 (Tex. 2012) ("[T]he privilege is waived if the lawyer or client voluntarily discloses privileged communications to a third party. *See* Tex. R. Evid. 511(1)."). Cooprider does not deny that the attorney-client communications that he shared with Ilse Fragoso and Jackie Samuelson were confidential. Nor does he deny that these confidential attorney-client communications were voluntarily disclosed. So the existence of

waiver is indisputable, and the only issues left to resolve are the scope of the waiver and the extent of permissible discovery into these formerly privileged communications.

Cooprider correctly observes that revealing "the general nature of legal services provided by counsel" will not waive the attorney-client privilege. *See* Response, ECF No. 138, at 5 (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999)). But that is not what Cooprider disclosed to Fragoso and Samuelson. He relayed the content of confidential attorney-client communications, which effectuates a waiver of the privilege. And Cooprider revealed "specific communications" rather than the fact that he had relied on the advice of counsel. *See In re Fortune Natural Resources Corp.*, 350 B.R. 270, 275 (Bankr. E.D. La. 2005) ("Mr. Lacoff was asked if he relied on advice of counsel as a prudent board member concerning the EnerQuest claim. Mr. Lacoff answered that he did rely on Fortune's attorney's advice concerning the valuation of the EnerQuest claim. However, this statement is a revelation about the general advice given, but not specific communications between Mr. Lacoff and those attorneys."); Response, ECF No. 138, at 6 (citing *Fortune*). It also is not necessary for Davis to show that Cooprider disclosed his attorneys' "legal advice" or "legal analysis,"[1] as the disclosure of *any* confidential attorney-client communication will trigger a waiver of the privilege. *See* p. 1, *supra* (citing authorities).

Cooprider notes that many of the disclosed attorney-client communications involve his criminal-defense lawyers and were disclosed before Ms. Davis sued him on August 11, 2025. *See* Response, ECF No. 138, at 7. Those observations are true but irrelevant to the issue of waiver. The discovery requests were served on Mr. Cooprider, not his current civil-defense attorneys. And they require Mr. Cooprider to turn over

1. Response, ECF No. 138, at 6 (arguing against waiver by claiming that Cooprider revealed only "non-substantive reassurances" rather than "legal advice" or "confidential legal analysis").

responsive documents and communications in his possession, custody, or control—or in the possession, custody, or control of any of his agents or representatives (including any of his current or former civil or criminal lawyers). Mr. Cooprider's communications with his criminal-defense lawyers are assuredly relevant to the claims and defenses in this civil lawsuit and proportional to the needs of the case, and Cooprider has not objected to producing those formerly privileged communications on this ground. To the extent he has waived the attorney-client privilege, he must produce all responsive documents and communications in his possession, custody, or control—regardless of which of his current or former lawyers currently holds possession of those documents or communications.

Cooprider denies that his disclosures to Fragoso or Samuelson constitute an "implied or at-issue waiver,"[2] but Ms. Davis's argument for waiver does not rest on those grounds. Her contention is that Cooprider made an express or intentional waiver of the attorney-client privilege when he voluntarily disclosed confidential attorney-client communications to Fragoso and Samuelson, and that these disclosures waive the attorney-client privilege with respect to the subject matter of the disclosed communication. Arguing against a finding or implied or at-issue waiver is beside the point.

Cooprider also complains that Ms. Davis's demands for attorney-client communications are "facially overbroad," but Ms. Davis is seeking only attorney-client communications that are responsive to her previously served discovery requests. *See* Motion to Compel, ECF No. 135, at 8–13. She is asking the Court to overrule Cooprider's previous assertions of attorney-client privilege in response to the discovery demands that Ms. Davis previously served; she is not demanding immediate production of all attorney-client communications that fall within the subject matter of the communications disclosed to Fragoso or Samuelson. Cooprider also insists that

2. *See* Response, ECF No. 138, at 7–8.

Davis can pursue only "the specific communications allegedly disclosed"[3] if a waiver occurred, but that is wrong. The Fifth Circuit has made clear when a client reveals confidential attorney-client communications, "the client waives the privilege as to the subject matter of the disclosed communications." *Industrial Clearinghouse, Inc. v. Browning Manufacturing Division of Emerson Electric Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992). Cooprider does not cite *Industrial Clearinghouse* and falsely contends Fed. R. Evid. 502(a) governs the scope-of-waiver issue, even though Rule 502(a) applies only "[w]hen the disclosure is made in a federal proceeding or to a federal office or agency." Fed. R. Evid. 502(a). Cooprider made these disclosures to Fragoso and Samuelson in a WhatsApp chat rather than "in a federal proceeding" or "to a federal office or agency," so Rule 502(a) is inapplicable. Cooprider also seems to think that Davis is demanding "all attorney-client communications,"[4] even though her motion to compel made clear that was not asserting a subject-matter of that scope. *See* Motion to Compel, ECF No. 135, at 2 n.3 ("Ms. Davis is not contending that Mr. Cooprider waived the attorney-client privilege in its entirety, nor is she contending that Mr. Cooprider waived the attorney work-product privilege. She is asking the Court to order only the production of responsive attorney-client communications relating to the subject-matter of Mr. Cooprider's disclosures.").

Finally, Cooprider is wrong to accuse Davis of seeking documents protected by the attorney work-product privilege. *See* Response, ECF No. 138, at 9. Davis has acknowledged that no waiver of the work-product privilege has occurred,[5] and

---

3. Response, ECF No. 138, at 8.
4. Response, ECF No. 138, at 5 ("[W]here some waiver exists, courts confine it to the topic actually disclosed rather than the entire representation."); *id.* at 9 ("S.D. Texas authority likewise construes selective-disclosure waiver narrowly, limiting it to communications on the topic actually disclosed rather than all attorney-client communications.").
5. *See* Motion to Compel, ECF No. 135, at 2 n.3.

Cooprider can (and should) withhold and log attorney work product that falls outside the subject-matter waivers of attorney-client privilege. In the unlikely event that privileged attorney work product was communicated to Cooprider and falls within the subject matter of the disclosures made to Fragoso and Samuelson, then Cooprider's lawyers should record those documents or communications in a privilege log and present them to the court for in camera inspection.

## CONCLUSION

The motion to compel should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: October 7, 2026

*Counsel for Plaintiff Liana Davis*

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

BARRY MOSCOWITZ
VICTORIA JIMENEZ
OLIVER HAMBY
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant Christopher Cooprider*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff Liana Davis*