United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADDRESSING DISCOVERY MATTERS**

There are three matters presently before the Court. First is Plaintiff's motion to compel discovery. (D.E. 135). Plaintiff argues that Defendant waived attorney-client privilege by voluntarily disclosing contents of his communications with his attorneys to third-parties, Ilse Fragoso and Jackie Samuelson. *Id.* at 1. The Court finds that Defendant has waived privilege as to some attorney-client conversations by disclosing them to Fragoso or Samuelson. But Plaintiff asks the Court to compel broad production of entire subjects discussed in privileged communications based on relatively narrow waivers. Texas law, however, requires the Court to fashion narrow relief for narrow waivers. Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel. (D.E. 135).

Second is the Court's in-camera review of communications between Defendant and Ilse Fragoso. Plaintiff alleges Defendant improperly redacted communications that are responsive to Plaintiff's requests for production ("RFP"). After reviewing the redactions in full, the Court **RULES** that no redactions are improper.

Third is Plaintiff's motion for premotion conference. (D.E. 137). The Court previously granted the motion and set a premotion hearing. (D.E. 139). After reviewing the parties' briefs,

(D.E. 137); (D.E. 140), the Court determined a premotion hearing is unnecessary at this time. The Court now construes Plaintiff's motion for premotion conference, (D.E. 137), as a motion to amend scheduling order, and **DENIES** the motion.

## I. Background

This is a wrongful death lawsuit. (D.E. 1). Plaintiff alleges Defendant caused the death of her unborn child by giving Plaintiff abortion-inducing drugs. *Id.* at 1.[1]

## II. Analysis

### A. Motion to Compel

#### *i. Background*

The Court held a premotion hearing on September 10, 2026, to address various discovery disputes. *See* September 10, 2026 Minute Entry. At the hearing, the Court instructed Plaintiff to file a motion to compel regarding her argument that Defendant made numerous subject-matter waivers of attorney-client privilege by disclosing attorney-client conversations to Ilse Fragoso and Jackie Samuelson.

Plaintiff filed her motion to compel on September 12, 2026. (D.E. 135). Plaintiff cites fifteen instances where Defendant allegedly waived attorney-client privilege by disclosing conversations with his attorneys to third parties, Ilse Fragoso or Jackie Samuelson. *Id.* at 2–3. Plaintiff argues these fifteen instances are subject-matter waivers of attorney-client privilege, and Defendant must produce the attorney-client communications or documents relating to the subject matter of the alleged waivers. *Id.* at 8–13. Specifically, Plaintiff asks the Court to compel Defendant to produce forty-three subjects of attorney-client communications

[1] For a more detailed recounting of the allegations in this case, see the Court's order denying Plaintiff's motion to dismiss. (D.E. 90, p. 1–2).

contained in the text messages between Defendant and Fragoso or Samuelson.

Defendant argues the motion should be denied because (1) he did not disclose a "significant portion of a privilege communication, much less the sweeping subject-matter waived [Plaintiff] requests"; (2) most statements concern a criminal investigation pre-dating the instant suit; (3) Plaintiff seeks production of attorney work product, which Defendant did not waive; and (4) even if the Court believes more information is necessary, the appropriate remedy is a targeted privilege-log supplement or additional in camera review. (D.E. 138, p. 1–2).

*ii. Legal Standard*

State law governs attorney-client privilege in civil cases where "state law supplies the rule of decision." Fed. R. Evid. 501; *see also In re Avantel*, 343 F. 3d 311, 323 (5th Cir. 2003)). Plaintiff's claims arise under Texas law, so Texas law governs attorney-client privilege and waivers.

"The attorney-client privilege exists to facilitate free and open communication between attorneys and their clients." *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 279 (Tex. 2023). "The attorney-client privilege is governed by Texas Rule of Evidence 503, under which a 'client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." *In re Kona Venture, LTD*, 730 S.W.3d 683, 698 (Tex. App.—Austin 2026, no pet.) (quoting Tex. R. Evid. 503(b)(1)). "The privilege protects such communications that are between and among the lawyer, the client, and their respective representatives." *Franklin Ctr.,* 675 S.W.3d at 280. "A communication is 'confidential' if it is not intended to be disclosed to third persons other than (1) those to whom

disclosure is made in furtherance of the rendition of professional legal services to the client or (2) those reasonably necessary for the transmission of the communication." *Id.* at 279 (citing Tex. R. Evid. 503(a)).

The client can waive the privilege if "[the client] voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged." Tex. R. Evid. 511(a)(1). But a waiver is narrowly construed. *Bailey v. State*, 469 S.W.3d 762, 777 (Tex. App.—Houston [1st Dist.] 2015, no pet.). "Courts must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at n.17 (citation modified).

"If a matter for which a privilege has been asserted has been disclosed to a third party, the party asserting the privilege has the burden to prove that no waiver occurred." *In re Small*, 346 S.W.3d 657, 663 (Tex. App.—El Paso 2009, no pet.).

*iii. Analysis*

Plaintiff argues that Defendant voluntarily waived attorney-client privilege on fifteen occasions by disclosing attorney-client communications to third parties. (D.E. 135, p. 2). According to Plaintiff, Defendant waived privilege not only as to the information he disclosed to the third parties, but all communications or documents related to those subjects. *Id.* at 8 (citing *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson*, 953 F.2d 1004, 1007 (5th Cir. 1992); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999); *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981)). Under federal law, this is referred to as subject-matter waiver. *See id.*; *see also SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006) (Ramirez, Mag. J.) (citing *Southern Scrap Material Co. v. Fleming*, No. 01-2554, 2003 WL 21474516, at *7 (E.D. La. June 18, 2003)). But Plaintiff's reliance on federal law to support his subject

matter waiver argument is misplaced. Texas law controls privilege and waiver here and Plaintiff does not cite, and the Court has not found any case where a Texas court applied the subject-matter waiver rule existing under federal law.[2]

Texas law on privilege waiver appears narrower than federal law. Again, as discussed above, Texas courts caution that waiver is narrowly construed and that the Court must impose the narrowest waiver possible to ensure the fairness of the proceedings. *E.g.*, *Bailey*, 469 S.W.3d at 777.

Ultimately, the Court's rulings do not rest on whether the subject-matter waiver rule applies. Rather, the Court rules based on: (1) whether the alleged waiver was, in fact, a waiver; and (2) whether the corresponding category of subject matter communications or documents seeks attorney work product.[3]

The Court will consider each instance of alleged waiver to determine whether Defendant disclosed a significant part of a confidential communication. If Defendant waived privilege, the Court addresses whether Plaintiff is entitled to the corresponding category of communication or documents she seeks. The chart below contains the Court's rulings.

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 1 | September 23, 2025, Defendant to Ilse Fragoso | "My lawyers say that everyone knows I didn't | 1. Any of the "problems that will be difficult to defend" that Mr. Cooprider or one or | No waiver. Defendant did not disclose a "significant |

[2] Texas courts have applied the subject-matter test which determines whether attorney-client privilege extends to communications made by individuals outside a corporation's control group. *See In re Avantel*, 343 F.3d 311, 318 (5th Cir. 2003). This subject-matter test is irrelevant to the issue of waiver and is distinct from federal subject-matter waiver of attorney-client privilege.

[3] The Court is not persuaded by Defendant's argument that his communications with criminal defense lawyers are not discoverable in a civil case (regardless of waiver), or that his statements to Samuelson or Fragoso are not waivers because they pre-date this case. Defendant also points to Federal Rule of Evidence 502(a), which applies only to disclosures made in a federal proceeding, and, therefore, is inapplicable here.

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 1 Cont. | via WhatsApp | do what the crazy lady said. And we will win that. But there are other problems that will be difficult to defend." | more of Mr. Cooprider's past or current lawyers have identified, stated, described, or conceived of.<br>2. Any of the reasons that Mr. Cooprider or one or more of Mr. Cooprider's past or current lawyers have or had for claiming or believing that "everyone knows i didn't do what the crazy lady said."<br>3. Any of the reasons that Mr. Cooprider or one or more of Mr. Cooprider's past or current lawyers have or had for claiming or believing that Mr. Cooprider "will win that." | part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |
| 2 | September 23, 2025, Defendant to Ilse Fragoso via WhatsApp | "[M]y lawyers also told me that there will good days and bad days as we go through this." | 4. Any of the reasons that Mr. Cooprider or one or more of Mr. Cooprider's past or current lawyers have or had for claiming or believing that "there will be good days and bad days as we go through this." | No waiver. Defendant did not disclose a "significant part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 3 | April 9, 2025, Defendant to Jackie Samuelson [forwarding verbatim a message from Defendant's criminal defense counsel to Defendant] | "Chris, on August 2nd, I will have been doing this for 33 years. Pretty much all your life. You hired us to work for you. Please let us do that. I'll call you when I need something. I know this is tough. the not knowing. Just remember you can't control what she has said, or what she is saying now. This is the hard part. sit still. find something else to occupy your mind." | 5. Mr. Cooprider's communications with any of his attorneys that led to one of Mr. Cooprider's attorneys sending him the message that Mr. Cooprider disclosed at CR001799b. | Waiver. Defendant disclosed a "significant part" of a privileged communication. Defendant **SHALL** include the corresponding communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communications Defendant waived. |
| 4 | April 15, 2025, Audio Message from Defendant to Jackie Samuelson via WhatsApp | "So my lawyer met with the investigator today and said it went pretty good but he asked me to send him basically like my whole text conversation with Liana for like Saturday and the days leading up to | 6. Mr. Cooprider's lawyers' communications with any of the investigators of the alleged murder.<br>7. Mr. Cooprider's lawyers' assessments of the investigation.<br>8. Mr. Cooprider's communications with any of his attorneys about the text messages that he exchanged with Liana Davis. | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Categories 6, 7, or 9, which seek attorney work product. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 4 Cont. | | it." | 9. Mr. Cooprider's lawyers' assessments of any of the text messages that Mr. Cooprider exchanged with Liana Davis. | As to Category 8, Defendant **SHALL** include the corresponding communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communications Defendant waived. |
| 5 | April 25, 2025, Audio Message to Jackie Samuelson via WhatsApp | "My attorney was saying that he talked to the investigator and basically all they're waiting on to wrap up the investigation right now is the toxicology report. . . . But I asked him, like, I don't there's going to be anything on the report that helps her. If anything, the toxicology report is only | 10. The investigation of the alleged murder.<br>11. The toxicology report.<br>12. Mr. Cooprider's lawyers' assessments of the toxicology report.<br>13. The alcohol that Liana Davis allegedly consumed on the night of April 5, 2025.<br>14. The identity of the individual who put alcohol into Ms. Davis's drink on the night of April 5, 2025.<br>15. Mr. Cooprider's lawyers' assessment of Ms. Davis's alleged alcohol consumption on | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Categories 12 or 15, which seek attorney work product. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 5 Cont. | | going to be bad for Liana because it's going to show that she had alcohol in her system." | the night of April 5, 2025. | As to Categories 10, 11, and 13, Defendant **SHALL** include the corresponding communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communications Defendant waived. |
| 6 | May 15–16, 2025, Audio Message from Defendant to Jackie Samuelson via WhatsApp | "I thought about doing that, and I even asked my lawyer, like, hey, like, I'm thinking about doing this, like, do I have your permission to do this? Or could you ask for me? And he was basically saying, like, uh, it doesn't really like, like don't bother doing that. | 16. The conversation between Mr. Cooprider and his attorney that he describes in the audio file sent to Jackie Samuelson at CR001848b.<br>17. Mr. Cooprider's communications with the lawyer "friend" that he refers to in the audio file sent to Jackie Samuelson at CR001848b. | No waiver. Defendant did not disclose a "significant part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 6 Cont. | | If anything, you, like, trying to pressure or, like, ask about those things, just kinda it doesn't look good on me. Which, I'm like, all right, I guess I can kinda see that. What I'm doing instead if, um, I have a friend who, I guess, runs a law firm here. Um, and so, I'm reaching out to him and ask him if he knows any of the prosecutors at the DAs office, which I'm sure he does, and I'm going to ask if he can do me a favor and ask one of those prosecutors to look at my case." | 18. Any communications that Mr. Cooprider's lawyers (or his lawyer "friend") had with anyone at the Nueces County district attorney's office.<br>19. Mr. Cooprider's lawyers' assessments of any of the criminal investigations into Mr. Cooprider. | |
| 7 | May 28, 2025, Audio Message from Defendant to Jackie | "It was fine. I mean, uh, my lawyer's basically, like, uh yeah this crazy lady won't just leave | 20. The conversation between Mr. Cooprider and his lawyer that he describes in the audio file sent to Jackie Samuelson at CR001866a. | Waiver. Defendant disclosed a "significant part" of a privileged communication. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
| --- | --- | --- | --- | --- |
| 7 Cont. | Samuelson via WhatsApp | you alone, will she? It's like, yeah, she's really just is obsessed. Um, but he was saying that he, uh, looked the guy up, the lawyer, and was saying from what he's heard is that the guy's obviously very passionate about this subject, and was a part of that very strict abortion bill in Texas, which is one of the most strict in the country, um, and basically he was saying that he thinks the target of the suit is the company, not me. Um, but he was talking with some of his colleagues, and he was saying that he doesn't really see an angle where I'm liable or did anything illegal, or the | 21. Mr. Cooprider's lawyers' assessments of the legal claims brought against Mr. Cooprider.<br>22. Any of Mr. Cooprider's lawyers' assessments of Liana Davis's truthfulness.<br>23. Any of Mr. Cooprider's lawyers' claims or beliefs that Liana Davis is "crazy" or mentally unstable in any way.<br>24. Any of Mr. Cooprider's lawyers' assessments of Mr. Mitchell's motives for representing Liana Davis.<br>25. Any of Mr. Cooprider's lawyers' assessments of Mr. Mitchell's strategy in this litigation<br>26. Any of Mr. Cooprider's lawyers' reasons for wanting to keep this case at the "state level" instead of the "federal level." | But Plaintiff is not entitled to Categories 21–26, which seek attorney work product. As to Category 20, Defendant **SHALL** include the corresponding communication in a privilege log and submit the communication, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communication Defendant waived. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 7 Cont. | | company, because they are FDA-regulated and cleared through the FDA, so it's not like they sent illegal drugs through the mail or anything. So, yeah, he's kinda struggling to wrap his mind around why this person even took the case. Um, but I reminded him how Liana has a history of lying on legal documents and to legal officials. And he agreed with me, saying that probably she lied to the lawyers or just told her own very biased side of things, and so that's why they think that they could possibly win. He just doesn't know enough info regarding things. | | |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 7 Cont. | | And also, um, they're trying, they would like to keep it, uh, I guess, on the state level instead of than the federal level, because I guess that makes it, for some legal reason, it makes it easier for this lawyer to go after the company as long as there is a local defendant, me, in the case. But, I don't know how all this works. I think he's saying that, like, that if it gets dropped or if there's no case to be had against me, then that makes it significantly more difficult for them to go after the company. Sorry that's a lot of information but that's what he told me." | | |
| 8 | May 28–29, 2025, | "My lawyer, I mean, he said | 27. The conversation between Mr. Cooprider | Waiver. Defendant |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 8 Cont. | Audio Message from Defendant to Jackie Samuelson via WhatsApp | it's impossible to know what the, Liana's new lawyer is gonna do. But he's, he's a little bit concerned that, um, this guy's just going to pursue things civilly, uh, regardless of trying to win the case because he's going to basically use me as a vehicle to go after the companies." | and his lawyer that he describes in the audio file sent to Jackie Samuelson at CR001867a.<br>28. Any of Mr. Cooprider's lawyers' reasons for believing that Mr. Mitchell is "going to pursue things civilly, uh, regardless of trying to win the case because he's going to basically use me as a vehicle to go after the companies." | disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Category 28, which seeks attorney work product. As to Category 27, Defendant **SHALL** include the corresponding communication in a privilege log and submit the communication, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communication Defendant waived. |
| 9 | April 30, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "But, he said there's also a chance that he sees the evidence, or how the charges get dropped criminally, and there's a lack of | 29. The conversation between Mr. Cooprider and his lawyer that he describes in the audio file sent to Jackie Samuelson at CR001867b.<br>30. Any of Mr. Cooprider's lawyers' reasons for believing | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Category 30, |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 9 Cont. | | evidence, so he could see that they drop the case civilly also." | that Ms. Davis could "drop the case civilly." | which seeks attorney work product. As to Category 29, Defendant **SHALL** include the corresponding communication in a privilege log and submit the communication, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communication Defendant waived. |
| 10 | April 30, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "Hey my lawyer was saying that sex with a married person is still against the ucmj." | 31. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to their claims or beliefs that "sex with a married person is still against the ucmj."<br>32. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to his potential exposure to prosecution under the Uniform Code of Military Justice. | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Category 33, which seeks attorney work product. As to Categories 31–32, Defendant **SHALL** include the corresponding |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 10 Cont. | | | 33. Mr. Cooprider's lawyers' assessments of his potential exposure to prosecution under the Uniform Code of Military Justice. | communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communications Defendant waived. |
| 11 | May 8, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "[M]y lawyer has said multiple times that it's very clear she was mentally unstable." | 34. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to their claims or beliefs that Liana Davis "was mentally unstable."<br>35. Any of Mr. Cooprider's lawyers' claims or beliefs that Liana Davis "was mentally unstable." | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Category 35, which seeks attorney work product. As to Category 34, Defendant **SHALL** include the corresponding communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 11 Cont. | | | | The Court will determine which, if any, of the corresponding communications Defendant waived. |
| 12 | May 28, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "My lawyer also said, that somehow if abortion pills do come up in the drug test, there is noo way to prove i gave them to her." | 36. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to their claims or beliefs that "there is noo way to prove" that Mr. Cooprider "gave" abortion-inducing drugs to Liana Davis or mixed them into the hot chocolate that she consumed on the evening of April 5, 2025.<br>37. Mr. Cooprider's lawyers' assessments of the evidence involving whether Mr. Cooprider "gave" abortion abortion-inducing drugs to Liana Davis or mixed them into the hot chocolate that she consumed on the evening of April 5, 2025. | Waiver. Defendant disclosed a "significant part" of a privileged communication. But Plaintiff is not entitled to Category 37, which seeks attorney work product. As to Category 36, Defendant **SHALL** include the corresponding communications in a privilege log and submit the communications, together with the privilege log, to the Court for in camera review. The Court will determine which, if any, of the corresponding communications Defendant waived. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 13 | August 12, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "I'll hear more from my new lawyer tomorrow…She has some bigg plans." | 38. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to the "bigg plans" that Mr. Cooprider refers to in the message sent to Jackie Samuelson on August 12, 2025.<br>39. Any or all of the "bigg plans" that Mr. Cooprider refers to in the message sent to Jackie Samuelson on August 12, 2025. | No waiver. Defendant did not disclose a "significant part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |
| 14 | August 16, 2025, Message from Defendant to Jackie Samuelson via WhatsApp | "This lawyer hasn't officially agreed to represent me yet. But we do have a signed attorney-client privilege letter. I'm sending this lawyer alllll of the info from my side of the story." | 40. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to any of the "info from my side of the story" that Mr. Cooprider refers to in the message sent to Jackie Samuelson on August 16, 2025.<br>41. Any or all of the "info from my side of the story" that Mr. Cooprider sent or provided to any of his lawyers.<br>42. Any of Mr. Cooprider's lawyers' assessments of any of the "info from my side of the story" that Mr. Cooprider sent or provided to any of his lawyers. | No waiver. Defendant did not disclose a "significant part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |

| INSTANCE | DATE | ALLEGED WAIVER | CORRESPINDING COMMUNICATIONS | RULING |
|---|---|---|---|---|
| 15 | August 26, 2025, Messages Between Defendant and Jackie Samuelson via WhatsApp | Samuelson: "Is lawyer "suggesting" [moving to base housing]"? Defendant: "Yupp" | 43. Mr. Cooprider's communications with any of his lawyers that mention, pertain, or relate in any way to on-base housing or their reasons for "suggesting" that Mr. Cooprider seek on-base housing. | No waiver. Defendant did not disclose a "significant part" of a privileged communication. Plaintiff's motion is **DENIED** as to these categories. |

*  *  *

Plaintiff also asks the Court to compel Defendant to update his privilege log to include the following information: (1) the date the document was created; (2) the title of the document; (3) the nature and contents of the document; (4) each person or entity that received a copy of the document or to whom the document or its contents were disclosed; (5) the privilege or rule that Defendant contends protects the document from disclosure; and (6) each fact on which the privilege or rule applies. (D.E. 135, p. 13).

It appears the privilege log Defendant has produced so far includes only the bates number and privilege invoked. *See id.* This is insufficient. Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Accordingly, the Court **ORDERS** Defendant to revise his privilege log to include (1) the date of the communication or document; (2) a description of the communication or document; and (3) the privilege invoked. The Court further **ORDERS** Defendant to include

the communication or documents listed in the chart above in the revised privilege log.

**B. In Camera Review of Communications between Defendant and Ilse Fragoso**

At the September 10, 2026 premotion hearing, Plaintiff requested that the Court review redacted communications between Defendant and Ilse Fragoso. *See* September 10, 2026 Minute Entry; *see also* (D.E. 130, p. 8–10). Plaintiff argued that Defendant was withholding or concealing responsive communications in hundreds of pages of redacted texts. (D.E. 130, p. 8). Defendant represented that none of the redacted texts are responsive to Plaintiff's requests for production but did not oppose Plaintiff's request for in camera review. Defendant provided the unredacted text messages to the Court on September 14, 2026.

The Court reviewed 594 pages of unredacted text messages between Defendant and Ilse Fragoso. None of the redactions are responsive to Plaintiff's requests for production. Accordingly, the Court **RULES** the redactions are proper. The Court will not hear further argument on this issue.

**C. Motion for Premotion Conference**

Plaintiff filed a motion for premotion hearing on two issues: (1) designating rebuttal experts; and (2) staying trial pending service of Aid Access B.V. (D.E. 137). The Court set a premotion hearing, (D.E. 139), but later terminated it after reviewing the parties' briefs, (D.E. 137); (D.E. 140). The Court now **CONVERTS** Plaintiff's motion for premotion hearing, (D.E. 137), into a motion to amend the scheduling order. The Court addresses the two issues below.

*i. Designating Rebuttal Experts*

Plaintiff asks the Court to amend the scheduling order to allow her to designate rebuttal experts. (D.E. 137). Defendant is opposed, arguing Plaintiff's expert designation deadline

expired on August 17, 2026, and there is no reason to extend it. (D.E. 140, p. 1).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) sets a default rule allowing a party to designate a rebuttal expert within 30 days of any expert disclosure absent a stipulation or court order providing otherwise. Defendant designated Stacey L. Hail and Roberta L. Krueger as experts on September 17, 2026. (D.E. 136). Accordingly, Plaintiff has until October 19, 2026, to designate an expert "intended solely to contradict or rebut evidence on the same subject matter" as Hail and Krueger. To the extent Plaintiff asks the Court to amend the scheduling order to specify a rebuttal expert deadline other than the default deadline Rule 26 provides, her motion is **DENIED**.

*ii. Staying Trial*

Plaintiff also asks the Court to stay trial pending service of Aid Access B.V. (D.E. 137). Defendant is opposed, indicating he will soon file a motion to sever and/or bifurcate. (D.E. 139, p. 2). Defendant argues Plaintiff's claims against Aid Access B.V. are based on "different damages models and legal theories that are not applicable to Defendant Cooprider." *Id.* The Court finds resolution of the forthcoming motion to sever and/or bifurcate is necessary before considering Plaintiff's request to stay trial pending service of Aid Access B.V. Accordingly, the Court **DENIES without prejudice** Plaintiff's motion to amend scheduling order to the extent she asks the Court to stay trial. (D.E. 137).

## III. Conclusion

The Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel, as specified above. (D.E. 135). Defendant **SHALL** produce his revised privilege log and the documents or communications listed therein via email to the Court's case manager for in camera review **on or before October 30, 2026.**

The Court further **RULES** that Defendant's redactions of communications between Defendant and Ilse Fragoso are proper.

Finally, the Court **CONVERTS** Plaintiff's motion for premotion hearing to a motion to amend scheduling order and **DENIES** the motion. (D.E. 137).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 16, 2026