UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**Liana Davis**,

Plaintiff,

v.

**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,

Defendants.

Case No. 2:25-cv-220

## PLAINTIFF'S MOTION FOR PRE-MOTION CONFERENCE

Plaintiff Liana Davis respectfully moves for a pre-motion conference on the following two issues.

1. The Court's scheduling order establishes a discovery deadline of October 15, 2026, which has already passed. *See* Scheduling Order, ECF No. 29, ¶ 5. Mr. Mitchell initially noticed Mr. Cooprider's deposition for October 5, 2026. *See* Exhibit 7. Because the Court had not ruled on the waiver-of-privilege issues or Mr. Mitchell's pending motion to compel by that date, the parties agreed to allow Mr. Mitchell to depose Mr. Cooprider on October 21, 2026—six days after the court-imposed discovery deadline of October 15, 2026. *See* Exhibit 1.

On October 16, 2026, this Court granted in part and denied in part Ms. Davis's motion to compel, found that Mr. Cooprider had waived the attorney-client privilege with respect to many (though not all) of his communications with Jackie Samuelson and Ilse Fragoso, and ordered Mr. Cooprider to produce the documents and communications over which attorney-client privilege had been waived, as well as an updated privilege log. *See* Order, ECF No. 142. Shortly after the Court issued its order, Mr. Mitchell e-mailed Mr. Cooprider's attorneys and asked them to postpone Mr.

Cooprider's deposition until after they had produced the documents and communications that the Court had ordered them to produce, as well as the updated privilege log. Mr. Mitchell wrote:

> Given Judge Morales's order today on waiver, I would like to reschedule Mr. Cooprider's deposition until after you have produced the required documents and communications and privilege log. Please let us know when you intend to comply with the order and what dates after that time will work for the deposition.

Exhibit 2. Ms. Klein responded and wrote: "We will see if we can get any responsive documents to you by Monday." Exhibit 3. Mr. Mitchell wrote back to Ms. Klein and explained that it was unacceptable for her to force him to depose Cooprider on Wednesday, October 21, 2026, when she could not make a binding commitment that all required written discovery would be produced in advance of that date:

> I don't want to depose Cooprider until after we have all the written discovery to which we are entitled. I also need adequate time to review what you've produced before the deposition, as well as time to file any follow-up motions to compel if your production is inadequate.
>
> Please propose some new times for the deposition in November or December.

Exhibit 4. Mr. Mitchell then sent a quick follow-up e-mail that said:

> Please let me know by 6:00 p.m. central time today whether you will agree to reschedule Cooprider's deposition. If you refuse, then I will file a motion with the Court.

Exhibit 5. Ms. Klein wrote back and said: "We do not." Exhibit 6.

If this dispute had arisen before expiration of the discovery deadline, Mr. Mitchell could simply cancel the deposition and unilaterally re-notice it for a date before the discovery deadline of October 15, 2026. Because the discovery deadline has passed, Mr. Mitchell cannot re-schedule Mr. Cooprider's deposition unless Mr. Cooprider's attorneys consent or the Court grants permission to depose Mr. Cooprider after the discovery deadline. Mr. Cooprider's attorneys previously consented to a post-deadline

deposition date of October 21, 2026, but they are refusing to extend the deposition date any further even though they have not yet produced the written discovery to which Ms. Davis is entitled.

The stance of Mr. Cooprider's attorneys is untenable. The Court ordered them to produce previously withheld documents and communications only five days before Mr. Cooprider's scheduled deposition. They have made no commitment or assurance that they will produce these documents and communications before the deposition, and have offered only a vague aspiration that they would "see if we can get any responsive documents to you by Monday." Exhibit 3. It is highly unlikely that Mr. Cooprider will fully comply with the court-ordered document production by Monday, October 19, 2026, especially when he must produce communications with his criminal-law attorneys and other lawyers who are not representing him in this proceeding and have not previously reviewed any of their documents or communications Mr. Cooprider in response to Ms. Davis's discovery requests.

Even if Mr. Cooprider purports to produce all of the required documents and communications, as well as the updated privilege log, by close of business on Monday, October 19, 2026, there may be deficiencies in the production that would need to be resolved before the deposition. There also would not be sufficient time for Mr. Mitchell to review the document production and prepare deposition questions between close of business on Monday, October 19, 2026, and 9:00 A.M. on Wednesday, October 21, 2026, as Mr. Mitchell lives on the west coast and will need to spend the entirety of Tuesday, October 20, 2026, traveling to Corpus Christi for the scheduled deposition. *See* Mitchell Decl. ¶ 9 (attached as Exhibit 9).

Ms. Davis therefore requests a pre-motion conference at which she will ask the Court to allow Mr. Cooprider's deposition to be taken after Mr. Cooprider has fully produced the documents and communications required by the Court's order of Oc-

tober 16, 2026, and after Mr. Mitchell has had adequate time to review those documents and communications and ask the Court for additional relief that may be necessary if Mr. Cooprider's production is insufficient.

2. The Court's order of October 16, 2026, denied Ms. Davis's request to amend the scheduling order to provide an opportunity for her to designate rebuttal experts, because it held that Fed. R. Civ. P. 26(a)(2)(D)(ii) provides Ms. Davis with a 30-day window to designate rebuttal experts notwithstanding the absence of this time frame in the Court's scheduling order. The deadline for Ms. Davis to designate her rebuttal experts is Monday, October 19, 2026, only three days from today. Mr. Mitchell has asked Mr. Cooprider's lawyers to stipulate to an extension of this deadline but they are refusing. *See* Exhibits 2–3. Ms. Davis therefore requests a pre-motion conference at which she will ask the Court to extend her deadline to designate rebuttal experts under Rule 26(a)(2)(D)(ii).

Ms. Davis's counsel was under the impression that the absence of a deadline or schedule to designate rebuttal experts in the Court's scheduling order meant that he needed to seek and obtain a court order amending the scheduling order before he could designate rebuttal experts. *See* Mitchell Decl. ¶ 6 (attached as Exhibit 9). Mr. Cooprider's lawyers appeared to be under this impression as well, because when Mr. Mitchell conferred with them about designating his rebuttal experts, Mr. Watts wrote: "We will not agree . . . to your desire to designate experts after your deadline to do so has passed." *See* E-mail from Mikal Watts of September 18, 2026, ECF No. 137-2. Mr. Mitchell therefore waited until the Court ruled on his request for a pre-motion conference before searching for rebuttal experts or preparing their reports, and he will not be able to retain experts and have their reports drafted between now and Monday, October 19, 2026. *See id.* at ¶ 7. Because Mr. Cooprider's lawyers are refusing to agree to any stipulated extension, Ms. Davis must therefore request a court order extending the deadline specified in Rule 26(a)(2)(D)(ii).

## CONCLUSION

Ms. Davis's motion for a pre-motion conference should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Attorney-in-Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: October 16, 2026

*Counsel for Plaintiff Liana Davis*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, I served this document through CM/ECF upon:

MIKAL C. WATTS
Watts Law Firm LLP
811 Barton Springs #725
Austin, Texas 78704
(512) 479-0500 (phone)
(512) 479-0501 (fax)
mikal@wattsllp.com

BETH KLEIN
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
(303) 448-8884 (phone)
beth@bethklein.com

BARRY MOSCOWITZ
VICTORIA JIMENEZ
OLIVER HAMBY
Thompson Coe LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 (phone)
(214) 871-8209 (fax)
bmoscowitz@thompsoncoe.com
vjimenez@thompsoncoe.com
ohamby@thompsoncoe.com

*Counsel for Defendant Christopher Cooprider*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff Liana Davis*