UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Liana Davis**,<br><br>Plaintiff,<br><br>v.<br><br>**Christopher Cooprider**; **Aid Access GmbH**; **Rebecca Gomperts**,<br><br>Defendants. | Case No. 2:25-cv-00220 |

## DECLARATION OF JONATHAN F. MITCHELL

1. My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent plaintiff Liana Davis in this litigation, and I submit this declaration in support of Ms. Davis's motion for a pre-motion conference.

4. The documents attached as Exhibits 1 through 6 to this motion are authentic copies of e-mails that were exchanged between Ms. Davis's and Mr. Cooprider's lawyers.

5. The documents attached as Exhibits 7 and 8 to this motion are authentic copies of notices of deposition that I served on Mr. Cooprider's attorneys.

6. I was under the impression that the absence of a deadline or schedule to designate rebuttal experts in the Court's scheduling order meant that I needed to ask and have the Court agree to amend the scheduling order before I could designate rebuttal experts. Mr. Cooprider's lawyers appeared to be under this impression as well, because when I conferred with them about designating rebuttal experts, Mr. Watts

said: "We will not agree . . . to your desire to designate experts after your deadline to do so has passed." *See* E-mail from Mikal Watts of September 18, 2026, ECF No. 137-2.

7. I therefore waited until the Court ruled on our request for a pre-motion conference before searching for rebuttal experts or preparing their reports, and I will not be able to retain experts and have their reports drafted between now and Monday, October 19, 2026.

8. Because Mr. Cooprider's lawyers are refusing to agree to any stipulated extension, Ms. Davis must therefore request a court order extending the deadline specified in Rule 26(a)(2)(D)(ii).

9. It is unreasonable for Mr. Cooprider's attorneys to insist on the current deposition date of October 21, 2026, in light of the Court's order from earlier today. I need to obtain and review the documents and communications that Mr. Cooprider is required to produce, as well as the revised privilege log, before I depose Mr. Cooprider, and I need sufficient time to review those materials and prepare appropriate deposition questions. Mr. Cooprider's attorneys have provided no assurances or commitments that they will produce the required documents and communications before the deposition, and even if they provided some or all of the documents on Monday, October 19, 2026, that would not leave me with adequate time to review them because I live on the west coast and would need to spend the entirety of Tuesday, October 20, 2026, traveling to Corpus Christi for the scheduled deposition.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: October 16, 2026 JONATHAN F. MITCHELL