**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LIANA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00220 |
| | § | |
| CHRISTOPHER COOPRIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CHRISTOPHER COOPRIDER'S RESPONSE TO PLAINTIFF'S MOTION FOR PRE-MOTION CONFERENCE (D.E. 143)**

Pursuant to the Court's Order of October 19, 2026 (D.E. 144), Defendant Christopher Cooprider files this response to Plaintiff's motion (D.E. 143).

**First**, Plaintiff asks the Court to postpone Mr. Cooprider's deposition which is set for October 21, 2026. Defendant's concerns with the requested postponement are: 1) whether it would impact any other deadlines including the now-expired expert deadlines, dispositive motions, and trial setting; and 2) Mr. Cooprider's desire to testify, clear his name, and conclude the matter expeditiously as every day he is subject to attacks and consequences for the claims brought here.

Mr. Cooprider is ready, willing, and able to participate in his scheduled deposition. Already exchanged in this matter are over 27,000 text messages from the parties and witnesses, law enforcement and special advocate investigation materials, medical records, audio recordings, and experts—a mountain of evidence. The deposition should proceed, if not on October 21, 2026, then as soon as possible. Only if there is any material information provided to Plaintiff through the Court's ongoing review of the outstanding attorney-client privilege issues should the deposition be re-opened for that limited purpose.

**Second**, Plaintiff asks the Court to extend her Rule 26(a)(2)(D)(ii) rebuttal-expert deadline. The Court has already noted that Rule 26 gives Plaintiff thirty days from Defendant's September 17, 2026 expert designations and has denied Plaintiff's request to alter that deadline. (D.E. 142 at 20–22.) Plaintiff's motion offers no new facts or law and certainly does not demonstrate the good cause required to extend a discovery deadline under Rule 6(b)(1). Counsel's stated misunderstanding of the scheduling order, followed by a subsequent decision to wait rather than act, is not good cause.

Plaintiff's motion confirms that her counsel was under the mistaken "impression that the absence of a deadline or schedule to designate rebuttal experts in the Court's scheduling order" meant he needed to seek an amended scheduling order. (D.E. 143 at 4.) Plaintiff's motion then suggests that Mr. Cooprider's counsel were under the same impression citing an email from Mikal Watts of September 18. *Id.* This is a misreading of Mr. Watts' email, which correctly reflected Defendant's ongoing position that Plaintiff's burden of proof in this case required her to affirmatively designate experts on issues such as medical causation—by the Court's very clear August 17, 2026 deadline for Plaintiff:

> **DESIGNATION OF EXPERTS BY PLAINTIFFS** must take place on or before **August 17, 2026.**
>
> **DESIGNATION OF EXPERTS BY DEFENDANTS** must take place on or before **September 17, 2026.** Written reports by experts under FED. R. CIV. P. 26(a)(2)(B) are due at the time of designation of each expert. Parties are ordered to file only a list of proposed witnesses with the Court pursuant to Rule 26, but **NOT** reports or other discovery materials.

(D.E. 29) Plaintiff's belated efforts to designate "rebuttal" experts are quite clearly an attempt to backdoor in affirmative expert opinions necessary for Plaintiff's case. Regardless, Plaintiff's deadline to designate even rebuttal experts passed yesterday, October 19, 2026, and Plaintiff again

failed to designate any experts. The Court should not now agree to extend any expired expert deadlines.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Showing good cause requires establishing that the deadline could not reasonably have been met despite diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). Courts in this Circuit weigh four factors: (1) the explanation for the failure to act timely; (2) the importance of the relief; (3) potential prejudice in allowing it; and (4) the availability of a continuance to cure that prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). All four factors weigh against Plaintiff here.

*Explanation.* Plaintiff's explanation is that counsel was "under the impression" that a court order was needed to designate rebuttal experts. (D.E. 143 at 4.) That is a misreading of a rule, not diligence. The thirty-day default is stated in the text of Rule 26(a)(2)(D)(ii) and is available to any practitioner. A lawyer's mistaken view of the rules does not establish good cause. Plaintiff’s counsel knew on September 17 that Mr. Cooprider had designated experts. Counsel then chose to wait a full month, until the Court ruled, before looking for a rebuttal expert, rather than identify candidates while seeking relief. (D.E. 143 at 4.) A party who elects to wait on a motion for relief cannot cite the resulting shortage of time as the reason relief is needed.

*Importance.* The motion does not identify any prospective expert, the subject on which a rebuttal expert would opine, or why rebuttal is needed in light of Defendant’s designated experts’ opinions. A rebuttal expert may testify only "solely to contradict or rebut evidence on the same subject matter" identified by the other side's experts. Fed. R. Civ. P. 26(a)(2)(D)(ii). Without a proffer, the Court cannot assess importance.

*Prejudice.* Plaintiff does not say how much time she needs. An open extension would require rebuttal reports, possible depositions of the new experts, and potentially new motions challenging them, all after the October 15 close of discovery and with the dispositive motion and Daubert challenge deadline of November 16, 2026 approaching rapidly. Mr. Cooprider relied on the Court's scheduling order and the Rule 26 deadlines in structuring his own expert work.

*Continuance.* Plaintiff identifies no schedule under which a continuance would cure these problems without further delay in a case that has already required several rounds of motion practice over discovery.

Because all four factors weigh heavily against Plaintiff here, the Court should deny any requested extension of the expired expert deadlines in this case.

## CONCLUSION

Mr. Cooprider respectfully asks the Court to require that the deposition of Mr. Cooprider occur promptly (with an opportunity to be re-opened for the limited purpose of addressing any new matters disclosed following further resolution of the outstanding attorney-client privilege discovery issues by the Court) and while minimizing any related effects on the current scheduling order, deny Plaintiff's request to extend her rebuttal-expert deadline, and leave Plaintiff's rebuttal-expert deadline of October 19, 2026 as set by Rule 26(a)(2)(D)(ii) and the Court's October 16, 2026 Order.

Dated: October 20, 2026

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s Craig Dupen*
Barry A. Moscowitz

Texas State Bar No. 24004830
Federal Bar ID No. 31054
bmoscowitz@thompsoncoe.com
Craig Dupen
Federal Bar No. 1144807
State Bar No. 24065177
cdupen@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209

Victoria L. Jimenez
Federal Bar No. 2522937
State Bar No. 24060021
vjimenez@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Fax: (713) 403-8299

**AND –**

Beth Klein
Colorado Bar No. 17477
S.D. Tex. Bar No. 3934133
Beth Klein, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Email beth@bethklein.com
Phone 303-448-8884

**AND –**

Mikel C. Watts
Texas State Bar No. 20981820
Federal Bar ID: #12419
Mikel@wattsllp.com
WATTS LAW FIRM, LLP
811 Barton Springs #725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0501

**ATTORNEYS FOR DEFENDANT CHRISTOPHER COOPRIDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Craig Dupen*
Craig Dupen